Barbara J. Dawson (#012104)
Carlie Shae Tovrea (#029709)
Matt Jarvey (#031350)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: bdawson@swlaw.com
      ctovrea@swlaw.com
      mjarvey@swlaw.com
Attorneys for Plaintiff Wells Fargo Bank, N.A.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank, N.A.,<br><br>      Plaintiff,<br><br>v.<br><br>Wyo Tech Investment Group, LLC; CWT Canada II Limited Partnership, Resources Recovery Corporation; and Jean Noelting,<br><br>      Defendants. | No.<br><br>**COMPLAINT FOR INTERPLEADER** |

      Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") alleges the following in support of its complaint against Defendants Wyo Tech Investment Group, LLC ("Wyo Tech"), CWT Canada II Limited Partnership ("CWT Canada"), Resources Recovery Corporation ("RRC"), and Jean Noelting ("Noelting") (collectively, the "Defendants"):

**INTRODUCTION**

      1.    This is an interpleader action. Wells Fargo seeks to interplead with the Court $546,282.55 from a Wells Fargo bank account in the name of Wyo Tech, in exchange for an order discharging Wells Fargo from any potential liability related to those funds.

2. Two sets of adverse claimants have asserted claims to the funds that Wells Fargo now seeks to interplead.

3. On September 7, 2016, Defendants CWT Canada, RRC, and Noelting (collectively "the Judgment Claimants") obtained a judgment in the Supreme Court of the State of New York, Index No. 650841/2013, in the amount of $7,033,491.13 plus interest, against Dennis M. Danzik and RDX Technologies Corporation (f/k/a Ridgeline Energy Services, Inc.) (the "Judgment Debtors"). That judgment is attached hereto as Exhibit A (the "Underlying Judgment").

4. On one hand, the Judgment Claimants assert that they are entitled to the funds pursuant to the Underlying Judgment and a related restraining notice, which required Wells Fargo to freeze Wyo Tech's account.

5. On the other hand, Defendant Wyo Tech asserts that the Judgment Claimants are *not* entitled to the funds and has threatened to sue Wells Fargo if it does not unfreeze Wyo Tech's account.

6. Wells Fargo will potentially be subject to double liability because it may be required to pay the funds to both claimants. If it releases the frozen funds to Wyo Tech, then it risks contempt of court for violating the Judgment Claimants' restraining notice. If it keeps the funds frozen, however, then it risks litigation with Wyo Tech.

7. Accordingly, Wells Fargo now seeks to interplead the disputed funds with the Court so that the adverse claimants—the Defendants to this action—can adjudicate their entitlement to the funds and Wells Fargo can secure an order discharging it of liability to the Defendants.

## PARTIES, JURISDICTION, AND VENUE

8. Wells Fargo is a national bank organized under the National Bank Act. For diversity jurisdiction purposes, a national bank is a citizen of the state designated as its main office on its articles of association. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Wells Fargo's designated main office is in South Dakota.

9. Wyo Tech is a Wyoming limited liability company whose sole member, William Hinz, is a citizen of Maricopa County, Arizona. Upon information and belief, Wyo Tech does business in Maricopa County, Arizona.[1]

10. Upon information and belief, CWT Canada is a limited liability partnership incorporated in Delaware with its principal place of business in Toronto, Ontario, Canada. As a limited partnership, the citizenship of CWT Canada is the citizenship of its partners, and all partners are incorporated and reside in Toronto, Ontario, Canada.

11. Upon information and belief, RRC is a Delaware corporation with its principal place of business in New York.

12. Upon information and belief, Noelting is a citizen of Canada.

13. The Court has jurisdiction over this matter under 28 U.S.C. § 1335, because the two sets of claimants are of diverse citizenship, or, alternatively, under 28 U.S.C. § 1332, because the citizenship of the parties is completely diverse and because the amount in controversy exceeds $75,000.

14. Venue is proper in this Court under 28 U.S.C. § 1397 because Wyo Tech resides in the District of Arizona. Alternatively, venue is proper under 28 U.S.C. § 1391(b)(2) because Wyo Tech has threatened litigation in Arizona related to the disputed funds, or under 28 U.S.C. § 1391(b)(3) because at least one of the Defendants is subject to personal jurisdiction in the District of Arizona.

## GENERAL ALLEGATIONS

15. On September 7, 2016, the Judgment Claimants obtained the Underlying Judgment in the Supreme Court of the State of New York, Index No. 650841/2013, in the amount of $7,033,491.13 plus interest, against the Judgment Debtors.

16. On October 18, 2017, the Judgment Claimants issued a Restraining Notice and Information Subpoena to Wells Fargo, pursuant to New York law (the "Restraining Notice"). That Restraining Notice is attached hereto as Exhibit B.

---

[1] Upon information and belief, Wyo Tech has no known contacts with the state of New York.

- 3 -

17. In the Restraining Notice, the Judgment Claimants asserted that Wells Fargo is "in possession or in custody of property in which the judgment debtor has an interest as well as account(s) or any other property, tangible or intangible or interest in any property in the name of the judgment debtor, including but not limited to **the account reflected in the check in the attached Exhibit A, and any other accounts held in the name of Wyo Tech Investment Group LLC**." Ex. B, at 2 (emphasis in original). The attached check payable to Wilenchik & Bartness is drawn on the Wyo Tech account ending in -2809. Ex. B, at 4.

18. Pursuant to Section 5222(b) of the New York Civil Practice Law and Rules, the Restraining Notice forbids Wells Fargo "to make or suffer any sale, assignment, or transfer of, or any interference with any property in which the judgment debtors have an interest, except upon direction of the sheriff or pursuant to an order of the court until the aforesaid judgment is satisfied or vacated." Ex. B, at 5. It also states that disobeying the Restraining Notice is punishable as contempt of court. Ex. B, at 5. If Wells Fargo failed to restrain the identified account, Wells Fargo could be liable to the Judgment Claimants.

19. Section 5222(b) of the New York Civil Practice Law and Rules provides in relevant part:

> A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit *has stated in the notice* that a specified debt is owed by the person served to the judgment debtor or obligor or *that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served*. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon

- 4 -

> him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs.

N.Y. C.P.L.R. 5222 (McKinney) (emphasis added).

20. The Restraining Notice specifically identified and commanded the restraint of the Wyo Tech account.

21. After receiving the Restraining Notice, Wells Fargo froze the identified Wyo Tech account so as to comply with the Restraining Notice and avoid liability for contempt of court and to the Judgment Claimants. The Wyo Tech account ending in -2809 was opened at a Wells Fargo branch in Arizona.

22. Further, the Business Account Agreement applicable to the Wyo Tech account provides that in the event of an "adverse claim"—defined as "[a]ny person or entity mak[ing] a claim against your account funds"—Wells Fargo can "[f]reeze all or part of the funds in your account until we believe the dispute is resolved to our satisfaction" and "[p]ay the funds into an appropriate court." The Business Account Agreement also provides that Wells Fargo "may charge any account you maintain with us for our fees and expenses in taking these actions (including attorney's fees and expenses)."

23. Shortly after Wells Fargo froze the Wyo Tech account, counsel for Wyo Tech contacted counsel for Wells Fargo by letter, copying counsel for the Judgment Claimants, disputing that the funds in Wyo Tech's account are related to the Judgment Claimants' judgment, asserting that Wyo Tech is the sole account holder and only party to whom funds in the account are owed, asserting that "neither Mr. Danzik nor RDX nor any member of Mr. Danzik's family holds any right, title, or interest" in the account, acknowledging that a small indebtedness may be owed from Wyo Tech to Danzik Applied Sciences, disputing that the Judgment Claimants' Restraining Notice is effective, and threatening to sue Wells Fargo and Judgment Claimants in Arizona if Wyo Tech's funds were not released by November 10, 2017. The letter from Wyo Tech's counsel outlining these assertions is attached hereto as Exhibit C.

24. Counsel for CWT Canada, RRC, and Noelting responded to Wyo Tech's counsel on November 6, 2017, asserting that the Restraining Notice is proper and that Wyo Tech is liable to Judgment Claimants for fraudulent transfers and conspiracy to commit fraudulent transfers. This letter from Judgment Claimants' counsel is attached hereto as Exhibit D. The letter identifies that Danzik's daughter, Jovahna Danzik, is listed on the signature card for the Wyo Tech account as the "Owner with Control of the Entity," "has check-signing authority, and directs so many payments to herself, her mother, and her father's company." Ex. D, at 2. The Judgment Claimants' counsel asserts that "if Wells Fargo releases these funds, it will be liable to the Judgment [Claimants]." Ex. D, at 3.

25. Without the interpleader action, Wells Fargo has two options: (1) obey the Restraining Notice and subject itself to litigation with Wyo Tech relating to the account freeze; or (2) release the disputed funds to Wyo Tech and risk contempt of court and liability to the Judgment Claimants for disobeying the Restraining Notice.

26. Wells Fargo is unable to determine which Defendants are entitled to the funds subject to the interpleader action, and cannot determine which claim is valid without exposing itself to potential double litigation.

## COUNT I

### Interpleader

27. Wells Fargo incorporates all prior allegations.

28. Wells Fargo joins Defendants in this interpleader action pursuant to 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22.

29. Wells Fargo has in its custody or possession $546,282.55 from a Wells Fargo bank account in the name of Wyo Tech.

30. Adverse claimants—the Judgment Claimants and Wyo Tech—are claiming entitlement to those funds.

31. Because of the adverse claims to the funds to the account ending in -2809, Wells Fargo is in the position of a stakeholder and claims no interest in the funds at issue (other than for reimbursement of its costs and attorneys' fees).

32. The Judgment Claimants' and Wyo Tech's claims to the funds risk subjecting Wells Fargo to double liability.

33. Wells Fargo seeks to interplead those funds with the Court and is ready, willing, and able to deposit the funds with the Court.

34. Wells Fargo is entitled to and requests an order discharging it from liability as to the claims made (or to be made) against it by the parties to this action.

## **PRAYER**

WHEREFORE, Wells Fargo requests that the Court grant the following relief:

A. An order directing Wells Fargo to deposit the disputed funds into the registry of the Court and directing the Clerk to accept the deposit into an interest-bearing account until further orders from the Court;

B. An order restraining and permanently enjoining Defendants from instituting or prosecuting any action against Wells Fargo related to the funds at issue in this action, and dismissing and discharging Wells Fargo from any liability associated with those funds, *see* 28 U.S.C. § 2361;

C. An award of Wells Fargo's costs and reasonable attorneys' fees it incurred in this matter from the funds deposited with the Court;

D. Such a judgment is necessary to determine who is properly entitled to the account funds and direct the Clerk to release the funds in accordance with that judgment;

E. Any other relief to which Wells Fargo is entitled or that the Court deems just and proper.

RESPECTFULLY SUBMITTED this 9th day of November, 2017.

                SNELL & WILMER L.L.P.

                By: /s/ Carlie Tovrea
                    Barbara J. Dawson
                    Carlie Shae Tovrea
                    Matt Jarvey
                    One Arizona Center
                    400 E. Van Buren, Suite 1900
                    Phoenix, Arizona 85004-2202
                    Attorneys for Plaintiff Wells Fargo Bank, N.A.

4845-0138-1716.2