EXHIBIT A

FILED: NEW YORK COUNTY CLERK 09/07/2016 04:34 PM

NYSCEF DOC. NO. 673

INDEX NO. 650841/2013

RECEIVED NYSCEF: 09/07/2016

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK: IAS PART 54**

| | |
|---|---|
| GEM HOLDCO, LLC, and GEM VENTURES, LTD, | |
| *Plaintiffs,* | **Index No.: 650841/2013** **(Kornreich, J.)** |
| -against- | |
| CWT CANADA II LIMITED PARTNERSHIP, RESOURCE RECOVERY CORPORATION, JEAN NOELTING, RIDGELINE ENERGY SERVICES, INC., DENNIS DANZIK, DOUGLAS JOHNSON and KELLY SLEDZ, | **JUDGMENT** |
| *Defendants.* | |
| CWT CANADA II LIMITED PARTNERSHIP, RESOURCE RECOVERY CORPORATION and JEAN NOLETING, | |
| *Third-Party Plaintiffs* | |
| -against- | |
| EDWARD TOBIN, CHRISTOPHER BROWN, DEJA II, LLC, ELIZABETH DANZIK and RES MANAGEMENT, INC., | |
| *Third-Party Defendants.* | |

Upon this Court's Decision and Order dated and entered on August 4, 2016, and pursuant

to CPLR 5016(c), it is now

**ADJUDGED,** that Cross-Claim Plaintiffs CWT Canada II Limited Partnership, whose

address is ~~Corporation Trust Center~~, 1209 Orange Street, Wilmington, DE 19801; Resource

Recovery Corporation, whose address is 2711 Centerville Road, Suite 400, Wilmington, DE

19808; and Jean Noelting, whose address is 4100 Yonge Street, Toronto, ON M2P2G2, Canada

(collectively, the CWT Parties"), recover from Cross-Claim Defendants Dennis Danzik, whose

address is 1334 Sunset Boulevard South, Cody, WY 82414 ("Danzik"), and RDX Technologies

Corporation (f/k/a Ridgeline Energy Services, Inc.), whose address is 7464 East Tierra Buena

Lane, Suites 101/102, Scottsdale, AZ 85260 ("RDX"), jointly and severally, the sum of

$999,975.00, plus interest thereon at 9% from March 27, 2013, in the sum of $ 310,677.16 and the

sum of $4,654,827.00, plus interest thereon at 9% from February 20, 2014 in the sum of

$1,067,421.97 together with costs and disbursements as taxed by the clerk in the sum of $590.00,

amounting in all to the sum of $ 7,033,491.13 and that the cross-claim plaintiffs have

execution therefor.

_(signature)_
CLERK

**FILED**
SEP 27, 2016
COUNTY CLERK'S OFFICE
NEW YORK

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK: IAS PART 54**

| | |
|---|---|
| GEM HOLDCO, LLC, and GEM VENTURES, LTD,<br><br><div align="right">*Plaintiffs,*</div><br>-against-<br><br>CWT CANADA II LIMITED PARTNERSHIP, RESOURCE RECOVERY CORPORATION, JEAN NOELTING, RIDGELINE ENERGY SERVICES, INC., DENNIS DANZIK, DOUGLAS JOHNSON and KELLY SLEDZ,<br><br><div align="right">*Defendants.*</div> | **Index No.: 650841/2013**<br><br><br>**BILL OF COSTS** |
| CWT CANADA II LIMITED PARTNERSHIP, RESOURCE RECOVERY CORPORATION and JEAN NOLETING,<br><br><div align="right">*Third-Party Plaintiffs*</div><br>-against-<br><br>EDWARD TOBIN, CHRISTOPHER BROWN, DEJA II, LLC, ELIZABETH DANZIK and RES MANAGEMENT, INC.,<br><br><div align="right">*Third-Party Defendants.*</div> | I HEREBY CERTIFY THAT I HAVE ADJUSTED THIS BILL OF COSTS AT<br>$ *590.00*<br><br>SEP – 7 2016<br><br>*Milton A. Singler*<br>CLERK |

## COSTS

Costs for all proceedings before a note of issue is filed (CPLR 8201(1)) ............................$200.00
Total Costs: ........................................................................................................................$200.00

## DISBURSEMENTS

Motion fee (CPLR 8301(a)(12)): ......................................................................................$45.00
RJI (CPLR 8301(a)(12)) ...................................................................................................$95.00
Deposition transcripts (CPLR 8301(a)(9)) .....................................................................$250.00
Total Disbursements: .....................................................................................................$390.00

# STATEMENT

Magna Legal Services
Seven Penn Center
1635 Market Street -8th Floor
Philadelphia, PA 19103
Phone:215.207.9460 Fax:215.207.9461

| Account No. | Date |
|---|---|
| C6867 | 12/14/2015 |

| Current | 30 Days | 60 Days |
|---|---|---|
| $6,150.35 | $0.00 | $0.00 |
| 90 Days | 120 Days & Over | Total Due |
| $0.00 | $0.00 | $6,150.35 |

Jeffrey Eilender, Esq.
Schlam Stone & Dolan, LLP
26 Broadway
19th Floor
New York, NY 10004

Page 1 of 1

| Invoice Date | Invoice No. | Balance | Job Date | Witness | Case Name |
|---|---|---|---|---|---|
| 11/19/2015 | 234622 | 2,250.65 | 10/28/2015 | Candie Blazar | Gem Holdco, LLC, and Gem Ventures v. Changing World Technologies, L.P. |
| 11/19/2015 | 234660 | 3,899.70 | 10/29/2015 | Candie Blazar | Gem Holdco, LLC, and Gem Ventures v. Changing World Technologies, L.P. |

Tax ID: 20-8474245

Phone: 212-344-5400    Fax:212-344-7677

*Please detach bottom portion and return with payment.*

Jeffrey Eilender, Esq.
Schlam Stone & Dolan, LLP
26 Broadway
19th Floor
New York, NY 10004

Account No.  :  C6867

Date          :  12/14/2015

**Total Due    :  $ 6,150.35**

Remit To:  **Magna Legal Services LLC**
**P.O. Box 822804**
**Philadelphia, PA 19182-2804**

## SUMMARY

Costs..................................................................................................................................$200.00
Disbursements...................................................................................................................$390.00
Total..................................................................................................................................$590.00

Dated: New York, New York
　　　　September 1, 2016

<div align="right">

SCHLAM STONE & DOLAN LLP

By: _____
　　　Vitali S. Rosenfeld
　　　26 Broadway
　　　New York, New York 10004
　　　(212) 344-5400

Attorneys for the Cross-Claim Plaintiffs

</div>

**VITALI S. ROSENFELD,** an attorney duly admitted to the courts of this state, affirms under penalty of perjury the following to be true:

　　　　　　1.　　　I am a member of Schlam Stone & Dolan LLP, attorneys for Defendants and Cross-Claim Plaintiffs CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting in this action. The foregoing disbursements were incurred in this action and are reasonable in amount.

_____
　　　　　Vitali S. Rosenfeld

**FILED**

SEP. 7 2016

COUNTY CLERK'S OFFICE
NEW YORK

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: IAS PART 54

GEM HOLDCO, LLC, and GEM VENTURES, LTD,

-against-

CWT CANADA II LIMITED PARTNERSHIP, RESOURCE RECOVERY
CORPORATION, JEAN NOELTING, RIDGELINE ENERGY SERVICES, INC.,
DENNIS DANZIK, DOUGLAS JOHNSON and KELLY SLEDZ,

*Defendants.*

CWT CANADA II LIMITED PARTNERSHIP, RESOURCE RECOVERY
CORPORATION and JEAN NOLETING,

*Third-Party Plaintiffs*

-against-

EDWARD TOBIN, CHRISTOPHER BROWN, DEJA II, LLC, ELIZABETH DANZIK and
RES MANAGEMENT, INC.,

*Third-Party Defendants.*

THIS IS AN E-FILED CASE. ALL DOCUMENTS MUST BE FILED ELECTRONICALLY

## Index No.: 650841/2013

## JUDGMENT

**SCHLAM STONE & DOLAN LLP**
Jeffrey M. Eilender
Bradley J. Nash
Vitali S. Rosenfeld
26 Broadway – 19th Floor
New York, New York 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
E-Mail: jme@schlamstone.com
E-Mail: vrosenfeld@schlamstone.com
*Attorneys for the cross-claim plaintiffs*

3 - 2

FILED AND
DOCKETED
SEP - 7 2016
AT 4:32 PM
N.Y., CO. CLK'S OFFICE

EXHIBIT B

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK: IAS PART 54**

| | |
|---|---|
| GEM HOLDCO, LLC, and GEM VENTURES, LTD.,<br><br>*Plaintiffs*,<br><br>-*against*-<br><br>CHANGING WORLD TECHNOLOGIES, L.P., *et al.*,<br><br>*Defendants*. | **Index No.: 650841/2013**<br><br>**(Kornreich, J.)**<br><br><br>**RESTRAINING NOTICE AND<br><u>INFORMATION SUBPOENA</u>** |
| CWT CANADA II LIMITED PARTNERSHIP, RESOURCE RECOVERY CORPORATION and JEAN NOELTING,<br><br>*Third-Party Plaintiffs*,<br><br>-*against*-<br><br>CHRISTOPHER BROWN, EDWARD TOBIN, ELIZABETH J. DANZIK and DEJA II, LLC.<br><br>*Third-Party Defendants*. | |

TO:       Wells Fargo
          1755 Broadway
          New York, NY 10019
          Legal Department Fax: 877-554-5339

**WHEREAS**, a judgment was entered in this Court on September 7, 2016 in favor of Cross-Claim Plaintiffs CWT Canada II Limited Partnership, Resources Recovery Corporation, and Jean Noelting, and against Cross-Claim Defendants RDX Technologies Corporation (f/k/a Ridgeline Energy Services, Inc.) and Dennis M. Danzik (the "judgment debtor" or "judgment debtors"), for the amount of $7,033,491.13,

**WHEREAS**, the amount of $7,033,491.13, together with interest from September 7, 2016, remains due and unpaid,

1

**WHEREAS,** the witness to whom this subpoena is addressed resides in New York County,

**WHEREAS**, it appears that you are in possession or in custody of property in which the judgment debtor has an interest as well as account(s) or any other property, tangible or intangible or interest in any property in the name of the judgment debtor, including, but not limited to **the account reflected in the check in the attached Exhibit A, and any other accounts held in the name of Wyo Tech Investment Group LLC**.

**YOU ARE HEREBY COMMANDED**, to answer in writing under oath, separately and fully, each question in the questionnaire accompanying the subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original of the questions within 7 days after your receipt of the questions and this subpoena.

**PLEASE TAKE NOTICE** that false swearing or failure to comply with this Information Subpoena is punishable as a contempt of Court.

# EXHIBIT A



| | |
|---|---|
| **Capture Date** | 20170525 |
| **Sequence Number** | 300430389 |
| **Serial Number** | 0 |
| **Account Number** | [REDACTED]2809 |

| | |
|---|---|
| **Optional Field 6** | 0 |
| **Amount** | $10,000.00 |
| **Routing Number** | 122105278 |
| **Transaction Code** | 2036 |

05/25/2017 11:02:30 AM 833 0000301 0MEG8 4534 300430389 0 20

05/26/2017 11:02:17 AM 833 0000301 0MEG8 0000 300430389 0 20

WB00090

## RESTRAINING NOTICE

Pursuant to Section 5222(b) of the Civil Practice Law and Rules, a copy of which is set forth below, you are hereby forbidden to make or suffer any sale, assignment, or transfer of, or any interference with any property in which the judgment debtors have an interest, except upon direction of the sheriff or pursuant to an order of the court until the aforesaid judgment is satisfied or vacated.  This notice also covers all property in which the judgment debtors have an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtor.  Disobedience of this Restraining Notice is punishable as a contempt of court.

**Certification:** I hereby certify that this information subpoena complies with Rule 5224 of the Civil Practice Law and Rules and Section 601 of the General Business Law that I have a reasonable belief that the party receiving this subpoena has in their possession information about the debtors that will assist the creditor in collecting the judgment.

Dated: October 18, 2017
New York, New York

**SCHLAM STONE & DOLAN LLP**

By:  _____
Jeffrey M. Eilender
Bradley J. Nash
Joshua Wurtzel
26 Broadway
New York, New York 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
E-Mail: jme@schlamstone.com
E-Mail: bnash@schlamstone.com
E-Mail: jwurtzel@schlamstone.com

*Attorneys for Cross-Claim Plaintiffs CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting*

3

## CPLR 5222(b)

Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

IN ACCORDANCE WITH THE INSTRUCTIONS AND DEFINITIONS SET FORTH

BELOW, ANSWER THE QUESTIONS THAT FOLLOW ON THE FORM PROVIDED

WITHIN SEVEN (7) DAYS AND RETURN YOUR ANSWERS IN THE PRE-ADDRESSED,

POSTAGE PAID ENVELOPE ENCLOSED HEREWITH TO:

<div align="center">

Schlam, Stone, and Dolan LLP
26 Broadway
New York, New York 10004
Attention: Joshua Wurtzel

</div>

<div align="center">

**<u>Definitions And Instructions</u>**

</div>

1.      Each question and every subpart thereof shall be answered fully and separately.

2.      Answering a question by simply identifying a document, unless the question expressly

requests only the identification of a document, will not be a sufficient answer to that

question.

3.      When any question calls for the identity of any person, you are to provide the person's:

      a.      full name;

      b.      last known business address and telephone number;

      c.      present occupation, title and business affiliation; and

      d.      occupation, title and business position during the time period to which your

      answer relates.

4.      When any question requires you to identify a document, you shall state to the extent

known:

      a.      the type of document;

      b.      the general subject matter;

<div align="center">6</div>

c.      the date of the document; and

d.      the author(s), addressee(s) and recipient(s).

5.      The term "document" means any written, printed, recorded or graphic matter of any kind, however produced or reproduced, including without limitation any writing, drawing, graph, chart, photograph, label, sign, print, package, wrapper, receptacle, advertisement, computer disk, tape and audio or visual recording, which is in your possession, custody or control.

6.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, opinions, or otherwise), including without limitation any meeting, conversation, discussion, faxes, notes correspondence, message, or other written and oral communications between two or more persons, in person, on the telephone, or by any other means of electronic or physical communication.

7.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8.      The term "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of any request all documents that might otherwise be construed to be outside of its scope.

9.      The terms "any" and "all" shall be construed as necessary to bring within the scope of any question all documents, communications or subject matter that might otherwise be construed to be outside its scope.

10.     The use of the singular form of any word includes the plural, and vice versa, whenever necessary to bring within the scope of any question all documents, communications, or

7

subject that might otherwise be construed to be outside its scope.

11.     These questions are intended to be of a continuing nature.  If after the service of your responses hereto, you should learn of any information which supplements or differs from the answers you supplied, you will promptly supplement your responses to the undersigned attorneys.

12.     In the event you decline to answer any particular question, or subpart thereof, on the ground of any evidentiary privilege or discovery exclusion, (a) state the basis for assertion of the privilege or exclusionary principle, and (b) give a summary statement of the document's date, author, recipient, custodian and subject matter in sufficient detail to permit the Court to reach a determination in the event of a motion to compel.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK: IAS PART 54**

| | |
|---|---|
| GEM HOLDCO, LLC, and GEM VENTURES, LTD.,<br><br>*Plaintiffs*,<br><br>-*against*-<br><br>CHANGING WORLD TECHNOLOGIES, L.P., *et al.*,<br><br>*Defendants*. | **Index No.: 650841/2013**<br><br>**(Kornreich, J.)**<br><br><br>**QUESTIONS AND ANSWERS IN CONNECTION WITH INFORMATION SUBPOENA** |
| CWT CANADA II LIMITED PARTNERSHIP, RESOURCE RECOVERY CORPORATION and JEAN NOELTING,<br><br>*Third-Party Plaintiffs*,<br><br>-*against*-<br><br>CHRISTOPHER BROWN, EDWARD TOBIN, ELIZABETH J. DANZIK and DEJA II, LLC.<br><br>*Third-Party Defendants*. | |

STATE OF _____:

                         : ss.

COUNTY OF _____:

        I, _____ on behalf of Wells Fargo, being duly sworn, depose and say that I am the recipient of an information subpoena herein and of the original and a copy of questions accompanying said subpoena. The answers set forth below are made from information obtained from my records and/or are based upon my personal knowledge.

**Questions**

Question No. 1

Do you have a record of any account in which the judgment debtors may have an interest, whether under the name of the debtors, under a trade or corporate name, or in association with others, as of the date of the subpoena or within one year prior thereto?

Answer to Question No. 1

Question No. 2

As to each such account, what is the exact title of the account, the date opened, amounts presently on deposit; if closed, the amount on deposit when closed and the date closed?

Answer to Question No. 2

| Title | Date Opened | Amount on Deposit | Date Closed |
| --- | --- | --- | --- |

10

Question No. 3

Do you have a record of any safe deposit box in which the judgment debtors may have an interest, whether under the name of the debtors, under a trade or corporate name, or in association with others, as of the date of the subpoena or within one year prior thereto?

Answer to Question No. 3

Question No. 4

As to each such box what is the exact designation of the lessees thereof, the date hired, the date discontinued, the names of those having access?

Answer to Question No. 4

Lessees                    Date Hired          Date Discontinued          Those Having Access

Question No. 5

       Do you hold collateral in which the debtors have or may have an interest?

Answer to Question No. 5

Question No. 6

       What is the description and value of each item of collateral?

Answer to Question No. 6

Description                                           Value

Question No. 7

What interest do the debtors appear to have in each item of collateral?

Answer to Question No. 7

Question No. 8

> Is any of the judgment debtors indebted to you?

Answer to Question No. 8

Question No. 9

> As to each indebtedness, what is the amount of the original indebtedness, the date incurred, amount repaid and date of such repayment?

Answer to Question No. 9

Amount          Date Incurred          Amount Repaid          Date Repaid

14

Question No. 10

Do you hold any lien, mortgage or otherwise, against property of the debtors?

Answer to Question No. 10

Question No. 11

What is the nature of each such lien, the full description of the property affected by the lien, the location and identity of the office of the filing or recording and full indexing information?

Answer to Question No. 11

| Lien | Property | Where Recorded or Filed | Book and Page No. |
|------|----------|------------------------|-------------------|

Question No. 12

Are any of the assets of the debtors, in your possession or care, subject to liens, attachments or other encumbrances?

Answer to Question No. 12

Question No. 13

What are the full details of the same in regard to each asset?

Answer to Question No. 13

Question No. 14

   Do you have any other transactions with the debtors, directly or indirectly, as a result of which the debtors may now have, or may in the future become entitled to, money or credit?

Answer to Question No. 14

Question No. 15

   What are the full details of each such transaction?

Answer to Question No. 15

<u>Question No. 16</u>

Has any of the debtors given you a statement of final condition?

<u>Answer to Question No. 16</u>

<u>Question No. 17</u>

What assets are disclosed therein (or in the alternative supply a copy thereof)?

<u>Answer to Question No. 17</u>

<u>Question No. 18</u>

For the individual debtors, what is debtor's social security number and last place of employment?

<u>Answer to Question No. 18</u>

Dated this _____day of _____ 2017.

                                    _____

                                    On Behalf of Wells Fargo

SUBSCRIBED AND SWORN to before me this ___ day of_____ 2017, by _____
on behalf of Wells Fargo

                                    _____

                                    Notary Public

EXEMPTION NOTICE

as required by New York Law


YOUR BANK ACCOUNT IS RESTRAINED OR "FROZEN"


The attached Restraining Notice or notice of Levy by Execution has been issued against your bank account. You are receiving this notice because a creditor has obtained a money judgment against you, and one or more of your bank accounts has been restrained to pay the judgment. A money judgment is a court's decision that you owe money to a creditor. You should be aware that FUTURE DEPOSITS into your account(s) might also be restrained if you do not respond to this notice.


You may be able to "vacate" (remove) the judgment. If the judgment is vacated, your bank account will be released. Consult an attorney (including free legal services) or visit the court clerk for more information about how to do this.


Under state and federal law, certain types of funds cannot be taken from your bank account to pay a judgment. Such money is said to be "exempt. "


DOES YOUR BANK ACCOUNT CONTAIN ANY OF THE FOLLOWING TYPES OF FUNDS?


1. Social security;

2. Social security disability (SSD);

3. Supplemental security income (SSI);

4. Public assistance (welfare);

5. Income earned while receiving SSI or public assistance;

6. Veterans benefits;

7. Unemployment insurance;

8. Payments from pensions and retirement accounts;

9. Disability benefits;

10. Income earned in the last 60 days (90% of which is exempt);

11. Workers' compensation benefits;

12. Child support;

5

13. Spousal support or maintenance (alimony);

14. Railroad retirement; and/or

15. Black lung benefits.

If YES, you can claim that your money is exempt and cannot be taken. To make the claim, you must

(a) complete the EXEMPTION CLAIM FORM attached;

(b) deliver or mail the form to the bank with the restrained or "frozen" account; and

(c) deliver or mail the form to the creditor or its attorney at the address listed on the form.

You must send the forms within 20 DAYS of the postmarked date on the envelope holding this notice. You may be able to get your account released faster if you send to the creditor or its attorney written proof that your money is exempt. Proof can include an award letter from the government, an annual statement from your pension, pay stubs, copies of checks, bank records showing the last two months of account activity, or other papers showing that the money in your bank account is exempt. If you send the creditor's attorney proof that the money in your account is exempt, the attorney must release that money within seven days. You do not need an attorney to make an exemption claim using the form.

6

EXEMPTION CLAIM FORM

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK: IAS PART 54**

| | |
|---|---|
| GEM HOLDCO, LLC, and GEM VENTURES, LTD.,<br><br><p align="right">*Plaintiffs*,</p><br>-*against*-<br><br>CHANGING WORLD TECHNOLOGIES, L.P., *et al.*,<br><br><p align="right">*Defendants.*</p> | <p align="center">**Index No.: 650841/2013**<br><br><br>**EXEMPTION CLAIM FORM QUESTIONS AND ANSWERS IN CONNECTION WITH INFORMATION SUBPOENA**</p> |
| CWT CANADA II LIMITED PARTNERSHIP, RESOURCE RECOVERY CORPORATION and JEAN NOELTING,<br><br><p align="right">*Third-Party Plaintiffs,*</p><br>-*against*-<br><br>CHRISTOPHER BROWN, EDWARD TOBIN, ELIZABETH J. DANZIK and DEJA II, LLC.<br><br><p align="right">*Third-Party Defendants.*</p> | |

| | |
|---|---|
| NAME AND ADDRESS OF JUDGMENT CREDITOR OR ATTORNEY<br><br>Schlam Stone & Dolan LLP<br><br>ADDRESS A<br><br>26 Broadway, 19th Floor<br>New York, New York 10004 | NAME AND ADDRESS OF FINANCIAL INSTITUTION<br><br>Wells Fargo<br><br>ADDRESS B<br><br>1755 Broadway<br>New York, NY 10019 |

Directions: To claim that some or all of the funds in your account are exempt, complete both copies of this form, and make one copy for yourself. Mail or deliver one form to ADDRESS A and one form to ADDRESS B within twenty days of the date on the envelope holding this notice. **If you have any documents, such as an award letter, an annual statement from your pension, paystubs, copies of checks or bank records showing the last two months of account activity, include copies of the documents with this form. Your account may be released more quickly.

7

---

I state that my account contains the following type(s) of funds (check all that apply):

....       Social security

....       Social security disability (SSD)

....       Supplemental security income (SSI)

....       Public assistance

....       Wages while receiving SSI or public assistance

....       Veterans benefits

....       Unemployment insurance

....       Payments from pensions and retirement accounts

....       Income earned in the last 60 days (90% of which is exempt)

....       Child support

....       Spousal support or maintenance (alimony)

....       Workers' compensation

....       Railroad retirement or black lung benefits

....       Other (describe exemption):_____

I request that any correspondence to me regarding my claim be sent to the following address:

_____

(FILL IN YOUR COMPLETE ADDRESS)

8

I certify under penalty of perjury that the statement above is true to the best of my knowledge and belief.

_____

DATE                                          SIGNATURE OF JUDGMENT DEBTOR

## NOTICE TO JUDGMENT DEBTOR OR OBLIGOR

Money or property belonging to you may have been taken or held in order to satisfy a judgment or order which has been entered against you. Read this carefully.

## YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and federal laws prevent certain money or property from being taken to satisfy money judgments or orders. Such money or property is said to be "exempt." The following is a partial list of money which may be exempt:

1. Supplemental social security income (SSI);

2. Social security;

3. Public assistance (welfare);

4. Spousal support, maintenance (alimony) or child support;

5. Unemployment benefits;

6. Disability benefits;

7. Workers' compensation benefits;

8. Public or private pensions;

9. Veterans' benefits;

10. Ninety percent of your wages or salary earned in the last sixty days;

11. Twenty-five hundred dollars of any bank account containing statutorily exempt payments that were deposited electronically or by direct deposit within the last forty-five days, including, but not limited to, your social security, supplemental security income, veterans benefits, public assistance, workers' compensation, unemployment insurance, public or private pensions, railroad retirement benefits, black lung benefits, or child support payments;

12. Railroad retirement; and

13. Black lung benefits.

If you think that that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

10

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING ANY FREE LEGAL SERVICES ORGANIZATION IF YOU QUALIFY. You can also go to court without an attorney to get your money back.  Bring this notice with you when you go.  You are allowed to try to prove to a judge that your money is exempt from collection under New York civil practice law and rules, sections fifty-two hundred twenty-two-a, fifty-two hundred thirty-nine and fifty-two forty.  If you do not have a lawyer, the clerk of the court may give you forms to help you prove your account contains exempt money that the creditor cannot collect.  The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

EXHIBIT C



RICHARD K. WALKER
ATTORNEY AT LAW

RKW@AZLAWPARTNER.COM

Walker & Peskind, PLLC
ATTORNEYS & COUNSELORS

PHONE  480-483-6336
FAX  480-483-6337

16100 N. 71ST STREET, STE 140
SCOTTSDALE, AZ 85254

November 2, 2017

***VIA EMAIL*** (jfoudy@rnrlawgroup.com; pragone@rnrlawgroup.com)

John P. Foudy, Esquire
Peter A. Ragone, Esquire
Rosner Nocera & Ragone, LLP
61 Broadway, Suite 1900
New York, NY 10006-2706

RE:  **Wrongful Garnishment of Wells Fargo Accnt.** ▮▮▮▮**2809**
**Belonging to WYO TECH Investment Group, LLC.**

Gentlemen:

As you may recall, Bill Hinz and I spoke with the two of you about this matter in a conference call on October 24, 2017.  I am enclosing herewith the Judgment in *GEM HOLDCO, LLC, et al. v. CWT Canada II Limited Partnership, et al.*, Index No. 650841/2013, pursuant to which, as we understand it, a Restraining Notice under CLPR § 5222 has been issued to the New York office of your client, Wells Fargo Bank, N.A. ("Wells Fargo"), by the law firm of Schlam Stone & Dolan, LLP ("Schlam Stone").  When Mr. Hinz and I spoke with you on October 24, you told us that Wells Fargo had no choice under New York law but to honor the Restraining Notice, and that it directed your client to freeze any funds held by it in the name of my client WYO TECH Investment Group, LLC ("WYO TECH").  Neither we nor, we are informed, Defendants' counsel in the *GEM HOLDCO* matter have seen the Restraining Notice, and I would appreciate it if you could be kind enough to email a copy to me as soon as possible.

With respect to the enclosed Judgment, I would draw your attention to the fact that WYO TECH is not named as a party litigant in the *GEM HOLDCO* action.  Further, the Judgment, by its terms, is against Dennis Danzik ("Mr. Danzik") and RDX Technologies Corporation ("RDX"), and *not* against WYO TECH.  As Mr. Hinz and I explained to you when we spoke last week, neither Mr. Danzik nor RDX nor any member of Mr. Danzik's family holds any equity interest in WYO TECH.  All of the funds deposited in Account No. ▮▮▮▮2809 are investor monies in which neither Mr. Danzik nor RDX nor any member of Mr. Danzik's family holds any right, title, or interest.  None of the funds are owed to Mr. Danzik, or to any member of his family.

John P. Foudy, Esquire
Peter A. Ragone, Esquire
November 2, 2017
Page 2

There is a possibility, which we are still researching, that there may be a small indebtedness (less than $1,700) that remains to be paid by WYO TECH to Danzik Applied Sciences, an entity in which we understand Mr. Danzik owns a minority interest.[1]  Whatever the outcome of our investigation with respect to that potential debt, however, we do not see that even that amount could legitimately be made the subject of a CPLR § 5222 restraining notice.

As I assume you are aware, CPLR § 5222(b) provides, in pertinent part, as follows:

A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor . . . has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served.[2]

On the face of it, there does not seem to be any basis on which Wells Fargo could reasonably conclude that the above-quoted requirements have been met.  Clearly, Wells Fargo, the "person" on whom the Schlam Stone Restraining Notice was served, owes no portion of the funds at issue to anyone other than WYO TECH, the account owner.  Further, based on the information Mr. Hinz and I have provided, Wells Fargo neither "knows [n]or has reason to believe the judgment debtor or obligor [Mr. Danzik and/or RDX] has an interest" in the funds at issue.  Although we have not yet seen the Restraining Notice served on Wells Fargo, there does not appear to be any legitimate basis on which Schlam Stone could have issued it in compliance with the statutory requirements.  That being the case, it would preclude the Restraining Notice from have any binding effect whatsoever on Wells Fargo.

In addition, it does not appear that restraining notices served on Wells Fargo in New York have any effect with respect to Wells Fargo branches located outside the State of New

---

[1] As is the case with WYO TECH, Danzik Applied Sciences is not a party litigant in the *GEM HOLDCO* litigation, and it is not named in the Judgment.  Thus, even if we determine that WYO TECH still has an outstanding indebtedness to Danzik Applied Sciences, that still would not constitute an amount owed to one of the judgement debtors in the *GEM HOLDCO* case.

[2] Please note that the citation to CPLR § 5222 in the text above is not intended, and should not be construed, as a concession that that provision, or any other provision of New York law, controls in this situation.  To the contrary, it is WYO TECH's position that, inasmuch as its funds were deposited in a Wells Fargo branch in Scottsdale, Arizona, WYO TECH is neither a party nor a judgment debtor in the *GEM HOLDCO* matter, WYO TECH has never submitted to the jurisdiction of the New York Courts, and WYO TECH has no contacts with the State of New York pertinent to the issues addressed herein, it is Arizona law that controls with respect to those issues.

John P. Foudy, Esquire
Peter A. Ragone, Esquire
November 2, 2017
Page 3

York. *See Motorola Credit Corp. v. Standard Chartered Bank*, 24, N.Y. 3d 149, 158-59, 21
N.E.3d 223, 226 (2014) (under separate entity rule, restraining notices on a New York branch
have no impact on assets in other branches); *see also B&M Kingstone, LLC v. Mega Internatn'l
Commercial Bank, Ltd*, 131 A.D. 259, 266, 15 N.Y.S.3d 318, 323 (2015) (same). As I believe
you are aware, the WYO TECH funds that have been impounded are all on deposit with a Wells
Fargo branch located in Scottsdale, Arizona.

In sum, we are aware of no good faith, lawful basis on which Schlam Stone could have
issued the Restraining Notice it served on Wells Fargo to tie up the operating capital of WYO
TECH and thus interfere with the Company's business endeavors. In this regard, as you may or
may not be aware, Wells Fargo has refused to honor WYO TECH's latest payroll checks, along
with several checks issued to pay WYO TECH's routine corporate expenses, so the damage to
my client is both real and immediate. Moreover, WYO TECH is a startup company on the front
end of business endeavors that are time sensitive. The impoundment of WYO TECH's funds
poses a serious risk of interference with potentially lucrative business opportunities, and could
result in loss of some portion or all of those opportunities altogether.

Even if some small amount of the funds in Account No. ⬛⬛2809 are owed to an
entity in which one of the *GEM HOLDCO* Defendants holds an interest (which, again, we
presently believe would involve only a small indebtedness to Danzik Applied Sciences), that
could justify, at most, a garnishment (or, in New York parlance, a restraining notice) requiring,
subject to any countervailing rights of the entity whose funds were garnished/impounded,
retention and/or surrender to the judgment creditor of any amounts owing, or that may in the
future come to be owing, to such entity.

As I explained to you when we spoke on October 24, there is a tort action for wrongful
garnishment recognized by the courts under Arizona law. The Arizona Supreme Court has also
held that banks impounding funds of their account holders in response to writs of execution may
themselves be held liable for damages resulting from the impoundment if they know, or should
know, that the account holder is not liable to the judgment creditor. *See Valley Natn'l Bank v.
Brown*, 110 Ariz. 260, 263, 517 P.2d 1256, 1259 (1974).

Please be advised that, if WYO TECH's funds are not released from impoundment and
made available for my client's unfettered use by or before November 10, 2017, it is WYO
TECH's intention to bring an action in Arizona against CWT Canada II Limited Partnership,
Resource Recovery Corporation, and Jean Noelting (collectively referred to in the enclosed
Judgment as "the CWT Parties"), Schlam Stone, the Schlam Stone lawyer who issued the
Restraining Notice, and Wells Fargo, asserting claims based on, among other things, wrongful
garnishment and tortious interference with contract and/or business expectancies.

John P. Foudy, Esquire
Peter A. Ragone, Esquire
November 2, 2017
Page 4

We believe the facts set forth above, and in the enclosed Declarations of William Hinz, Dennis Danzik, and Elizabeth Danzik, make a compelling case for Schlam Stone to withdraw the Restraining Notice it has issued to Wells Fargo, and by copy of this letter, we are demanding that Schlam Stone do so forthwith.  Failing that, we believe the same facts provide Wells Fargo with ample basis for disregarding the Restraining Notice and lifting the impoundment of WYO TECH's funds immediately.  Even if, despite all the foregoing, Wells Fargo were to choose to continue the unlawful denial of WYO TECH's access to its funds, however, it should be abundantly clear that no portion of those funds can lawfully be released without further legal proceedings in which WYO TECH would be given the opportunity to assert its rights to its own funds.  Please be advised that WYO TECH will hold Wells Fargo responsible, for any disbursement of its funds, along with any other party participating in causing such disbursement, absent a legitimate court order issued after WYO TECH has been given the chance to assert its rights in such funds in full accordance with the due process of law.

Again, please provide a copy of the Restraining Notice to me via email to me as soon as possible.  If you wish to discuss anything related to the matters set forth above, please feel free to contact me.

Sincerely,

Richard K. Walker

Enclosures (4)
cc:     Joshua Wurtzel, Esquire
        Schlam Stone & Wurtzel, LLP
        jwurtzel@schlamstone.com

EXHIBIT D

Joshua Wurtzel
Associate

jwurtzel@schlamstone.com

**SCHLAM STONE & DOLAN LLP**

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

November 6, 2017

**BY E-MAIL**

Richard K. Walker, Esq.
Walker & Peskind, PLLC
SGA Corporate Center
16100 N. 71st Street, Suite 140
Scottsdale, AZ 85254

Re:     *GEM Holdco, LLC, et al. v. Changing World Technologies, L.P., et al.*, Index No.
         650841/2013; Wyo Tech Investment Group, LLC

Dear Rick:

This firm represents Cross-Claim Plaintiffs and Judgment Creditors CWT Canada II Limited
Partnership, Resource Recovery Corporation, and Jean Noelting in this action.

We write in response to your November 2, 2017 letter to John Foudy and Peter Ragone,
counsel to Wells Fargo in this matter, which copied me. As explained below, your claim that
Judgment Creditors' restraining notice on Wyo Tech's Wells Fargo account is improper is
erroneous, and Wyo Tech is liable to Judgment Creditors for fraudulent transfers and
conspiracy to commit fraudulent transfers.

As you are aware, the New York court in this action issued a more-than $7 million judgment
against Dennis Danzik and RDX Technologies Corporation. This judgment remains
outstanding, even though Danzik and RDX have waived any appeal of it in New York.
Danzik is also a criminal fugitive on the run—the New York court held him and RDX in
criminal and civil contempt for their willful violations of court orders, including their
violations of an attachment order, and issued a warrant for Danzik's arrest. We are working to
have Danzik arrested wherever he is, and extradited to New York. We are also aware that the
FBI is investigating Danzik's criminal activities, and we have been cooperating in that
investigation. We have also informed the FBI about Danzik's activities with Wyo Tech.

On October 18, 2017, we served an Information Subpoena and Restraining Notice on Wells
Fargo, directing Wells Fargo to restrain, among other things, funds held in the name of Wyo
Tech. We did this because we had a strong basis to believe that Wyo Tech was an entity that
Danzik was using to evade creditors. While we appreciate the information you provided in the
declarations attached to your November 2 letter, our own investigation has revealed
contradictory facts, and has further strengthened our belief that Danzik is using Wyo Tech
(either in collusion with some of its investors, or without their knowledge) to evade creditors.
Indeed, the New York court held that Danzik was the "epitome of a recalcitrant,

Richard K. Walker, Esq.
November 6, 2017
Page 2 of 4

contemptuous, and incorrigible litigant," who "lie[d]," "deliberately did not disclose" relevant records, "coerced" a witness into "submitting false affidavits," and "perjured himself before a Canadian bankruptcy court." So without supporting documentation, these declarations do little to persuade us of anything. And the evidence we have compiled shows that Danzik is using Wyo Tech to carry out the same fraudulent scheme that he has attempted multiple times, including with RDX.

We understand that over half of the funds that have been paid from the Wyo Tech Wells Fargo account at issue have been paid to Danzik Applied Sciences LLC, Elizabeth Danzik, Jovahna Danzik, or other known Danzik cronies. When we spoke last week, Mr. Hinz told me that he believed DAS stopped doing work for Wyo Tech months ago. But Wyo Tech has continued to make dozens of transfers to DAS accounts every month, including as recently as October 5, 2017. As you may not know, DAS is no longer in good standing in Delaware—its state of formation—and thus lacks any legal status separate from its owners, one of whom is Danzik. So every time Wyo Tech pays money into a "DAS" account, it is really paying Danzik directly.

Wyo Tech's operations also show that Danzik has some type of de facto control over this entity. His wife supposedly helped to form the entity earlier this year, yet our understanding is that Elizabeth has little, or no, experience that would qualify her to help run this type of entity. And the same is even more true for Jovahna—who is just a few years out of college. It is telling that Jovahna has check-signing authority, and directs so many payments to herself, her mother, and her father's company, when she too seems to lack any experience to qualify her for this role. And we also understand that Wyo Tech is making regular payments to several other long-time Danzik cronies, including Tony Calim, Vince Meil, Doug Bean, and Monica Garcia. Mr. Hinz said that he first met Danzik about a year ago, and was very cautious about bringing Danzik in to work with him. But Wyo Tech—a purportedly independent start up—is employing a half dozen Danzik family members and cronies, and has paid hundreds of thousands of dollars to Danzik's company. Indeed, approximately 65% of the money that Wyo Tech has spent from this account has gone to Danzik, his family members, his company, or his cronies.

Moreover, we know that Wyo Tech has paid thousands of dollars in Danzik's legal fees. We have also been told by Danzik's New York counsel that Wyo Tech has paid Tony Ker's legal fees. We are not aware of any connection that Tony Ker has to Wyo Tech, so it is even more puzzling why—if Wyo Tech is what you say it is—Wyo Tech would be paying for his lawyer.

Further, we have a signature card for the account at issue in which Jovahna states that she is the "Owner with Control of the Entity." This of course contradicts any claim that no member of the Danzik family has an interest in this entity.

Richard K. Walker, Esq.
November 6, 2017
Page 3 of 4

Thus, given the information we had when we served the restraining notice, and given the additional information we have now, we had a reasonable belief—and have an even more reasonable belief—that Wyo Tech is an entity that Danzik is using to evade creditors. The restraining notice that we served is thus valid, and lawful.

Wyo Tech is also liable to Judgment Creditors for fraudulent transfers and conspiracy to commit fraudulent transfers. Judgment Creditors will seek any enhanced penalties and attorneys'-fee awards available under law.

*First*, under A.R.S § 44-1004(A), a "transfer made" by a "debtor" is "fraudulent as to a creditor" if the "debtor made the transfer" either with "actual intent to hinder, delay or defraud any creditor of the debtor"; or "[w]ithout receiving a reasonably equivalent value in exchange for the transfer." Upon information and belief, Danzik has conveyed RDX's intellectual property to Wyo Tech in violation of a TRO issued by the New York court, and with an intent to defraud Judgment Creditors. Also upon information and belief, Wyo Tech has not paid reasonably equivalent value to RDX for this intellectual property.

*Second*, a defendant is liable for conspiracy to commit fraudulent transfers when there is a "(1) fraudulent conveyance (made with intent to hinder, delay, or defraud creditors); (2) agreement between two or more persons to commit a fraudulent conveyance; (3) damages resulting from the conveyance traceable to the conspiracy; and (4) inadequate equitable remedies under UFTA." *In re Hashim*, 379 B.R. 912, 916 (B.A.P. 9th Cir. 2007). Here, Danzik, through his wife and daughter, have fraudulently transferred funds from Wyo Tech— with Wyo Tech's apparent agreement—to themselves, DAS, and Danzik cronies, in an effort to defraud Judgment Creditors.[1]

After we spoke two weeks ago, I asked you to provide specific documents about Wyo Tech's investors, and Wyo Tech's capitalization, that would go a long way toward showing whether Wyo Tech is indeed an independent, non-Danzik entity, as you contend. But we have not received a response to that request. And Wyo Tech's lack of a response speaks volumes.

Finally, if Wells Fargo releases these funds, it will be liable to Judgment Creditors.

We reserve all rights to protect our and our client's interests.

---

[1] Judgment Creditors do not concede that Arizona law governs Wyo Tech's misconduct.

Richard K. Walker, Esq.
November 6, 2017
Page 4 of 4

Sincerely,

Joshua Wurtzel

cc:    Jeffrey M. Eilender, Esq. (by e-mail)
       Bradley J. Nash, Esq. (by e-mail)
       J. Henk Taylor, Esq. (by e-mail)
       Bradley T. Hunsicker, Esq. (by e-mail)
       John Foudy, Esq. (by e-mail)
       Peter Ragone, Esq. (by e-mail)