**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank NA, | No. CV-17-04140-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Wyo Tech Investment Group LLC, *et al.*, | |
| Defendants. | |

At issue are Plaintiff Wells Fargo Bank, N.A.'s Motion to Interplead Funds and for Order of Discharge (Doc. 7, Mot. to Interplead), to which Defendant Wyo Tech Investment Group LLC filed a Response (Doc. 13, Resp. to Mot. to Interplead), and Wells Fargo filed a Reply (Doc. 14, Reply to Mot. to Interplead); and Wells Fargo's Motion to Dismiss Counterclaims (Doc. 46, MTD), to which Wyo Tech filed a Response (Doc. 56, Resp. to MTD), and Wells Fargo filed a Reply (Doc. 59, Reply to MTD). The Court finds these Motions appropriate for resolution without oral argument. *See* LRCiv 7.2(f).

**I.     BACKGROUND**

In the Complaint (Doc. 1, Compl.), Wells Fargo alleges the following facts. On September 7, 2016, a New York state court entered judgment in the amount of over seven million dollars in favor of three Defendants in this matter, CWT Canada II LP, Resources Recovery Corporation ("RRC"), and Jean Noelting (collectively, "Judgment Creditors"), and against Dennis M. Danzik and RDX Technologies Corporation, f/k/a Ridgeline

Energy Services, Inc. (collectively, "Judgment Debtors"). (Compl. Ex. A.) On October 18, 2017, the Judgment Creditors issued a Restraining Notice and Information Subpoena to Wells Fargo pursuant to New York law. (Compl. Ex. B.) The Restraining Notice stated that Wells Fargo had custody of property in which the Judgment Debtors had an interest, including an account ending in -2809 containing $546,282.55 in the name of another Defendant in this matter, Wyo Tech Investment Group LLC, a Wyoming LLC doing business in Arizona. After receiving the Restraining Notice, Wells Fargo froze the Wyo Tech account, which had been opened at a branch in Arizona.

Subsequently, Wyo Tech contacted Wells Fargo and the Judgment Creditors to dispute the Judgment Creditors' assertion that the Judgment Debtors had an interest in Wyo Tech's account and to demand that Wells Fargo unfreeze the account by November 10, 2017. (Compl. Ex. C.) The Judgment Creditors responded that the Restraining Notice was proper, that Danzik's daughter Jovahna is listed as the owner of Wyo Tech on the account's signature card, that Jovahna directs payments to herself, her father, and her father's company from the account, and that Wyo Tech is liable for fraudulent transfer and conspiracy to commit fraudulent transfer. (Compl. Ex. D.) The Judgment Creditors also stated that Wells Fargo would be liable to them if it released the funds in the Wyo Tech account.

On November 9, 2017, Wells Fargo filed the present interpleader action under 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22, requesting that the Court resolve which of the adverse claimants, Wyo Tech or the Judgment Creditors, has the legal right to the account. (Compl. ¶¶ 27-34.) In its Answer to the Complaint (Doc. 37, Answer at 12-21, Countercl.), Wyo Tech has raised counterclaims against Wells Fargo for wrongful garnishment (Countercl. ¶¶ 20-25) and "aiding and abetting wrongful garnishment and tortious interference with contractual relations and business expectancies" (Countercl. ¶¶ 26-38). Wells Fargo now moves to dismiss Wyo Tech's counterclaims under Federal Rule of Civil Procedure 12(b)(6) (Doc. 46) as well as to interplead the funds in the account and for discharge (Doc. 7).

## II. LEGAL STANDARDS

### A. Interpleader

The interpleader statute, 28 U.S.C. § 1335, states that district courts have original jurisdiction over actions filed by a plaintiff that possesses money or property worth $500 or more to which two or more adverse claimants of diverse citizenship contend they are entitled, if the plaintiff has provided the money or property, or given an equivalent bond, to the court. Rule 22 provides, "Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead."

The related process and procedure statute, 28 U.S.C. § 2361, provides that "a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court." The statute also states that the "district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment."

### B. Rule 12(b)(6) Motion to Dismiss

A complaint must include "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also* Fed. R. Civ. P. 8(a). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### III. ANALYSIS

#### A. Interpleader

Wells Fargo has filed a Motion to Interplead Funds and for Order of Discharge, which the Judgment Creditors did not oppose. Wyo Tech filed a response in which it did "not object to interpleader of its funds as a first step toward restoring its rightful access to its own funds." (Resp. to Mot. to Interplead at 3.) Because Wells Fargo's Motion to Interplead the funds in the Wyo Tech account is unopposed, the Court will grant that aspect of the Motion and order the deposit of the funds with the Court. *See* Fed. R. Civ. P. 67.

Wyo Tech does oppose Wells Fargo's request for discharge, however, because Wyo Tech contends that Wells Fargo wrongfully garnished the bank account and Wyo Tech is entitled to raise counterclaims against Wells Fargo for damages. (Resp. to Mot. to Interplead at 3.) Wells Fargo disagrees, asserting that it is not liable to the claimants and that the purpose of this interpleader action is to resolve which claimant is entitled to the money in the Wyo Tech account—a dispute to which Wells Fargo is not a party. (Reply to Mot. to Interplead at 3-5.) Because this issue is the same as that raised in Wells Fargo's Motion to Dismiss, the Court will proceed to resolve that Motion, thereby also resolving whether it should discharge Wells Fargo from this action.

#### B. Wells Fargo's Motion to Dismiss Wyo Tech's Counterclaims

##### 1. Applicable Law

Wyo Tech raises two counterclaims against Wells Fargo under Arizona law: wrongful garnishment and "aiding and abetting wrongful garnishment and tortious interference with contractual relations and business expectancies." (Countercl. ¶¶ 20-38.) To begin with, the Court must determine whether causes of action properly arise under

Arizona law in this context. *See* Restatement (2d) of Conflict of Laws §§ 6(2), 145; *Bates v. Super. Ct. of Ariz.*, 749 P.2d 1367, 1369-71 (Ariz. 1988). Although Wells Fargo complied with a Restraining Notice served under New York law when it froze the Wyo Tech account, Wyo Tech cites Arizona law in its briefing with regard to its counterclaims, presumably because Wyo Tech opened the account that Wells Fargo froze in Arizona. (Resp. to MTD at 11-13.) While Wells Fargo responds with some citations to Arizona case law, it also argues that New York case law holds that a New York restraining notice served on a bank that is subject to jurisdiction in New York, including Wells Fargo, operates to allow the restraint of out-of-state funds. (Reply to MTD at 7-9.)

The Judgment Creditors served a Restraining Notice on a Wells Fargo branch in New York City that was issued by a New York court under the New York Civil Practice Law and Rules, N.Y. CPLR 5222. (Countercl. Ex. 1.) The Restraining Notice referred Wells Fargo to the Wyo Tech account opened in Arizona and ordered Wells Fargo, under penalty of contempt of court, to freeze the account. (Countercl. Ex. 1.)

As a part of its counterclaims ostensibly brought under Arizona law, Wyo Tech alleges that "Wells Fargo knew or should have known that, under well-established New York law, the Restraining Notice provided no basis for the impoundment of funds held by any Wells Fargo branch other than the one on which the Restraining Notice was served." (Countercl. ¶ 22.) In its briefing, Wyo Tech elaborates on this allegation by referring to the New York common law doctrine known as the "separate entity rule," which provides that "each branch of a bank is a separate entity, in no way concerned with accounts maintained by depositors in other [branches] or at the home office." *Cronan v. Schilling* 100 N.Y.S.2d 474, 476 (N.Y. Sup. Ct. 1950). However, in a case Wyo Tech also cites, the New York Appellate Division stated, "The continuing validity of this arcane rule was recently upheld by the Court of Appeals in *Motorola Credit Corp. v. Standard Chartered Bank*, [24 N.Y.3d 149 (2014)], solely with respect to restraining notices and turnover orders affecting assets in foreign branch accounts." *In re B&M Kingstone, LLC v. Mega Int'l Commercial Bank Co., Ltd.*, 131 A.D.3d 259, 266 (N.Y.

App. Div. 2015) (emphasis added). That court did not apply the rule to bar a New York court's jurisdiction over domestic accounts in bank branches outside New York state, reasoning "public policy interests and innovations in technology support such an exercise of jurisdiction." *Id.*

Indeed, in two recent cases cited by Wells Fargo, New York courts have held that, under CPLR article 52, "so long as the New York court has personal jurisdiction over a defendant, regardless of whether it is the judgment debtor himself, or the garnishee bank, the court may order it to turn over out-of-state property to a judgment creditor." *McCarthy v. Wachovia Bank, N.A.*, 759 F. Supp. 2d 265, 275 (E.D.N.Y. 2011) (citing *Koehler v. Bank of Bermuda, Ltd.*, 12 N.Y.3d 533 (2009)). Because the case Wyo Tech attempts to rely on here, *Motorola Credit,* made clear that the separate entity rule only applies to accounts in foreign branches, it is inapposite here. 24 N.Y.3d at 173 & n.2. Thus, Wells Fargo had authority under New York law to comply with the Restraining Notice by freezing a bank account opened in Arizona.

The question of whether Wells Fargo's garnishment of Wyo Tech's account was wrongful, or constituted aiding and abetting, thus arises under New York law, not Arizona law—a proposition Wyo Tech implicitly concedes, at least in part, by citing N.Y. CPLR 5222 and its interpretive case law to argue that Wells Fargo should not have complied with the Restraining Notice or frozen an account opened at a branch outside New York state. (Resp. to MTD at 6-11.) Wyo Tech does not cite a case in which a garnishee bank was liable under Arizona law for complying with an out-of-state garnishment notice served on an out-of-state branch, nor is the Court aware of one.

Viewed through the lens of choice of law principles, the result is the same. The conduct at the core of Wyo Tech's counterclaims occurred in New York, where the Judgment Creditors served a Restraining Notice issued by New York court on a New York branch of Wells Fargo, and Wells Fargo complied by reaching a bank account that Wyo Tech opened in Arizona. The injury may have been felt in Wyoming or Arizona—

where Wyo Tech is organized and conducts business—but it was caused in New York. *See* Restatement (2d) of Conflict of Laws §§ 6(2), 145; *Bates*, 749 P.2d at 1370-71.

### 2. Failure to State a Claim

Even if Wyo Tech raised its counterclaims of wrongful garnishment and aiding and abetting under New York law, the claims would fail. Under the relevant statute, N.Y. CPLR 5222, a restraining notice served on a garnishee must explicitly prohibit "any sale, assignment, or transfer of, or any interference with any property in which the judgment debtors have an interest" and must state "that disobedience is punishable as a contempt of court." Relatedly, N.Y. CPLR 5209 states that a garnishee—Wells Fargo here—that complies with a restraining order "is discharged from [its] obligation to the judgment debtor to the extent of the payment or delivery." Moreover, under N.Y. CPLR 5232(a), if a judgment creditor prepares a restraining notice that specifies property to be levied upon that is owned by a party other than the judgment debtor, the judgment creditor "shall be liable to the owner of the property . . . for any damages sustained by reason of the levy." The New York Appellate Division has stated:

> The garnishee's compliance with CPLR 5209 is a safe harbor that preempts the judgment debtor's common-law claim that the garnishee should have investigated the validity of the execution. Under CPLR 5232(a), where, as here, the judgment creditor specifies the property to be levied upon, it is the creditor and not the garnishee who is liable for damages to the actual owner.

*Chin Sung Yu v. Riggs Nat'l Bank of Wash., D.C.*, 670 N.Y.S. 187, 187 (App. Div. 1998); *see also McCarthy*, 759 F. Supp. 2d at 278; *Jonas v. Citibank, NA*, 414 F. Supp. 2d 411, 417 (S.D.N.Y. 2006).

In light of the fact that Wyo Tech contacted Wells Fargo to state that the bank account identified in the Restraining Order was in the name of Wyo Tech, not the Judgment Creditors, Wyo Tech contends that Wells Fargo should not have complied with the Restraining Notice. But Wyo Tech provides the Court with no authority supporting the proposition that the safe harbor provisions of CPLR article 52 do not apply to Wells

Fargo in this instance.[1] Because New York law provides that Wells Fargo had no duty to investigate the validity of the Restraining Notice and that only the Judgment Creditors could be liable for Wyo Tech's alleged wrongful garnishment damages, Wyo Tech's counterclaims against Wells Fargo fail as a matter of law, and Wells Fargo is entitled to discharge in this matter.

**IT IS THEREFORE ORDERED** granting Plaintiff Wells Fargo Bank, N.A.'s Motion to Interplead Funds and for Order of Discharge (Doc. 7).

**IT IS FURTHER ORDERED** that, by August 17, 2018, Plaintiff Wells Fargo Bank, N.A. shall deposit the funds contained in the account ending in -2809 held in the name of Wyo Tech Investment Group LLC and totaling $546,282.55 with the Clerk of the Court, to be placed in an interest-bearing account. By the same date, Wells Fargo shall also file a Notice with the Court confirming the deposit. Once Wells Fargo makes the deposit, it is discharged from any liability with regard to the funds deposited and dismissed from this action.

**IT IS FURTHER ORDERED** granting Plaintiff Wells Fargo Bank, N.A.'s Motion to Dismiss Counterclaims (Doc. 46). Wyo Tech Investment Group LLC's counterclaims are dismissed with prejudice.

**IT IS FURTHER ORDERED** restraining Defendants from instituting or prosecuting any proceeding against Plaintiff Wells Fargo Bank, N.A. in any State or United States Court with regard to the funds involved in this interpleader action without leave of this Court.

Dated this 1st day of August, 2018.

Honorable John J. Tuchi
United States District Judge

---

[1] The competing claims of the Judgment Creditors and Wyo Tech in this action themselves demonstrate the difficulty Wells Fargo would encounter in trying to resolve who is entitled to the funds in the account. Indeed, such resolution is the very purpose of an interpleader action. *See* 28 U.S.C. §§ 1335, 2361; Fed. R. Civ. P. 22.