Barbara J. Dawson (#012104)
Carlie Shae Tovrea (#029709)
Matt Jarvey (#031350)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: bdawson@swlaw.com
         ctovrea@swlaw.com
         mjarvey@swlaw.com

*Attorneys for Plaintiff Wells Fargo Bank, N.A.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank, N.A.,<br><br>    Plaintiff,<br><br>v.<br><br>Wyo Tech Investment Group, LLC; CWT Canada II Limited Partnership; Resources Recovery Corporation; and Jean Noelting,<br><br>    Defendants. | No. CV 2:17-cv-04140-JJT<br><br>**WELLS FARGO'S MOTION FOR ATTORNEYS' FEES, EXPENSES, AND COSTS**<br><br>(Assigned to the Honorable John J. Tuchi) |
| Wyo Tech Investment Group, LLC,<br><br>    Counterclaimant,<br><br>v.<br><br>Wells Fargo Bank, N.A.,<br><br>    Counterdefendant. | |
| Wyo Tech Investment Group, LLC,<br><br>    Cross-Claimant,<br><br>v.<br><br>CWT Canada II Limited Partnership, Resources Recovery Corporation, and Jean Noelting,<br><br>    Cross-Claim Defendants. | |

4811-7666-0079

Wyo Tech Investment Group, LLC,

          Third Party Plaintiff,

v.

Schlam Stone & Dolan, LLP, a New York Limited Liability Partnership; and Jeffrey M. Eilender,

          Third Party Defendants.

Plaintiff Wells Fargo moves the Court for an order awarding Wells Fargo its reasonable attorneys' fees, expenses, and costs incurred in prosecuting this interpleader action. This motion follows the Court's Order on August 1, 2018, in which the Court dismissed all counterclaims against Wells Fargo, ordered Wells Fargo to interplead the disputed account at issue in this case, and discharged Wells Fargo from any liability. Doc. 69. Wells Fargo interpleaded the account on August 17, 2018. Doc. 74.

Through no fault of its own, Wells Fargo found itself caught between two adverse claimants—Defendants Wyo Tech and the Judgment Claimants[1]—who continue to make competing claims to Wyo Tech's bank account that Wells Fargo held but had no interest in. Wells Fargo faced a choice: interplead the disputed account or face potentially costly litigation against one or more of the adverse claimants. Wells Fargo chose what was likely to be the less costly option—interpleader. By making that choice, Wells Fargo benefited the competing Defendants by promoting early resolution of the account's ownership and by preserving the account in the care of the Clerk. In conferring that benefit, however, Wells Fargo also incurred the expense of bringing (and litigating) this action. Wells Fargo should not be forced to bear that expense when it had no interest in the Defendants' dispute in the first place.

Both the law of interpleader and Wyo Tech's account agreement governing the disputed account permit Wells Fargo to be reimbursed for the attorneys' fees and expenses it incurred in prosecuting this action. Wells Fargo thus asks that the Court order

---

[1] The "Judgment Claimants" comprise Defendants CWT Canada II Limited Partnership, Resources Recovery Corporation, and Jean Noelting.

- 1 -

1 the Clerk to disperse to Wells Fargo funds from the interpleaded account sufficient to
2 cover Wells Fargo's fees and expenses.

## I. BACKGROUND

On August 1, 2018, the Court granted two of Wells Fargo's pending motions: its Motion to Interplead Funds and for Order of Discharge (Doc. 7) and its Motion to Dismiss Counterclaims (Doc. 46). *See* Doc. 69 at 8. In doing so, the Court ordered Wells Fargo to deposit the funds in Wyo Tech's disputed account with the Clerk, and ordered that, "[o]nce Wells Fargo makes the deposit, it is discharged from any liability with regard to the funds deposited and dismissed from this action." *Id.* Wells Fargo deposited the funds on August 17, 2018. Doc. 74. The Court also restrained the Defendants from instituting any proceeding against Wells Fargo with respect to the funds. Doc. 69 at 8. And the Court dismissed Wyo Tech's counterclaims against Wells Fargo. *Id.*

Although the Court granted Wells Fargo's Motion to Interplead, the Court's Order did not address Wells Fargo's request for attorneys' fees and expenses raised in that motion. Doc. 7 at 4–5. Wells Fargo thus requests its fees and expenses separately in this motion.

## II. BASES FOR AWARDING FEES AND COSTS

Wells Fargo is entitled to its fees and expenses both under the law of interpleader and under Wyo Tech's account agreement governing the account deposited with the Clerk. Each is an independent basis to award Wells Fargo's fees and expenses.

### A. Law of interpleader

"[T]he proper rule, in an action in the nature of interpleader, is that the plaintiff should be awarded attorney fees for the services of his attorneys in interpleading." *Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962). Similarly, the "court has discretion to award costs" to the interpleader plaintiff "whenever it is fair and equitable to do so." 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1719 (2d ed. 1986) [hereafter "Wright"]. The rationale for awarding the plaintiff its fees and costs is twofold. First, "the plaintiff has benefited the

- 2 -

1  claimants by promoting early litigation on ownership of the fund, thus preventing
2  dissipation." *Schirmer Stevedoring Co.*, 306 F.2d at 193 (citation omitted).  Second, "the
3  plaintiff should not have to pay attorney fees in order to guard himself against the
4  harassment of multiple litigation."  *Id.*  "There is no equity in compelling him to bear
5  these charges.  On the contrary, the parties who have benefited thereby should bear them."
6  Wright § 1719.

7        The Ninth Circuit Court of Appeals has observed that interpleader fee awards are
8  "typically modest" because they do not cover fees for "litigating the merits of the adverse
9  claimants' positions."  *Trustees of Directors Guild of Am.-Producer Pension Benefits*
10 *Plans v. Tise*, 234 F.3d 415, 427 (9th Cir.), opinion amended on denial of reh'g, 255 F.3d
11 661 (9th Cir. 2000).  Wells Fargo's counsel have attempted to minimize their fees in
12 prosecuting this action, consistent with maintaining the quality and accuracy of Wells
13 Fargo's filings.  But this interpleader case has not been "typical."  While Wells Fargo has
14 avoided litigating the merits of Wyo Tech's and the Judgment Claimants' adverse claims,
15 Wells Fargo was forced to research and brief substantially more issues than it would
16 typically because it had to defend against Wyo Tech's counterclaims, which the Court has
17 now dismissed.  Wells Fargo had to defend against Wyo Tech's counterclaims in order to
18 effect the purpose of interpleader—to "discharge the plaintiff from further liability" and to
19 restrain Wyo Tech from "instituting or prosecuting any proceeding" related to the
20 disputed account.  28 U.S.C. § 2361.

21       Absent Wyo Tech's counterclaims, Wells Fargo would have simply filed an
22 interpleader complaint, a short (perhaps uncontested) motion to interplead funds, and its
23 mandatory initial disclosures, after which it would have interpleaded the funds and
24 requested a modest fee award.  Instead, however, Wyo Tech pursued two counterclaims
25 against Wells Fargo for wrongful garnishment and aiding and abetting wrongful
26 garnishment and tortious interference with contractual relations and business
27 expectancies, simply based on the fact that Wells Fargo attempted to interplead Wyo
28 Tech's disputed account rather than hand it over to Wyo Tech.  Wyo Tech also opposed

Wells Fargo's motion to interplead making it a contested matter.  In other words, Wyo Tech tried to subject Wells Fargo to liability for pursuing a remedy, interpleader, designed to extricate Wells Fargo from liability.  Wyo Tech's counterclaims forced Wells Fargo to draft an answer, research Arizona, New York, and federal law applicable to the counterclaims, brief a motion to dismiss, and expand the issues briefed in its motion to interplead.  And Wells Fargo had to do these things just to interplead an account in which Wells Fargo acknowledged all along that it had no interest.

In short, what typically would have been a simple process was made complicated through Wyo Tech's counterclaims and challenges, and not due to any fault of Wells Fargo.  Wyo Tech's complications generated fees that Wells Fargo otherwise would not have incurred.  Under these circumstances, Wells Fargo should not be penalized because its fee request is less "modest" than it otherwise might have been.

Some courts have declined to award fees to banks in situations where banks "resort to interpleader in their normal course of business." *In re Mandalay Shores Co-op. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994).  These situations usually arise where "the bank knows there is a reasonable probability that various claimants will contest the ownership of a particular asset," *id.*, such as "when a bank agrees to be the trustee of an estate," *id.*, or agrees to hold funds as an escrow agent under an escrow agreement, *Wells Fargo Bank v. Magellan Owners Ass'n*, No. CV 09-587-PHX-MHM, 2010 WL 3328196, at *1 (D. Ariz. Aug. 23, 2010).[2, 3]  But here, because "the bank is acting merely as a

---

[2] The circumstances under which the court declined to award Wells Fargo's fees in *Magellan Owners* bear little resemblance to the circumstances in this case.  In *Magellan Owners*, the interpleader fees requested were substantial and totaled $256,790.91; here Wells Fargo seeks only $39,981.30.  In *Magellan Owners*, Wells Fargo had a special contractual relationship to act as escrow agent for one of the adverse parties, which the court held made the cost of interpleader foreseeable; here, Wells Fargo merely acted as a depository for the disputed account.  In *Magellan Owners*, the court noted that there was an "array of dispute resolution tools available to Wells Fargo short of commencing an interpleader"; here, interpleader was, in Wells Fargo's view, the most efficient and least costly path to resolution.  And lastly, in *Magellan Owners*, the court did not address whether Wells Fargo was entitled to its fees under an account agreement; here, as noted below, Wells Fargo's account agreement with Wyo Tech independently entitles Wells Fargo to its interpleader fees.

depository . . . there is little expectation that a dispute as to ownership will arise; in such a case, an award of fees to the bank engaging in interpleader may be appropriate." *Mandalay Shores*, 21 F.3d at 383.

Because Wells Fargo facilitated the orderly resolution of the adverse parties' dispute by filing this interpleader action, and because Wells Fargo incurred costs associated with extricating itself—a disinterested stakeholder—from the adverse parties' dispute, Wells Fargo requests that the Court award its reasonable attorneys' fees and costs, to be "paid from the interpleaded fund itself." *Tise*, 234 F.3d at 427.

### B.    Wyo Tech's account agreement

Independently, Wells Fargo is entitled to its fees and expenses under its contract with Wyo Tech—called the Business Account Agreement—which governs the disputed account. That agreement is updated periodically. The currently operative version of the agreement is attached as Exhibit A. The prior version, operative when this case was filed, is attached as Exhibit B.[4] An affidavit authenticating both versions of the agreement is attached as Exhibit C. Both versions of the agreement contain the same terms relevant to Wells Fargo's fee request. Because reimbursement under Wyo Tech's account agreement is a matter of what Wells Fargo is *contractually* entitled to, it is not subject to whatever limitations, if any, that federal interpleader case law might place on reimbursement.

The account agreement governs what Wells Fargo may do in the event of an "adverse claim" against Wyo Tech's account. An adverse claim occurs when "[a]ny person or entity makes a claim against your [Wyo Tech's] account funds." Ex. A at 15; Ex. B at 12. Here, the Judgment Claimants made an adverse claim against Wyo Tech's account by issuing the Restraining Notice in which the Judgment Claimants claimed that they were entitled to funds in the account. Doc. 1-1 at 10–13. In such a situation, the

---

[3] *See also Wells Fargo Bank, Nat. Ass'n v. Magellan Owners Ass'n*, No. CV-09-587-PHX-MHM, 2010 WL 3789327, at *3 (D. Ariz. Sept. 22, 2010) (further detailing the nature of the escrow-agent agreement at issue).

[4] The relevant excerpt from the agreement attached as Exhibit B is also attached to Wells Fargo's Motion to Interplead, at Doc. 7-1.

- 5 -

1  account agreement permits Wells Fargo to do exactly what it did in this case: "Freeze all
2  or part of the funds in your account" and "Pay the funds into an appropriate court."  Ex. A
3  at 15; Ex. B at 12.  Most importantly, the agreement provides that Wells Fargo "may
4  charge any account you maintain with us for our fees and expenses in taking these actions
5  (including attorney's fees and expenses)."  Ex. A at 16; Ex. B at 12.  And the agreement
6  separately provides that if Wells Fargo "incur[s] any fees or expenses (including
7  attorney's fees and expenses) due to responding to legal process related to your account,
8  we may charge these costs to any account you maintain with us."  Ex. A at 16; Ex. B at
9  13.

10        Wyo Tech's account agreement thus unambiguously permits Wells Fargo to charge
11  against the account Wells Fargo's fees and expenses incurred in interpleading the account.
12  To comply with the Court's August 1, 2018, Order, Wells Fargo deposited with the Clerk
13  the full balance of Wyo Tech's account without first debiting the account for any fees or
14  expenses.  Now that the account has been interpleaded with the Clerk, however, Wells
15  Fargo seeks to be reimbursed from those interpleaded funds, as it would otherwise be
16  entitled to be under the account agreement.

17  **III.  REQUESTED AWARD**

18        Wells Fargo requests an award of its attorneys' fees and expenses detailed in the
19  tables below.

| Attorney Fees | Amount |
| --- | --- |
| Barbara J. Dawson | $3,186.80 |
| Carlie Tovrea | $7,699.00 |
| Matthew Jarvey | $19,515.30 |
| Shalayne Pillar | $8,449.40 |
| **TOTAL** | $38,850.50 |

| Para-Professional Fees | Amount |
| --- | --- |
| Ranita Rozenberg | $730.80 |
| **TOTAL** | $730.80 |

| Costs/Expenses | Amount |
| --- | --- |
| Costs/Expenses | $400.00 |

- 6 -

| | |
|---|---|
| **TOTAL** | $400.00 |
| **TOTAL COMBINED REQUEST** | **$39,981.30** |

An affidavit supporting these fees and costs is attached as Exhibit D. An itemized billing spreadsheet is attached as Exhibit E, and documentation evidencing the costs identified above is attached as Exhibit F.

To be clear, the fees requested above are not the full amount of fees that Wells Fargo has incurred in this interpleader action. Wells Fargo's counsel have exercised independent billing judgment and have excluded from this fee request several categories of billing entries, which describe work that was necessary to prosecute this action but which was arguably not directly related to Wells Fargo's request for interpleader or its defense against Wyo Tech's counterclaims. Ex. D, ¶ 14. By exercising this independent billing judgment, Wells Fargo has reduced its requested fees by at least $8,760.47 (which does not include additional fees incurred, but not requested, since late August). *Id.* Wells Fargo seeks the remaining fees identified above, however, which were directly related to Wells Fargo prosecuting this interpleader action or defending against Wyo Tech's counterclaims.

## IV. CONCLUSION

Wells Fargo had no part in the underlying account dispute that gave rise to this action. Yet, through no fault of its own, it was forced to incur fees and expenses to interplead Wyo Tech's disputed account when Wells Fargo found itself caught in the middle of a dispute related to that account. By interpleading the account, Wells Fargo benefited the adverse claimants by facilitating an orderly and early resolution of the account's ownership. As a matter of equity, and as a matter of Wyo Tech's account agreement, Wells Fargo should not have to bear the expense of interpleading an account in which it has no interest. This is especially true given that Wells Fargo was forced to spend substantially more time litigating this interpleader action because it had to deal with Wyo Tech's counterclaims, which Wells Fargo did not invite, and which the Court has now dismissed. Wells Fargo thus asks the Court to award its fees and expenses, listed in

1  the section above, to be satisfied from the interpleaded funds.

2  Wells Fargo has submitted a proposed order along with this motion.

3  DATED this 25th day of September, 2018.

SNELL & WILMER L.L.P.

By: *s/Matt Jarvey*
Barbara J. Dawson
Carlie Shae Tovrea
Matt Jarvey
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
*Attorneys for Plaintiff Wells Fargo Bank, N.A.*

- 8 -

# CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ELF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ELF registrants:

Dennis I. Wilenchik, Esq.
Wilenchik & Bartness, P.C.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com

and

Leo R. Beus, Esq.
Beus Gilbert, P.L.L.C.
701 N. 44th Street
Phoenix, Arizona 85008
lbeus@beusgilbert.com

*Attorneys for Defendant Wyo Tech Investment Group LLC*

J. Henk Taylor
Ryan Rapp & Underwood, P.L.C.
3200 N. Central Ave, Suite 2250
Phoenix, Arizona 85012

and

Jeffrey M. Eilender (*admitted pro hac vice*)
Bradley J. Nash (*admitted pro hac vice*)
Joshua Wurtzel (*admitted pro hac vice*)
Schlam Stone & Dolan LLP
26 Broadway
New York, New York 10004
jeilender@schlamstone.com
bnash@schlamstone.com
jwurtzel@schlamstone.com

*Attorneys for Defendants and Crossclaim Defendants CWT Canada II Limited Partnership, Resource Recovery Corporation, Jean Noelting; and Third-Party Defendants Schlam Stone & Dolan LLP, Joshua Wurtzel and Jeffrey M. Eilender*

  s/Kathy Sprinkle
_____

4811-7666-0079