Dennis I. Wilenchik, #005350
**WILENCHIK & BARTNESS PC**
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com

Leo R. Beus, #002687
**BEUS GILBERT PLLC**
701 North 44th Street
Phoenix, Arizona 85008
lbeus@beusgilbert.com
*Attorneys for Wyo Tech Investment Group, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Wells Fargo Bank, N.A.,** | Case No.: 2:17-CV-04140-JJT |
| Plaintiff, | |
| v. | **REPLY IN SUPPORT OF MOTION FOR IMMEDIATE RELEASE OF WRONGFULLY RESTRAINED FUNDS** |
| **WYO TECH Investment Group, LLC; CWT Canada II Limited Partnership; Resources Recovery Corporation; and Jean Noelting,** | |
| Defendants. | **(Oral Argument Requested)** |
| **WYO TECH Investment Group, LLC,** | |
| Cross-Claimant, | |
| v. | |
| **CWT Canada II Limited Partnership, Resources Recovery Corporation, and Jean Noelting,** | |
| Cross-Claim Defendants. | |
| **WYO TECH Investment Group, LLC,** | |
| Third Party Plaintiff, | |
| v. | |
| **Schlam Stone & Dolan, LLC, a New York Limited Liability Partnership; and Jeffrey M. Eilender,** | |
| Third Party Defendants. | |

# Table of Contents

**Memorandum of Points and Authorities** .................................................................................... 1

   **I.** **CWT's Factual Claims are Irrelevant.** ........................................................................... 2

      A. Ownership or Signing Authority of Non-Judgment Debtors is Not Evidence Sufficient to Support a Restraining Notice which the CWT Parties have Conceded by Failing to Address..…………………………………………………………………………………….3

      B. Evidence of Payments made to Judgment Debtor from an Account is Not Evidence of the Judgment Debtor having any Interest in any of the Funds in the Account. ........................ 4

   **II.** **A Restraining Notice Issued under a Theory of a "Sham" Corporation is Invalid as a Matter of Law.** ................................................................................................................ 6

   **III.** **The CWT Parties Fail to Address the Invalidity of the Restraining Notice.** ............. 8

   **IV.** **The Doctrine of Law of the Case Does Not Prevent this Court from Revisiting its Prior Ruling.** ............................................................................................................................ 8

   **V.** **The CWT Parties Completely Fail to Address the Undeniable Fact that if they Believed the Monies in the Account Belonged to Dennis Danzik this Action Would Violate the Bankruptcy Automatic Stay and would be Void.** ........................................ 10

**Conclusion** ................................................................................................................................ 11

Wyo Tech Investment Group, LLC ("Wyo Tech"), hereby files its Reply in Support of its Motion for the Immediate Release of the Wrongfully Restrained Funds. This Motion is supported by the following Memorandum of Points and Authorities and prior filings in this case.

### MEMORANDUM OF POINTS AND AUTHORITIES

The CWT Parties' Response misses the point entirely. Indeed, the CWT Parties entirely ignore Wyo Tech's arguments regarding their violation of the bankruptcy stay in the event the funds were somehow determined to be Dennis Danzik or RDX's; entirely ignore that there is no evidence whatsoever that Dennis Danzik or RDX deposited any money in the account in question; ignore the fact that a non-judgment debtor signor on an account does not magically convert all of the funds in the account to the non-judgment debtor's funds (let alone the funds of a non-signor judgment debtor); entirely ignore that the mere payment of monies out of an account to a judgment debtor does not magically convert the funds in the account to that of the judgment debtors'; and entirely ignore the fact that the CWT Parties' "alter ego/sham" company argument is not a basis for the issuance of a restraining notice as a matter of law. Significantly, the CWT Parties failure to contest these arguments, or indeed even reference them, constitutes a waiver and must result in Wyo Tech's Motion being granted. *See e.g., Martinez–Serrano v. I.N.S.,* 94 F.3d 1256, 1260 (9th Cir.1996) (failure to address issue constitutes waiver).

Rather, the CWT Parties' Response consists almost entirely of claims that Dennis Danzik is allegedly a bad person who has allegedly stolen money.[1] Whether Dennis Danzik is a bad

---

[1] Wyo Tech submits that the claims made by the CWT Parties in this regard are false. However, given that they are also irrelevant, rather than address them, Wyo Tech attaches hereto a copy of the Rule 5015 (effectively a Rule 60 Motion) filed in the New York Court by Dennis Danzik and RDX which Wyo Tech believes controverts the CWT Parties claims. [**Exhibit A** hereto]. Wyo Tech will not waste anymore of this Court's time in relation to these claims given their complete irrelevance to the issues presented herein.

1

person or has stolen money is entirely irrelevant and is nothing more than a thinly veiled attempt at prejudicing this Court in the hope that this Court ignores the actual issues, just as the CWT Parties have. The fact of the matter is plain, even if true, this does not, and cannot, provide the basis for a validly issued notice of restraint.

## I. CWT's Factual Claims are Irrelevant.[2]

Despite the CWT Parties unsupported claim to the contrary, no issue of fact exists. While otherwise buried in a cacophony of false and irrelevant assertions, the CWT Parties' summarize their supposed "evidence" as follows: (1) "Wyo Tech was formed by … [Elizabeth] Danzik"; (2) "[o]ver half of the funds paid from the restrained Wyo Tech account were paid to … Danzik Applied Sciences, LLC … or to Elizabeth Danzik … and to other known Danzik cronies"; (3) "Wyo Tech also paid thousands of dollars in Danzik's legal fees out of this account"; and (4) "[t]he signature card on the account states that Jovahna Danzik … is the 'owner with control' of Wyo Tech." [Doc. 88 at 1:18 – 2:4]. The problem with this supposed "evidence" is that none of it matters or is even remotely relevant.[3]

---

[2] The CWT Parties claim that this is a summary judgment briefing. This, however, is simply not true or supported by the law. Wyo Tech does not seek judgment on any claim or defense, rather, it seeks the return of its funds (as the motion is properly titled). As defined by Black's Law Dictionary, the term "summary judgment" means "[a] judgment granted on a claim or defense about which there is no genuine issue of material fact and on which the movant is entitled to prevail as a matter of law." BLACK'S LAW DICTIONARY (10th ed. 2014). In any event, a court may consider a motion for summary judgment even without an accompanying statement of facts. Indeed, when an otherwise styled motion is converted into a motion for summary judgment the Ninth Circuit does not require strict compliance with Rule 56. *See e.g., Mayer v. Wedgewood Neighborhood Coalition,* 707 F.2d 1020, 1021 (9th Cir.1983) (per curiam) (citing *Portland Retail Druggists Association,* 662 F.2d at 645). Rather, all that is required is fair notice, which clearly the CWT Parties have, since they are the ones arguing that somehow this motion must be converted into a motion for summary judgment. Moreover, the single case relied on by the CWT Parties for their contention was decided on the merits. In any event, although not a separate document, Wyo Tech included within its Motion a separate section entitled "statement of facts". As such, even if considered a motion for summary judgment (which it is not), the CWT Parties objection puts form over substance.

[3] The CWT Parties claim that they need additional time to conduct discovery to oppose this motion is without support or merit. Indeed, the CWT Parties have not even attempted to inform this Court of what additional discovery they need or what that additional discovery may show. Their

> A. *Ownership or Signing Authority of Non-Judgment Debtors is Not Evidence Sufficient to Support a Restraining Notice which the CWT Parties have Conceded by Failing to Address.*

Even if true that Wyo Tech was formed by Elizabeth Danzik, Elizabeth Danzik is **not** a judgment debtor. Moreover, the undisputed evidence is that William (Bill) Hinz is the interim CEO and sole owner of Wyo Tech at all relevant times. Again, not a judgment debtor. Even if true that "[o]ver half of the funds paid from the restrained Wyo Tech account were paid to … Danzik Applied Sciences, LLC … or to Elizabeth Danzik … and to other known Danzik cronies" not one of these payments was made to a judgment debtor. Similarly, whether or not Jovahna Danzik was a signor or an owner with control does not magically convert the account's funds to hers (a non-judgment debtor), let alone the funds of a judgment debtor.

Significantly, the CWT Parties fail to challenge the legal analysis proffered by Wyo Tech in its Motion (Doc. 72) in relation to these points. Indeed, Wyo Tech's Motion (Doc. 72) painstakingly addressed the legal effect of this supposed evidence starting on page 9 line 9 and continuing through page 12 line 4. As Wyo Tech explained therein, and as was uncontested by the CWT Parties, even evidence that a non-judgment debtor is a *joint account holder*, not just a signor for a brief period, does not provide the necessary evidence that any of the funds in the account were owned by any of these non-judgment debtors, let alone one of the judgment debtors.

---

conclusory statement to the contrary is not sufficient. Moreover, the CWT Parties have the burden to prove that **at the time** they issued the restraining notice they had sufficient facts, a point they fail to address, and have therefore waived. [Doc. 72 at *fn.* 1 ("Wyo Tech anticipates that Judgment Creditors and their Counsel will attempt to delay a ruling on this Motion by claiming that they need to conduct "additional" discovery. Any such request should be denied. For one, Judgment Creditors and their Counsel have already conducted extensive discovery after the fact in relation to the sole issue in this case. Moreover, however, Judgment Creditors and their Counsels defense of their actions must be done based on the evidence **they claim to have had in their possession** at the time they issued the wrongful restraining notice and failed to comply with Arizona's garnishment statute. Indeed, [p]ursuant to CPLR § 5222 a restraining notice is valid if, **at time of service**, the person served knows or has reason to believe that he is indebted to judgment debtor. As such, there is absolutely no reason to delay the returning of Wyo Tech's funds by yet another ploy on the part of Judgment Creditors to interfere with Wyo Tech's business, which has already been halted as a result of the wrongful acts of these actions complained of.")].

*Noble v. Noble*, 26 Ariz. App. 89, 93, 546 P.2d 358, 362 (1976) (mere fact that wife placed her separate funds in joint checking account with husband is not conclusive of any intent on her part that husband be vested with joint ownership of funds); *O'Hair v. O'Hair*, 109 Ariz. 236, 238, 508 P.2d 66, 68 (1973) (form of bank account is not regarded as sufficient to establish intent of depositor to give another a joint interest in or ownership of deposit).

Having failed to address this, the CWT Parties have waived any argument to the contrary.

### B. Evidence of Payments made to Judgment Debtor from an Account is Not Evidence of the Judgment Debtor having any Interest in any of the Funds in the Account.

Even the one alleged payment that was made for the benefit of the judgment debtor—"Wyo Tech also paid thousands of dollars in Danzik's legal fees out of this account"—is similarly irrelevant even if true. Indeed, the CWT Parties only make claims that money was paid from the account for the benefit of Dennis Danzik. There is not a single allegation that Dennis Danzik or RDX (the only judgment debtors) ever placed any of their own monies in the account. Indeed, this salient issue was pointed out to the CWT Parties in Wyo Tech's Motion:

> Significantly, while Judgment Creditors claim that evidence of payments being made from a third-party account on behalf of a Judgment Debtor is sufficient to allow a restraint of ***all*** third-party funds, what Judgment Creditors and their Counsel conveniently omit is that in both cases, the salient issue, was that the Judgment Debtor ***had deposited assets in the account***, and was dissipating those assets. *Zolt*, 231 A.D.2d 479 (the Court found the restraining notice to be properly issued because "***Deposition testimony and documentation*** indicated that ***defendant Zolt's personal funds were deposited in his wife's account***"). Indeed, the case that is relied upon by the Court in *Zolt* explicitly states that the "regular" payment of personal expenses is insufficient on its own, but rather, there must also be evidence that the account "functioned as 'recipients' of his personal assets." *ERA Mgt. v. Morrison Cohen Singer & Weinstein,* 199 A.D.2d 179 (1993). No evidence has been shown or produced that would establish that Judgment Debtors deposited any funds in the Wyo Tech account or that any of the Judgment Debtors drew any moneys from the account.

[Doc. 72 at *fn*. 1].

4

Rather than contest this, the CWT Parties blindly cite the same cases discussed by Wyo Tech ostensibly for the purpose of claiming that they somehow establish that the mere payment of funds from an account to a judgment debtor allows garnishment of the entire account. Tellingly, even the CWT Parties own citations belie this contention. [Doc. 88 at 14:19 – 24 ("see also *Bingham v. Zolt*, 231 A.D.2d 479, 479 (N.Y. App. Div. 1st Dep't 1996) (restraining notice properly issued when evidence showed that 'judgment debtor ha[d] regularly used another's bank account ***as a 'recipient' of the debtor's personal assets*** or as a source for payment of the debtor's expenses,' including using funds from this account to 'pay his legal expenses')" (emphasis added); *id.* at 14:24 – 27 ("*ERA Mgt., Inc. v Morrison Cohen Singer & Weinstein*, 199 A.D.2d 179, 179 (N.Y. App. Div. 1st Dep't 1993) (bank accounts belonging to non-debtor entities were properly restraining when evidence showed that accounts were 'regularly used to pay [debtor's] personal expenses' ***and functioned as '"recipients" of his personal assets'***)" (emphasis added)).

That is, these cases stand for the simple proposition that a judgment debtor cannot transfer his funds into an account of another to pay his own expenses and avoid collection because the transfer of the funds to the account does not transmute the funds into those of the account holder. Similarly, non-judgment debtor funds transferred into a non-judgment debtor account are not transmuted into judgment debtor funds. Indeed, the funds cannot become judgment debtor funds unless and until specific funds are paid to the judgment debtor—the very reason why the proper action would have been to garnish Wyo Tech, ***not*** Wells Fargo.

In any event, the CWT Parties' contention that payment alone is sufficient is entirely absurd. Simply because a paycheck comes from the Federal Government does not make all funds of the United States the funds of that employee. Indeed, even in a more nefarious situation funds in an account are not, and cannot be transmuted simply by payment alone. Whether some funds

were paid out of an account, gifted from an account, or stolen[4] therefrom does not change the ownership interest in the remaining funds or create a reasonable basis to seize the account. As we can all hopefully agree, if Party A gratuitously pays a small sum toward Party B's legal expenses for whatever reasons, Party B does not thereby become an owner of all of Party A's assets and funds.  Again, as Wyo Tech has conceded, if the Judgment Creditors wish to garnish Wyo Tech relating to future payments to Judgment Debtors or debts owed to them, they would have been within their rights.

> **II.   A Restraining Notice Issued under a Theory of a "Sham" Corporation is Invalid as a Matter of Law.**

Notably absent from the CWT Parties response is any discussion of the fact that their true theory—that Wyo Tech is a "sham"—is not a theory on which a restraining notice can be validly issued.  [Doc. 62 at 3:13 – 17 ("That Danzik would ***use an alter-ego*** company to evade creditors is nothing new."); Doc. 88 4:5 – 6 ("That Danzik would use a sham company to hold his assets and keep them out of reach of creditors is nothing new"); *see generally id.*].

While Wyo Tech is ***not*** a "sham" or "alter ego", this basis is undeniably not a proper claim for issuance of a restraining notice. As was stated in Wyo Tech's Motion (Doc. 72) and as is uncontested in the CWT Parties' Response (Doc. 88):

---

[4] As is black letter law, by analogy, a thief does not obtain title to stolen funds, let alone the remaining funds that were not stolen. *Salt River Valley Water Users' Ass'n v. Peoria Ginning Co.*, 27 Ariz. 145, 152, 231 P. 415, 417 (1924) ("A thief or finder acquires no rights whatever to the goods, capable of ripening into title, and he may not, by the simple expedient of warehousing the goods, transmute title to another. No rights can flow from him or through him, even to a bona fide holder for value of the receipt"). Similarly, if Judgment Creditors and their Counsel's contention were correct, the crime of embezzlement could not exist, as the act of embezzling would necessarily thereby transmute ownership rights to the embezzler, making it impossible to satisfy the requirement that the embezzled funds are owned by someone other than the embezzler. *State v. Johnson*, 179 Ariz. 375, 378, 880 P.2d 132, 135 (1994) (Theft by embezzlement occurs when a person "converts for an unauthorized ... use ... ***property of another*** entrusted to the defendant or placed in the defendant's possession for a limited, authorized ... use.") quoting Ariz.Rev.Stat. § 13-1802(A)(2).

> The other cases cited by the plaintiff are equally inapposite. In both *Bingham v. Zolt,* 231 A.D.2d 479, 647 N.Y.S.2d 220 (App.Div.1996), and *ERA Mgmt., Inc. v. Morrison Cohen Singer & Weinstein,* 199 A.D.2d 179, 605 N.Y.S.2d 91 (App.Div.1993), the court found that restraining notices were properly issued against bank accounts held in the name of third parties, but where the plaintiffs had shown evidence that the accounts held the assets of the judgment debtor.[5] These cases, like the others cited by the plaintiff, support the proposition that a judgment creditor may restrain the assets of a judgment debtor wherever those assets may be. ***They do not support the proposition that the assets of third parties may be restrained <u>in anticipation of a finding that those third parties are alter egos or hold assets of alleged alter egos</u> of the judgment debtor. Such a conclusion is not only unsupported by the text of N.Y. C.P.L.R. § 5222 or any of the cases cited by the plaintiff, but would also pose significant due process problems.***

*JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 295 F. Supp. 2d 366, 392–93 (S.D.N.Y. 2003) (emphasis added). Even under New York law, the restraint of third party funds on a theory of alter ego through the use of a § 5222 restraining notice—as is the case here—is ***not*** allowed and constitutes a clear and knowing violation of due process. That is, the restraining notice was and is clearly invalid.

Moreover, by completely failing to address this black letter law the CWT Parties have conceded that a restraining notice cannot issue on a theory of "sham" company, and as such, the restraining notice issued here—which they concede was issued on a theory of "alter ego"—was void and invalid. As is clear, therefore, the Court has no choice but to release the wrongfully restrained funds to Wyo Tech.

---

[5] Significantly, while Judgment Creditors claim that evidence of payments being made from a third-party account on behalf of a Judgment Debtor is sufficient to allow a restraint of ***all*** third-party funds, what Judgment Creditors and their Counsel conveniently omit is that in both cases, the salient issue, was that the Judgment Debtor ***had deposited assets in the account***, and was dissipating those assets. *Zolt,* 231 A.D.2d 479 (the Court found the restraining notice to be properly issued because "***Deposition testimony and documentation*** indicated that ***defendant Zolt's personal funds were deposited in his wife's account***"). Indeed, the case that is relied upon by the Court in *Zolt* explicitly states that the "regular" payment of personal expenses is insufficient on its own, but rather, there must also be evidence that the account "functioned as 'recipients' of his personal assets." *ERA Mgt. v. Morrison Cohen Singer & Weinstein,* 199 A.D.2d 179 (1993). No evidence has been shown or produced that would establish that Judgment Debtors deposited any funds in the Wyo Tech account or that any of the Judgment Debtors drew any moneys from the account.

### III.   The CWT Parties Fail to Address the Invalidity of the Restraining Notice.

Rather than address Wyo Tech's arguments regarding the invalidity of the restraining notice, the CWT Parties claim that this Court has already ruled to the contrary. However, the exact language the CWT Parties' cite for this contention proves that the CWT Parties are plainly wrong in their assertion:

> Moreover, as this Court ruled in its August 1, 2018 order, where, as here, a restraining notice specifies the property to be levied upon, the garnishee bank has "**no duty to investigate the validity of the Restraining Notice**." Dkt. at 8.

[Doc. 88 at 16:14 – 18 (emphasis added)]. As the plain language of this section of the Court's ruling makes absolutely clear, the Court did not rule that the Restraining Notice was *valid*, rather, it ruled that the bank had "**no duty to investigate the validity** of the Restraining Notice." As such, the CWT Parties have failed to address this argument made by Wyo Tech, yet again waiving any contention to the contrary.

Similarly, the CWT Parties claim that this Court has already ruled that the CWT Parties were not required to comply with Arizona's garnishment statutes. However, none of this Court's rulings even touch on this issue. Instead, all this Court has ruled is that Wells Fargo was allowed to abide by the New York Restraining Notice and restrain funds in Arizona. This ruling, however, does not mean that the CWT Parties actions in issuing the Restraining Notice were legally sound. The CWT Parties failure to address this by instead attempting to conflate this Court's prior ruling results in the waiver of any argument to the contrary.

### IV.   The Doctrine of Law of the Case Does Not Prevent this Court from Revisiting its Prior Ruling.

The doctrine of "law of the case" generally precludes a court from reconsidering an issue that has already been decided in the identical case, either by the same court or a superior court. *Alexander*, 106 F.3d at 876 (citing *Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir.), *cert. denied,*

508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 661 (1993)). The doctrine is designed to ensure judicial consistency and to prevent the reconsideration, during the course of a single continuous lawsuit, of those decisions which are intended to put a particular matter to rest. *Pit River Home and Agric. Coop. Ass'n v. United States,* 30 F.3d 1088, 1097 (9th Cir.1994).

The law of the case doctrine is routinely characterized not as a limitation on the power of a tribunal to revisit prior rulings, but rather as a "guide" to the court's exercise of its discretion, *see Alexander, id.* (citing *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983)). The doctrine is usually described not as a rule of substantive law, but a rule of practice designed to protect both the court and the litigants before it from repeated reargument of issues already decided. 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4478, at 790 (1981) (quoting *Messinger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912)); *see also Ferreira v. Borja,* 93 F.3d 671, 674 (9th Cir.1996), *cert. denied,* 519 U.S. 1122, 117 S.Ct. 972, 136 L.Ed.2d 856 (1997) (insisting that law of the case doctrine is not one of "inescapable application"). The doctrine applies to issues decided explicitly or by necessary implication in the court's prior ruling. *Leslie Salt Co. v. United States,* 55 F.3d 1388, 1393 (9th Cir.), *cert. denied,* 516 U.S. 955, 116 S.Ct. 407, 133 L.Ed.2d 325 (1995).

Despite these characterizations, a court may exercise its discretion to revisit and reverse a prior ruling only on one of five specified grounds. Those grounds are (1) a clearly erroneous prior ruling, (2) an intervening change in controlling law, (3) substantially different evidence, (4) "other changed circumstances," and (5) that "manifest injustice" would result were the prior ruling permitted to stand. *Thomas v. Bible,* 983 F.2d at 155 (citing *United States v. Tham,* 960 F.2d 1391, 1397 (9th Cir.1991); *Milgard Tempering, Inc. v. Selas Corp.,* 902 F.2d 703, 715 (9th Cir.1990); *United States v. Estrada–Lucas,* 651 F.2d 1261, 1263–65 (9th Cir.1980)); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4478, at 790 (1981)

9

(citing *United States v. McClain,* 593 F.2d 658, 664–65 (5th Cir.), *cert. denied,* 444 U.S. 918, 100 S.Ct. 234, 62 L.Ed.2d 173 (1979); *In re United States Steel Corp.,* 479 F.2d 489, 494 (6th Cir.), *cert. denied,* 414 U.S. 859, 94 S.Ct. 71, 38 L.Ed.2d 110 (1973); *White v. Murtha,* 377 F.2d 428, 431–32 (5th Cir.1967)).

While this Court previously rejected Wyo Tech's argument regarding the single entity rule in holding that "Wells Fargo had authority under New York law to comply with the Restraining Notice by freezing a bank account in Arizona", as explained in Wyo Tech's instant Motion this Court's ruling misapplied New York law.

### V. The CWT Parties Completely Fail to Address the Undeniable Fact that if they Believed the Monies in the Account Belonged to Dennis Danzik this Action Would Violate the Bankruptcy Automatic Stay and would be Void.

Tellingly, the CWT Parties admit that they have brought this matter in bad faith. They fail to mention, let alone address, the fact that if they were somehow correct that the monies in the account belonged to Dennis Danzik this action would be a flagrant violation of the bankruptcy automatic stay and would be void. *See In re Christensen,* 98.1 I.B.C.R. 15 (Bankr.D.Idaho 1998) (Enforcement of a garnishment against the debtor's property after the filing of the bankruptcy petition constitutes an attempt to collect a judgment from the debtor, and amounts to a violation of the automatic stay); *see, also, Schwartz v. United States (In re Schwartz),* 954 F.2d 569, 571 (9th Cir.1992) (Acts in violation of the automatic stay are deemed void and without legal effect). Moreover, Judgment Creditors and their Counsel would have a duty to stop these proceedings, which they have not. *See, e.g., In re Buchanan*, 273 B.R. 749, 751 (Bankr. M.D. Ga. 2002) (discussing duty to effectuate stay even if garnishment was filed prepetition) (quoting *Elder v. City of Thomasville,* 12 B.R. 491, 494 ("'[A]ll who have a part in the garnishment must take such positive action as necessary to give effect to the automatic stay.'. **Inaction is unacceptable**. *Id.*" (emphasis added)).

It would be astonishing, if it were not so obvious, that the CWT Parties have—by failing to address it—conceded that they have brought this action in bad faith and with full knowledge that Dennis Danzik does not have any interest in the funds in the account because if he did this action would be a violation of the automatic stay and entirely void. After all, the CWT Parties and their firm are participating in the Wyoming Bankruptcy proceedings, and they have been cautioned previously by the Bankruptcy Court regarding violating the automatic stay.[6]

### CONCLUSION

This Court must immediately release the wrongfully restrained funds to Wyo Tech, after which, Wyo Tech should be allowed to pursue its damages claims as asserted in this suit.

**RESPECTFULLY SUBMITTED** this 23rd day of October, 2018.

**WILENCHIK & BARTNESS, P.C.**

/s/ Dennis I. Wilenchik, Esq.
Dennis I. Wilenchik, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com

**BEUS GILBERT PLLC**
Leo R. Beus, Esq.
701 North 44th Street
Phoenix, Arizona 85008
lbeus@beusgilbert.com
*Attorneys for Wyo Tech Investment Group, LLC*

---

[6] The only bankruptcy matters even mentioned by the CWT Parties are not the currently on going bankruptcy at issue here, U.S. Bkt. Ct. Dist. Wy. Case No. 17-20934. Indeed, as recently as August 14, 2018 the Bankruptcy Court recognized that the automatic stay remains in place (modifying the stay for the narrow and limited purpose of allowing the Internal Revenue Service to place a lien on real property). [U.S. Bkt. Ct. Dist. Wy. Case No. 17-20934 (Doc. 176) attached hereto as **Exhibit B**].

**ELECTRONICALLY FILED** October 23, 2018.

COPY served via CM/ECF System, which sends notification to all parties registered therein this 23rd day of October, 2018.

*/s/ Hilary Myers*