1  Dennis I. Wilenchik, #005350
   **WILENCHIK & BARTNESS PC**
2  The Wilenchik & Bartness Building
   2810 North Third Street
3  Phoenix, Arizona 85004
   admin@wb-law.com
4
   Leo R. Beus, #002687
5  **BEUS GILBERT PLLC**
   701 North 44th Street
6  Phoenix, Arizona 85008
   lbeus@beusgilbert.com
7  *Attorneys for Wyo Tech Investment Group, LLC*

8              **UNITED STATES DISTRICT COURT**

9                   **DISTRICT OF ARIZONA**

10 | **Wells Fargo Bank, N.A.,** | **Case No.: 2:17-CV-04140-JJT** |
11 | **Plaintiff,** | **MOTION TO DISMISS/MOTION FOR JUDGMENT ON THE PLEADINGS** |
   | v. | |
12 | **WYO TECH Investment Group, LLC; CWT Canada II Limited Partnership; Resources Recovery Corporation; and Jean Noelting,** | **(Oral Argument Requested)** |
13 | | |
14 | **Defendants.** | |
   | **WYO TECH Investment Group, LLC,** | |
15 | | |
16 | **Cross-Claimant,** | |
   | v. | |
17 | **CWT Canada II Limited Partnership, Resources Recovery Corporation, and Jean Noelting,** | |
18 | | |
   | **Cross-Claim Defendants.** | |
19 | **WYO TECH Investment Group, LLC,** | |
20 | **Third Party Plaintiff,** | |
   | v. | |
21 | | |
22 | **Schlam Stone & Dolan, LLC, a New York Limited Liability Partnership; and Jeffrey M. Eilender,** | |
23 | **Third Party Defendants.** | |

24

25

26

1    Wyo Tech Investment Group, LLC ("Wyo Tech"), hereby files this Motion to Dismiss the

2  Interpleader Action and/or Grant Wyo Tech Judgment on the Pleadings and Release the Funds to

3  Wyo Tech. This Motion is supported by the following Memorandum of Points and Authorities

4  and prior filings in this case.

5                          **MEMORANDUM OF POINTS AND AUTHORITIES**

6    The CWT Parties' contention for their supposed right to the funds is based upon a theory

7  of alter ego.  [Joint Case Management Plan (Doc. 62) at 3:13 – 17 ("That Danzik would **use an**

8  **alter-ego** company to evade creditors is nothing new.").]  That is, the CWT Parties claim that the

9  Wyo Tech Funds are in reality funds owned by Dennis Danzik.  The CWT Parties claim that their

10  evidence of this is supposed "post-judgment discovery show[ing] that over half of the funds paid

11  from this account were paid to Danzik's company, his wife, his daughter, and other known Danzik

12  cronies."  [*Id.* at 3:6 – 8].  Based on this supposed theory, the CWT Parties have told this Court

13  that the sole factual and legal issue they dispute is whether "***Danzik has an interest in the funds***

14  ***in dispute***".  [*Id.* at 9:21 – 22].  However, the CWT Parties are barred from asserting such a

15  "dispute" as the Bankruptcy Court has already, unequivocally and specifically, ordered that the

16  CWT Parties are ***not*** authorized to pursue such a claim in this action.

17    As recognized by the Bankruptcy Court, the "CWT Parties seek derivative standing to

18  assert claims on behalf of the bankruptcy estate in the Interpleader Action[1]."  [Order of Wyoming

19  Bankruptcy Court in Case No. 17-20934 (Doc. 165) attached hereto as **Exhibit A** at pg. 2].[2]  In

20  denying the CWT Parties the right to assert the claim that the Wells Fargo Wyo Tech Funds were

21  the funds of the Debtor in Possession ("DIP"), Dennis Danzik, the Bankruptcy Court first found

---

[1] The "Interpleader Action" was defined by the Bankruptcy Court as this action, "District Court
for the District of Arizona, case number 2:17-cv-04140-JJT".

[2] Reference to the Bankruptcy Court's Order does not convert this Motion.  Courts, including the
Arizona Supreme Court, have consistently "held … that courts take judicial notice of other actions
involving similar parties and issues and of the pleadings therein, and that in passing upon the
pleadings in one action they may and should consider the record in the other."  *Regan v. First Nat.
Bank,* 55 Ariz. 320, 327 (1940).

1     that the CWT Parties' claim was not colorable.  [*Id.* at pg. 3 – 4 ("The CWT Parties' analysis of

2     its claims include the following: 'Specifically, the evidence shows that Danzik—acting on his

3     own or through an agent—transferred funds, intellectual property, and other valuable assets to

4     Wyo Tech (and a related company, Inductance Energy Company) for the purpose of laundering

5     those funds, intellectual property, and other valuable assets through Wyo Tech and back to an

6     entity or entities owned or controlled by Danzik, as well as his family members.'  … Its claim is

7     speculative and fails to survive a motion to dismiss.")].  The Bankruptcy Court thereafter ordered

8     as follows:

> THEREFORE IT IS ORDERED Canada II Limited Partnership and Resource Recovery Corporation's Motion to Derivatively Assert Claims on Behalf of DIP's Estate is DENIED.
>
> BY THE COURT
>
> _Cathleen D. Parker_
> Honorable Cathleen D. Parker    7/9/2018
> United States Bankruptcy Judge

15     As such, the sole issue the CWT Parties assert in this case—whether "***Danzik has an interest in***

16     ***the funds in dispute***" (Doc. 62 at 9:21 – 22)—is the exact issue the Bankruptcy Court for the

17     District of Wyoming has specifically and unequivocally precluded them from asserting.

<strong>CONCLUSION</strong>

19     Because the sole contention asserted by the CWT Parties is precluded by Order of the

20     Bankruptcy Court, this Court must immediately release the wrongfully restrained funds to Wyo

21     Tech, after which, Wyo Tech should be allowed to pursue its damages claims as asserted in this

22     suit.

23     / / / /

24     / / / /

25     / / / /

26

1    **RESPECTFULLY SUBMITTED** January 25, 2019.

2                              **WILENCHIK & BARTNESS, P.C.**

3

4                              /s/ Dennis I. Wilenchik, Esq.
                               Dennis I. Wilenchik, Esq.
5                              The Wilenchik & Bartness Building
                               2810 North Third Street
6                              Phoenix, Arizona 85004
                               admin@wb-law.com
7
                               **BEUS GILBERT PLLC**
8                              Leo R. Beus, Esq.
                               701 North 44th Street
9                              Phoenix, Arizona 85008
                               lbeus@beusgilbert.com
10                             *Attorneys for Wyo Tech Investment Group, LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1    **ELECTRONICALLY FILED** January 25, 2019.

2    COPY served via CM/ECF System, which sends notification

3    to all parties registered therein this 25th day of January, 2019.

4

5    */s/ Hilary Myers*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26