Dennis I. Wilenchik, #005350
**WILENCHIK & BARTNESS PC**
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com

Leo R. Beus, #002687
**BEUS GILBERT PLLC**
701 North 44th Street
Phoenix, Arizona 85008
lbeus@beusgilbert.com
*Attorneys for Wyo Tech Investment Group, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank, N.A., <br><br>　　　　Plaintiff, <br>v. <br>WYO TECH Investment Group, LLC; CWT Canada II Limited Partnership; Resources Recovery Corporation; and Jean Noelting, <br><br>　　　　Defendants. | Case No.: 2:17-CV-04140-DWL <br><br> **EMERGENCY MOTION TO ENJOIN CWT PARTIES FROM ATTEMPTS TO UTILIZE NEW YORK RESTRAINING NOTICES TO RESTRAIN FUNDS OF NONDEBTORS AND NONDEBTOR ASSETS LOCATED OUTSIDE OF NEW YORK** <br><br> **AND** <br><br> **MOTION TO AMEND COMPLAINT** <br><br> **(Oral Argument Requested)** |
| WYO TECH Investment Group, LLC, <br><br>　　　　Cross-Claimant, <br>v. <br>CWT Canada II Limited Partnership, Resources Recovery Corporation, and Jean Noelting, <br><br>　　　　Cross-Claim Defendants. | |
| WYO TECH Investment Group, LLC, <br><br>　　　　Third Party Plaintiff, <br>v. <br>Schlam Stone & Dolan, LLC, a New York Limited Liability Partnership; and Jeffrey M. Eilender, <br><br>　　　　Third Party Defendants. | |

Wyo Tech Investment Group, LLC ("Wyo Tech"), hereby files this Emergency Motion requesting that this Court enter an injunction enjoining the CWT Parties from attempting to utilize NY CPLR § 5222 to Restrain Funds of nondebtors and their assets located in Arizona and staying the force or effect of any such Restraining Notices already issued or "served" by the CWT Parties on nondebtors or their assets in Arizona such that the restrained funds can be released. This action is necessary due to rampant abuse by the CWT Parties "serving" invalid and improper NY CPLR § 5222 Restraining Notices in Arizona on numerous persons and entities, including Wyo Tech, Wilenchik & Bartnes, Beus Gilbert PLLC, and Inductance Energy Corporation ("IEC") and their banking institutions.

Tellingly, the CWT Parties have domesticated the New York Judgment in the Superior Court of Arizona, in and for the County of Maricopa, in Case No. CV2017-005401—which provides them with the proper mechanism under the Uniform Enforcement of Foreign Judgments Act to attempt collections in Arizona. In a contrived effort to avoid due process and the proper procedure to attempt collections they have instead ignored Arizona law and the domestication of the Judgment instead opting to send numerous and abusive Restraining Notices under New York law—that require no judicial intervention to be sent—all of which are improper to attempt collections on nondebtors outside the state of New York.

Indeed, it is clear that the purpose of the action taken by the CWT Parties is to make it so that undersigned counsel cannot be paid to represent Wyo Tech in this matter or any other, a grave violation of Wyo Tech's rights that should not be taken lightly by this Court.

**BACKGROUND**

On February 8, 2019 the CWT Parties "served" such invalid and improper Restraining Notices on Wyo Tech's counsel, Beus Gilbert PLLC and Wilenchik & Bartness PC [**Exhibits A & B**] in what is clearly an effort to prevent Wyo Tech from continued legal representation in this matter. The same day the CWT Parties "served" a similar invalid and improper Restraining Notice on Wyo Tech itself [**Exhibit C**]. The same day the CWT Parties "served" invalid and improper

1

Restraining Notices on Autumn Danzik, Jovahna Danzik, and Elizabeth Danzik. [**Exhibits D, E, & F**]. They served a similarly improper and invalid Restraining Notice on Bank of the West regarding accounts of nondebtor nonparty Inductance Energy Corporation ("IEC") as well as on IEC itself. The result of this improper restraint is that today, Febraury 15, 2019, IEC will be unable to pay its twenty-eight (28) employees located in four (4) states—Arizona, Wyoming, Utah, and Nevada—their paychecks and will be unable to make required payments on those twenty-eight (28) employees health insurance possibly causing said health insurance to lapse. On information and belief subpoenas and restraining notices were also sent to nearly 100 investors in Wyo Tech and IEC by the CWT Parties.

## ARGUMENT

### I. EMERGENCY MOTION

This Court should declare that the New York Restraining Notices and Information Subpoenas are invalid and unenforceable and enjoin the CWT Parties from further attempts to utilize NY CPLR § 5222 Restraining Notices and Information Subpoenas in their attempts to collect on the already domesticated Judgment against Dennis Danzik and RDX Technologies.

**A. The New York Court Lacks Personal Jurisdiction to Enforce the Restraining Notices and Information Subpoenas and Based Upon Such Lack of Jurisdiction This Court Should Declare that the Restraining Notices and Information Subpoenas are Invalid and Unenforceable.**

The persons and entities served do not have sufficient ties to New York for a New York Court to exercise personal jurisdiction over them, as such, this Court should rule that the Restraining Notices and Information Subpoenas directed to them are unenforceable. *See, e.g., First Am. Corp. v. Price Waterhouse LLP,* 154 F.3d 16, 20 (2d Cir.1998) (a court must have personal jurisdiction over a nonparty to compel it to comply); *In re Sealed Case,* 141 F.3d 337, 341 (D.C.Cir.1998); *In re Application to Enforce Admin. Subpoenas Duces Tecum of the S.E.C. v. Knowles,* 87 F.3d 413, 418 (10th Cir.1996); *see also* 11 C. Wright & A. Miller, Federal Practice and Procedure, § 2956, at 555 ("court ordinarily does not have power to issue an order against a

2

person who is not a party and over whom it has not acquired in personam jurisdiction.")

   *i.*  *IEC*

  IEC is Wyoming Corporation with its principal place of business in Scottsdale, Arizona, with additional offices in North Las Vegas, Nevada, and Cheyenne, Wyoming. [**Exhibit G**]. IEC has no business dealings in New York, has not aimed its activities at New York, and in fact has zero connections let alone minimum contacts with New York. [**Exhibit H**, William Hinz Affidavit at ¶ 7]. As is clear, there is simply no evidence whatsoever, let alone sufficient evidence of minimum contacts, for this Court to exercise personal jurisdiction over IEC. Because a New York Court lacks personal jurisdiction over IEC it cannot enforce the Restraining Notice or Information Subpoena sent to it and this Court should declare that the Restraining Notice and Information Subpoena are therefore invalid and unenforceable.

   *ii.*  *Wilenchik & Bartness, P.C.*

  Wilenchik & Bartness, P.C. is an Arizona Professional Corporation with its principal place of business in Arizona and all of its directors reside in Arizona. [**Exhibit I**]. While a Wilenchik & Bartness, P.C. attorney has appeared in New York *pro hac vice* this is insufficient to supply a New York Court with personal jurisdiction to enforce a Restraining Notice or Information Subpoena against **the firm**, Wilenchik & Bartness, P.C. Moreover, it is likely even insufficient contact for a New York court to assert personal jurisdiction over the attorney himself. *"[P]ro hac vice* admission is insufficient to establish general jurisdiction…." See *Wolk v. Teledyne Industries, Inc.,* 475 F.Supp.2d 491, 502 (E.D.Pa.2007) (finding that trips to Pennsylvania and *pro hac vice* admission did not establish general jurisdiction) (citing *Remick v. Manfredy,* 52 F.Supp.2d 452, 457–58 n. 1 (E.D.Pa.1999), *aff'd in part and rev'd in part on other issues,* 238 F.3d 248 (3d Cir.2001) (for the proposition that a "pro hac vice admission, not continuous or substantial, did not support personal jurisdiction"); *Sea Marsh Group, Inc. v. SC Ventures, Inc.,* 111 F.3d 129 (4th Cir.1997) (quoting "[a]n attorney's entry of a court appearance *pro hac vice* in the forum state, without more, is not substantial enough contact to permit this court to exercise jurisdiction over his person."). With this exception, Wilenchik & Bartness, P.C. has no business operations in New York and has not directed or otherwise aimed any of its activities at New York. Because a New

3

York Court lacks personal jurisdiction over Wilenchik & Bartness, P.C. it cannot enforce the Restraining Notice or Information Subpoena sent to it and this Court should declare that the Restraining Notice and Information Subpoena are therefore invalid and unenforceable.

    *iii.*    *Wyo Tech*

Wyo Tech is a Wyoming Limited Liability Company whose member resides in Arizona. [**Exhibit J**]. Wyo Tech has no business dealings in New York, has not aimed its activities at New York, and in fact has zero connections let alone minimum contacts with New York. [**Exhibit K**, Affidavit of William Hinz at ¶ 5]. As is clear, there is simply no evidence whatsoever, let alone sufficient evidence of minimum contacts, for this Court to exercise personal jurisdiction of Wyo Tech. Because a New York Court lacks personal jurisdiction over Wyo Tech it cannot enforce the Restraining Notice or Information Subpoena sent to it and this Court should declare that the Restraining Notice and Information Subpoena are therefore invalid and unenforceable.

    **B. The Funds to be Restrained are Outside of the Jurisdiction of New York and therefore the Restraining Notices are Invalid and Should be Quashed.**

Beyond a New York Court's lack of personal jurisdiction, a New York Court lacks jurisdiction over the alleged assets as they all are located outside of the territorial boundaries of New York. While, as will be discussed below, the entities and individuals who have been sent Restraining Notices hold no funds or assets of any Judgment Debtor, to the extent they did (which they do not), the Restraining Notices would be invalid as they attempt to restrain funds and/or assets located outside of New York. It is black letter law that Restraining Notices against Judgment Debtors are ineffective if the property to be restrained is located outside of New York as restraining notices issued in connection with a New York proceeding does not reach property in other jurisdictions. *See ABKCO Indus. v Apple Films*, 39 NY2d 670, 674-675 (1976) and *Matter of National Union Fire Ins. Co. of Pittsburgh, Pa. v Advanced Empl. Concepts,* 269 AD2d 101 (2000). If this were not the case there would have been no need for the enactment of the Uniform

Enforcement of Foreign Judgments Act[1] which has been entirely ignored by the CWT Parties despite being the proper vehicle to attempt collections.

Indeed, the Uniform Enforcement of Foreign Judgments Act creates "procedures for enforcing rights conferred by the Full Faith and Credit Clause of the United States Constitution." *Cristall v. Cristall*, 225 Ariz. 591, 593, 242 P.3d 1060, 1062 (App. 2010). Significantly, Arizona does not have the equivalent of a Restraint Notice. Instead, a Judgment Creditor who wishes to seize assets must use the procedural mechanisms available to seize assets in Arizona. In order to collect upon assets within Arizona, the judgment creditor must go through the process of domesticating the foreign judgment[2] in Arizona—a process the CWT Parties are intimately familiar with having gone through this process previously and having successfully domesticated the New York Judgment in Arizona. [Superior Court of Arizona, in and for the County of Maricopa, Case No. CV2017-005401]. A copy of the foreign judgment may be filed with the clerk of any superior court in this state, at which time, the clerk shall "treat the foreign judgment in the same manner as a judgment of the superior court of this state." Ariz.Rev.Stat.Ann. § 12-1702, thereby allowing the judgment creditor to attempt collections pursuant to Arizona law. Having ignored this singular way in which they could be authorized to attempt collections in Arizona the CWT Parties have instead issued invalid Restraining Notices and Information Subpoenas that are unenforceable and invalid. Showing that their issuance was and is in bad faith.

**C. None of the Recipients of Restraining Notices or Information Subpoenas Hold any Funds or Assets of a Judgment Debtor or Owe any Funds or Assets to a Judgment Debtor.**

As this Court is undoubtedly aware, and as is inconspicuously obvious, IEC is not a Judgment Debtor; indeed, IEC is not even a party to the New York case. Therefore, it is obvious that the action taken by the CWT parties in serving their Restraining Notice on Bank of the West for the purpose of freezing IEC's account is unlawful and improper. As the affidavit of William

---

[1] Enacted in New York in 1970.

[2] A "foreign judgment" means any judgment, decree, or order of a court of the United States or of any other court.

Hinz establishes, no funds were deposited in an IEC account by or on behalf of a Judgment Debtor, no funds in the IEC account belong to any Judgment Debtor, nor are any of the funds owed to a Judgment Debtor making any restraint of these funds wholly improper and illegal. [**Exhibit H**, Affidavit of William Hinz at ¶¶ 2 – 3]. Similarly, the Restraining Notice and Information Subpoena served directly upon IEC is invalid for the same reason. The same is true as to Wyo Tech, Wilenchik & Bartness, P.C., and Beus Gilbert PLLC. [**Exhibit N**, Affidavit of William Hinz at ¶¶ 2 – 3; **Exhibit J**, Affidavit of Dennis I. Wilenchik at ¶¶ 4 – 5; **Exhibit L**, Affidavit of Leo R. Beus at ¶¶ 3 – 4].

The supposed basis for the Restraining Notice to Wilenchik & Bartness, P.C. and Beus Gilbert PLLC is that they may have received compensation by Wyo Tech or IEC. Given the fact that Wyo Tech nor IEC has ever received any funds or assets from a Judgment Debtor, nor do they owe any funds or assets to any Judgment Debtor, whether or not Wyo Tech or IEC ever paid Wilenchik & Bartness, P.C. or Beus Gilbert PLLC, neither entity holds funds of a Judgment Debtor. This is nothing more than a tactless ploy at forestalling Wyo Tech and IEC's counsel from continuing to represent them and there is absolutely no basis in law or fact for the issuance of a Restraining Notice or Information Subpoena to either Wilenchik & Bartness, P.C. or Beus Gilbert PLLC.

**D. To the Extent that the CWT Parties claim the IEC or Wyo Tech are "Alter Egos" or "sham" Companies of Dennis Danzik or RDX the Restraining Notices are Invalid and a Clear Violation of Due Process.**

The CWT Parties have made the claim that Wyo Tech is an "alter ego company" and have made similar claims regarding IEC. [Doc. 62 at 3:13 – 17 ("That Danzik would *use an alter-ego* company to evade creditors is nothing new."); Doc. 88 4:5 – 6 ("That Danzik would use a sham company to hold his assets and keep them out of reach of creditors is nothing new")]. While neither Wyo Tech nor IEC are a "sham" or "alter ego", this basis is undeniably not a proper claim for issuance of a restraining notice. As was stated in Wyo Tech's Motion (Doc. 72) and as is uncontested in the CWT Parties' Response (Doc. 88):

The other cases cited by the plaintiff are equally inapposite. In both *Bingham v. Zolt,*

6

>231 A.D.2d 479, 647 N.Y.S.2d 220 (App.Div.1996), and *ERA Mgmt., Inc. v. Morrison Cohen Singer & Weinstein,* 199 A.D.2d 179, 605 N.Y.S.2d 91 (App.Div.1993), the court found that restraining notices were properly issued against bank accounts held in the name of third parties, but where the plaintiffs had shown evidence that the accounts held the assets of the judgment debtor. These cases, like the others cited by the plaintiff, support the proposition that a judgment creditor may restrain the assets of a judgment debtor wherever those assets may be. ***They do not support the proposition that the assets of third parties may be restrained <u>in anticipation of a finding that those third parties are alter egos or hold assets of alleged alter egos</u> of the judgment debtor. Such a conclusion is not only unsupported by the text of N.Y. C.P.L.R. § 5222 or any of the cases cited by the plaintiff, but would also pose significant due process problems.***

*JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 295 F. Supp. 2d 366, 392–93 (S.D.N.Y. 2003) (emphasis added). Under clear New York law, the restraint of third party funds on a theory of alter ego through the use of a § 5222 restraining notice—as is the case here—is ***not*** allowed and constitutes a clear and knowing violation of due process. That is, the restraining notices are clearly invalid and this Court must declare as much to preserve the rights of Wyo Tech and its Counsel to continue to litigate this matter.

## II.  MOTION TO AMEND

Defendant / Counterclaimant / Cross-Claimant / Third Party Plaintiff Wyo Tech Investment Group, LLC ("Wyo Tech"), hereby files this Motion to Amend its Cross Claims to include claims related to an additional recently sent Restraining Notice to it, and to add as an additional Plaintiff, Inductance Energy Corporation ("IEC") whose Bank of the West accounts were recently and improperly restrained by the CWT Parties us of an invalid and improper NY CPLR § 5222 as described above.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleadings only with the opposing party's written consent or the court's leave.  The court should freely give leave hen just so requires."  The decision whether to grant leave to amend a pleading is within the sound discretion of the district court, but as has been aptly recognized, "this discretion is strictly circumscribed by the proviso that 'leave [should] be freely given when justice so requires.'" *Florida Foundation Seed Producers, Inc. v. Georgia Farms Services, LLC,* No. 1:10-cv-125, 2012 WL 4840809, at *21 (M.D. Ga. Sept. 28, 2012) (Sands, J.) (citing *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 249 (11th Cir. 1982).  Therefore a justifying reason must be apparent for

7

denial of a motion to amend. *Id.* "Unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.*

In light of the significant factual and procedural developments since this action was commenced, good cause for amending is immediately apparent. The CWT Parties will in no way be prejudiced if the changes are allowed at this point to include the newly sent Restraining Notice and the factually similar Restraining Notices sent to IEC and its banking institution, Bank of the West. Consistent with the liberal standard that applies to motions to amend, the Court should grant this Motion.

Furthermore, in light of the foregoing, the Court should also reconsider its prior ruling that it lacked personal jurisdiction over the lawyer and law firm defendants as these numerous actions all aimed directly at companies and individuals located in Arizona clearly constitute sufficient contacts with Arizona for this Court to exercise its jurisdiction over them.

## CONCLUSION

As is clear, the plethora of abusive, invalid, and improper Restraining Notices and Information Subpoenas that are causing untold damages to numerous nondebtor, nonparty, individuals and entities must result in this Court declaring that the Restraining Notices and Information Subpoeans are invalid and unenforceable and requiring the CWT Parties to obtain permission from this Court prior to attempting any future collection efforts on persons or entities other than the Judgment Debtors themselves. Moreover, this Court should allow Amendment to the Pleadings to add these additional facts and IEC's factually and procedurally similar claims arising out of the same New York Judgment and the same improper and invalid conduct of the CWT Parties and their attorneys.

. . .

. . .

**RESPECTFULLY SUBMITTED** February 15, 2019.

**WILENCHIK & BARTNESS, P.C.**
/s/ Dennis I. Wilenchik, Esq.

8

Dennis I. Wilenchik, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com

**BEUS GILBERT PLLC**
Leo R. Beus, Esq.
701 North 44th Street
Phoenix, Arizona 85008
lbeus@beusgilbert.com
*Attorneys for Wyo Tech Investment Group, LLC*

1 | **ELECTRONICALLY FILED** February 15, 201.

2 | COPY served via CM/ECF System, which sends notification
3 | to all parties registered therein this 15th day of February, 2019.

4 |
5 | /s/ Hilary Myers