# EXHIBIT E



**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK: IAS PART 54**

| | |
|---|---|
| GEM HOLDCO, LLC, and GEM VENTURES, LTD., | **Index No.: 650841/2013** |
| *Plaintiffs,* | **(Schecter, J.)** |
| -*against*- | |
| CHANGING WORLD TECHNOLOGIES, L.P., *et al.,* | **RESTRAINING NOTICE AND INFORMATION SUBPOENA** |
| *Defendants.* | |
| CWT CANADA II LIMITED PARTNERSHIP, RESOURCE RECOVERY CORPORATION and JEAN NOELTING, | |
| *Third Party Plaintiffs,* | |
| -*against*- | |
| CHRISTOPHER BROWN, EDWARD TOBIN, ELIZABETH J. DANZIK and DEJA II, LLC. | |

TO:    **Jovahna Danzik**
       **14545 North Frank Lloyd Wright Boulevard**
       **Scottsdale, Arizona 85260**

          **WHEREAS**, a judgment was entered in this Court on September 7, 2016 in favor

of Cross-Claim Plaintiffs CWT Canada II Limited Partnership, Resources Recovery Corporation,

and Jean Noelting, and against Cross-Claim Defendants **RDX Technologies Corporation** (f/k/a

Ridgeline Energy Services, Inc.) ("RDX") and **Dennis Danzik** ("Danzik," and with RDX,

**"Judgment Debtors"**), for the amount of $7,033,491.13,

          **WHEREAS**, the amount of $7,033,491.13, together with interest from September

7, 2016, remains due and unpaid,

**WHEREAS**, it appears that you are in possession or in custody of property in which Judgment Debtors have an interest.

**YOU ARE HEREBY COMMANDED**, to answer in writing under oath, separately and fully, each question in the questionnaire accompanying the subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original of the questions within 7 days after your receipt of the questions and this subpoena.

**PLEASE TAKE NOTICE** that false swearing or failure to comply with this Information Subpoena is punishable as a contempt of Court.

## RESTRAINING NOTICE

Pursuant to Section 5222(b) of the Civil Practice Law and Rules, a copy of which is set forth below, you are hereby **forbidden to (1) make or suffer any sale, assignment, or transfer of, or any interference with any property in which Judgment Debtors have an interest, or (2) transfer any income, money, or money due or to become due to Judgment Debtors or to any corporation, business, or entity or other designee appointed by Judgment Debtors, or any other party or person have some relationship to Judgment Debtors—including making any payments on behalf of Judgment Debtors or to be utilized to satisfy the debts or expenses of Judgment Debtors or for the benefit of Judgment debtors**—except upon direction of the sheriff or pursuant to an order of the court until the aforesaid judgment is satisfied or vacated. This notice also covers all property in which Judgment Debtors have an interest hereafter coming into your possession or custody. Disobedience of this Restraining Notice is punishable as a contempt of court.

**Certification:** I hereby certify that this information subpoena complies with Rule 5224 of the Civil Practice Law and Rules and Section 601 of the General Business Law that I have a reasonable belief that the party receiving this subpoena has in their possession information about the debtors that will assist the creditor in collecting the judgment.

Dated:  February 8, 2019
New York, New York

**SCHLAM STONE & DOLAN LLP**

By: _____

Jeffrey M. Eilender
Bradley J. Nash

Joshua Wurtzel
26 Broadway
New York, New York 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
E-Mail: jeilender@schlamstone.com
E-Mail: bnash@schlamstone.com
E-Mail: jwurtzel@schlamstone.com

*Attorneys for Cross-Claim Plaintiffs CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting*

3

**CPLR 5222(b)**

Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

IN ACCORDANCE WITH THE INSTRUCTIONS AND DEFINITIONS SET FORTH

BELOW, ANSWER THE QUESTIONS THAT FOLLOW ON THE FORM PROVIDED

WITHIN SEVEN (7) DAYS AND RETURN YOUR ANSWERS IN THE PRE-ADDRESSED,

POSTAGE PAID ENVELOPE ENCLOSED HEREWITH TO:

Schlam, Stone, and Dolan LLP
26 Broadway
New York, New York 10004 Attention:
Jeffrey M. Eilender

**Definitions and Instructions**

1.      Each question and every subpart thereof shall be answered fully and separately.

2.      Answering a question by simply identifying a document, unless the question expressly

        requests only the identification of a document, will not be a sufficient answer to that

        question.

3.      When any question calls for the identity of any person, you are to provide the person's:

        a.      full name;

        b.      last known business address and telephone number;

        c.      present occupation, title and business affiliation; and

        d.      occupation, title and business position during the time period to which your

                answer relates.

4.      When any question requires you to identify a document, you shall state to the extent

        known:

        a.      the type of document;

        b.      the general subject matter;

6

    c.     the date of the document; and

    d.     the author(s), addressee(s) and recipient(s).

5.    The term "document" means any written, printed, recorded or graphic matter of any kind, however produced or reproduced, including without limitation any writing, drawing, graph, chart, photograph, label, sign, print, package, wrapper, receptacle, advertisement, computer disk, tape and audio or visual recording, which is in your possession, custody or control.

6.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, opinions, or otherwise), including without limitation any meeting, conversation, discussion, faxes, notes correspondence, message, or other written and oral communications between two or more persons, in person, on the telephone, or by any other means of electronic or physical communication.

7.    The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8.    The term "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of any request all documents that might otherwise be construed to be outside of its scope.

9.    The terms "any" and "all" shall be construed as necessary to bring within the scope of any question all documents, communications or subject matter that might otherwise be construed to be outside its scope.

10.    The use of the singular form of any word includes the plural, and vice versa, whenever necessary to bring within the scope of any question all documents, communications, or

subject that might otherwise be construed to be outside its scope.

11.    These questions are intended to be of a continuing nature.  If after the service of your responses hereto, you should learn of any information which supplements or differs from the answers you supplied, you will promptly supplement your responses to the undersigned attorneys.

12.    In the event you decline to answer any particular question, or subpart thereof, on the ground of any evidentiary privilege or discovery exclusion, (a) state the basis for assertion of the privilege or exclusionary principle, and (b) give a summary statement of the document's date, author, recipient, custodian and subject matter in sufficient detail to permit the Court to reach a determination in the event of a motion to compel.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK: IAS PART 54**

| | |
|---|---|
| GEM HOLDCO, LLC, and GEM VENTURES, LTD., <br><br> *Plaintiffs*, <br><br> -*against*- <br><br> CHANGING WORLD TECHNOLOGIES, L.P., *et al.*, <br><br> *Defendants.* | **Index No.: 650841/2013** <br><br> **(Kornreich, J.)** <br><br><br> <u>**QUESTIONS AND ANSWERS IN CONNECTION WITH INFORMATION SUBPOENA**</u> |
| CWT CANADA II LIMITED PARTNERSHIP, RESOURCE RECOVERY CORPORATION and JEAN NOELTING, <br><br> *Third-Party Plaintiffs,* <br><br> -*against*- <br><br> CHRISTOPHER BROWN, EDWARD TOBIN, ELIZABETH J. DANZIK and DEJA II, LLC. <br><br> *Third-Party Defendants.* | |

STATE OF _____:

                       : ss.

COUNTY OF _____:

I, _____, being duly sworn,

depose and say that I am the recipient of an information subpoena herein and of the original and

a copy of questions accompanying said subpoena. The answers set forth below are made from

information obtained from my records and/or are based upon my personal knowledge.

**Questions**

Question No. 1

        Do you have a record of any account in which Judgment Debtors may have an interest, whether under the name of the Judgment Debtors, under a trade or corporate name, or in association with others, as of the date of the subpoena or within one year prior thereto?

Answer to Question No. 1

Question No. 2

        As to each such account, what is the exact title of the account, the date opened, amounts presently on deposit; if closed, the amount on deposit when closed and the date closed?

Answer to Question No. 2

| Title | Date Opened | Amount on Deposit | Date Closed |
| --- | --- | --- | --- |

Question No. 3

        Do you have a record of any safe deposit box in which Judgment Debtors may have an interest, whether under the name of the Judgment Debtors, under a trade or corporate name, or in association with others, as of the date of the subpoena or within one year prior thereto?

Answer to Question No. 3

Question No. 4

        As to each such box what is the exact designation of the lessees thereof, the date hired, the date discontinued, the names of those having access?

Answer to Question No. 4

| Lessees | Date Hired | Date Discontinued | Those Having Access |
|---|---|---|---|

Question No. 5

Do you hold collateral in which the Judgment Debtors have or may have an interest?

Answer to Question No. 5

Question No. 6

What is the description and value of each item of collateral?

Answer to Question No. 6

Description                                                Value

Question No. 7

What interest do the Judgment Debtors appear to have in each item of collateral?

Answer to Question No. 7

Question No. 8

Are Judgment Debtors indebted to you?

Answer to Question No. 8

Question No. 9

As to each indebtedness, what is the amount of the original indebtedness, the date incurred, amount repaid and date of such repayment?

Answer to Question No. 9

Amount          Date Incurred          Amount Repaid          Date Repaid

14

Question No. 10

Do you hold any lien, mortgage or otherwise, against property of the Judgment Debtors?

Answer to Question No. 10

Question No. 11

What is the nature of each such lien, the full description of the property affected by the lien, the location and identity of the office of the filing or recording and full indexing information?

Answer to Question No. 11

| Lien | Property | Where Recorded or Filed | Book and Page No. |
|------|----------|-------------------------|-------------------|

15

Question No. 12

      Are any of the assets of the Judgment Debtors, in your possession or care, subject

to liens, attachments or other encumbrances?

Answer to Question No. 12

Question No. 13

      What are the full details of the same in regard to each asset?

Answer to Question No. 13

16

Question No. 14

        Do you have any other transactions with the Judgment Debtors, directly or indirectly, as a result of which the Judgment Debtors may now have, or may in the future become entitled to, money or credit?

Answer to Question No. 14

Question No. 15

        What are the full details of each such transaction?

Answer to Question No. 15

Question No. 16

      Has any of the Judgment Debtors given you a statement of final condition?

Answer to Question No. 16

Question No. 17

      What assets are disclosed therein (or in the alternative supply a copy thereof)?

Answer to Question No. 17

Question No. 18

       For the individual Judgment Debtors, what is Judgment Debtor's social security number and last place of employment?

Answer to Question No. 18

Dated this _____ day of _____ 2019.

_____

Jovahna Danzik

SUBSCRIBED AND SWORN to before me this ____ day of_____ 2019, by _____

_____

Notary Public

EXEMPTION NOTICE

as required by New York Law

YOUR BANK ACCOUNT IS RESTRAINED OR "FROZEN"

The attached Restraining Notice or notice of Levy by Execution has been issued against your bank account. You are receiving this notice because a creditor has obtained a money judgment against you, and one or more of your bank accounts has been restrained to pay the judgment. A money judgment is a court's decision that you owe money to a creditor. You should be aware that FUTURE DEPOSITS into your account(s) might also be restrained if you do not respond to this notice.

You may be able to "vacate" (remove) the judgment. If the judgment is vacated, your bank account will be released. Consult an attorney (including free legal services) or visit the court clerk for more information about how to do this.

Under state and federal law, certain types of funds cannot be taken from your bank account to pay a judgment. Such money is said to be "exempt. "

DOES YOUR BANK ACCOUNT CONTAIN ANY OF THE FOLLOWING TYPES OF FUNDS?

1.  Social security;

2.  Social security disability (SSD);

3.  Supplemental security income (SSI);

4.  Public assistance (welfare);

5.  Income earned while receiving SSI or public assistance;

6.  Veterans benefits;

7.  Unemployment insurance;

8.  Payments from pensions and retirement accounts;

9.  Disability benefits;

10. Income earned in the last 60 days (90% of which is exempt);

5

11. Workers' compensation benefits;

12. Child support;
13. Spousal support or maintenance (alimony);

14. Railroad retirement; and/or

15. Black lung benefits.

If YES, you can claim that your money is exempt and cannot be taken. To make the claim, you must

(a) complete the EXEMPTION CLAIM FORM attached;

(b) deliver or mail the form to the bank with the restrained or "frozen" account; and

(c) deliver or mail the form to the creditor or its attorney at the address listed on the form.

You must send the forms within 20 DAYS of the postmarked date on the envelope holding this notice. You may be able to get your account released faster if you send to the creditor or its attorney written proof that your money is exempt. Proof can include an award letter from the government, an annual statement from your pension, pay stubs, copies of checks, bank records showing the last two months of account activity, or other papers showing that the money in your bank account is exempt. If you send the creditor's attorney proof that the money in your account is exempt, the attorney must release that money within seven days. You do not need an attorney to make an exemption claim using the form.

EXEMPTION CLAIM FORM

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK: IAS PART 54**

| | |
|---|---|
| GEM HOLDCO, LLC, and GEM VENTURES, LTD., <br><br> *Plaintiffs*, <br> -*against*- <br><br> CHANGING WORLD TECHNOLOGIES, L.P., *et al.*, <br><br> *Defendants.* | **Index No.: 650841/2013** <br><br><br> **EXEMPTION CLAIM FORM QUESTIONS AND ANSWERS IN CONNECTION WITH INFORMATION SUBPOENA** |
| CWT CANADA II LIMITED PARTNERSHIP,  RESOURCE  RECOVERY CORPORATION and JEAN NOELTING, <br><br> *Third-Party Plaintiffs,* <br><br> -*against*- <br><br> CHRISTOPHER BROWN, EDWARD TOBIN, ELIZABETH J. DANZIK and DEJA II, LLC. <br><br> *Third-Party Defendants.* | |

NAME AND ADDRESS OF JUDGMENT CREDITOR OR FINANCIAL ATTORNEY

NAME AND ADDRESS OF INSTITUTION

Schlam Stone & Dolan LLP

Jovahna Danzik

ADDRESS A

ADDRESS B

26 Broadway, 19th Floor
New York, New York 10004

14545 N. Frank Lloyd Wright Blvd
Unit 2065
Scottsdale, AZ 85260

Directions: To claim that some or all of the funds in your account are exempt, complete both copies of this form, and make one copy for yourself. Mail or deliver one form to ADDRESS A and one form to ADDRESS B within twenty days of the date on the envelope holding this notice. **If you have any documents, such as an award letter, an annual statement from your pension,

7

paystubs, copies of checks or bank records showing the last two months of account activity, include copies of the documents with this form. Your account may be released more quickly.

_____

_____

_____

_____

I state that my account contains the following type(s) of funds (check all that apply):

....           Social security

....           Social security disability (SSD)

....           Supplemental security income (SSI)

....           Public assistance

....           Wages while receiving SSI or public assistance

....           Veterans benefits

....           Unemployment insurance

....           Payments from pensions and retirement accounts

....           Income earned in the last 60 days (90% of which is exempt)

....           Child support

....           Spousal support or maintenance (alimony)

....           Workers' compensation

....           Railroad retirement or black lung benefits

....           Other (describe exemption):_____

I request that any correspondence to me regarding my claim be sent to the following address:

_____

8

(FILL IN YOUR COMPLETE ADDRESS)

*I certify under penalty of perjury that the statement above is true to the best of my knowledge and belief.*

_____

_____

DATE                                    SIGNATURE OF JUDGMENT DEBTOR

## NOTICE TO JUDGMENT DEBTOR OR OBLIGOR

Money or property belonging to you may have been taken or held in order to satisfy a judgment or order which has been entered against you. Read this carefully.

### YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and federal laws prevent certain money or property from being taken to satisfy money judgments or orders. Such money or property is said to be "exempt." The following is a partial list of money which may be exempt:

1.    Supplemental social security income (SSI);

2.    Social security;

3.    Public assistance (welfare);

4.    Spousal support, maintenance (alimony) or child support;

5.    Unemployment benefits;

6.    Disability benefits;

7.    Workers' compensation benefits;

8.    Public or private pensions;

9.    Veterans' benefits;

10.    Ninety percent of your wages or salary earned in the last sixty days;

11.    Twenty-five hundred dollars of any bank account containing statutorily exempt payments that were deposited electronically or by direct deposit within the last forty-five days, including, but not limited to, your social security, supplemental security income, veteran's benefits, public assistance, workers' compensation, unemployment insurance, public or private pensions, railroad retirement benefits, black lung benefits, or child support payments; 12.   Railroad retirement; and

13.    Black lung benefits.

If you think that that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

10

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING ANY FREE LEGAL SERVICES ORGANIZATION IF YOU QUALIFY. You can also go to court without an attorney to get your money back.  Bring this notice with you when you go.  You are allowed to try to prove to a judge that your money is exempt from collection under New York civil practice law and rules, sections fifty-two hundred twenty-two-a, fifty-two hundred thirty-nine and fifty-two forty.  If you do not have a lawyer, the clerk of the court may give you forms to help you prove your account contains exempt money that the creditor cannot collect.  The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.