J. Henk Taylor (016321)
**RYAN RAPP & UNDERWOOD, P.L.C.**
3200 N. Central Ave, Suite 2250
Phoenix, Arizona 85012
Telephone: (602) 280-1000
Facsimile: (602) 265-1495
Email: htaylor@rrulaw.com

Jeffrey M. Eilender (*admitted pro hac vice*)
Bradley J. Nash (*admitted pro hac vice*)
Joshua Wurtzel (*admitted pro hac vice*)
**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, New York 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
E-Mail: jeilender@schlamstone.com
E-Mail: bnash@schlamstone.com
E-Mail: jwurtzel@schlamstone.com

*Attorneys for Defendants CWT Canada II Limited
Partnership, Resource Recovery Corporation, and
Jean Noelting*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank, N.A.<br><br>Plaintiff,<br><br>v.<br><br>Wyo Tech Investment Group, LLC, CWT Canada II Limited Partnership, Resources Recovery Corporation, and Jean Noelting,<br><br>Defendants.<br><br>And related claims. | Case No.: 2:17-CV-04140-DWL<br><br>**CWT PARTIES' OPPOSITION TO DEFENDANT WYO TECH INVESTMENT GROUP, LLC'S MOTION TO ENJOIN AND FOR <u>LEAVE TO AMEND</u>**<br><br>**Oral Argument Requested** |

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ........................................................................ 1

STATEMENT OF FACTS ............................................................................... 3

ARGUMENT .................................................................................................. 5

I.    THIS COURT SHOULD DENY WYO TECH'S REQUEST FOR AN INJUNCTION AND AN ORDER STAYING OR VACATING THE RESTRAINING NOTICES ........................................................... 5

    A. Wyo Tech Must Move to Stay or Vacate the Restraining Notices in New York ...................................................................................... 5

    B. The Anti-Injunction Act Prevents This Court From Staying or Vacating the Restraining Notices ...................................................... 6

    C. The CWT Parties May Use a New York Restraining Notice to Restrain Assets Outside of New York ......................................................... 8

    D. Wyo Tech Lacks Standing to Move to Stay or Vacate Restraining Notices Served on Others ........................................................... 10

II.   THIS COURT SHOULD DENY WYO TECH'S REQUEST FOR LEAVE TO AMEND ................................................................................ 10

    A. Wyo Tech Fails to Attach Its Proposed Amended Pleading to This Motion ................................................................................... 11

    B. Amendment Would Be Futile Because This Court Lacks Personal Jurisdiction Over the CWT Parties ............................................. 12

    C. Amendment Would Be Futile Because the Proposed Crossclaims Are Not Allowed Under Rule 13(g), and This Court Lacks Subject-Matter Jurisdiction Over Them .............................................................. 14

III.  THIS COURT SHOULD DENY WYO TECH'S REQUEST FOR RECONSIDERATION OF THIS COURT'S ORDER DISMISSING WYO TECH'S CLAIMS AGAINST THE CWT PARTIES AND THEIR COUNSEL ............................................................................... 15

CONCLUSION ............................................................................................. 17

Defendants CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting (collectively, the "CWT Parties") submit this memorandum of points and authorities, along with the Declaration of Jeffrey M. Eilender, in opposition to Defendant Wyo Tech Investment Group, LLC's Emergency Motion to Enjoin CWT Parties from Attempts to Utilize New York Restraining Notices to Restrain Funds of Nondebtors and Nondebtor Assets Located Outside of New York and Motion to Amend Complaint, dated February 15, 2019 (Dkt. No. 98).

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

<u>**PRELIMINARY STATEMENT**</u>

During the February 27, 2019 telephone hearing, this Court stated about this motion: "I do have some questions about, even if you're right on the merits, that these restraining notices are improper, whether I am the right court to be ruling on that jurisdictionally. And whether, even if I'm potentially the right court, whether I'm the right court right now given the status of which parties are currently in the caption of this lawsuit." Eilender Decl. Ex. A at 18:4-10. This Court was correct in raising these questions, because Wyo Tech makes its request to stay or vacate the CWT Parties' New York restraining notices before the wrong Court—and thus, this request should be denied.

*First*, under N.Y. C.P.L.R. § 5222(b), only the "court out of which the restraining notice issued" can stay or vacate the restraining notice. *CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 471 (2d Cir. 2018). So Wyo Tech must make this request to the court in the New York Action out of which these restraining notices were issued.

*Second*, the Anti-Injunction Act prohibits a federal court from staying "proceedings in a State court" except in rare circumstances not present here. A restraining notice issued in accordance with C.P.L.R. § 5222—though issued without the court's involvement—is a "state court proceeding within the meaning of the Anti-Injunction Act."

*Pressman v. Neubardt*, 2002 WL 31780183, at *4 (S.D.N.Y. Dec. 12, 2002). And so this Court may not stay or vacate these restraining notices."

**Third**, Wyo Tech erroneously argues that a New York restraining notice is ineffective if the property to be restrained is located outside of New York. Contrary to Wyo Tech's claim, a New York court may order a garnishee to "turn over out-of-state property." *Koehler v. Bank of Bermuda Ltd.*, 12 N.Y.3d 533, 541 (2009). So these restraining notices are proper and enforceable. Further, Wyo Tech also erroneously argues that the CWT Parties must use Arizona enforcement tools to restrain assets in Arizona, even though New York enforcement tools are equally available. This is not the law.

**Fourth**, Wyo Tech lacks standing to seek to stay or vacate restraining notices served on parties other than itself—including Dennis Danzik's wife and daughter—unless it concedes that it is the alter ego of the Danzik family and is merely operating for its benefit.

The Court should also deny Wyo Tech's request for leave to amend to add Inductance Energy Corporation—another Danzik-related entity—and assert new claims against the CWT Parties and their counsel.

**First**, Wyo Tech fails to attach its proposed amended pleading to this motion in violation of Local Rule 15.1(a). So neither the CWT Parties nor the Court can evaluate these proposed claims as pled.

**Second**, even if Wyo Tech attached its proposed amended pleading, amendment would be futile because this Court lacks personal jurisdiction over the CWT Parties. Indeed, in its December 19, 2018 decision dismissing Wyo Tech's crossclaims and purported third-party claims against the CWT Parties and their counsel, this Court held that it lacked personal jurisdiction over the CWT Parties because—while the CWT Parties and their counsel "committed the intentional act of causing a restraining notice to be

served on Wells Fargo"—this act was "not directed toward Arizona." Dkt. No. 94 at 10. As explained below, the same is true of the restraining notices of which Wyo Tech complains here.

*Third*, under Fed. R. Civ. P. 13(g), crossclaims in an interpleader case are allowed only to make claims against the interpleaded funds. But the claims that Wyo Tech proposes to add here relate to alleged damages arising from separate restraining notices served on separate garnishees. Thus, these crossclaims cannot be added under Fed. R. Civ. P. 13(g). And for the same reason, this Court lacks subject-matter jurisdiction over these proposed claims.

Moreover, this Court should deny Wyo Tech's request for reconsideration of this Court's December 19, 2018 order dismissing its claims against the CWT Parties and their counsel, since none of the allegedly new fact facts Wyo Tech raises were material to, *i.e.*, would have affected the outcome of, this Court's decision. Indeed, as explained below, this Court lacks personal jurisdiction over Wyo Tech's proposed claims related to service of these new restraining notices. And in any event, the CWT Parties' service of these new restraining notices does nothing to strengthen their previous contacts (or lack of contacts) with Arizona when they served the restraining notice on Wells Fargo that led to this interpleader action.

## STATEMENT OF FACTS

As this Court knows, on September 7, 2016, the court in the New York Action entered judgment in favor of the CWT Parties and against Dennis Danzik and his company, RDX Technologies Corporation, for $7,033,491.13 for their theft of millions of dollars of the CWT Parties' tax credits. *See* Dkt. No. 89-2. And as this Court also knows, on June 3, 2016, after a four-day hearing, the court in the New York action also held Danzik and RDX in criminal and civil contempt for their violation of court orders—

holding that Danzik is the "epitome of a recalcitrant, contemptuous, and incorrigible litigant," who "lie[d]," "deliberately did not disclose" relevant records, "coerced" a witness into "submitting false affidavits," and "perjured himself before a Canadian bankruptcy court." Dkt. No. 89-3 at 9-10, 12, 13. The New York court also issued a commitment order and arrest warrant for Danzik (Dkt. Nos. 89-4, 89-5). And while Danzik has fled New York and evaded arrest, if he returns, he will be imprisoned.

Danzik has refused to pay any portion of this judgment, and has moved heaven and earth to evade the CWT Parties' efforts to enforce it—including filing two bankruptcies that were both dismissed for, among other things, lack of good faith.

Thus, on February 8, 2019, the CWT Parties served restraining notices on, among others, Wilenchik & Bartness, P.C. and Beus Gilbert PLLC (Danzik's and his cronies' counsel); Elizabeth Danzik (Danzik's wife); Autumn and Jovahna Danzik (Danziks' daughters, at least one of whom is involved in Danzik's business); and Wyo Tech. Eilender Decl. ¶ 3; Dkt. Nos. 98-2-8. The CWT Parties served these restraining notices by certified mail in accordance with C.P.L.R. § 5222(a). *Id.* These restraining notices prohibited their recipients from (1) "mak[ing] or suffer[ing] any sale, assignment, or transfer of, or any interference with any property in which Judgment Debtors have an interest," and (2) "transfer[ing] any income, money, or money due or to become due to Judgment Debtors, or any other party or person having some relationship to Judgment Debtors—including making any payments on behalf of Judgment Debtors or to be utilized to satisfy the debts or expenses of Judgment debtors or for the benefit of Judgment Debtors." *See* Dkt. Nos. 98-2 at 4, 98-3 at 4, 98-4 at 4, 98-5 at 4, 98-6 at 4, 98-7 at 4, 98-8 at 4.

This type of broad restraint is proper under New York law. *See Ray v. Jama Prods., Inc.*, 74 A.D.2d 845, 845-46 (2nd Dep't 1980) (affirming contempt order for

-4-

violation of restraining notice when garnishee paid money to theatrical company for judgment debtor to perform at garnishee's restaurant because it was "clear that although the [judgment debtor] was not to receive the money directly, it was to be utilized to satisfy his debts and expenses," and so he derived the benefits thereof").

Further, on February 11, 2019, the CWT Parties served a restraining notice on a Bank of the West branch in New York, restraining any assets held in the name of Danzik, RDX, or any known Danzik entities—including Inductance Energy Corporation, which the evidence shows, among other things, has paid tens of thousands of dollars of Danzik's legal fees.[1] Eilender Decl. ¶ 4. Contrary to Wyo Tech's counsel's representation during the February 27, 2019 telephone hearing, we understand from Bank of the West's counsel that Bank of the West is fully complying with the restraining notice. *Id.* ¶ 5. But documents produced by Bank of the West show that Inductance moved hundreds of thousands of dollars out of its accounts shortly before Danzik's New York counsel disclosed these accounts to us in accordance with a New York subpoena, and so we understand that Bank of the West restrained only $1,009.83 in Inductance's accounts. *Id.*

## ARGUMENT

I. **THIS COURT SHOULD DENY WYO TECH'S REQUEST FOR AN INJUNCTION AND AN ORDER STAYING OR VACATING THE RESTRAINING NOTICES**

A. **Wyo Tech Must Move to Stay or Vacate the Restraining Notices in New York**

Under C.P.L.R. § 5222(b), a person served with a restraining notice is "forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest" except "upon direction of the sheriff or *pursuant to an order of the court*, until the judgment or order is satisfied or vacated."

---

[1] These restraining notices are referred to collectively as the "Restraining Notices."

But "the phrase 'an order of the court' in C.P.L.R. § 5222(b) refers ***only to the court out of which the restraining notice issued***." *CSX Transp., Inc.*, 879 F.3d at 471. Indeed, this is the "plain and unambiguous meaning of C.P.L.R. § 5222(b)," and in any event, "permitting a second court to dissolve a restraining notice issued out of the first court would injure the rights of creditors and threaten the first court's injunctive power." *Id.*

Here, the Restraining Notices were all issued out of the New York Action. Dkt. Nos. 98-2-7. So any motion to vacate or stay the Restraining Notices must be made before the ***New York court*** in the New York Action.

Further, if Wyo Tech and the other garnishees it purports to represent do not want to go to New York to challenge these restraining notices, they can do what any nondomiciliary defendant has the option to do when sued in a foreign jurisdiction—default, and when the CWT Parties seek to enforce a judgment against them based on their default, challenge domestication of the judgment on personal jurisdiction grounds. *See Otter Prod. LLC v. Custom Offshore Tackle LLC*, 2013 WL 815910, at *2 (C.D. Cal. Mar. 4, 2013) ("'The principle that a party may silently suffer a default judgment and later challenge personal jurisdiction is a foundational principle of federal jurisdictional law.'") (citation omitted). But they cannot seek to stay or vacate the restraining notices here.

### B.      The Anti-Injunction Act Prevents This Court From Staying or Vacating the Restraining Notices

Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

"The Supreme Court has confirmed what is facially apparent; the breadth of the

Act's prohibition is broad." *Bennett v. Medtronic, Inc*., 285 F.3d 801, 805 (9th Cir. 2002). And "'[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.'" *Id.* (citation omitted). Indeed, the Anti-Injunction Act restriction is "based upon considerations of federalism and speaks to a question of high public policy." *Negrete v. Allianz Life Ins. Co. of N. Am*., 523 F.3d 1091, 1100 (9th Cir. 2008). And so it is not a "minor revetment to be easily overcome," and is instead a "fortress which may only be penetrated through the portals that Congress has made available." *Id.*

"Although CPLR 5222(a) permits an attorney for the judgment creditor to issue a restraining notice without the court's involvement, it is legal process nonetheless." *Doubet, LLC v. Trustees of Columbia Univ. in City of New York*, 934 N.Y.S.2d 33 (Table), 2011 WL 2636259, at *10 (N.Y. Sup. Ct. July 6, 2011), *aff'd*, 99 A.D.3d 433 (N.Y. App. Div. 1st Dep't 2012). And "[l]ike any legal process, it is an assertion of the court's, and the state's, power." *Id.* Thus, the issuance of a New York restraining notice is a "proceeding[] in a State court" under the Anti-Injunction Act. *Pressman v. Neubardt*, 2002 WL 31780183, at *4 (S.D.N.Y. Dec. 12, 2002) (denying motion to enjoin judgment creditors' use of restraining notices to enforce New York state judgment because restraining notice is a "state court proceeding within the meaning of the Anti-Injunction Act").

Here, Wyo Tech asks this Court to "declar[e] that the Restraining Notices and Information Subpoenas are invalid and unenforceable" and "requir[e] the CWT Parties to obtain permission from this Court prior to attempting any future collection efforts on persons or entities other than the Judgment Debtors themselves." Dkt. No. 98 at 9. But granting this relief would require this Court to enjoin the New York State court judgment-

enforcement proceedings, and thus "impede the enforcement proceedings" related to a New York state judgment—which violates the Anti-Injunction Act. *See Pressman*, 2002 WL 31780183, at *4.

Further, the "limited exceptions" to the Anti-Injunction Act—express Congressional authorization, necessity in aid of a federal court's jurisdiction, and protection or effectuation of a federal court's judgments—do not apply here.

## C.   The CWT Parties May Use a New York Restraining Notice to Restrain Assets Outside of New York

Wyo Tech argues that the Restraining Notices are "invalid" because they "attempt to restrain funds and/or assets located outside of New York." Dkt. No. 98 at 5. According to Wyo Tech, it is "black letter law" that restraining notices are "ineffective if the property to be restrained is located outside of New York as restraining notices issued in connection with a New York proceeding does not reach property in other jurisdictions." *Id.* But Wyo Tech errs.

Contrary to Wyo Tech's claim, a New York court may order a garnishee to "turn over out-of-state property." *Koehler*, 12 N.Y.3d at 541; *see also Gryphon Domestic VI, LLC v. APP Int'l Fin. Co., B.V.*, 41 A.D.3d 25, 38 (N.Y. App. Div. 1st Dep't 2007) (New York court may compel person to turn over out-of-state assets); *Abuhamda v. Abuhamda*, 236 A.D.2d 290, 290 (N.Y. App. Div. 1st Dep't 1997) (affirming order requiring bank, "which engages in business in this State and is clearly subject to its jurisdiction," to "refrain from paying out funds that are currently in one of its accounts, albeit one not physically located in New York"); Dkt. No. 69 at 6 (this Court holding that "Wells Fargo had authority under New York law to comply with the Restraining Notice by freezing a bank account opened in Arizona").

The cases Wyo Tech cites (Dkt. No. 98 at 5) for its erroneous proposition are

inapposite, because they deal with attachment, not judgment enforcement. *See McCarthy v. Wachovia Bank, N.A.*, 759 F. Supp. 2d 265, 275 (E.D.N.Y. 2011) ("although '[i]t is well-established that, where personal jurisdiction is lacking, a New York court cannot attach property not within its jurisdiction,'" C.P.L.R. article 52 "'contains no express territorial limitation barring the entry of a turnover order that requires a garnishee to transfer money or property into New York from another state or country'"—so "'a court sitting in New York that has personal jurisdiction over a garnishee bank can order the bank to produce [property] located outside New York'") (citation omitted).

Wyo Tech also argues that a judgment creditor that "wishes to seize assets must use the procedural mechanisms available to seize assets in Arizona," and since "Arizona does not have the equivalent of a Restraint Notice," the Restraining Notices are unenforceable. Dkt. No. 98 at 6.

But Wyo Tech does not cite any authority for the proposition that a judgment creditor that has a judgment domesticated in Arizona and another state may use ***only*** Arizona enforcement tools—even if another state's enforcement tools are equally available to it under that other state's laws. Indeed, Arizona's version of the Uniform Enforcement of Foreign Judgments Act does not require this. *See* Ariz. Rev. Stat. Ann. § 12-1702 (foreign judgment "has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a superior court of this state and ***may*** be enforced or satisfied in like manner") (emphasis added).

Nor could this be the rule, because if it were, then all the New York decisions holding that a New York court can require a garnishee to "turn over out-of-state property" could not stand—at least for property in states that have adopted the Uniform Enforcement of Foreign Judgments Act.

Further, Judge Tuchi also recognized that this is not the law when he dismissed

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Wyo Tech's wrongful garnishment counterclaim against Wells Fargo, holding that "Wyo Tech does not cite a case in which a garnishee bank was liable ***under Arizona law*** for complying with an out-of-state garnishment notice served on an out-of-state branch, nor is the Court aware of one." Dkt. No. 69 at 6 (emphasis added).

### D. Wyo Tech Lacks Standing to Move to Stay or Vacate Restraining Notices Served on Others

"'Ordinarily, a party must assert his own legal rights and cannot rest his claim to relief on the legal rights of third parties.'" *E. Bay Sanctuary Covenant v. Trump*, 909 F.3d 1219, 1240 (9th Cir. 2018).

Wyo Tech asks this Court to declare that all the Restraining Notices are "invalid and unenforceable." Dkt. No. 98 at 3. But Wyo Tech cannot assert the rights of the other parties served with the Restraining Notices—which include Dennis Danzik's wife and daughter—unless it concedes that it is the alter ego of the Danzik family and is merely operating for its benefit.

And further, though there is an exception to the rule that a party may assert only its own rights when "(1) 'the party asserting the right has a close relationship with the person who possesses the right' and (2) 'there is a hindrance to the possessor's ability to protect his own interests'" (*E. Bay Sanctuary Covenant*, 909 F.3d at 1240), Wyo Tech makes no showing on either of these prongs for any of the other parties served with one of the Restraining Notices.

## II. THIS COURT SHOULD DENY WYO TECH'S REQUEST FOR LEAVE TO AMEND

While the Court should "freely give leave" to amend the pleadings under Fed. R. Civ. P. 15(a)(2), the Court should deny leave to amend when "amendment would be futile." *Lu v. Stanford Univ.*, 2019 WL 826564, at *1 (9th Cir. Feb. 21, 2019). And so leave to amend should be denied when the Court would lack jurisdiction over the

proposed amended claims. *See Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016) (leave to amend denied because proposed amended complaint "failed to allege a sufficient amount in controversy" to support subject-matter jurisdiction); *Gaines v. Gen. Motors, LLC*, 2018 WL 3752336, at *3 (S.D. Cal. Aug. 7, 2018) (leave to amend denied because there was "no basis for the Court to exercise personal jurisdiction over the proposed out-of state named plaintiffs' claims").

## A.   **Wyo Tech Fails to Attach Its Proposed Amended Pleading to This** <u>**Motion**</u>

Under Local Rule 15.1(a), "[a] party who moves for leave to amend a pleading must ***attach a copy of the proposed amended pleading*** as an exhibit to the motion, which must ***indicate in what respect it differs from the pleading which it amends***, by bracketing or striking through the text to be deleted and underlining the text to be added."

This Court "routinely denies amendment motions for failure to comply with LRCiv 15(a)." *Garcia v. Ryan*, 2016 WL 8201046, at *3 (D. Ariz. Dec. 20, 2016), *report and recommendation adopted*, 2017 WL 469024 (D. Ariz. Feb. 3, 2017). Indeed, a party's failure to attach a redline showing the differences between the original and the proposed amended pleading "significantly hinders the Court's ability to compare the original and proposed amended complaint." *Bivins v. Ryan*, 2013 WL 321847, at *4 (D. Ariz. Jan. 28, 2013) (denying motion for leave to amend for failure to comply with L.R. Civ. 15.1(a)).

Here, not only does Wyo Tech fail to attach a redline showing the changes it seeks to make to its pleading, but it does not even attach a proposed amended pleading at all. Instead, Wyo Tech merely states in its brief that it seeks to add claims "related to an additional recently sent Restraining Notice to it, and to add as an additional Plaintiff, Inductance Energy Corporation whose Bank of the West accounts were recently and improperly restrained by the CWT Parties use of an invalid and improper NY CPLR

§ 5222." Dkt. No. 98 at 8. But Wyo Tech does state what claims it, or Inductance, seeks to add—let alone what the factual and legal basis of these claims is. And so the CWT Parties cannot even attack the viability of Wyo Tech's proposed amended claims. Thus, this motion should be denied for this reason alone.

### B.   Amendment Would Be Futile Because This Court Lacks Personal Jurisdiction Over the CWT Parties

As this Court knows, to have personal jurisdiction over a nondomiciliary defendant, a plaintiff must show that a defendant's alleged actions were "***directed at Arizona***, not just at individuals who resided there." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1148-49 (9th Cir. Oct. 23, 2017) (emphasis added). Indeed, "[t]he proper question is ***not*** where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Nakanwagi v. Tenet Healthcare Corp.*, 2017 WL 394492, at *2 (D. Ariz. Jan. 30, 2017) (emphasis added) (citation omitted). Thus, the "proper focus of the inquiry is on" Defendants' contacts with Arizona, "not their alleged contacts with [Arizona] residents." *Neumann v. Lincoln Gen. Ins. Co.*, 2018 WL 2047556, at *1 (9th Cir. May 2, 2018).

Further, personal jurisdiction "cannot be based 'solely on a defendant's knowledge that the subject of his tortious activity resides in a particular state.'" *Taraska v. Everett*, 2016 WL 2940008, at *2 (D. Ariz. May 20, 2016) (citation omitted). And "effects in a forum State, even if foreseeable, are not sufficient for specific personal jurisdiction without some defendant-initiated contact with the State." *Carpenter v. All Am. Games*, 2017 WL 1090706, at *2 (D. Ariz. Mar. 23, 2017).

In its decision dismissing Wyo Tech's crossclaims and purported third-party claims against the CWT Parties and their counsel, this Court held that it lacked personal jurisdiction over the CWT Parties because—while the CWT Parties and their counsel

"committed the intentional act of causing a restraining notice to be served on Wells Fargo"— this act was "not directed toward Arizona." Dkt. No. 94 at 10. Specifically, this Court held that, because the restraining notice that restrained Wyo Tech's funds was "issued under *New York* law," was "in relation to a judgment obtained in *New York* state court," and was "served on a *New York* branch of Wells Fargo," the CWT Parties and their counsel "cannot be said to have 'expressly aimed' their conduct at Arizona"— regardless of where the harm was felt. *Id.*

This holding applies in exactly the same way here. Indeed, Wyo Tech states that it seeks to add claims based on an "additional recently sent Restraining Notice to it," and that it also seeks to add Inductance as an additional plaintiff based on restraining notices served on it and its accounts at Bank of the West. Dkt. No. 98 at 8-9. But just like the restraining notice the CWT Parties served on Wells Fargo (which led to this interpleader action), the restraining notices the CWT Parties recently served on Wyo Tech and Inductance were "issued under *New York* law," were "in relation to a judgment obtained in *New York* state court," and were served by mail to Wyo Tech's and Inductances's address in *Wyoming*. *See* Dkt. No. 98-4; Eilender Decl. ¶ 3, Ex. B. And the restraining notice served on Bank of the West was also "issued under *New York* law," was "in relation to a judgment obtained in *New York* state court," and was "served on a *New York* branch" of Bank of the West. Eilender Decl. ¶ 4, Ex. C.

Thus, the CWT Parties had no greater contacts with Arizona in serving these restraining notices than they did in serving the Wells Fargo restraining notice—which this Court held were "insufficient" for personal jurisdiction. *See* Dkt. No. 94 at 10. And that Wyo Tech and Inductance felt the harm of this action in Arizona is not enough for personal jurisdiction either. *See Carpenter*, 2017 WL 1090706, at *2 (allegation that defendant knew that his alleged tortious conduct would "result in Plaintiff suffering

significant injury in Arizona" insufficient under effects test); *Taraska*, 2016 WL 2940008, at *2 (plaintiff's affidavit stating that defendants knew he resided in Arizona when defendants defamed him "not enough" under effects test).

Further, while the CWT Parties served some of the other restraining notices attached to Wyo Tech's motion by mailing them to addresses in Arizona, this additional contact with Arizona is not enough for personal jurisdiction either. *See Coast Equities, LLC v. Right Buy Props., LLC*, 701 F. App'x 611, 613 (9th Cir. 2017) ("'sending of letters to the forum state [is] legally insufficient to enable the court to exercise personal jurisdiction over the non-resident defendant'") (alterations in original) (citation omitted).

Thus, the proposed amendment here would be futile, because this Court lacks personal jurisdiction over the CWT Parties concerning these claims. *See K.D. Capital Equip., LLC v. Burkhalter Rigging, Inc.*, 2012 WL 13026884, at *3 (D. Ariz. Nov. 19, 2012) (leave to amend denied when "Proposed Amended Complaint fails to establish this Court's personal jurisdiction over Defendants").

## C. Amendment Would Be Futile Because the Proposed Crossclaims Are Not Allowed Under Rule 13(g), and This Court Lacks Subject-Matter Jurisdiction Over Them

Under Fed. R. Civ. P. 13(g), a pleading may state as a crossclaim "any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action."

"In interpleader actions, crossclaims are generally permitted if they are asserted against the common fund or the subject of the main action," *i.e.*, the interpleaded funds. *State Farm Life Ins. Co. v. Cai*, 2010 WL 4628228, at *5 (N.D. Cal. Nov. 4, 2010). But crossclaims that "'concern[] matters unrelated to the fund or subject matter of the interpleader suit and [are] not against the common fund,' should be dismissed." *Id.*

(alterations in original) (citation omitted); *see also Hartford Cas. Ins. Co. v. Lexington Ins. Co.*, 2016 WL 1267801, at *3 (S.D.N.Y. Mar. 30, 2016) ("crossclaims are permissible "to attack [other interpleader defendants'] claims against the common fund, but *for no other purpose*") (alteration in original) (quoting *Allstate Ins. Co. v. McNeill*, 382 F. 2d 84, 87 (4th Cir. 1967)); *Ionian Corp. v. Country Mut. Ins. Corp.*, No. 03:10-CV-00199-HZ, 2015 WL 4464138, at *8 (D. Or. July 21, 2015) ("any crossclaim must arise out of or relate to" the interpleaded funds "under Rule 13(g)").

The proposed crossclaims here do *not* relate to the interpleaded funds, but instead relate to *separate* restraining notices served on *different* garnishees over *a year* later. And so they cannot be asserted in this interpleader action. *See Ionian Corp. v. Country Mut. Ins. Co.*, 836 F. Supp. 2d 1173, 1187 (D. Or. 2011) (dismissing crossclaim under Fed. R. Civ. P. 13(g) because crossclaim went "well beyond any claim to" the interpleaded funds).

Further, the Court in an interpleader action lacks subject-matter jurisdiction over crossclaims that do not relate to the interpleaded funds. *See Hartford Cas. Ins. Co.*, 2016 WL 1267801, at *3 ("independent tort claims fall outside the scope of jurisdiction under § 1335"). And this is true even if diversity jurisdiction would otherwise exist. *See id.* ("To the extent that diversity jurisdiction might exist, Delfino has the option to sue for breach of contract, or any other causes of action, in a separate federal action; it need not, and should not, do so here."). Thus, this Court lacks subject-matter jurisdiction over the proposed crossclaims here.

## III.   THIS COURT SHOULD DENY WYO TECH'S REQUEST FOR RECONSIDERATION OF THIS COURT'S ORDER DISMISSING WYO TECH'S CLAIMS AGAINST THE CWT PARTIES AND THEIR COUNSEL

Wyo Tech argues that, because the CWT Parties served the Restraining Notices, this Court should "reconsider its prior ruling that it lacked personal jurisdiction over the lawyer and law firm defendants as these numerous actions all aimed directly at companies

and individuals located in Arizona clearly constitute sufficient contacts with Arizona for this Court to exercise its jurisdiction over them. But Wyo Tech errs.

A motion for reconsideration of an interlocutory order, like here, will be granted only if (1) there are "material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence"; (2) there are "new *material* facts that happened after the Court's decision"; (3) there has been a "change in the law that was decided or enacted after the Court's decision"; or (4) the movant makes a "convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision." *Marquez v. Glendale Union High Sch. Dist.*, 2018 WL 6418540, at *3 (D. Ariz. Dec. 6, 2018) (emphasis added). The only of these prongs that even arguably applies here is that there are new material facts. But as explained below, these new facts are not "material."

*First*, as explained above, and contrary to Wyo Tech's argument (Dkt. No. 98 at 9), the CWT Parties' service (through their counsel) of the Restraining Notices is not enough to allow this Court to exercise personal jurisdiction over them. Indeed, while Wyo Tech argues that service of the Restraining Notices was "aimed directly at companies and individuals located in Arizona," Wyo Tech ignores that personal jurisdiction "cannot be based 'solely on a defendant's knowledge that the subject of his tortious activity resides in a particular state.'" *Taraska v. Everett*, 2016 WL 2940008, at *2 (citation omitted). Thus, these new facts—even if available when this Court dismissed Wyo Tech's claims against the CWT Parties and their counsel for lack of personal jurisdiction (Dkt. No. 94)—were not material, because they would not have affected the outcome of this Court's decision.

*Second*, even if service of the Restraining Notices gave rise to personal jurisdiction over the CWT Parties and their counsel (it didn't), this does not make the CWT Parties'

-16-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

and their counsel's contacts with Arizona when they served the restraining notice on Wells Fargo in New York any stronger. Indeed, "[p]ersonal jurisdiction must exist for *each claim* asserted against a defendant," and a plaintiff "may not create personal jurisdiction over one claim by arguing that jurisdiction might be proper over a different, hypothetical claim not before the court." *Picot v. Weston*, 780 F.3d 1206, 1215 n.3 (9th Cir. 2015). So Wyo Tech may not use the CWT Parties or their counsel's service of the Restraining Notices as a basis to impose personal jurisdiction over them for actions this Court already held were "insufficient." *See* Dkt. No. 94 at 10. Nor could this Court exercise pendent personal jurisdiction over the CWT Parties, since pendent personal jurisdiction applies only when all the claims "arise[] out of a common nucleus of operative facts"—which as explained above, they do not. *See Best W. Int'l Inc. v. I-70 Hotel Corp.*, 2012 WL 2952363, at *5 (D. Ariz. July 19, 2012). And so, again, these new facts were not material because they would not have affected the outcome of this Court's decision dismissing Wyo Tech's claims against the CWT Parties and their counsel.

## CONCLUSION

17
18
19
20
21

This Court should deny Wyo Tech's requests (1) to stay or vacate the Restraining Notices, (2) for leave to amend, and (3) that this Court reconsider its December 19, 2018 order dismissing Wyo Tech's claims against the CWT Parties and their counsel for lack of personal jurisdiction.

22
23
24
25
26
27
28

1    Dated: March 1, 2019
2            Phoenix, Arizona

3

4                                        Respectfully submitted,

5                                        **RYAN RAPP & UNDERWOOD, P.L.C.**

6                                        By:    /s/ Henk Taylor (016321)
7                                                J. Henk Taylor (016321)
                                                 3200 N. Central Ave., Suite 1600
8                                                Phoenix, Arizona 85012
                                                 Telephone: (602) 280-1000
9                                                Facsimile: (602) 265-1495
                                                 E-Mail: htaylor@rrulaw.com
10

11                                       **SCHLAM STONE & DOLAN LLP**

12
                                                 Jeffrey M. Eilender
13                                               Bradley J. Nash
                                                 Joshua Wurtzel
14                                               26 Broadway
                                                 New York, New York 10004
15                                               Telephone: (212) 344-5400
                                                 Facsimile: (212) 34407677
16                                               E-Mail: jeilender@schlamstone.com
                                                 E-Mail: bnash@schlamstone.com
17                                               E-Mail: jwurtzel@schlamstone.com
18

19                                       *Attorneys for Defendants CWT Canada II*
                                         *Limited Partnership, Resource Recovery*
20                                       *Corporation, and Jean Noelting*

21

22

23

24

25

26

27

28

                                         -18-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORIGINAL** e-filed and **COPIES**
e-mailed this 1st day of March
2019 as follows:

Dennis I. Wilenchik
David A. Timchak
**WILENCHIK & BARTNESS P.C.**
2810 North Third Street
Phoenix, AZ 85004
E-Mail: diw@wb-law.com
E-Mail: davidt@wb-law.com

Leo R. Beus
Timothy John Paris
**BEUS GILBERT PLLC**
701 North 44th Street
Phoenix, AZ 85008
E-Mail: lbeus@beusgilbert.com
E-Mail: tparis@beusgilbert.com

*Attorneys for Wyo Tech Investment
Group, LLC*

/s/ Henk Taylor
J. Henk Taylor