J. Henk Taylor (016321)
**RYAN RAPP & UNDERWOOD, P.L.C.**
3200 N. Central Ave, Suite 2250
Phoenix, Arizona 85012
Telephone: (602) 280-1000
Facsimile: (602) 265-1495
Email: htaylor@rrulaw.com

Jeffrey M. Eilender (*admitted pro hac vice*)
Bradley J. Nash (*admitted pro hac vice*)
Joshua Wurtzel (*admitted pro hac vice*)
**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, New York 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
E-Mail: jeilender@schlamstone.com
E-Mail: bnash@schlamstone.com
E-Mail: jwurtzel@schlamstone.com

*Attorneys for Defendants CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank, N.A.<br><br>Plaintiff,<br><br>v.<br><br>Wyo Tech Investment Group, LLC, CWT Canada II Limited Partnership, Resources Recovery Corporation, and Jean Noelting,<br><br>Defendants.<br><br>And related claims. | Case No.: 2:17-CV-04140-DWL<br><br>**DECLARATION OF JEFFREY M. EILENDER IN OPPOSITION TO DEFENDANT WYO TECH INVESTMENT GROUP, LLC'S MOTION TO ENJOIN AND FOR <u>LEAVE TO AMEND</u>** |

In accordance with 28 U.S.C. § 1746, **JEFFREY M. EILENDER**, declares, under the penalty of perjury, the following to be true and correct.

1. I am a member of Schlam Stone & Dolan LLP, co-counsel with Ryan Rapp & Underwood, P.L.C. for Defendants CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting (collectively, the "CWT Parties") in this action. I submit this declaration in opposition to Defendant Wyo Tech Investment Group, LLC's Emergency Motion to Enjoin CWT Parties from Attempts to Utilize New York Restraining Notices to Restrain Funds of Nondebtors and Nondebtor Assets Located Outside of New York and Motion to Amend Complaint, dated February 15, 2019 (Dkt. No. 98). Unless otherwise specified, the matters below are based on my personal knowledge, communications with other attorneys in my firm, and a review of my firm's files.

2. A copy of the transcript of the February 27, 2019 telephone hearing in this case is attached as Exhibit A.

3. On February 8, 2019, this firm served restraining notices on, among others, Wilenchik & Bartness, P.C. and Beus Gilbert PLLC (Danzik's and his cronies' counsel); Elizabeth Danzik (Danzik's wife); Autumn and Jovahna Danzik (Danziks' daughters, at least one of whom is involved in Danzik's business); and Wyo Tech. We served these restraining notices by certified mail in accordance with C.P.L.R. § 5222(a). The restraining notices we served on Wyo Tech and Inductance were mailed to their addresses in Wyoming. A copy of the restraining notice we served on Inductance is attached as Exhibit B.

4. On February 11, 2019, this firm served a restraining notice on a Bank of the West branch in New York, restraining any assets held in the name of Danzik, RDX, or any known Danzik entities—including Inductance Energy Corporation, which the

evidence shows, among other things, has paid tens of thousands of dollars of Danzik's legal fees. A copy of this restraining notice we served on Bank of the West is attached as Exhibit C.

5.   Contrary to Wyo Tech's counsel's representation during the February 27, 2019 telephone hearing, we understand from Bank of the West's counsel that Bank of the West is fully complying with this restraining notice. But documents produced by Bank of the West show that Inductance moved hundreds of thousands of dollars out of its accounts shortly before Danzik's New York counsel disclosed these accounts to us in accordance with a New York subpoena, and so we understand that Bank of the West restrained only $1,009.83 in Inductance's accounts.

Dated: March 1, 2019
      New York, New York

*/s/ Jeffrey Eilender*

JEFFREY M. EILENDER