Dennis I. Wilenchik, #005350
**WILENCHIK & BARTNESS PC**
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com

Leo R. Beus, #002687
**BEUS GILBERT PLLC**
701 North 44th Street
Phoenix, Arizona 85008
lbeus@beusgilbert.com
*Attorneys for Wyo Tech Investment Group, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank, N.A.,<br><br>    Plaintiff,<br>v.<br>WYO TECH Investment Group, LLC; CWT Canada II Limited Partnership; Resources Recovery Corporation; and Jean Noelting,<br><br>    Defendants. | Case No.: 2:17-CV-04140-DWL<br><br>**REPLY IN SUPPORT OF EMERGENCY MOTION (DOC. 98)**<br><br>**(Oral Argument Requested)** |
| WYO TECH Investment Group, LLC,<br><br>    Cross-Claimant,<br>v.<br>CWT Canada II Limited Partnership, Resources Recovery Corporation, and Jean Noelting,<br><br>    Cross-Claim Defendants. | |
| WYO TECH Investment Group, LLC,<br><br>    Third Party Plaintiff,<br>v.<br>Schlam Stone & Dolan, LLC, a New York Limited Liability Partnership; and Jeffrey M. Eilender,<br><br>    Third Party Defendants. | |

Wyo Tech Investment Group, LLC ("Wyo Tech"), hereby files this Reply in Support of its Emergency Motion (Doc. 98).  Due to the fact that the accounts causing the gravest concern at Bank of the West are no longer being restrained and those monies remaining restrained are limited to the point where it is not worth it in this proceeding to continue the time and expense of seeking emergency relief from this Court Wyo Tech is no longer seeking emergency intervention from this Court as requested in Doc. 98. As such, despite the fact that Wyo Tech does not agree with the contentions of the CWT Parties and they make numerous incorrect and erroneous legal and factual statements[1]—for example, claiming that a New York Restraining Notice is valid to restrain property outside of New York even as to individuals or entities for which New York does not have personal jurisdiction, *see e.g., McCarthy v. Wachovia Bank, N.A.,* 759 F. Supp. 2d 265, 275 (E.D.N.Y. 2011) ("a court sitting in New York **that has personal jurisdiction** over a garnishee bank can order the bank to produce [property] located outside of New York." (emphasis added)); *see also, Abuhamada v. Abuhamda,* 236 A.D.2d 290, 290 (N.Y. App. Div. 1st Dep't 1997) (a person "which engages in business in the State [of New York] **and is clearly subject to its jurisdiction** [may be compelled to] refrain from paying out funds that are currently in one of its accounts, albeit one not physically located in New York" (emphasis added))—Wyo Tech withdraws the portions of its motion (Doc. 98) that do not relate to its request that this Court reconsider its ruling regarding personal jurisdiction.  Nothing in this withdrawal should be construed as a waiver of any claims, arguments, or as having any effect on any other filings in this action, nor should it act as a ruling with prejudice from this Court.  Wyo Tech specifically reserves

---

[1] *See* **Exhibits D, F – H.**

1

its rights to bring these claims, arguments, or otherwise at a later time in either this or another court.[2]

As stated, Wyo Tech does not withdraw its request that this Court reconsider its prior ruling relating to its personal jurisdiction over the CWT Parties. As such, Wyo Tech files this limited Reply in relation to that issue only. This Reply is supported by the following Memorandum of Points and Authorities and all other filings in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

In continuing to contest personal jurisdiction, the CWT Parties miss the point entirely. The arguments they make relate only to specific jurisdiction and are, in reality, entirely irrelevant to the issue at hand. For example, their quotation of *Picot* ignores that their argument only has a relation to specific jurisdiction. In full, the *Picot* court stated:

> **Our specific jurisdiction inquiry** is limited to "the defendant's suit-related conduct." A plaintiff may not create personal jurisdiction over one claim by arguing that jurisdiction might be proper over a different, hypothetical claim not before the court.

*Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015) (internal citations omitted) (emphasis added). Rather, the new facts discovered by Wyo Tech, along with others described more fully herein, clearly establish that this Court, and in fact any Court in Arizona, has general personal jurisdiction over the CWT Parties and their attorneys.

Due Process requires that the nonresident defendant have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play

---

[2] Moreover, nothing in this withdrawal should be construed as effecting or otherwise prejudicing the current discovery dispute, supplemental briefing ordered by this Court in its Order (Doc. 109), or any argument made, or to be made, by Wyo Tech in this matter. To be clear, no concession of any kind is being made by the withdrawal of the portions of the Emergency Motion (Doc. 98) not related to Wyo Tech's request that this Court reconsider its ruling on the issue of personal jurisdiction over the CWT Parties; rather, the withdrawal of this portion of Doc. 98 is being made simply on the basis of a cost/reward analysis and should not be construed as prejudicing Wyo Tech in any way.

and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (internal citation omitted). There are two types of personal jurisdiction, general and specific. General jurisdiction exists where a non-resident defendant engages in substantial, continuous or systematic activities within the forum. *Perkins v. Benguet Consol. Mining, Co.,* 342 U.S. 437, 445, 72 S.Ct. 413, 96 L.Ed. 485 (1952). When a defendant has "substantial" or "continuous and systematic" contacts with the forum state, general jurisdiction is proper ***even if the cause of action is unrelated to the defendant's forum activities***. Here, the CWT Parties and their attorneys have numerous, continuous, and systematic contacts with Arizona such that an exercise of general jurisdiction by a Court sitting in Arizona is proper.

The CWT Parties have continually and consistently utilized the Courts in Arizona. For example, in Maricopa County Superior Court No. 2017-005401 the CWT Parties and their attorneys availed themselves to the Maricopa County Court to bring claims against Dennis Danzik, Elizabeth Danizk, and RDX Technologies. [Applications for Pro Hoc of Eilender, Nash, and Wurtzel in Maricopa County Superior Court No. 2017-005401 attached hereto as **Exhibit A**]. The same is true in this matter, as well as Arizona District Court Case No. 2:16-cv-00607 and Arizona District Court Case No. 2:16-cv-02577. [Docket Reports Showing Counsel and Party Designations for Arizona Districta Court Case No. 2:16-cv-00607 and Arizona District Court Case No. 2:16-cv-02577 attached hereto as **Exhibit B**]. The CWT Parties and their attorneys have sent Information and Restraining Notices—albeit invalid as they are—to at least the following seven (7) individuals and entities in Arizona: Dennis I. Wilenchik, Wilenchik & Bartness, Beus Gilbert, RDX Technologies, Autumn Danzik, Elizabeth Danzik, and Jovahna Danzik. [Relevant Pages of the aforementioned Restraining Notices and Information Subpoenas attached hereto as **Exhibit C**].

Moreover, Mr. Noelting has officed in Arizona and conducted several business meeting in Arizona. [Declaration of Anthony Ker, attached hereto as **Exhibit D** at ¶ 8; **Exhibit F** at ¶ 7 – 8]. In addition, Mr. Noelting and Mr. McFarlane attended RDX board meetings and contract

3

negotiation discussions on several occasions at the Scottsdale Plaza Resort. [**Exhibit D** at ¶ 9; **Exhibit F** at ¶ 9]. Furthermore, Mr. Noelting's daughter lives, works and resides in Arizona, whom he visits and stays with on a regular and recurring basis. [**Exhibit D** at ¶ 10; **Exhibit E**; **Exhibit D** at ¶ 10].

It is abundantly clear that this Court, and indeed any other Court in Arizona, has general personal jurisdiction over the CWT Parties and their attorneys. For example, in *Perkins* the Supreme Court of the United States found an Ohio court's exercise of general jurisdiction permissible where the president of the foreign defendant "maintained an office," "drew and distributed ... salary checks," used "two active bank accounts," "supervised ... the rehabilitation of the corporation's properties in the Philippines," and held "directors' meetings," in Ohio. 342 U.S., at 447–448, 72 S.Ct. 413. The same is true here, and as such, the exercise of personal jurisdiction over the CWT Parties and their attorneys is warranted. At a minimum, Wyo Tech should be allowed limited discovery relating to the CWT Parties and their attorneys' contacts with Arizona.

## CONCLUSION

For the foregoing reasons this Court should reconsider its previous decision regarding personal jurisdiction (Doc. 94) and find that there is personal jurisdiction over the CWT Parties and their attorneys and reverse this Court's ruling (Doc. 94) dismissing Wyo Tech's counterclaims and third party claims on the basis of lack of jurisdiction.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

**RESPECTFULLY SUBMITTED** March 8, 2019.

**WILENCHIK & BARTNESS, P.C.**
/s/ Dennis I. Wilenchik, Esq.
Dennis I. Wilenchik, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com

**BEUS GILBERT PLLC**
Leo R. Beus, Esq.
701 North 44th Street
Phoenix, Arizona 85008
lbeus@beusgilbert.com
*Attorneys for Wyo Tech Investment Group, LLC*

**ELECTRONICALLY FILED** March 8, 2019.

COPY served via CM/ECF System, which sends notification to all parties registered therein this 8th day of March, 2019.

/s/ Hilary Myers