Joshua Wurtzel
Associate

jwurtzel@schlamstone.com

SCHLAM STONE & DOLAN LLP

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

April 30, 2019

**BY ECF**

The Honorable Dominic W. Lanza
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 621
401 West Washington Street, SPC 46
Phoenix, Arizona 85003

Re:   *Wells Fargo Bank v. Wyo Tech Investment Group, LLC, et al.*, Case No. 2:17-cv-04140-DWL

Dear Judge Lanza:

This firm represents Defendants CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting (the "CWT Parties") in this action. In accordance with paragraph 7(a) of this Court's Amended Case Management Order (Dkt. No. 124), we write jointly with counsel for Defendant Wyo Tech Investment Group, LLC to raise a dispute concerning Wyo Tech's failure to produce documents responsive, or serve written responses, to the document requests and interrogatories we served on it on February 3, 2019—copies of which are attached as Exhibits A and B.

Also in accordance with paragraph 7(a) of this Court's Amended Case Management Order (Dkt. No. 124) and Rule 7.2(j) of the Rules of Practice of the U.S. District Court for the District of Arizona, counsel for the CWT Parties and Wyo Tech jointly certify that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve this matter.

**The CWT Parties' Position**

On February 3, 2019, we served document requests and interrogatories on Wyo Tech, responses to both of which were due on March 5, 2019. *See* Exs. A, B.

On March 1, 2019, Wyo Tech asked for an extension of time to respond to the CWT Parties' document requests and interrogatories to April 1, 2019—to which the CWT Parties agreed, with the understanding that this meant that the fact-discovery deadline would likely need to be extended.

The Honorable Dominic W. Lanza
April 30, 2019
Page 2 of 5

On March 29, 2019, Wyo Tech asked for another extension of time to respond to the CWT Parties' document requests and interrogatories to April 5, 2019—to which the CWT Parties again agreed as a courtesy to Wyo Tech's counsel, and since they requested only a few extra days. Ex. C. But on April 5, Wyo Tech did not produce any documents, nor did it serve any responses to the CWT Parties' document requests or interrogatories.

On April 8, 2019, the CWT Parties asked Wyo Tech about the status of its production and interrogatory responses. Ex. D.

On April 9, 2019, this Court held that the CWT Parties are "entitled to conduct discovery in this interpleader action" (Dkt. No. 119 at 2)—though critically, this Court had not entered any order staying discovery during the pendency of the various motions this Court resolved in its April 9 order.

On April 10, 2019, the CWT Parties again followed up with Wyo Tech about the status of its document production and interrogatory responses. Ex. D.

On April 15, 2019, the CWT Parties' and Wyo Tech's counsel had a telephonic meet and confer, during which Wyo Tech agreed to produce documents responsive, and serve written responses, to the CWT Parties' document requests and interrogatories by April 22, 2019. But again on April 22, Wyo Tech did not produce any documents, nor did it serve any responses to the CWT Parties' document requests or interrogatories.

On April 23, 2019, the CWT Parties again followed up with Wyo Tech, again asking the status of Wyo Tech's document production and interrogatory responses. Ex. E. On April 24, 2019, getting no response, the CWT Parties followed up again. *Id.* To this follow up, Wyo Tech's counsel responded that Wyo Tech would make a production and serve written responses to these discovery demands on April 25, 2019. *Id.* But again on April 25, Wyo Tech did not produce any documents, nor did it serve any responses to the CWT Parties' document requests or interrogatories. Instead, Wyo Tech merely sent a draft confidentiality order with a cover e-mail stating that they are "completing the Discovery Responses but wanted to address the protective order first." Ex. F. The CWT Parties' counsel responded with comments to the draft protective order later that evening, but explained that Wyo Tech's document production and interrogatory responses were overdue by several weeks, and negotiations over a confidentiality order—a draft of which Wyo Tech waited to send to us until the evening of April 25 (the date by which it promised a production)—would not delay Wyo Tech's obligation to produce responsive documents and serve interrogatory responses. *Id.*

The Honorable Dominic W. Lanza
April 30, 2019
Page 3 of 5

Wyo Tech has been attempting to avoid producing discovery in this case for almost as long as this case has been pending. And now that this Court held that the CWT Parties are entitled to discovery, Wyo Tech continues to refuse to produce discovery—and is merely attempting to string us along by promising productions and responses that never come. Indeed, Wyo Tech argues below that the CWT Parties' discovery demands are overbroad and do not relate to the interpleaded funds. While this is false, the proper scope of the CWT Parties' discovery demands is not even before this Court, because almost *three months* after serving these demands, Wyo Tech *still has not responded to them*.

Thus, given Wyo Tech's months-long delay in producing any documents responsive, or written responses, to the CWT Parties' document requests and interrogatories, this Court should (1) order Wyo Tech to produce all nonprivileged documents responsive to the CWT Parties' document requests within one business day of entry of this Court's order, and (2) hold that any objections to the CWT Parties' document requests and interrogatories are waived based on Wyo Tech's failure to timely assert them. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); *All. Labs, LLC v. Stratus Pharm., Inc.*, 2013 WL 12107463, at *3 (D. Ariz. Sept. 17, 2013) ("By refusing to respond, defendant waived any objections it might have had to the discovery requests.").

Further, this Court should also (3) under Fed. R. Civ. P.37(a)(5)(A), after giving it an opportunity to be heard, require Wyo Tech and its counsel to pay the CWT Parties' reasonable expenses incurred in making this application; and (4) grant the CWT Parties leave to move to strike Wyo Tech's answer to the interpleader complaint and seek a default judgment awarding them the interpleaded funds if Wyo Tech fails to comply with this order.

Sincerely,

*Joshua Wurtzel*

Joshua Wurtzel

**Wyo Tech's Position**

As an initial matter, Wyo Tech objects to the CWT Parties' violation of paragraph 7(a) of the Court's Amended Case Management Order (Dkt. No. 124) which states that the written summary of the dispute is "not to exceed two pages, with explanation of the position taken by each party …." Here, the CWT Parties have filled nearly three (3) pages with their

The Honorable Dominic W. Lanza
April 30, 2019
Page 4 of 5

mischaracterizations of the facts while avoiding the real issue at the heart of this dispute: namely, whether the CWT Parties can treat this lawsuit, as Mr. Wurtzel recently stated in an email, as "functionally a post-judgment suit" and demand production of a vast amount of information and documents from non-debtor individuals and entities (such as Wyo Tech) that has absolutely no connection to the interpleaded funds. CWT is trying to treat Wyo Tech as if it is directly responsible for satisfying the entire judgment CWT is trying to enforce; even though CWT does not have a scintilla of evidence of any fraudulent conveyance or alter ego with respect to Wyo Tech. CWT's self-serving, unsubstantiated allegations and bare speculation do not give it grounds to treat Wyo Tech as an alter ego of the judgment debtors or as a fraudulent conveyee. Yet that is precisely what CWT is doing. Even worse, CWT has the temerity to act as though Wyo Tech bears the burden of proving the negative; i.e., that CWT's outlandish assertions are all untrue. That is not the way our system of jurisprudence operates and CWT needs to be reminded of that fact and reined in by the Court.

Prior to the Court's ruling on Wyo Tech's motions on April 9, 2019, Wyo Tech had expressly and implicitly objected to the impropriety of CWT's attempts to conduct a *de facto* judgment debtor exam on Wyo Tech through written discovery. Since the Court ruled on those motions and said CWT is entitled to discovery—which, contrary to opposing counsel's skewed interpretation, does not give CWT the right to demand whatever it wants from whomever it wants—Wyo Tech has been attempting, in good faith, to produce those documents it believes are actually relevent to the central issue in this case: i.e., whether any of the interpleaded funds belong to the judgment debtors. That effort, however, was hampered by the unexpected departure of the associate attorney previously on this case, which forced undersigned counsel to come up to speed on not only this case, but several other complex litigation matters in a very short period of time. The Responses to CWT's discovery requests have now been completed and will be served on CWT's counsel once they are signed.

Wyo Tech, however, is not willing to simply turn over sensitive company records to opposing counsel without a Protective Order in place. To that end, a proposed, standard Protective Order was provided to CWT's counsel, but was rejected and CWT has essentially stated that it will not agreed to any meaningful constraints on its use of whatever information or documents are produced by Wyo Tech, including using those materials in other lawsuits and bankruptcy proceedings. This is completely unreasonable and unacceptable. Therefore, the Court's involvment is required to craft an appropriate Protective Order.

Wyo Tech also has numerous, legitimate objections to CWT's interrogatories, virtually all of which are grotesquely overbroad in that they seek information which is completely irrelevant to this case. Those objections have never been waived by Wyo Tech and Wyo Tech asks the Court to review those objections and place appropriate constraints on the CWT Parties' abuses of discovery in this action.

Sincerely,

[signature]

The Honorable Dominic W. Lanza
April 30, 2019
Page 5 of 5


Tyler Q. Swensen
cc:     All counsel of record (by ECF)