J. Henk Taylor (016321)
**RYAN RAPP & UNDERWOOD, P.L.C.**
3200 N. Central Ave, Suite 2250
Phoenix, Arizona 85012
Telephone: (602) 280-1000
Facsimile: (602) 265-1495
Email: htaylor@rrulaw.com

Jeffrey M. Eilender (*admitted pro hac vice*)
Bradley J. Nash (*admitted pro hac vice*)
Joshua Wurtzel (*admitted pro hac vice*)
**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, New York 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
E-Mail: jeilender@schlamstone.com
E-Mail: bnash@schlamstone.com
E-Mail: jwurtzel@schlamstone.com

*Attorneys for Defendants CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Wells Fargo Bank, N.A.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Wyo Tech Investment Group, LLC, CWT Canada II Limited Partnership, Resources Recovery Corporation, and Jean Noelting,<br><br>　　　　　Defendants.<br><br>And related claims. | Case No.: 2:17-CV-04140-DWL<br><br>**CWT PARTIES' MOTION FOR AN ORDER TO SHOW CAUSE**<br><br>**Oral Argument Requested** |

# **TABLE OF CONTENTS**

**Page**

ARGUMENT ............................................................................................................. 1

CONCLUSION ........................................................................................................ 4

Defendants CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting (collectively, the "CWT Parties") move the Court for entry of an order to show cause why nonparties Wilenchik & Bartness, P.C. ("Wilenchik") and Beus Gilbert PLLC ("Beus Gilbert")—counsel for Defendant Wyo Tech Investment Group, LLC—should not be held in contempt for their failure to produce the documents requested in the CWT Parties' February 11, 2019 subpoenas in accordance with this Court's April 9, 2019 order (Dkt. No. 119). This motion is supported by the following memorandum of points and authorities and the Declaration of Joshua Wurtzel.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **ARGUMENT**

On February 11, 2019, the CWT Parties served Wilenchik and Beus Gilbert with identical subpoenas seeking documents sufficient to show all payments—including date, amount, and source account—made to Wilenchik and Beus Gilbert by Wyo Tech and Inductance Energy Corporation (another Danzik-related entity formed using Wyo Tech money), as well as documents sufficient to show the clients on whose behalf and matters for which these payments were made. Dkt. No. 101 at 7-16; Wurtzel Decl. ¶ 2, Exs. A-C.

Wilenchik objected to this subpoena on relevance grounds, and as this Court knows, on February 25, 2019, the CWT Parties and Wilenchik submitted a joint letter requesting a hearing to resolve this dispute. Dkt. No. 101. In this joint letter, the CWT Parties argued that both Wilenchik and Beus Gilbert should be ordered to produce documents in accordance with the subpoena. *Id.* at 2.

On February 27, 2019, this Court held a phone hearing on this issue, and took the CWT Parties' motion under advisement. Dkt. No. 103. And on March 5, 2019, this Court ordered the parties to submit supplemental briefs regarding three legal issues that this Court held were critical to this discovery dispute and which were "intertwined with

broader unresolved issues in the case." Dkt. No. 109 at 1.

On March 25, 2019, the parties submitted supplemental briefing regarding these three issues. Dkt. Nos. 113-14. On April 8, 2019, this Court heard oral argument on, among other things, these three issues. Dkt. No. 118. And at the end of this oral argument, this Court asked Wilenchik, "If I end up ruling against you and agreeing to enforce the subpoenas, will two weeks be enough to comply?"—to which the attorney arguing this motion for Wilenchik stated: "As I stated earlier, Mr. Wilenchik, the partner, is returning on Thursday. If two-and-a-half weeks or pushing back to the end of the third week, I think that would be better, because he's been gone for the better part of a month now and there's 1,000 things on the partner's desk that are going to have to be dealt with. . . . That's if you see it in your wisdom to do that, then three weeks would be preferable." Wurtzel Decl. Ex. D at 41:19-42:5.

On April 9, 2019, this Court ruled for the CWT Parties on the three issues that were the subject of the supplemental briefing, overruled Wilenchik's and Beus Gilbert's objections to the subpoenas served on them, and ordered Wilenchik and Beus Gilbert to "produce the documents requested by the subpoenas by April 26, 2019." Dkt. No. 119 at 19.

Despite this order and Wilenchik's agreement to comply with an order to produce these documents by this deadline, Wilenchik and Beus Gilbert have failed to produce any documents in response to the subpoenas. Wurtzel Decl. ¶ 5. Nor have they asked for additional time to do so. *Id.* Thus, Wilenchik and Beus Gilbert have deliberately and without excuse failed to comply with this Court's April 9 order.

Civil contempt "'consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir.

2014) (citation omitted). Indeed, civil contempt is "'characterized by the court's desire to compel obedience to a court order or to compensate the contemnor's adversary for the injuries which result from the noncompliance.'" *United States v. Bright*, 596 F.3d 683, 695-96 (9th Cir. 2010) (citation omitted).

The party alleging civil contempt must show that the alleged contemnor violated the court's order by clear and convincing evidence. *Inst. of Cetacean Research*, 774 F.3d at 945. And "[g]iven the remedial purpose of the sanction, a finding of contempt must be accompanied by conditions by which contempt may be purged, spelled out in either the original order or the contempt order." *Bright*, 596 F.3d at 696. And "although the district court generally must impose the minimum sanction necessary to secure compliance, the district court retains discretion to establish appropriate sanctions." *Id.* (citation omitted).

Further, this Court may hold a nonparty in contempt for failure, without "adequate excuse," to obey a subpoena or an order related to it. Fed. R. Civ. P. 45(g). *See Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1224 (9th Cir. 2018) (court may hold deponent in contempt under Rule 45(g) for "fail[ure] without adequate excuse to obey the subpoena or an order related to it") (citation omitted).

Here, there is no dispute that Wilenchik and Beus Gilbert were served with the subpoenas. *See* Wurtzel Decl. Exs. B, C. And Wilenchik and Beus Gilbert both participated in extensive briefing before this Court concerning the subpoenas—making clear that they knew about these subpoenas and their obligations to respond if the Court overruled their objections. *See* Dkt. Nos. 101, 113. And Wilenchik and Beus Gilbert represented that they could comply with the subpoenas within two and a half weeks, if this Court ordered them to. Wurtzel Decl. Ex. D at 41:19-42:5.

As this Court knows, on April 9, this Court ordered Wilenchik and Beus Gilbert to produce the documents requested by the subpoenas by April 26—which was two and a

half weeks later. Dkt. No. 119. And Wilenchik and Beus Gilbert indisputably got notice of this order, since they are both registered on ECF as counsel of record for Wyo Tech in this case. But as explained above, Wilenchik and Beus Gilbert have not produced any documents in response to the subpoenas. Wurtzel Decl. ¶ 5.

Wilenchik and Beus Gilbert have no excuse for their failure to produce the documents requested by the subpoenas by April 26—and certainly no excuse for their failure to produce these documents since then. To the contrary, Wilenchik's and Beus Gilbert's failure to produce these documents is in deliberate disobedience of this Court's April 9 order. And given Wilenchik's and Beus Gilbert's complete disregard of this Court's order, this Court should hold Wilenchik and Beus Gilbert in civil contempt, order them to pay the CWT Parties' legal fees incurred in making this motion, and further order them to pay the CWT Parties $500 per day from April 27 through the date they fully comply with this Court's April 9 order by producing all documents requested by the subpoenas. *See Bright*, 596 F.3d at 696 (upholding $500 daily fine and payment of party's costs as contempt sanction).

**CONCLUSION**

This Court should issue an order to show cause why Wilenchik and Beus Gilbert should not be held in civil contempt, ordered to pay the CWT Parties' legal fees incurred in making this motion, and further ordered to pay the CWT Parties $500 per day from April 27 through the date they fully comply with this Court's April 9 order by producing all documents requested by the subpoenas.

Dated: May 13, 2019
      Phoenix, Arizona

Respectfully submitted,

**RYAN RAPP & UNDERWOOD, P.L.C.**

By:   /s/ Henk Taylor (016321)
       J. Henk Taylor (016321)
       3200 N. Central Ave., Suite 1600
       Phoenix, Arizona 85012
       Telephone: (602) 280-1000
       Facsimile: (602) 265-1495
       E-Mail: htaylor@rrulaw.com

**SCHLAM STONE & DOLAN LLP**

Jeffrey M. Eilender (*admitted pro hac vice*)
Bradley J. Nash (*admitted pro hac vice*)
Joshua Wurtzel (*admitted pro hac vice*)
26 Broadway
New York, New York 10004
Telephone: (212) 344-5400
Facsimile: (212) 34407677
E-Mail: jeilender@schlamstone.com
E-Mail: bnash@schlamstone.com
E-Mail: jwurtzel@schlamstone.com

*Attorneys for Defendants CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting*

**ORIGINAL** e-filed and **COPIES** e-mailed this 13th day of May 2019 as follows:

Dennis I. Wilenchik
**WILENCHIK & BARTNESS P.C.**
2810 North Third Street
Phoenix, AZ 85004
E-Mail: diw@wb-law.com

Leo R. Beus
**BEUS GILBERT PLLC**
701 North 44th Street
Phoenix, AZ 85008
E-Mail: lbeus@beusgilbert.com

*Attorneys for Wyo Tech Investment Group, LLC*


/s/ Henk Taylor
J. Henk Taylor