Dennis I. Wilenchik, #005350
**WILENCHIK & BARTNESS PC**
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com

Leo R. Beus, #002687
**BEUS GILBERT PLLC**
701 North 44th Street
Phoenix, Arizona 85008
lbeus@beusgilbert.com
*Attorneys for Wyo Tech Investment Group, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Wells Fargo Bank, N.A.,** | **Case No.: 2:17-CV-04140-DWL** |
| **Plaintiff,** | **RESPONSE TO CWT PARTIES' MOTION FOR AN ORDER TO SHOW CAUSE** |
| **v.** | |
| **Wyo Tech Investment Group, LLC; CWT Canada II Limited Partnership; Resources Recovery Corporation; and Jean Noelting,** | **(Oral Argument Requested)** |
| **Defendants.** | |

Counsel for Defendant Wyo Tech Investment Group, Wilenchik & Bartness, P.C. ("WB") and Beus Gilbert, PLLC ("BG"), hereby respond and object to the CWT Parties' Motion for an Order to Show Cause ("Motion for OSC"), which was filed on May 13, 2019 by the CWT Parties ("CWT") and ask the Court to reject and deny the Motion for OSC on the following grounds: (i) the Motion for OSC is a discovery motion that was filed in direct violation of Rule 7.2(j) of the Local Rules of Practice for the District of Arizona ("Local Rules") without any prior attempt to discuss WB's and BG's alleged failure to comply with the Court's Order dated April 9, 2019 ("Order"); (ii) contrary to the CWT's assertions, WB and BG attempted to comply in good faith with the Order by preparing Responses to CWT's subpoenas on April 26, 2019; (iii) WB and BG believed those Responses had been forwarded to CWT's counsel on April 26, 2019 and since WB and BG received no objection (indeed, no reaction whatsoever) from CWT's counsel regarding

those Responses, WB and BG assumed their Responses had been accepted by CWT and the discovery dispute over the subpoenas had been resolved; (iv) only when WB and BG received the Motion for OSC on May 13, 2019 did they learn that those Responses had not been delivered to CWT's counsel on April 26, 2019; and (v) since discovering this inadvertent oversight, WB and BG have not only provided their April 26, 2019 Responses to CWT's counsel, they have addressed CWT's objections thereto by supplementing those original Responses with documents related to payments received by WB from Wyo Tech and Inductance, including copies of checks that were forwarded to CWT's counsel today.[1]   There has been no deliberate attempt by either WB or BG to flout the Order.  Therefore, the Motion for OSC should be denied.  This Response is supported by the following Memorandum of Points and Authorities and the Declaration of Victoria Stevens attached hereto as **Exhibit A**.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

Since the inception of this case, CWT has constantly made speculative and misleading assertions—without any proof—that, among other things, Dennis Danzik is "a former principal of Wyo Tech" and that Inductance is a "Danzik-related entity."  CWT has taken this tack to justify its transparent attempts to treat this case as if it were merely a "post-judgment proceeding." CWT continues to behave as if its circular reasoning and bootstrapping arguments are unassailable when in reality CWT's entire theory of its case is a flimsy house of cards made up of assumptions stacked upon speculations and conjectures, all resting on the bogus assertion (i.e., the "big lie")

---

[1]   In their April 26, 2019 Responses, both WB and BG objected to CWT's demand for evidence of payments received after October 18, 2017—the date the interpleaded funds were frozen by Wells Fargo.  It remains WB's position that any funds received by WB from Wyo Tech or Inductance after that date cannot possibly have any even theoretical relevance to the core question of whether any portion of the interpleaded funds at issue in this action are the property of Dennis Danzik, since those funds have been used exclusively to pay for WB's services in representing Wyo Tech in this action or representing Danzik Applied Sciences—a company in which Mr. Danzik has no ownership interest—in another case.

1   that Wyo Tech and Inductance may be treated as alter egos of Mr. Danzik without CWT having

2   even made a *prima facie* case for such a claim.  In keeping with that approach, CWT is now

3   alleging—again without proof and without its counsel having even bothered to first contact WB

4   or BG—that both of these highly-respected and reputable firms should be held in contempt and

5   sanctioned.  Enough is enough.  There is no "grand conspiracy" here and the Court should not

6   allow itself to be taken in by CWT's unsubstantiated rhetoric and bluster or its disregard for the

7   Local Rules of Practice.

8   **II.     ARGUMENT**

9       **A.     The Motion for OSC Violates Local Rule 7.2(j)**

10          The Motion for OSC clearly qualifies as a "discovery motion" since CWT is seeking

11  sanctions against WB and BG for their alleged failure to respond to CWT's subpoenas.  By CWT's

12  own admission, even if the Court were to grant its motion and find WB and BG in contempt, such

13  a finding would have to include "conditions by which [that] contempt may be purged" and

14  imposition of "the minimum sanction necessary to secure compliance…."  [Motion for OSC, p.3,

15  *citing United States v. Bright*, 596 F.3d 683, 695-96 (9th Cir. 2010)].  In other words, CWT's

16  Motion for OSC asks the Court to compel WB and GB to produce certain documents on threat of

17  sanction.  That is the very definition of a "discovery motion" to which 7.2(j) of the Local Rules

18  of Practice for the District of Arizona applies.  That rule states:

19                  No discovery motion will be considered or decided unless a statement
                    of moving counsel is attached thereto certifying that after personal
20                  consultation and sincere efforts to do so, counsel have been unable to
                    satisfactorily resolve the matter.
21

22  Here, there is no such statement attached to the Motion for OSC because there was no personal

23  consultation and no effort made by CWT's counsel (let alone a "sincere effort") to give WB or

24  BG notice that CWT had received no responses to the subpoenas on April 26, 2019.  On that basis

25  alone, the Motion for OSC must be denied.

26

As stated by Ms. Victoria Stevens in **Exhibit A**, WB's and BG's subpoena responses were prepared and finalized on April 26, 2019, and everyone involved with that process at WB and BG believed those responses had been forwarded to CWT's counsel that same day.  Therefore, when they heard nothing from CWT about those responses, WB and BG reasonably assumed that the responses to the subpoenas had been received and accepted by CWT without objection.  Had CWT's counsel simply made a phone call or sent an email asking, "Where are your subpoena responses?"; WB and BG would have immediately cured their unrecognized failure to transmit the responses and would have also addressed any objections CWT might have had to those initial responses.  Instead, CWT chose to remain mum for over two (2) weeks.

Thus, it came as a complete shock when CWT launched its surprise attack on May 13, 2019 in the form of its Motion for OSC, since this was the first time CWT claimed WB and BG's responses were deficient.  Upon receiving the Motion for OSC, WB and BG immediately contacted CWT's counsel to point out that the firms had responded to the subpoenas and asked CWT to withdraw its Motion for OSC.  CWT refused, claiming that WB and BG had violated the Court's Order by failing to produce any documents.  In response, WB and BG supplemented their original responses—the former by producing all relevant documents and the latter by making it clear that it has no responsive documents whatsoever.  In so doing, WB and BG have rendered the Motion for OSC entirely moot.

The back-and-forth communication and actions by WB and BG, as described above, amply illustrate why Rule 7.2(j) exists.  Had CWT complied with that rule instead of improperly jumping the gun by filing the Motion for OSC without any attempt to first resolve the situation through consultation, there would have been no need for any motion practice at all and there is no need or reason for the Motion for OSC to even be heard.  It should simply be denied.  But even if the Court were to consider the Motion for OSC, the result would be the same since CWT has failed to establish that WB and BG deserve to be held in contempt or sanctioned.

**B.      WB and BG Did Not Deliberately Flout the Court's Order[2]**

Wyo Tech and WB have consistently maintained that the only relevant events or acts related to the interpleaded funds are those that occurred up to, but not beyond, the point in time when the restraining notice was issued.  The basis for this argument was previously set forth by Wyo Tech and WB, but unfortunately rejected by the Court.   However, WB was prepared to ask the Court to reconsider that argument after WB reviewed its records and determined that none of the funds it has received from Wyo Tech or Inductance have ever been used to pay for attorneys' fees incurred by Dennis Danzik.  Those funds have been used exclusively to pay for work done by WB on behalf of Wyo Tech, Inductance and Danzik Applied Sciences, LLC ("DAS"), an entity associated solely with Elizabeth Danzik, not Dennis Danzik.  As such, those records are simply not relevant to anything.  However, as it turned out—at least in WB's view based on its belief that its response to the CWT subpoena had been received and not objected to—there appeared to be no need to re-raise the issue with the Court.

Since then, the time to file a motion for reconsideration of the Order has long since run.  Therefore, once the issue about the temporal scope of responsive documents was raised by CWT's counsel in recent discussions with undersigned counsel, WB chose to concede on that point and produce all documents responsive to the subpoena for the entire time period defined therein.  Most of those documents were provided to CWT's counsel yesterday and by the time the Court reads this Response, WB will have provided CWT with all remaining records in its possession showing payments received from Wyo Tech and Inductance and how those funds have been applied to various client matters—none of which involved legal work on behalf of Dennis Danzik.

It has never been WB's or BG's intention to disregard or disrespect the Court's Order as the circumstances described above clearly show.  What happened in this situation was the result

---

[2]  The remainder of this Response is limited specifically to WB's responses to the subpoena from CWT, since BG has never received any funds from either Wyo Tech or Inductance and therefore has no documents in its possession responsive to the CWT subpoena whatsoever.

of excusable neglect by WB and its ignorance of the fact that the responses prepared on April 26, 2019 did not get transmitted to CWT.  There is simply no clear and convincing evidence that WB or BG willfully flouted the Court's authority in this situation.  Therefore, CWT's request for sanctions and a finding of civil contempt must be denied.

## III.    CONCLUSION

For all the foregoing reasons the Motion for OSC should be denied and no sanctions imposed on WB.  For its part, WB is not seeking the imposition of sanctions on counsel for CWT for their violation of Local Rule 7.2(j), even though the Court could clearly impose such sanctions if it chose to.[3]

**RESPECTFULLY SUBMITTED** May 15, 2019.

**WILENCHIK & BARTNESS, P.C.**

s/ Dennis I. Wilenchik, Esq.
Dennis I. Wilenchik, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com

**BEUS GILBERT PLLC**
Leo R. Beus, Esq.
701 North 44th Street
Phoenix, Arizona 85008
lbeus@beusgilbert.com
*Attorneys for Wyo Tech Investment Group, LLC*

---

[3] "Any discovery motion brought before the Court without prior personal consultation with the other party and a sincere effort to resolve the matter, **may result in sanctions**."  Rule 7.2(j), Local Rules of Practice for the District of Arizona (emphasis added).

6

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2019, the foregoing document was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the individuals registered.

*By: s/  Tyler Q. Swensen*

# EXHIBIT A



Dennis I. Wilenchik, #005350
**WILENCHIK & BARTNESS PC**
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com

Leo R. Beus, #002687
**BEUS GILBERT PLLC**
701 North 44th Street
Phoenix, Arizona 85008
lbeus@beusgilbert.com
*Attorneys for Wyo Tech Investment Group, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Wells Fargo Bank, N.A.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Wyo Tech Investment Group, LLC; CWT Canada II Limited Partnership; Resources Recovery Corporation; and Jean Noelting,**<br><br>**Defendants.** | **Case No.: 2:17-CV-04140-DWL**<br><br>**DECLARATION OF VICTORIA M. STEVENS**<br><br>**(Oral Argument Requested)** |

Victoria M. Stevens, declares under penalty of perjury, as follows:

1. I am the Senior Paralegal at Wilenchik & Bartness and am assigned to the above-captioned matter.

2. Under the supervision of Counsel Dennis I. Wilenchik, Tyler Q. Swensen, and Chase R. Turrentine, I completed and revised the final version of the Responses to the Subpoenas duces Tecums for Beus Gilbert and Wilenchik & Bartness, P.C.

3. On April 26, 2019, I worked with Beus Gilbert to get Leo Beus' signature on the responses to the Subpoena Duces Tecum.  I also secured Dennis Wilenchik's signature on the W&B response to the Subpoena Duces Tecum.

4. I was responsible for sending out those Responses to opposing counsel and I signed the mailing certificate.

5.    At 6:28 p.m., I finalized the Responses and sent them, via email, to opposing counsel—or so I thought.

6.    I recall preparing the email to Messrs. Eilender, Taylor and the team at W&B and attaching the Responses.

7.    In fact, after I had left for the day, I received an email from Jack Wilenchik, Esq., which was sent at 6:56 p.m.  He asked me if I was taking care of the Responses.  At 6:57 p.m., I sent him a response: "Done."

8.    Another email came in at 8:21 p.m. from Lisa Loftis, business manager at the firm, also checking on the status.  At 8:23 p.m., I responded, "It was done.  It has already been sent to opposing counsel."

9.    This was my last task of the day, and I was positive that I had sent it out, via email, as I was aware of the deadlines and the importance of the project.  I do not, however, recall whether I sent it out, via regular mail.

10.    As soon as I found out about the Order to Show Cause, I checked my work and my emails.  Had I known that I had made this mistake, I would have immediately sent this to opposing counsel.  But opposing counsel never alerted me or my supervisors.

11.    I take full responsibility for this oversight.  It was not intentional.  There would be no reason why I, as an employee of Wilenchik & Bartness, P.C. for nearly ten (10) years, would deliberately or intentionally fail to send discovery responses to opposing counsel.  It was an inadvertent error, which I deeply regret.  I apologize to counsel and the Court for my mistake.

I declare under penalty of perjury, pursuant to 28 U.S.C.A. § 1746, that the foregoing is true and correct.

_Victoria M. Stevens_

_____

Victoria M. Stevens