J. Henk Taylor (016321)
**RYAN RAPP & UNDERWOOD, P.L.C.**
3200 N. Central Ave, Suite 2250
Phoenix, Arizona 85012
Telephone: (602) 280-1000
Facsimile: (602) 265-1495
Email: htaylor@rrulaw.com

Jeffrey M. Eilender (*admitted pro hac vice*)
Bradley J. Nash (*admitted pro hac vice*)
Joshua Wurtzel (*admitted pro hac vice*)
**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, New York 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
E-Mail: jeilender@schlamstone.com
E-Mail: bnash@schlamstone.com
E-Mail: jwurtzel@schlamstone.com

*Attorneys for Defendants CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Wells Fargo Bank, N.A.<br><br>Plaintiff,<br><br>v.<br><br>Wyo Tech Investment Group, LLC, CWT Canada II Limited Partnership, Resources Recovery Corporation, and Jean Noelting,<br><br>Defendants.<br><br>And related claims. | Case No.: 2:17-CV-04140-DWL<br><br>**CWT PARTIES' AMENDED MOTION FOR AN ORDER TO SHOW CAUSE**<br><br>**Oral Argument Requested** |

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................... 1
BACKGROUND ................................................................................................................ 2
ARGUMENT...................................................................................................................... 9
CONCLUSION ................................................................................................................ 11

Defendants CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting (collectively, the "CWT Parties") move the Court for entry of an order to show cause why nonparties Wilenchik & Bartness, P.C. ("Wilenchik") and Beus Gilbert PLLC ("Beus Gilbert")—counsel for Defendant Wyo Tech Investment Group, LLC—should not be held in contempt for their failure to produce all the documents requested in the CWT Parties' February 11, 2019 subpoenas in accordance with this Court's April 9, 2019 order (Dkt. No. 119). This amended motion is supported by the following memorandum of points and authorities and the Declaration of Joshua Wurtzel.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **INTRODUCTION**

This is an amended motion for an order to show cause to hold Wilenchik and Beus Gilbert in contempt for their knowing violations of this Court's April 9 order. In our original motion for an order to show cause, we showed that Wilenchik and Beus Gilbert failed to produce documents responsive to the subpoenas served on them in accordance with this Court's April 9 order. Since filing that motion two days ago, Wilenchik and Beus Gilbert admitted that they never served documents or written responses, but claim that they thought they served written responses (not documents)—and that their failure to serve these responses was merely "excusable neglect." We accept Wilenchik and Beus Gilbert at their word when they say they thought they served these written responses. But service of these written responses—which we first got on May 13, 2019—does not cure Wilenchik's and Beus Gilbert's contempt.

As explained below, Wilenchik and Beus Gilbert improperly and unilaterally purported to narrow the requests in the subpoenas—to which they were ordered, without qualification, to produce responsive documents—to a narrower time period than what the subpoenas requested, and then conveniently stated that they had no documents responsive

to the improperly-narrowed time period. And when we objected to these responses, Beus Gilbert stated that it still had no responsive documents even for the full time period requested by the subpoena, and Wilenchik produced 14 pages of documents showing some payments to it from Wyo Tech and Inductance—showing that it knew it was excluding responsive documents by improperly narrowing the time period required by the subpoena.

Beus Gilbert's representation that it never got paid by Wyo Tech or Inductance is false. Indeed, we submit with this motion a copy of check from Inductance to Beus Gilbert showing that Inductance did pay Beus Gilbert. And we believe Beus Gilbert continues to withhold other responsive documents.

And Wilenchik's production of 14 pages—two weeks late, and only after the CWT Parties insisted Wilenchik fully comply with this Court's April 9 order—doesn't show which payments were for which clients or which matter, nor do they show the "account source" of the payments, all of which were required by the subpoena. And critically, Wilenchik continues to withhold documents related to other payments we know it got from Wyo Tech and Inductance. Indeed, we submit with this motion several checks from Wyo Tech and Inductance to Wilenchik showing payments that Wilenchik did not disclose in its production. And we believe Wilenchik continues to withhold other responsive documents too.

Thus, Wilenchik and Beus continue to violate this Court's April 9 order even after Wilenchik's late, begrudging production, and despite their false representations in their opposition to our original motion for an order to show cause.

## **BACKGROUND**

On February 11, 2019, the CWT Parties served Wilenchik and Beus Gilbert with identical subpoenas seeking documents sufficient to show all payments—including date,

amount, and "source account"—made to Wilenchik and Beus Gilbert by Wyo Tech and Inductance Energy Corporation (another Danzik-related entity formed using Wyo Tech money), as well as documents sufficient to show the clients on whose behalf and matters for which these payments were made. Dkt. No. 101 at 7-16; Wurtzel Decl. ¶ 2, Exs. A-C.

Wilenchik objected to this subpoena on relevance grounds, and as this Court knows, on February 25, 2019, the CWT Parties and Wilenchik submitted a joint letter requesting a hearing to resolve this dispute. Dkt. No. 101. In this joint letter, the CWT Parties argued that both Wilenchik and Beus Gilbert should be ordered to produce documents in accordance with the subpoenas. *Id.* at 2.

On February 27, 2019, this Court held a phone hearing on this issue, and took the CWT Parties' motion under advisement. Dkt. No. 103. And on March 5, 2019, this Court ordered the parties to submit supplemental briefs regarding three legal issues that this Court held were critical to this discovery dispute and which were "intertwined with broader unresolved issues in the case." Dkt. No. 109 at 1.

On March 25, 2019, the parties submitted supplemental briefing regarding these three issues. Dkt. Nos. 113-14. On April 8, 2019, this Court heard oral argument on, among other things, these three issues. Dkt. No. 118. And at the end of this oral argument, this Court asked Wilenchik, "If I end up ruling against you and agreeing to enforce the subpoenas, will two weeks be enough to comply?"—to which the attorney arguing this motion for Wilenchik stated: "As I stated earlier, Mr. Wilenchik, the partner, is returning on Thursday. If two-and-a-half weeks or pushing back to the end of the third week, I think that would be better, because he's been gone for the better part of a month now and there's 1,000 things on the partner's desk that are going to have to be dealt with. . . . That's if you see it in your wisdom to do that, then three weeks would be preferable." Wurtzel Decl. Ex. D at 41:19-42:5.

On April 9, 2019, this Court ruled for the CWT Parties on the three issues that were the subject of the supplemental briefing, overruled Wilenchik's and Beus Gilbert's objections to the subpoenas served on them, and ordered Wilenchik and Beus Gilbert to "produce the documents requested by the subpoenas by April 26, 2019." Dkt. No. 119 at 19.

Despite this order and Wilenchik's agreement to comply with an order to produce these documents by this deadline, Wilenchik and Beus Gilbert failed to produce any documents in response to the subpoenas by April 26. Wurtzel Decl. ¶ 5. Nor did they ask for additional time to do so. *Id.* And so, as this Court knows, on May 13, 2019, the CWT Parties moved for entry of an order to show cause why Wilenchik and Beus Gilbert should not be held in contempt. Dkt. No. 131.

Later on May 13, Wilenchik wrote to the Court asking for an opportunity to respond to this motion for an order to show cause because it "believe[d] it was wrongfully filed." Wurtzel Decl. Ex. E. Wilenchik then wrote to us stating that it sent us written responses to these subpoenas from it and Beus Gilbert on April 26, and attached those responses and threatened sanctions against us if we did not withdraw our motion. *Id.* Ex. F.

But we never received these written responses before May 13—either by mail or e-mail (despite the affidavit of service attached to the responses stating that these responses were mailed and e-mailed)—and Wilenchik later admitted that it could not locate an e-mail transmittal of these responses to us. *Id.*

After reviewing the responses, we told Wilenchik that we would take it at its word that it believed it served these responses on April 26 (though it concedes it hadn't). *Id.* But we also explained that these responses still did not satisfy the Court's April 9 order. *Id.* Specifically, the Court's April 9 order required Wilenchik and Beus Gilbert to "produce

-4-

the **documents requested by the subpoenas** by April 26, 2019," (Dkt. No. 119), and the subpoenas stated that the "relevant time period to which each request refers is January 1, 2016 **through the date of production**" (Dkt. No. 101 at 2; Ex. A at 2). But in their responses, Wilenchik and Beus Gilbert purported to limit each request to "January 1, 2016 through October 18, 2017," and then said that they have "no documents in [their] possession responsive to [each] request" for this narrowed time period. *Id.* Exs. G, H.

The CWT Parties explained to Wilenchik that its and Beus Gilbert's attempt to unilaterally limit the scope of the subpoenas was improper, since in its April 9 order, the Court rejected Wyo Tech's argument that only information the CWT Parties knew **before** they served the restraining notice on October 18, 2017 is relevant, and that one of the CWT Parties' theories in this case is that Danzik started using Inductance (which was formed using Wyo Tech funds) to pay his personal expenses after the CWT Parties served the restraining notice on Wyo Tech—which shows that Danzik has an interest in Wyo Tech's funds, since Inductance was merely a continuation of Wyo Tech set up or used to avoid the restraining notice. Wurtzel Decl. Ex. F; *see also* Dkt. No. 119 at 13 (The Court: "[B]ecause some of Wyo Tech's funds were transferred to Inductance for the 'opening' of an Inductance account immediately before the restraining notice was issued on the Wyo Tech account, whether Inductance paid Danzik's legal bills also bears on whether Danzik has an interest in the interpleaded funds."). The CWT Parties then asked Wilenchik to confirm that neither it nor Beus Gilbert "has any documents responsive to any of the requests in the subpoenas in its possession, custody, or control for the **full time period** requested in the subpoenas—January 1, 2016 through the date of production (April 26, 2019)." Wurtzel Decl. Ex. F.

In response, on May 14, 2019, Wilenchik wrote back: "I can confirm that Beus Gilbert has not received any payments from either Wyo Tech or Inductance at any time. It

-5-

is also my understanding that W&B did not receive any payments from either Inductance or WYO Tech prior to October 2017, as stated in the Response to SDT. W&B has obviously received payments from Wyo Tech to pay for our representation of it in this lawsuit and W&B may have also received some payments from Wyo Tech or Inductance related to other matters since October 2017." *Id.* We then demanded that Wilenchik immediately produce documents related to these payments, and later on May 14, Wilenchik produced 11 pages of documents showing payments it got from Wyo Tech and Inductance. *Id.* ¶ 14, Ex. I.

But later on May 14, after reviewing this production, we responded to Wilenchik, explaining that it was insufficient and incomplete because it was missing documents we knew Wilenchik had. *Id.* Ex. F. So on May 15, 2019—after claiming it had already produced documents showing **"all payments"** from Wyo Tech or Inductance to Wilenchik—Wilenchik made a supplemental production of another three pages (*id.* Exs. F, J), and then filed an opposition to the CWT Parties' initial motion for an order to show cause (Dkt. No. 134).

But these late productions still do not comply with this Court's April 9 order. And Wilenchik's and Beus Gilberts's opposition to the CWT Parties' initial motion for an order to show cause includes false representations to the Court, and shows that Wilenchik and Beus Gilbert continue to intentionally withhold responsive documents.

*First*, on April 26, when Wilenchik claims to have (unsuccessfully) attempted to serve its written responses, Wilenchik intentionally withheld concededly-responsive, court-ordered documents—and produced those documents only on May 14 and 15 in response to the CWT Parties' follow-up demand. Instead, Wilenchik purported to unilaterally—and in violation of this Court's April 9 order—limit the scope of the subpoenas to a time period that it believed would allow it to say it had no responsive

-6-

documents, even though it knew it had responsive documents from outside this time period. This was an intentionally-duplicitous attempt to avoid producing documents this Court ordered produced.

Indeed, in its opposition to the CWT Parties' original motion for an order to show cause, Wilenchik and Beus Gilbert concede that this Court "unfortunately rejected" Wyo Tech's argument that "the only relevant events or acts related to the interpleaded funds are those that occurred up to, but not beyond, the point in time when the restraining notice was issued." Dkt. No. 134 at 5. So Wilenchik and Beus Gilbert knew that their purported limitation of the subpoenas was improper, and they even admit that they dropped this improper limitation solely because they got caught. *See id.* ("once the issue about the temporal scope of responsive documents was raised by CWT's counsel," Wilenchik "chose to concede on that point and produce all documents responsive to the subpoena for the entire time period defined therein"). This shows their bad faith.

***Second***, as we explained to Wilenchik in a follow-up e-mail on May 14 (Wurtzel Decl. Ex. F), most of the documents Wilenchik produced do not show the clients on whose behalf each payment was made or the matter for which each payment was made—as required by the subpoenas. Further, none of the documents Wilenchik produced show the "source account" of the payments—as also required by the subpoenas. Indeed, Wilenchik could have produced the checks or wire confirmations for these payments—which it could have gotten from its bank—but chose instead to produce documents that did not comply with this Court's April 9 order. Indeed, it is critical for the CWT Parties to know which payments from Wyo Tech and Inductance were to pay for services for Dennis Danzik, his family members, and his cronies—and that is why the Court granted the CWT Parties' motion to compel responses to the subpoenas. The documents Wilenchik produced do not show this information.

-7-

*Third*, and most critically, Wilenchik and Beus Gilbert continue to withhold documents responsive to the subpoenas.

*Concerning Beus Gilbert*, Beus Gilbert (through its co-counsel, Wilenchik) "confirm[ed]" that it has **"not received any payments from either Wyo Tech or Inductance at any time."** *Id.* Ex. G. And in its opposition to the CWT Parties' original motion for an order to show cause, Beus Gilbert doubles down on this statement—representing to this Court that **"it has no responsive documents whatsoever."** Dkt. No. 134 at 4; *see also id.* at 5 n.2 (Beus Gilbert **"has never received any funds from either Wyo Tech or Inductance and therefore has no documents in its possession responsive to the CWT subpoena whatsoever"**).

But these representations are not true. Indeed, documents we received in post-judgment discovery show that **Inductance paid Beus Gilbert $20,000 on March 15, 2018**. A copy of this check is attached to the Wurtzel Declaration as Exhibit K. Beus Gilbert did not produce this check, or any documents showing this payment, and instead falsely "confirm[ed]" that this document did not exist. Thus, we believe Beus Gilbert continues to withhold documents responsive to the subpoena.

*Concerning Wilenchik*, Wilenchik stated in its written responses to the subpoena that it **"has no documents in its possession responsive to"** any of the requests **"for the period from January 1, 2016 through October 18, 2017."** *Id.* Ex. H. But this is not true either. To the contrary, a document we received in post-judgment discovery shows that **Wyo Tech paid Wilenchik $10,000 on May 22, 2017**. A copy of this check is attached to the Wurtzel Declaration as Exhibit L. Wilenchik did not produce this check, or any documents showing this payment, in response to the subpoena here, and instead tried to hide this document by claiming that it did not exist.

Further, though Wilenchik represented that its May 14 production includes **"all**

-8-

**payments received by W&B from Inductance and Wyo Tech"** at any time, this is not true either. To the contrary, documents we received in post-judgment discovery from banks show that **Inductance paid Wilenchik $100,000 on April 9, 2018 and $100,000 on August 21, 2018**. Copies of these checks are attached to the Wurtzel Declaration as Exhibits M. **But Wilenchik did not produce these checks**, or any documents showing these payments, and instead falsely represented that its May 14 production—which did not include documents showing these payments—included "all payments" it received from Inductance and Wyo Tech at any time. Thus, we believe Wilenchik continues to withhold documents responsive to the subpoena.

## ARGUMENT

Civil contempt "'consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (citation omitted). Indeed, civil contempt is "'characterized by the court's desire to compel obedience to a court order or to compensate the contemnor's adversary for the injuries which result from the noncompliance.'" *United States v. Bright*, 596 F.3d 683, 695-96 (9th Cir. 2010) (citation omitted).

The party alleging civil contempt must show that the alleged contemnor violated the court's order by clear and convincing evidence. *Inst. of Cetacean Research*, 774 F.3d at 945. And "[g]iven the remedial purpose of the sanction, a finding of contempt must be accompanied by conditions by which contempt may be purged, spelled out in either the original order or the contempt order." *Bright*, 596 F.3d at 696. And "although the district court generally must impose the minimum sanction necessary to secure compliance, the district court retains discretion to establish appropriate sanctions." *Id.* (citation omitted).

Further, this Court may hold a nonparty in contempt for failure, without "adequate

excuse," to obey a subpoena or an order related to it. Fed. R. Civ. P. 45(g). *See Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1224 (9th Cir. 2018) (court may hold deponent in contempt under Rule 45(g) for "fail[ure] without adequate excuse to obey the subpoena or an order related to it") (citation omitted).

Here, Wilenchik and Beus Gilbert indisputably failed to comply with this Court's April 9 order by initially trying to limit the subpoenas to a narrower time period than what this Court ordered and then claiming that they had no responsive documents in that time period; and then, after the CWT Parties' filed their initial contempt motion, producing documents that failed to show the client or matter to which each payment related and also failed to show the source account of each payment; and then, most critically, intentionally withholding responsive documents and falsely stating that they do not exist.

Further, the prejudice to the CWT Parties is obvious: though we know that Wilenchik and Beus Gilbert withheld responsive documents because we got those documents from other sources in other actions, we don't fully know what else Wilenchik and Beus Gilbert are withholding. And any claim by either Wilenchik or Beus Gilbert that they have nothing else falls short, since Wilenchik and Beus Gilbert have shown that they are willing to make false representations to evade this Court's April 9 order and to avoid producing responsive documents.

Given Wilenchik's and Beus Gilbert's disregard of this Court's April 9 order, and their continued, intentional withholding of responsive documents and false statements intended to conceal the existence of these documents, this Court should hold Wilenchik and Beus Gilbert in civil contempt, order them to pay the CWT Parties' legal fees incurred in making this motion and the original contempt motion, and further order them to pay the CWT Parties $500 per day from April 27 through the date they fully comply with this Court's April 9 order by producing all documents requested by the subpoenas. *See Bright*,

-10-

596 F.3d at 696 (upholding $500 daily fine and payment of party's costs as contempt sanction).[1]

## **CONCLUSION**

This Court should issue an order to show cause why Wilenchik and Beus Gilbert should not be held in civil contempt, ordered to pay the CWT Parties' legal fees incurred in making this motion and the original contempt motion, and further ordered to pay the CWT Parties $500 per day from April 27 through the date they fully comply with this Court's April 9 order by producing all documents requested by the subpoenas.

---

[1] Contrary to Wilenchik's and Beus Gilbert's argument (Dkt. No. 134 at 3-4), this is a motion for an order to show cause to hold Wilenchik and Beus Gilbert in contempt. It is not a discovery motion. Indeed, the CWT Parties already made their discovery motion on this issue when they moved to compel Wilenchik's and Beus Gilbert's responses to the subpoenas, which this Court granted.

-11-

Dated: May 15, 2019
       Phoenix, Arizona

Respectfully submitted,

**RYAN RAPP & UNDERWOOD, P.L.C.**

By: /s/ Henk Taylor (016321)
    J. Henk Taylor (016321)
    3200 N. Central Ave., Suite 1600
    Phoenix, Arizona 85012
    Telephone: (602) 280-1000
    Facsimile: (602) 265-1495
    E-Mail: htaylor@rrulaw.com

**SCHLAM STONE & DOLAN LLP**

Jeffrey M. Eilender (*admitted pro hac vice*)
Bradley J. Nash (*admitted pro hac vice*)
Joshua Wurtzel (*admitted pro hac vice*)
26 Broadway
New York, New York 10004
Telephone: (212) 344-5400
Facsimile: (212) 34407677
E-Mail: jeilender@schlamstone.com
E-Mail: bnash@schlamstone.com
E-Mail: jwurtzel@schlamstone.com

*Attorneys for Defendants CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting*

1 | **ORIGINAL** e-filed and **COPIES**
2 | e-mailed this 15th day of May 2019 as follows:
3 |
4 | Dennis I. Wilenchik
  | **WILENCHIK & BARTNESS P.C.**
5 | 2810 North Third Street
  | Phoenix, AZ 85004
6 | E-Mail: diw@wb-law.com
7 |
8 | Leo R. Beus
  | **BEUS GILBERT PLLC**
  | 701 North 44th Street
9 | Phoenix, AZ 85008
  | E-Mail: lbeus@beusgilbert.com
10 |
11 | *Attorneys for Wyo Tech Investment Group, LLC*
12 |
13 | *[signature: Joshua Wurtzel]*
14 |
15 | _____
  | Joshua Wurtzel