1  J. Henk Taylor (016321)
2  **RYAN RAPP & UNDERWOOD, P.L.C.**
   3200 N. Central Ave, Suite 2250
3  Phoenix, Arizona 85012
   Telephone: (602) 280-1000
4  Facsimile: (602) 265-1495
5  Email: htaylor@rrulaw.com

6  Jeffrey M. Eilender (*admitted pro hac vice*)
7  Bradley J. Nash (*admitted pro hac vice*)
   Joshua Wurtzel (*admitted pro hac vice*)
8  **SCHLAM STONE & DOLAN LLP**
   26 Broadway
9  New York, New York 10004
10 Telephone: (212) 344-5400
   Facsimile: (212) 344-7677
11 E-Mail: jeilender@schlamstone.com
   E-Mail: bnash@schlamstone.com
12 E-Mail: jwurtzel@schlamstone.com
13
14 *Attorneys for Defendants CWT Canada II Limited Partnership, Resource Recovery Corporation, and*
15 *Jean Noelting*

16                **UNITED STATES DISTRICT COURT**
                        **DISTRICT OF ARIZONA**
17

18 Wells Fargo Bank, N.A.                          Case No.: 2:17-CV-04140-DWL
19              Plaintiff,
20                                                 **DECLARATION OF JOSHUA**
       v.                                          **WURTZEL IN SUPPORT OF THE**
21                                                 **CWT PARTIES' AMENDED**
22 Wyo Tech Investment Group, LLC, CWT             **MOTION FOR ORDER TO SHOW**
   Canada II Limited Partnership, Resources       **CAUSE**
23 Recovery Corporation, and Jean Noelting,
24              Defendants.
25
26 And related claims.
27
28

In accordance with 28 U.S.C. § 1746, **JOSHUA WURTZEL**, declares, under the penalty of perjury, the following to be true and correct.

1. I am an associate of Schlam Stone & Dolan LLP, co-counsel with Ryan Rapp & Underwood, P.L.C. for Defendants CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting (collectively, the "CWT Parties") in this action. I submit this declaration in support of the CWT Parties' Amended Motion for Contempt Against Nonparties Wilenchik & Bartness, P.C. ("Wilenchik") and Beus Gilbert PLLC ("Beus Gilbert"). Unless otherwise specified, the matters below are based on my personal knowledge, communications with other attorneys in my firm, and a review of my firm's files.

2. On February 11, 2019, the CWT Parties served Wilenchik and Beus Gilbert with identical subpoenas seeking documents sufficient to show all payments—including date, amount, and source account—made to Wilenchik and Beus Gilbert by Wyo Tech and Inductance Energy Corporation (another Danzik-related entity formed using Wyo Tech money), as well as documents sufficient to show the clients on whose behalf and matters for which these payments were made. A copy of the subpoena to Wilenchik is located at Docket Number 101 in this action. A copy of the subpoena to Beus Gilbert is attached as Exhibit A. Copies of affidavits of service of each of these subpoenas are attached as Exhibits B and C.

3. A copy of the transcript of the April 8, 2019 oral argument before this Court is attached as Exhibit D.

4. On April 9, 2019, this Court overruled Wilenchik's and Beus Gilbert's objections to the subpoenas served on them, and ordered Wilenchik and Beus Gilbert to "produce the documents requested by the subpoenas by April 26, 2019." Dkt. No. 119 at 19.

5. But despite this order, neither Wilenchik nor Beus Gilbert produced these documents by April 26. Nor did they ask for additional time to do so. Thus, on May 13, 2019, the CWT Parties moved for entry of an order to show cause why Wilenchik and Beus Gilbert should not be held in contempt. Dkt. No. 131.

6. Later on May 13, Wilenchik wrote to the Court asking for an opportunity to respond to this motion for an order to show cause because it "believe[d] it was wrongfully filed." A copy of this e-mail is attached as Exhibit E.

7. Wilenchik then wrote to us stating that it sent us written responses to these subpoenas from it and Beus Gilbert on April 26, and attached those responses and threatened sanctions against us if we did not withdraw our sanctions motion. A copy of this e-mail chain is attached as Exhibit F, and a copy of Beus Gilbert's and Wilenchik's written responses to the subpoenas are attached as Exhibits G and H.

8. But we never received these written responses before May 13—either by mail or e-mail (despite the affidavit of service attached to the responses stating that these responses were mailed and e-mailed)—and Wilenchik later admitted that it could not locate an e-mail transmittal of these responses to us. *See* Ex. F.

9. After reviewing the responses, we told Wilenchik that we would take it at its word that it believed it served these responses on April 26 (though it hadn't). *Id.* But we also explained that these responses still did not satisfy the Court's April 9 order. *Id.*

10. Specifically, the Court's April 9 order required Wilenchik and Beus Gilbert to "produce the **documents requested by the subpoenas** by April 26, 2019," (Dkt. No. 119), and the subpoenas stated that the "relevant time period to which each request refers is January 1, 2016 **through the date of production**" (Dkt. No. 101 at 2; Ex. A at 2). But in their responses, Wilenchik and Beus Gilbert purported to limit each request to "January

1, 2016 through October 18, 2017," and then said that they have "no documents in [their] possession responsive to [each] request" for this time period. *Id.* Exs. G, H.

11. We explained to Wilenchik that its and Beus Gilbert's attempt to unilaterally limit the scope of the subpoenas was improper, since in its April 9 order, the Court rejected Wyo Tech's argument that only information the CWT Parties knew **before** they served the restraining notice on October 18, 2017 is relevant, and that one of the CWT Parties' theories in this case is that Danzik started using Inductance (which was formed using Wyo Tech funds) to pay his personal expenses after the CWT Parties served the restraining notice on Wyo Tech—which shows that Danzik has an interest in Wyo Tech's funds, since Inductance was merely a continuation of Wyo Tech set up or used to avoid the restraining notice. Ex. F; *see also* Dkt. No. 119 at 13 (The Court: "[B]ecause some of Wyo Tech's funds were transferred to Inductance for the 'opening' of an Inductance account immediately before the restraining notice was issued on the Wyo Tech account, whether Inductance paid Danzik's legal bills also bears on whether Danzik has an interest in the interpleaded funds.").

12. We then asked Wilenchik to confirm that neither it nor Beus Gilbert "has any documents responsive to any of the requests in the subpoenas in its possession, custody, or control for the full time period requested in the subpoenas—January 1, 2016 through the date of production (April 26, 2019)." Ex. F.

13. In response, on May 14, 2019, Wilenchik wrote back: "I can confirm that Beus Gilbert has not received any payments from either Wyo Tech or Inductance at any time. It is also my understanding that W&B did not receive any payments from either Inductance or WYO Tech prior to October 2017, as stated in the Response to SDT. W&B has obviously received payments from Wyo Tech to pay for our representation of it in this

-4-

lawsuit and W&B may have also received some payments from Wyo Tech or Inductance related to other matters since October 2017." *Id.*

14. We then demanded that Wilenchik immediately produced documents related to these payments, and later on May 14, Wilenchik produced 11 pages of documents showing payments it got from Wyo Tech and Inductance. Copies of these documents are attached as Exhibit I. But this late production still does not comply with this Court's April 9 order.

15. Later on May 14, after reviewing this production, we responded to Wilenchik, explaining that it was insufficient and complete because it was missing documents we know Wilenchik has. Ex. F.

16. So on May 15, 2019—after claiming it had already produced documents showing "all payments" from Wyo Tech or Inductance to Wilenchik—Wilenchik made a supplemental production of another three pages, and then filed an opposition to the CWT Parties' initial motion for an order to show cause (Dkt. No. 134). Copies of these three pages of documents are attached as Exhibit J.

17. A copy of a check we got in post-judgment discovery from Inductance to Beus Gilbert, dated March 15, 2018, for $20,000 is attached as Exhibit K. Beus Gilbert did not produce this check, or any documents showing this payment.

18. A copy of a check we got in post-judgment discovery from Wyo Tech to Wilenchik, dated May 22, 2017, for $10,000 is attached as Exhibit L. Wilenchik did not produce this check, or any documents showing this payment, in response to the subpoena we served on it in this action.

19. Copies of checks we got in post-judgment discovery from Inductance to Wilenchik, dated April 9, 2018 and August 21, 2018, respectively, each for $100,000 are

attached as Exhibit M. Wilenchik did not produce these checks, or any documents showing these payments, in response to the subpoena we served on it in this action.

Dated: May 15, 2019
      New York, New York

*Joshua Wurtzel*

JOSHUA WURTZEL