**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank NA, | No. CV-17-04140-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Wyo Tech Investment Group LLC, et al., | |
| Defendants. | |

Pending before the Court is the Judgment Creditors' amended motion for an order to show cause (Doc. 135). As explained below, this motion will be granted.

**BACKGROUND**

The Judgment Creditors issued a pair of subpoenas on February 11, 2019 to the law firms of Wilenchik Bartness PC ("Wilenchik") and Beus Gilbert PLLC ("Beus Gilbert"). (Doc. 101 at 7-16 [Wilenchik]; Doc. 135-3 [Beus Gilbert].) Each subpoena seeks documents sufficient to show all payments made to the firm by Wyo Tech and by third party Inductance Energy Corporation ("Inductance") and the client(s) on whose behalf and the matter for which the payments were made. (*Id.*)

On April 9, 2019, after extensive briefing and a series of hearings, the Court issued an order requiring Wilenchik and Beus Gilbert to comply with the subpoenas. (Doc. 119 at 11-13.) The order concluded with the admonition that "Wilenchik and Beus Gilbert must produce the documents requested by the subpoenas by April 26, 2019." (*Id.* at 19.)

The parties have now filed a series of documents addressing whether Wilenchik and

Beus Gilbert complied with this production deadline.

On May 13, 2019, the Judgment Creditors filed a motion for an order to show cause. (Doc. 131.) In it, they assert that Wilenchik and Beus Gilbert still haven't responded to the subpoenas and thus ask the Court to hold the two firms in civil contempt. (*Id.*)

On May 15, 2019, Wilenchik and Beus Gilbert filed a response to the Judgment Creditors' motion. (Doc. 134.) In it, they explain that they'd arranged for a paralegal to send discovery responses to the Judgment Creditors on April 26, 2019 and were under the misimpression (until they received the Judgment Creditors' motion) that the responses had been received and were acceptable. (*Id.* at 4.) They further contend the Judgment Creditors violated the Court's local rules by firing off what was effectively a discovery motion without first attempting to meet-and-confer with them. (*Id.*)

The response also contains several statements concerning the substance of what the firms intended to produce to the Judgment Creditors. As for Beus Gilbert, the response states that Beus Gilbert "has never received any funds from either Wyo Tech or Inductance and therefore has no documents in its possession responsive to the [Judgment Creditors'] subpoena whatsoever." (*Id.* at 5 n.2.) As for Wilenchik, the response states that, although the firm disputes that documents created after October 2017 are relevant and subject to discovery, it chooses "to concede on that point and produce all documents responsive to the subpoena for the entire time period defined therein. . . . [B]y the time the Court reads this Response, [Wilenchik] will have provided [the Judgment Creditors] with all remaining records in its possession showing payments received from Wyo Tech and Inductance and how those funds have been applied to various client matters . . . ." (*Id.* at 5.)

Finally, at about 9:30 pm on May 15, 2019—several hours after the law firms filed their response—the Judgment Creditors filed an amended motion for an order to show cause. (Doc. 135.) Although the Judgment Creditors "accept Wilenchik and Beus Gilbert at their word when they say they thought they served" their discovery responses on April 26 (*id.* at 1), the Judgment Creditors argue that civil contempt sanctions are still necessary.

As for Beus Gilbert, the Judgment Creditors dispute the firm's assertion that it never

received any payment from Wyo Tech or Inductance. (*Id.* at 2, 8.) In support of this claim, the Judgment Creditors have attached a copy of a $20,000 check from Inductance to Beus Gilbert dated March 15, 2018. (Doc. 135-13 at 2.) The Judgment Creditors argue that "Beus Gilbert did not produce this check, or any documents showing this payment, and instead falsely 'confirm[ed]' that this document did not exist. Thus, we believe Beus Gilbert continues to withhold documents responsive to the subpoena." (*Id.* at 8.)

As for Wilenchik, the Judgment Creditors identify the following three concerns:

▪ First, the Judgment Creditors note that Wilenchik initially chose to "improperly and unilaterally" narrow the scope of the subpoena by only agreeing to produce documents through October 2017, then "conveniently stated that [it] had no documents responsive to the improperly-narrowed time frame," and then produced 14 pages of responsive documents only after the Judgment Creditors objected to this time limitation. (*Id.* at 1-2.) According to the Judgment Creditors, "[t]his was an intentionally-duplicitous attempt to avoid producing documents this Court ordered produced." (*Id.* at 7.)

▪ Second, the Judgment Creditors dispute the accuracy of Wilenchik's assertion that it has now produced all of the relevant payment records without any time limitation. (*Id.* at 8-9.) In support of this claim, the Judgment Creditors have attached several "documents [they] received . . . from banks [which] show that Inductance paid Wilenchik $100,000 on April 9, 2018 and $100,000 on August 21, 2018. . . . Wilenchik did not produce these checks, or any documents showing these payments, and instead falsely represented that its May 14 production—which did not include documents showing these payments—included 'all payments' it received from Inductance and Wyo Tech at any time." (*Id.*)

▪ Third, the Judgment Creditors argue that, in addition to failing to produce all of the relevant payment records, Wilenchik hasn't even attempted to "show the clients on whose behalf each payment was made or the matter for which each payment was made—as required by the subpoenas. Further, none of the documents Wilenchik produced show the 'source account' of the payments—as also required by the subpoenas." (*Id.* at 7.)

…

- 3 -

# ANALYSIS

A.      Subpoena Compliance

The Court has significant concerns about discovery conduct of Wilenchik and Beus Gilbert. These concerns have nothing to do with the timing of the discovery responses—like the Judgment Creditors, the Court accepts the firms' representation that they mistakenly believed their discovery responses had been sent on April 26, 2019. Instead, these concerns flow from the substance of the discovery responses and the seeming inaccuracy of certain statements contained in the firms' brief to the Court.

First, it is inexcusable that the firms initially attempted to limit their production to documents created before October 2017. (Doc. 135-10 at 4 [Wilenchik's response, asserting that "no documents related to events occurring after October 18, 2017 will be produced in response to the subpoena"]; Doc. 135-9 at 4 [Beus Gilbert's response, containing same limitation].) The firms had the chance to make objections to the scope of the subpoenas in the February 25, 2019 joint discovery dispute letter. (Doc. 101.) They declined to do so, challenging only the Judgment Creditors' right to pursue discovery. By failing to raise any time-period objection at that time, they forfeited that objection. And because the Court's April 9, 2019 order did not limit the subpoenas to any time period, the firms' unilateral insertion of this time limitation into their subsequent discovery responses can only be viewed as an attempt to flout a court order.[1] It has also caused the Judgment Creditors to needlessly expend time and resources.

Second, Beus Gilbert made the flat-out assertion in its recent brief to the Court that it "*has never received any funds from either Wyo Tech or Inductance* and therefore has no documents in its possession responsive to the [Judgment Creditors'] subpoena

---

[1] Moreover, the analysis in the April 9, 2019 order should have signaled to the firms that any time-period objection to the subpoenas would have been overruled. The order explains that, "[i]f Wyo Tech paid Danzik's attorneys' fees, that at least makes it more likely Danzik had an interest in Wyo Tech's funds." (Doc. 119 at 13.) The order also cites a pair of New York cases recognizing that, in general, the use of a third-party's bank account to pay expenses on behalf of a judgment creditor is relevant to the question whether the judgment creditor has an interest in the bank account. (*Id.*) Nothing in this analysis suggests there is some magical cut-off date after which such evidence loses all relevance.

whatsoever." (Doc. 134 at 5 n.2, emphasis added.) Yet the Judgment Creditors have attached to their motion a copy of a $20,000 check from Inductance to Beus Gilbert dated March 15, 2018. (Doc. 135-13 at 2.) This is deeply troubling. It should go without saying that parties are expected to make accurate representations in their briefs. Additionally, the existence of this check suggests Beus Gilbert hasn't complied with the subpoena.

Third, and similarly, although Wilenchik has represented to the Court that it has now produced (without any time limitation) all records of payments by Wyo Tech and Inductance,[2] the Judgment Creditors have identified several substantial payments that apparently weren't included in Wilenchik's production.

Fourth, the subpoenas to Wilenchik and Beus Gilbert weren't limited to documents showing the receipt of payments from Wyo Tech and Inductance. Requests 3 and 4 of the subpoenas also sought all "[d]ocuments sufficient to show the client(s) on whose behalf" those payments were made. It doesn't appear, from the materials before the Court, that Wilenchik or Beus Gilbert has produced anything in response to those Requests. (*See, e.g.*, Doc. 135-9 at 4-5 [Beus Gilbert's response to Request 3: "BG has no documents in its possession responsive to this request for the period from January 1, 2016 through October 18, 2017."].)[3] Furthermore, to the extent the firms' brief contains a *representation* concerning how the funds were used,[4] that is no substitute for producing responsive *documents* as required by the subpoena.

B.      Remedy

As a remedy, the Judgment Creditors ask the Court to issue an order to show cause

---

[2] *See* Doc. 134 at 5 ("[B]y the time the Court reads this Response, [Wilenchik] will have provided [the Judgment Creditors] with all remaining records in its possession showing payments received from Wyo Tech and Inductance . . . .").

[3] For the reasons discussed in other portions of this order, it was impermissible for Beus Gilbert to attempt to impose a time limit in its response to this request.

[4] *See* Doc. 134 at 5 ("[Wilenchik] [has] reviewed its records and determined that none of the funds it has received from Wyo Tech or Inductance have ever been used to pay for attorneys' fees incurred by Dennis Danzik. Those funds have been used exclusively to pay for work done by [Wilenchik] on behalf of Wyo Tech, Inductance and Danzik Applied Sciences, LLC ('DAS'), an entity associated solely with Elizabeth Danzik, not Dennis Danzik.").

- 5 -

why Wilenchik and Beus Gilbert shouldn't be held in civil contempt. (Doc. 135 at 9-11.)

This is an appropriate request under the circumstances. Rule 45(g) of the Federal Rules of Civil Procedure provides that a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Thus, courts have recognized that when a non-party is accused of failing to comply with a subpoena, the next step is for the aggrieved party to "file[] an application for an order to show cause why sanctions should not be imposed." *Rodriguez v. Cty. of Stanislaus*, 2010 WL 3733843, *6 (E.D. Cal. 2010); *see generally Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1224 (9th Cir. 2018) ("A subpoena under Rule 45 . . . is directed at the nonparty. . . . None of the other sanctions available under Rule 37 are available against the nonparty. And the standard for a contempt finding [under Rule 45] differs from a Rule 37 sanction.").

To establish civil contempt, the Judgment Creditors must show by clear and convincing evidence that Wilenchik and Beus Gilbert "violated a specific and definite order of the court." *Stone v. City and Cty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992). If the Judgment Creditors do so, the burden will shift to Wilenchik and Beus Gilbert "to demonstrate why they were unable to comply" and to "show they took every reasonable step to comply." *Id.* For the reasons discussed in Part A of this order, it should come as no surprise that the Court believes the Judgment Creditors will likely be able to meet their initial burden. Nevertheless, because Wilenchik and Beus Gilbert have not yet had a chance to respond to the Judgment Creditors' amended motion (which seeks sanctions for different reasons from those in the initial motion), Wilenchik and Beus Gilbert may provide further briefing on this issue, as well as on whether they took every reasonable step to comply.

As for the particular civil contempt sanctions sought by the Judgment Creditors—reimbursement of their legal fees and a $500 daily fine until compliance is achieved—these seem like reasonable requests. As the Ninth Circuit has explained, "[c]ivil contempt sanctions . . . are employed for two purposes: to coerce the [contemnor] into compliance with the court's order, and to compensate the complainant for losses sustained." *Whittaker*

*Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992). "Generally, the minimum sanction necessary to obtain compliance is to be imposed." *Id.* Nevertheless, Wilenchik and Beus Gilbert are also welcome, in their brief, to raise any objections to these particular requests.

Accordingly, **IT IS ORDERED** that:

(1) The Judgment Creditors' amended motion for an order to show cause (Doc. 135) is **granted**;

(2) The Court will hold a show-cause hearing on **May 29, 2019 at 10:00 a.m.** in Courtroom 601 to address whether Wilenchik and Beus Gilbert should be held in civil contempt, ordered to pay the Judgment Creditors' legal fees, and further ordered to pay $500 per day from April 27, 2019 through the date on which they fully comply with the subpoenas at issue; and

(3) Wilenchik and Beus Gilbert may, by May 22, 2019, file a responsive brief not exceeding 10 (ten) pages in length to address the arguments contained in the Judgment Creditors' amended motion for an order to show cause.

Dated this 16th day of May, 2019.

Dominic W. Lanza
United States District Judge