**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank NA, | No. CV-17-04140-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Wyo Tech Investment Group LLC, et al., | |
| Defendants. | |

Pending before the Court is the CWT Parties' Motion for Leave to File Documents Under Seal (Doc. 145). For the reasons stated below, the motion is denied without prejudice.

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks

omitted).

The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). The documents that the CWT Parties want to file under seal seem to go right to the heart of this litigation, so it appears that the "compelling reasons" standard applies.

The CWT Parties give no reasons whatsoever to justify sealing, other than the assertion that the documents at issue were produced "on the understanding these documents would be kept confidential." (Doc. 145 at 2.) This is insufficient. The CWT Parties have not attempted to "*articulate compelling reasons* supported by *specific factual findings* that outweigh the general history of access and the public policies favoring disclosure . . . ." *Kamakana*, 447 F.3d at 1178-79 (emphasis added); *see also* LRCiv 5.6(b) ("Any motion or stipulation to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal . . . .")

Thus, the motion is denied without prejudice. To the extent that the CWT Parties wish to try again, they must include—for each document they wish to file under seal—a specific description of the document and compelling reasons for sealing that document, supported by specific facts. The more specific and compelling the reasons and facts provided are, the more likely it is that the Court will find that compelling reasons justify sealing the documents.

Accordingly,

**IT IS ORDERED** denying without prejudice the CWT Parties' Motion for Leave to File Documents Under Seal (Doc. 145).

Dated this 28th day of May, 2019.

Dominic W. Lanza
United States District Judge

- 2 -