1   J. Henk Taylor (016321)
2   **RYAN RAPP & UNDERWOOD, P.L.C.**
    3200 N. Central Ave, Suite 2250
3   Phoenix, Arizona 85012
    Telephone: (602) 280-1000
4   Facsimile: (602) 265-1495
5   Email: htaylor@rrulaw.com

6   Jeffrey M. Eilender (*admitted pro hac vice*)
7   Bradley J. Nash (*admitted pro hac vice*)
    Joshua Wurtzel (*admitted pro hac vice*)
8   **SCHLAM STONE & DOLAN LLP**
    26 Broadway
9   New York, New York 10004
10  Telephone: (212) 344-5400
    Facsimile: (212) 344-7677
11  E-Mail: jeilender@schlamstone.com
    E-Mail: bnash@schlamstone.com
12  E-Mail: jwurtzel@schlamstone.com
13
    *Attorneys for Defendants CWT Canada II Limited*
14  *Partnership, Resource Recovery Corporation, and*
15  *Jean Noelting*

16              **UNITED STATES DISTRICT COURT**
                  **DISTRICT OF ARIZONA**
17

18  Wells Fargo Bank, N.A.                    Case No.: 2:17-CV-04140-DWL
19
                   Plaintiff,
20                                            **CWT PARTIES' REPLY IN**
         v.                                   **FURTHER SUPPORT OF**
21                                            <u>**CONTEMPT MOTION**</u>
22  Wyo Tech Investment Group, LLC, CWT
    Canada II Limited Partnership, Resources
23  Recovery Corporation, and Jean Noelting,
24               Defendants.
25
    And related claims.
26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

ARGUMENT...........................................................................................................1

CONCLUSION ......................................................................................................5

Defendants CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting (collectively, the "CWT Parties") submit this brief reply, along with the Reply Declaration of Joshua Wurtzel, to Wilenchik & Bartness, P.C.'s and Beus Gilbert PLLC's Response to CWT Parties' Amended Motion for an Order to Show Cause (Dkt. No. 140).

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

Contrary to its representations to this Court, Wilenchik still has not complied with the subpoena served on it and this Court's April 9, 2018 order. This Court should thus hold it, and Beus Gilbert, in contempt, and continue to sanction Wilenchik until it fully complies.

## ARGUMENT

On May 17 and 21, 2019, Wilenchik produced additional documents showing payments to it from Wyo Tech and Inductance, along with several redacted bills for various matters. Copies of all the documents Wilenchik produced since May 15, 2019—when we filed our amended motion for an order to show cause—are attached to the Wurtzel Reply Declaration as Exhibit A.

Also on May 21, 2019, Wilenchik produced supplemental written responses to the CWT Parties' subpoenas—which purport to identify the documents responsive to each request by bates number. Copies of these written responses are attached to the Wurtzel Reply Declaration as Exhibit B.

On May 22, 2019, Wilenchik and Beus Gilbert filed a Response to CWT Parties' Amended Motion for an Order to Show Cause. Dkt. No. 140. In this response, Wilenchik and Beus Gilbert state that, "[a]s of May 22, 2019, Beus Gilbert has produced all 21 pages of responsive documents and W&B has produced 325 pages of responsive documents," and that "[b]oth firms strongly believe that they are in full compliance with the

Subpoenas, but will continue to search diligently for responsive documents out of an extreme abundance of caution." *Id.* at 2. Wilenchik further states that, as of May 22, "all responsive documents" have "been produced," and it has taken "all possible measures to ensure compliance with the Subpoenas." *Id.* at 4. And Wilenchik and Beus Gilbert also argue that sanctions would not "motivate" them to "become in full compliance" with the subpoenas because "that ha[s] already happened." *Id.* at 10.

Further, in a May 23, 2019 e-mail, Wilenchik again reiterated that "both firms have complied with the subpoena and produced all documentation we are even aware of." Wurtzel Reply Decl. Ex. C.

But these statements are again false. Wilenchik has not produced all documents in its possession, custody, or control that are responsive to the subpoena served on it.

**First**, for at least four of the payments Wilenchik identified as coming from Inductance or Wyo Tech, Wilenchik has failed to produce documents showing the source account from which these payments were made. *Id.* ¶ 7. This missing information is reflected in Appendix A to this reply, which we shared with Wilenchik by e-mail on May 24, 2019.

**Second**, for at least three of the payments Wilenchik identified as coming from Inductance or Wyo Tech, Wilenchik has failed to produce documents showing the clients on whose behalf or the matters for which these payments were made. *Id.* ¶ 8. This missing information is also reflected in Appendix A.

**Third**, in its May 22 production, Wilenchik produced handwritten ledgers showing hundreds of thousands of dollars in "Danzik Retainer" payments, as well as other handwritten documents reflecting additional payments. *Id.* ¶ 9. But for many of these payments, Wilenchik did not produce source-account, client, or matter information—and we cannot even tell who made these payments to Wilenchik. *Id.* Copies of the pages

Wilenchik produced showing "Danzik" payments to it for which no additional information is provided are attached to the Wurtzel Declaration as Exhibit D. The specific payments at issue are highlighted.

On May 24, we had a meet and confer with Wilenchik, and asked who made these payments so we could determine whether (1) they were made by Wyo Tech or Inductance, in which case Wilenchik would be missing documents showing the source account of these payments and what client and matter these payments were for, or (2) they were made by a party other than Wyo Tech or Inductance, in which case nothing further would be required under the subpoena. *Id.* ¶ 10. But Wilenchik told us that it could not answer this question, because it did not know who made these payments to it. *Id.*

We then told Wilenchik that it needed to figure this out to determine whether it had fully complied with the subpoena and this Court's April 9 order, since if these payments were made by Wyo Tech or Inductance, then Wilenchik is missing documents showing the source account of these payments and what client and matter these payments were for. *Id.* ¶ 11. We also explained that Wilenchik could easily figure this out by looking at its own bank records—which it could get online by setting up an online account or from the bank by requesting them—and reviewing the checks it deposited that correspond to these payments. *Id.* ¶ 12. But Wilenchik admitted that it had not tried to do this, admitted that it had not reviewed its own bank records for this information, and erroneously claimed that it had no obligation to collect or review its own bank records in response to the subpoena or April 9 order. *Id.* ¶ 13; *see Ultimate Creations, Inc. v. McMahon*, 2009 WL 10673613, at *3 (D. Ariz. Feb. 19, 2009) (party's bank records were in its possession, custody, or control, because party "needs only to log onto his online bank account and print the responsive documents from each bank's website or otherwise arrange with each bank to obtain these records").

1
2
3
4
5
6
7
8
9
10
11
12

Following the May 24 meet and confer, we sent a follow-up e-mail to Wilenchik explaining exactly what it is missing and how it could gather that missing information. Wurtzel Reply Decl. ¶ 14. Without giving any detail or explaining why we were wrong, Wilenchik continued to insist that it had produced all responsive documents. *Id.* ¶ 15. And one attorney at Wilenchik even demanded that we stop e-mailing it. *Id.* Wilenchik did agree to "ask for the checks as soon as we can if that helps as to what you are looking for," but did not say by when this would be done, and continued to claim that it did not understand what information was missing from its production—despite the chart we sent to it and our citation to the bates numbers of the pages of Wilenchik-produced documents showing unexplained "Danzik" payments. *Id.* ¶ 16. A copy of this e-mail chain is attached to the Wurtzel Reply Declaration as Exhibit E.

13
14
15
16
17
18
19
20
21

Thus, while Wilenchik has repeatedly insisted that it has fully complied with the subpoena and the Court's April 9 order, it has concededly failed to make even a minimal effort to determine whether these payments—which it knows it got for a "Danzik" matter—were from Wyo Tech or Inductance. So until Wilenchik either (1) produces documents showing the source account for these payments and what client and matter these payments were for, or (2) confirms that none of these payments came from Wyo Tech or Inductance, Wilenchik has failed to comply with the subpoena and this Court's April 9 order.

22
23
24
25
26
27
28

**Fourth**, Wilenchik still continues to withhold documents showing payments to it from Inductance. Indeed, attached to the Wurtzel Reply Declaration as Exhibit F is a copy of a December 13, 2018 check from Inductance to Wilenchik for $100,000. Wilenchik did not produce this check or any other documents showing this payment. *Id.* ¶ 17. While Wilenchik did produce documents showing a $100,000 payment from Inductance on January 14, 2019, it is not clear this is the same payment—and even if it is, as shown in

Appendix A, Wilenchik has not produced any documents showing the source account for this payment. *Id.* ¶ 18.

Thus, the evidence shows that Wilenchik continues to withhold responsive documents. And even after this Court issued its May 16, 2019 order granting the CWT Parties' motion for an order to show cause (Dkt. No. 136), Wilenchik still failed to collect or review its own bank records to provide missing information that it was required to produce under the subpoena and the Court's April 9 order. Therefore, Wilenchik's claim that it has fully complied with the subpoena and this Court's April 9 order is false, and so contempt sanctions are necessary to coerce its compliance.

## <u>CONCLUSION</u>

This Court should (1) hold Wilenchik and Beus Gilbert in civil contempt; (2) order them to pay the CWT Parties' legal fees incurred in making its original and amended motions for an order to show cause, and in preparing this reply brief and in participating in the May 29, 2019 show-cause hearing; and (3) order them to pay the CWT Parties $500 per day from April 27 through the date they fully comply with this Court's April 9 order by producing all documents requested by the subpoenas, which would be through May 17, 2019 for Beus Gilbert, and which has not yet occurred for Wilenchik.[1]

---

[1] Though not part of this motion, this Court should be aware that the CWT Parties also intend to seek relief against Wyo Tech for its failure, in accordance with this Court's May 1, 2019 order (Dkt. No. 128), to produce all documents responsive to the document requests the CWT Parties served on it and to fully answer the interrogatories the CWT Parties served on it. Indeed, after blowing this Court's May 15, 2019 production deadline by a day for its document production and two days for its interrogatory responses, Wyo Tech's document production is missing many documents we know it should have. And even worse, though this Court held that Wyo Tech "forfeited or waived its objections" to the CWT Parties' interrogatories—including objections based on overbreadth—and had to respond substantively by May 15 (*id.*), Wyo Tech still refused to answer an interrogatory on the ground that, aside from a minimal, pithy response, "[d]ue to the immense overbreadth of this interrogatory, Wyo Tech has not been able to prepare a detailed response to it"; and further responded to other interrogatories—sometimes without even providing a minimal, pithy answer—that responsive information is "still being compiled." We are in the process of preparing a list of Wyo Tech's deficiencies in its document production and interrogatory responses. We will then share that list with Wyo Tech, and absent immediate resolution, expect to seek relief before this Court. At the same time, we

1   Dated: May 28, 2019
2         Phoenix, Arizona

3

4                              Respectfully submitted,

5                              **RYAN RAPP & UNDERWOOD, P.L.C.**

6                              By:    /s/ Henk Taylor (016321)

7                                   J. Henk Taylor (016321)
                                   3200 N. Central Ave., Suite 1600

8                                   Phoenix, Arizona 85012
                                   Telephone: (602) 280-1000

9                                   Facsimile: (602) 265-1495

10                                E-Mail: htaylor@rrulaw.com

11                              **SCHLAM STONE & DOLAN LLP**

12                                   Jeffrey M. Eilender (*admitted pro hac*

13                                     *vice*)

14                                   Bradley J. Nash (*admitted pro hac vice*)
                                   Joshua Wurtzel (*admitted pro hac vice*)

15                                   26 Broadway
                                   New York, New York 10004

16                                Telephone: (212) 344-5400

17                                 Facsimile: (212) 34407677
                                 E-Mail: jeilender@schlamstone.com

18                                E-Mail: bnash@schlamstone.com
                                 E-Mail: jwurtzel@schlamstone.com

19

20                              *Attorneys for Defendants CWT Canada II*

21                              *Limited Partnership, Resource Recovery*
                              *Corporation, and Jean Noelting*

22

23

24

25

26

27

28   also expect to move to compel responses by several Wyo-Tech-related nonparties who have failed to respond to subpoenas we served on them.

**ORIGINAL** e-filed and **COPIES**
e-mailed this 28th day of May
2019 as follows:

Dennis I. Wilenchik
**WILENCHIK & BARTNESS P.C.**
2810 North Third Street
Phoenix, AZ 85004
E-Mail: diw@wb-law.com

Leo R. Beus
**BEUS GILBERT PLLC**
701 North 44th Street
Phoenix, AZ 85008
E-Mail: lbeus@beusgilbert.com

*Attorneys for Wyo Tech Investment
Group, LLC*

/s/ Henk Taylor
Henk Taylor

## APPENDIX A

| Date | Payor | Source Account | Amount | Client | Matter |
|------|-------|----------------|--------|--------|--------|
| May 22, 2017<br>(WYOTECH00004629) | Wyo Tech<br>(WYOTECH00004629) | **NOT GIVEN** | $10,000<br>(WYOTECH00004629) | Ker, Carrigan, DAS, Elizabeth Danzik<br>(WB000012—says July 31) | Ker/Carrigan<br>(WB000012—says July 31) |
| Nov. 30, 2017<br>(WYOTECH00004631) | Inductance<br>(WYOTECH00004631) | Inductance Act. No. 9245<br>(WYOTECH00004631) | $100,000<br>(WYOTECH00004631) | **NOT GIVEN** | **NOT GIVEN** |
| Dec. 15, 2017<br>(WB000001, WB000009) | Inductance<br>(WB000001, WB000009) | **NOT GIVEN** | $100,000<br>(WB000001, WB000009) | Danzik/ADV CWT<br>(WB000009) | Danzik/ADV CWT<br>(WB000009) |
| Jan. 22, 2018<br>(WB000002, WB000009, WYOTECH00004632) | Inductance<br>(WB000002, WB000009, WYOTECH00004632) | Inductance Act. No. 9245<br>(WYOTECH00004632) | $100,000<br>(WB000002, WB000009, WYOTECH00004632) | Danzik/ADV CWT<br>(WB000009) | Danzik/ADV CWT<br>(WB000009) |
| Apr. 9, 2018<br>(WYOTECH00004633) | Inductance<br>(WYOTECH00004633) | Inductance Act. No. 9245<br>(WYOTECH00004633) | $100,000<br>(WYOTECH00004633) | **NOT GIVEN** | **NOT GIVEN** |
| Aug. 7, 2018<br>(WYOTECH00004634) | Inductance<br>(WYOTECH00004634) | Inductance Act. No. 9245<br>(WYOTECH00004634) | $25,000<br>(WYOTECH00004634) | Wyo Tech<br>(WB000003) | Wyo Tech/Wells Fargo<br>(WB000007—says Aug. 31) |
| Aug. 21, 2018<br>(WYOTECH00004635) | Inductance<br>(WYOTECH00004635) | Inductance Act. No. 9245<br>(WYOTECH00004635) | $100,000<br>(WYOTECH00004635) | **NOT GIVEN** | **NOT GIVEN** |

**APPENDIX A**

| Sept. 17, 2018 (WB000004, WB000011) | Inductance (WB000004, WB000011) | **NOT GIVEN** | $100,000 (WB000004) | Wyo Tech (WB000011) | Wyo Tech/Wells Fargo (WB000011) |
|---|---|---|---|---|---|
| Jan. 14, 2019 (WB000005, WB000011) | Inductance (WB000005, WB000011) | **NOT GIVEN** | $100,000 (WB000005, WB000011) | Wyo Tech (WB000011) | Wyo Tech (WB000011) |