# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank, N.A.,<br><br>          Plaintiff,<br>v.<br>WYO TECH Investment Group, LLC; CWT Canada II Limited Partnership; Resources Recovery Corporation; and Jean Noelting,<br><br>          Defendants. | Case No.: 2:17-CV-04140-DWL<br><br>**PROTECTIVE ORDER** |
| WYO TECH Investment Group, LLC,<br><br>          Cross-Claimant,<br>v.<br><br>CWT Canada II Limited Partnership, Resources Recovery Corporation, and Jean Noelting,<br>          Cross-Claim Defendants. | |
| WYO TECH Investment Group, LLC,<br><br>          Third Party Plaintiff,<br>v.<br><br>Schlam Stone & Dolan, LLC, a New York Limited Liability Partnership; and Jeffrey M. Eilender,<br>          Third Party Defendants. | |

The Court, having reviewed the parties' Stipulation and Joint Motion for Protective Order and good cause therefor appearing,

**IT IS HEREBY ORDERED** that any documents or information produced by any Party in this case in response to discovery requests, during any deposition or as part of any disclosure

statement or produced by any third party in response to any Subpoena, shall be subject to the protections described herein below:

**Purpose of Protective Order.**

It is the purpose of this Protective Order to prevent the unwarranted disclosure of confidential, sensitive, and/or privileged information of the Parties in this lawsuit without frequent resort to determinations of discoverability by the Court.

**I.        Definitions.**

      A.        Party. "Party" means any party to this action, including officers, employees, and agents of such parties.

      B.        Counsel. "Counsel" means counsel for any Party and any stenographic, clerical, and paralegal employees, or outside copy services whose duties and responsibilities in the conduct of this action require access to Protected Material.

      C.        Discovery Material. "Discovery Material" means:

(1)  any information, document, including electronic media, tangible thing, response to discovery requests pursuant to FED. R. CIV. P. 33, 34, or 36;

(2)  any deposition testimony or transcript revealed during depositions upon oral or written examination pursuant to FED. R. CIV. P. 30 or 31;

(3)  any document, thing, or premises made available for inspection or produced to the Receiving Party pursuant to the Mandatory Initial Discovery Pilot Project, FED. R. CIV. P. 26, 33(c), or 34;

(4)  any document, thing, or premises made available for inspection or produced to the Receiving Party in response to a subpoena pursuant to FED. R. CIV. P. 45; and

(5)  any other similar materials or portions thereof.

      D.        Producing Party. "Producing Party" means a Party or any third party that produces or otherwise makes available Discovery Material to a Receiving Party. This Order shall

apply to and may be invoked by a Party with respect to any third party that is required to produce or otherwise make Discovery Material available to a Receiving Party.

   E. <u>Receiving Party</u>.  "Receiving Party" means a party to this action, including all employees, agents, and directors (other than Counsel) of the party, who receives Discovery Material from a Producing Party.

   F. <u>Materials Marked CONFIDENTIAL</u>. "CONFIDENTIAL" means information or material that constitutes or contains proprietary or other confidential business information, or sensitive or privileged information such as non-public financial information, the public disclosure of which would be detrimental to that Party.  Information and materials are not properly designated CONFIDENTIAL if they are in the public domain.

   G. <u>Protected Material</u>. "Protected Material" means any Discovery Material, and any copies, abstracts, or summaries of Discovery Material, and any notes or other records embodying or disclosing the contents of such Discovery Material, that is designated as CONFIDENTIAL.

   H. <u>Professional Vendor</u>. "Professional Vendor" means an established professional that provides litigation support services *(e.g.,* photocopying, court reporting, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and its respective secretarial, clerical and other assistants to whom it is necessary or useful to disclose Protected Material for the purpose of this action.

   I. <u>Independent Expert</u>.  "Independent Expert" means an expert and/or independent consultant actually retained or employed to advise or to assist a Party and/or their Counsel in the preparation and/or trial of this action and who is not employed by any Party or affiliate of any Party, and its assistants who are not employed by a Party, to whom it is necessary or useful to disclose Protected Material for the purpose of this action.

**II.** **<u>Designation of Protected Material.</u>**

   Any document, any information produced on computer-related media, and any portion of oral testimony produced or given in this action that is asserted by a Party to contain or constitute

CONFIDENTIAL INFORMATION shall be so designated by that Party.  Each page of each document, and the front of each disk, that contains CONFIDENTIAL information shall be marked on its face with a legend substantially in the form "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."  In the event of oral testimony, the Party or non-party offering or sponsoring the testimony shall identify on the record, before the close of the deposition, hearing, or other proceeding, whether any of the testimony may be subject to this Protective Order, and shall, if possible, specify those portions of the testimony that qualify as "CONFIDENTIAL INFORMATION."  When it is impractical to identify separately each portion of testimony that is entitled to protection and when it appears that substantial portions of the testimony may qualify for protection any Party or the witness who gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 10 days after receipt of the transcript to identify the specific portions of the testimony as to which protection is sought.  Transcript pages containing or constituting CONFIDENTIAL INFORMATION shall be separately bound by the court reporter and marked "CONFIDENTIAL" on each page.  If the Receiving Party wishes to show non-CONFIDENTIAL portions of a document or transcript containing CONFIDENTIAL information to a person not described below in Paragraph 4(a), it shall first redact all pages designated CONFIDENTIAL.

**III.      Access to Protected Material.**

A.   In the absence of written permission from the Producing Party, the Party who designated materials as CONFIDENTIAL or an Order of the Court, any CONFIDENTIAL information produced in accordance with the provisions of Paragraph II above shall be used solely for purposes of the prosecution and defense of the above-entitled litigation and shall not be disclosed to or discussed with any person other than: (i) Counsel for the Receiving Party, as defined above; (ii) employees of the Receiving Party whose review of such information is reasonably required for the conduct of the above-entitled litigation; (iii) Professional Vendors who are engaged for the purpose of this action by the Receiving Party and their support personnel; (iv)

Independent Experts who are engaged for the purpose of this action and their support personnel; (v) the individual who authored, prepared or received the information, or who—based on the face of the CONFIDENTIAL information—already saw the CONFIDENTIAL information; (vi) certified court reporters and videographers taking testimony involving such CONFIDENTIAL information; (vii) authorized court personnel (of this Court or any appellate court in the event of an appeal of this action) and jurors or prospective jurors in this action; (viii) potential witnesses—provided they have first signed an agreement to be bound by the terms of this Protective Order and are not allowed to retain copies of Protected Material, as provided under Paragraph III(B) below; (ix) mock jurors and jury consultants retained to assist Counsel in this action—provided those individuals have first signed an agreement to be bound by the terms of this Protective Order and are not allowed to retain copies of Protected Material, as provided under Paragraph III(B) below; (x) witnesses (including their separate Counsel and, in the case of testifying experts, their assistants and clerical staff), whose testimony relates to the CONFIDENTIAL information—provided they are not allowed to retain copies of Protected Material, as provided under Paragraph III(B) below; (xi) private investigators and other consultants, including their assistants and clerical staff, that Counsel retain, engage, or consult to assist them in this action; (xii) subpoena recipients whom a Party reasonably believes to be relevant to the case and whom a Party subpoenas (or attempts to subpoena) in the good-faith prosecution or defense of this action—provided no copies of any part of any Protected Material are attached to or made part of any subpoenas unless the subpoena recipient is otherwise permitted to see the Protected Material under this Order;  and (xiii) any law enforcement agency, to whom any Party may provide CONFIDENTIAL information if that Party reasonably believes that the CONFIDENTIAL information is evidence of a crime. Counsel and their private investigators, consultants and retained experts are prohibited from directly contacting any persons identified in any CONFIDENTIAL information unless that contact is done for a valid, good-faith purpose related to a Party's prosecution or defense of claims in this litigation and subject to all ethical rules governing and limiting contact with represented

parties. The foregoing restriction shall not apply to or restrict a Party's ability to issue any appropriate subpoenas to persons identified in Protected Material.

   B. Custody of Protected Material. All documents containing information designated CONFIDENTIAL and notes or other records regarding that information shall be maintained in the custody of Counsel for the Parties only, and no partial or complete copies thereof containing Protected Material shall be retained by anyone else, except that outside experts and consultants may retain documents on a temporary basis for purposes of study, analysis, and preparation of the case. A person with custody of Protected Material shall maintain it in a manner that limits access to persons authorized pursuant to this Order to have access to Protected Material.

   C. Outside experts and Consultants. Subject to the provisions of this Order, all Protected Material may be disclosed to an Independent Expert or Consultant who has agreed in writing or on the record of a deposition to be bound by this Order. In addition, subject to the provisions of this Order, all Protected Material may be disclosed to Professional Vendors who have agreed in writing to be bound by this Order.

   D. The limitation on disclosure contained in this Protective Order shall not apply to documents or information that (i) were already in the possession of the Receiving Party without a restriction from any party to this litigation; (ii) are received from a non-party without restriction; or (iii) are or become published or available in a manner that is not in violation of this Protective Order.

   Nothing in this Protective Order affects the rights of a Party to use and disclose its own Protected Materials.

   Nothing in this Protective Order prohibits any person from disclosing CONFIDENTIAL information in accordance with a subpoena, court order, or other legal process. Within two business days of receiving a subpoena, court order, or other legal process requiring the disclosure of CONFIDENTIAL information, the person who receives such a subpoena, court order, or other legal process will provide a copy to the party whose CONFIDENTIAL information

is requested.

## IV.     Court Procedures.

For applications and motions to the Court in which a party submits Protected Material, all documents containing CONFIDENTIAL information which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers which shall indicate the nature of the contents of the sealed envelope or other container and a statement substantially in the following form:

> "FILED UNDER SEAL – CONFIDENTIAL, THIS ENVELOPE CONTAINS INFORMATION THAT IS SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT AND IS NOT TO BE OPENED OR THE CONTENTS REVEALED EXCEPT BY ORDER OF THE COURT."

Documents containing CONFIDENTIAL information, may be openly submitted to the Court without regard to the foregoing procedure if and only if all CONFIDENTIAL information in the documents has been fully redacted..  Any unredacted versions of such documents must be filed with the Court under seal as described above.  Notwithstanding the foregoing, a party filing documents under seal or in redacted form can and should provide unredacted copies of said documents to the Court via email or hand delivery directly to the Judge or his/her staff.

Any Party may make an application to the Court to hold any Court hearing which refers to or describes CONFIDENTIAL information *in camera*, and to keep any transcripts or recordings thereof under seal.

At any trial of this action, any Party may make an application to the Court to continue confidentiality with such added and consistent confidentiality orders as the Court may deem warranted in advance thereof.

Notwithstanding the above, any Party may apply to the Court for an order allowing the filing of the papers containing CONFIDENTIAL information, if that Party believes the filing of the papers is necessary for a complete record.  Any such papers shall be placed by the submitting party in a sealed envelope labeled as set forth above.  Any papers containing Protected Material

7

shall be returned to the Producing Party upon dismissal or final judgment in the action.

**V.    Handling of Protected Material.**

A.    Nothing herein shall restrict a person authorized to have access pursuant to Paragraphs III(A) or III(B) from making working copies, abstracts, digests, and/or analyses of Protected Material for use in connection with this action. Such working copies, abstracts, digests, and analyses shall be deemed to have the same level of protection as the original Protected Material under the terms of this Protective Order. Further, nothing herein shall restrict an authorized recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this action, provided that access to such information, in whatever form stored or reproduced, shall be limited to authorized recipients.

B.    If a Party through inadvertence produces any CONFIDENTIAL information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Order, the Producing Party shall give written notice to the Receiving Party within thirty (30) days of the inadvertent production that the document or thing produced is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Protective Order. Promptly upon providing such notice to the Receiving Party, the Producing Party shall provide the Receiving Party with another copy of the documents or things that bear the new designation under this Order, at which time the Receiving Party shall return the originally-produced documents and things to the Producing Party. The Receiving Party's disclosure, prior to the receipt of notice from the Producing Party of a new designation, to persons not authorized to receive such information shall not be deemed a violation of this Protective Order. However, the Receiving Party shall make a good faith effort to immediately retrieve such information from such persons not authorized to receive such information and to obtain agreement from the person to whom the disclosure was made to be bound by this Protective Order. If such efforts are unsuccessful, the Receiving Party shall notify the Producing Party of the disclosure and the

identity of the person or entity to whom the disclosure was made.  If the Producing Party fails to give written notice as described above within thirty (30) days, it shall be deemed to have waived any right to later designate unmarked information or documents as being CONFIDENTIAL.

**VI.** **Designation not Determinative of Status.**

A Party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The designation or failure to designate material as CONFIDENTIAL shall not be determinative of that material's status as confidential, sensitive, privileged, and/or proprietary information.  All challenges to the propriety of a confidentiality designation shall first be made in writing by a letter or other document identifying the specific material challenged.  Within five (5) court days of such a challenge, the Producing Party shall substantiate the basis for such designation in writing to the other Party, or forever waive the protections of this Order with respect to the challenged information. The Parties shall first attempt to resolve such challenge in good faith on an informal basis.  If the dispute cannot be resolved, the Party challenging the designation may seek appropriate relief from the Court.  The burden of proof shall be on the Party claiming confidentiality.  Any document designated in good faith as CONFIDENTIAL shall enjoy the protection of such designation until the issue relating to the propriety of the designation has been resolved.

**VII.** **Right to Further Relief.**

Nothing in this Protective Order shall abridge the right of any person to seek judicial modification or amendment of this Order.

**VIII.** **Right to Assert Other Objections.**

This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance or other grounds for not producing Discovery Material.

. . .

. . .

9

## IX. Final Disposition.

Within ninety (90) days after final termination of this action after appeal, if any, each Party shall assemble all documents and things furnished and designated by any other party or non-party as containing Protected Material, and all copies, summaries and abstracts thereof, and shall either (a) return such documents and things to the Producing Party, or (b) destroy the documents and things; provided, however, that the parties and their counsel shall be entitled to retain all pleadings, motion papers, legal memoranda, work product and attorney-client communications that include or are derived from Protected Material.  If a Party elects to destroy the documents, a Certificate of Destruction shall be served on Counsel for the other Parties within ninety (90) days of final termination of the action.

## X. Survival of Obligations.

The obligations created by this Protective Order shall survive the termination of this lawsuit unless otherwise modified by the Court.  The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Protective Order and to make such amendments and modifications to this Order as may be appropriate.

DATED this _____ day of _____, 2019.

_____
Judge Dominic Lanza
United States District Judge