1  J. Henk Taylor (016321)
   **RYAN RAPP & UNDERWOOD, P.L.C.**
2  3200 N. Central Ave, Suite 2250
3  Phoenix, Arizona 85012
   Telephone: (602) 280-1000
4  Facsimile: (602) 265-1495
5  Email: htaylor@rrulaw.com

6  Jeffrey M. Eilender (*admitted pro hac vice*)
   Bradley J. Nash (*admitted pro hac vice*)
7  Joshua Wurtzel (*admitted pro hac vice*)
8  **SCHLAM STONE & DOLAN LLP**
   26 Broadway
9  New York, New York 10004
   Telephone: (212) 344-5400
10 Facsimile: (212) 344-7677
11 E-Mail: jeilender@schlamstone.com
   E-Mail: bnash@schlamstone.com
12 E-Mail: jwurtzel@schlamstone.com

13
   *Attorneys for Defendants CWT Canada II Limited*
14 *Partnership, Resource Recovery Corporation, and*
15 *Jean Noelting*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Wells Fargo Bank, N.A. | Case No.: 2:17-CV-04140-DWL |
| Plaintiff, | |
| v. | **CWT PARTIES' MOTION FOR AN ORDER TO SHOW CAUSE** |
| Wyo Tech Investment Group, LLC, CWT Canada II Limited Partnership, Resources Recovery Corporation, and Jean Noelting, | **Oral Argument Requested** |
| Defendants. | |
| And related claims. | |

**TABLE OF CONTENTS**

**Page**

ARGUMENT ................................................................................................................... 1

CONCLUSION ............................................................................................................... 4

Defendants CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting (collectively, the "CWT Parties") move this Court under Fed. R. Civ. P. 45(g) for entry of an order to show cause why nonparties Danzik Applied Sciences, LLC, Charles J. Davis, Richard W. Davis, Ashley Mosharrafa, Tamir Mosharrafa, Ali M. Mosharrafa, and Kristin Joiner Mosharrafa—all of whom are Wyo Tech-related parties—should not be held in contempt for their failure to respond to the subpoenas served on them. This motion is supported by the following memorandum of points and authorities and the Declaration of Joshua Wurtzel.

## MEMORANDUM OF POINTS AND AUTHORITIES

## ARGUMENT

On February 4, 2019, the CWT Parties served Danzik Applied Sciences, LLC ("DAS") with subpoenas for documents and testimony through its registered agent in Delaware. Wurtzel Decl. Ex. A.

Also on February 4, the CWT Parties served Charles J. Davis and Richard W. Davis with subpoenas for documents by delivering the subpoenas to a person of suitable age and discretion at the Davises' home. *Id.* Exs. B, C. And though this person refused to give his name to the process server, this person taunted the process server after being served (*id.* Exs. B, C)—and was thus likely one of the Davises.

On February 11, 2019, the CWT Parties served Ali M. Mosharrafa and Kristin Joiner Mosharrafa with subpoenas for documents by personal delivery to Ms. Mosharrafa at the home where we believe they both live. *Id.* Exs. D, E. Also on February 11, the CWT Parties served subpoenas for documents on Tamir Mosharrafa and Ashley Mosharrafa by personal delivery to each of them. *Id.* Exs. F, G.

These nonparties are all relevant witnesses. Indeed, though Wyo Tech has repeatedly insisted that Dennis Danzik has no interest in Wyo Tech, recently-produced

documents show that DAS—Danzik's family-owned company that he used to steal the CWT Parties' tax credits and which he owns and controls—is Wyo Tech's **managing member**, and was its **sole member** before any outside investors joined. *Id.* Ex. H. And we also believe the Davises and Mosharrafas are purported investors in Wyo Tech. *Id.* ¶¶ 2-9.

DAS's and the Davises' document productions in response to the subpoenas were due on February 28, 2019. *Id.* Exs. I, J. The Mosharrafas' document productions in response to the subpoenas were due on March 18, 2019. *Id.* Exs. K, L. And DAS was also required to appear—in accordance with Fed. R. Civ. P. 30(b)(6)—for a deposition on March 27, 2019. *Id.* Ex. I. The place of compliance of all these subpoenas is Phoenix, Arizona. *Id.* Exs. I, J, K, L.

On April 16, 2019, we sent letters to all these nonparties, demanding that they produce the documents requested by the subpoenas or reach out to us to discuss the subpoenas by April 19, 2019. *Id.* Ex. M. In our letter to DAS, we further stated that we would work out a mutually-convenient date for its deposition after getting its document production. *Id.* Ex. M.

But none of these nonparties responded to these letters, or produced any documents, or served any written responses to the subpoenas by the return date. *Id.* ¶ 15 And none of these nonparties reached out to us or made any contact concerning these subpoenas at any time, nor have they produced any documents or served any written responses to the subpoenas at any time. *Id.*

Under Fed. R. Civ. P. 45(g), this Court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." "'Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions.'" *Sell v. Country Life Ins.*

*Co.*, 2017 WL 5713885, at *3 (D. Ariz. Feb. 27, 2017) (quoting Fed. R. Civ. P. 45 advisory committee's note); *see also Martinez v. City of Avondale*, 2013 WL 5705291, at *3 (D. Ariz. Oct. 18, 2013) ("A subpoena duces tecum is itself a court order, noncompliance with which may warrant contempt sanctions.").

"'Civil contempt is characterized by the court's desire to compel obedience to a court order, or to compensate the contemnor's adversary for the injuries which result from the noncompliance.'" *Sell*, 2017 WL 5713885, at *3 (quoting *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983)). "A party moving for civil contempt 'has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court.'" *Id.* (quoting *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999)). "'The burden then shifts to the contemnors to demonstrate why they were unable to comply.'" *Id.* (quoting *Affordable Media, LLC*, 179 F.3d at 1239). Further, "Rule 45 requires a person to move to quash or modify a subpoena in a 'timely' manner." *Id.* (quoting Fed. R. Civ. P. 45(d)(3)). And so "failure to serve timely objections to a subpoena waives all grounds for objection." *Id.*

As explained above, all these nonparties were properly served with subpoenas by personal delivery, and they thus knew about these subpoenas and their obligations to comply. And even after their defaults, we sent each of them a letter and gave them an additional opportunity to respond before seeking relief from this Court. But these nonparties continued to ignore these subpoenas and our demands for compliance.

This Court should thus hold these nonparties in contempt, order them to pay the CWT Parties' legal fees incurred in making this motion, and impose a daily fine until they fully comply with the subpoenas served on them. *See United States v. Bright*, 596 F.3d 683, 696 (9th Cir. 2010) (upholding $500 daily fine and payment of party's costs as contempt sanction). This Court should also hold that all these nonparties' objections to the

-3-

subpoenas served on them have been waived. *See Sell*, 2017 WL 5713885, at *3 ("failure to serve timely objections to a subpoena waives all grounds for objection").

Finally, the CWT Parties reserve the right to also seek sanctions against Wyo Tech for its deliberate interference with these subpoenas. Indeed, during a call with another purported Wyo Tech investor who was served with a subpoena in Nevada, this investor told us that Wyo Tech officers told him he could disregard the subpoena served on him, and that Wyo Tech's CEO—Bill Hinz—said he could toss the subpoena in the garbage because it was invalid. Wurtzel Decl. ¶ 16. Further, this investor also said that he received a copy of a letter from Wyo Tech's counsel, Wilenchik & Bartness, to us claiming that the nonparty subpoenas we served were invalid because we did not give them notice of the subpoenas before service. *Id.* ¶ 17. This claim was erroneous, since we e-mailed Wilenchik & Bartness copies of these subpoenas before serving them, and pointed this out to Wilenchik & Bartness as soon as we got their letter. *Id.* ¶ 17, Ex. N. But despite having clarified that Wilenchik & Bartness did get notice of these subpoenas before their service and that there was no basis to tell nonparties that these subpoenas were not valid, to our knowledge, neither Wilenchik & Bartness nor Wyo Tech sent a correction to these nonparties or further clarified their claim. *Id.* ¶ 18.[1]

## CONCLUSION

This Court should issue an order to show cause why nonparties Danzik Applied Sciences, LLC, Charles J. Davis, Richard W. Davis, Ashley Mosharrafa, Tamir

---

[1] We served subpoenas on other Wyo-Tech-related nonparties, including Dennis Danzik, in Wyoming and Nevada. Almost all these nonparties defaulted and refused to respond to these subpoenas. We will be seeking contempt sanctions against many of, if not all, these other nonparties in Wyoming and Nevada. But we reserve our right to seek sanctions here against Wyo Tech for its deliberate interference with these additional subpoenas. And since virtually all these nonparties are in close contact with, or under the control of, Wyo Tech, we further reserve our right to seek an order of preclusion against Wyo Tech based on these nonparties' failure to respond to subpoenas.

-4-

Mosharrafa, Ali M. Mosharrafa, and Kristin Joiner Mosharrafa should not be held in civil contempt, ordered to pay the CWT Parties' legal fees incurred in making this motion, and further order to pay a daily fine until they fully comply with these subpoenas. Since these nonparties have already been served, this Court should also authorize service of its order to show cause on these nonparties by overnight courier.

Dated: June 19, 2019
Phoenix, Arizona

Respectfully submitted,

**RYAN RAPP & UNDERWOOD, P.L.C.**

By:  /s/ Henk Taylor (016321)
J. Henk Taylor (016321)
3200 N. Central Ave., Suite 1600
Phoenix, Arizona 85012
Telephone: (602) 280-1000
Facsimile: (602) 265-1495
E-Mail: htaylor@rrulaw.com

**SCHLAM STONE & DOLAN LLP**

Jeffrey M. Eilender (*admitted pro hac vice*)
Bradley J. Nash (*admitted pro hac vice*)
Joshua Wurtzel (*admitted pro hac vice*)
26 Broadway
New York, New York 10004
Telephone: (212) 344-5400
Facsimile: (212) 34407677
E-Mail: jeilender@schlamstone.com
E-Mail: bnash@schlamstone.com
E-Mail: jwurtzel@schlamstone.com

*Attorneys for Defendants CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting*

1  **ORIGINAL** e-filed and **COPIES**
2  e-mailed this 19th day of June
   2019 as follows:
3
4  Dennis I. Wilenchik
   **WILENCHIK & BARTNESS P.C.**
5  2810 North Third Street
   Phoenix, AZ 85004
6  E-Mail: diw@wb-law.com

7  Leo R. Beus
8  **BEUS GILBERT PLLC**
   701 North 44th Street
9  Phoenix, AZ 85008
   E-Mail: lbeus@beusgilbert.com
10
11 *Attorneys for Wyo Tech Investment*
   *Group, LLC*
12

13 /s/ Henk Taylor
14 J. Henk Taylor

-6-