J. Henk Taylor (016321)
**RYAN RAPP & UNDERWOOD, P.L.C.**
3200 N. Central Ave, Suite 2250
Phoenix, Arizona 85012
Telephone: (602) 280-1000
Facsimile: (602) 265-1495
Email: htaylor@rrulaw.com

Jeffrey M. Eilender (*admitted pro hac vice*)
Bradley J. Nash (*admitted pro hac vice*)
Joshua Wurtzel (*admitted pro hac vice*)
**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, New York 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
E-Mail: jeilender@schlamstone.com
E-Mail: bnash@schlamstone.com
E-Mail: jwurtzel@schlamstone.com

*Attorneys for Defendants CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank, N.A.<br><br>   Plaintiff,<br><br>   v.<br><br>Wyo Tech Investment Group, LLC, CWT Canada II Limited Partnership, Resources Recovery Corporation, and Jean Noelting,<br><br>   Defendants.<br><br>And related claims. | Case No.: 2:17-CV-04140-DWL<br><br>**DECLARATION OF JOSHUA WURTZEL IN SUPPORT OF THE CWT PARTIES' MOTION FOR <u>AN ORDER TO SHOW CAUSE</u>** |

In accordance with 28 U.S.C. § 1746, **JOSHUA WURTZEL**, declares, under the penalty of perjury, the following to be true and correct.

1. I am an associate of Schlam Stone & Dolan LLP, co-counsel with Ryan Rapp & Underwood, P.L.C. for Defendants CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting (collectively, the "CWT Parties") in this action. I submit this declaration in support of the CWT Parties' motion for entry of an order to show cause why nonparties Danzik Applied Sciences, LLC ("DAS"), Charles J. Davis, Richard W. Davis, Ashley Mosharrafa, Tamir Mosharrafa, Ali M. Mosharrafa, and Kristin Joiner Mosharrafa should not be held in contempt for their failure to respond to the subpoenas served on them. Unless otherwise specified, the matters below are based on my personal knowledge and a review of my firm's files.

2. A copy of the affidavit of service of subpoenas for documents and testimony on DAS is attached as Exhibit A.

3. A copy of the affidavit of service of a subpoena for documents on Charles J. Davis is attached as Exhibit B. We believe Mr. Davis is a purported Wyo Tech investor.

4. A copy of the affidavit of service of a subpoena for documents on Richard W. Davis is attached as Exhibit C. We believe Mr. Davis is a purported Wyo Tech investor.

5. A copy of the affidavit of service of a subpoena for documents on Ali M. Mosharrafa is attached as Exhibit D. We believe Mr. Mosharrafa is a purported Wyo Tech investor.

6. A copy of the affidavit of service of a subpoena for documents on Kristin Joiner Mosharrafa is attached as Exhibit E. We believe Ms. Mosharrafa is a purported Wyo Tech investor.

7. A copy of the affidavit of service of a subpoena for documents on Tamir Mosharrafa is attached as Exhibit F. We believe Mr. Mosharrafa is a purported Wyo Tech investor.

8. A copy of the affidavit of service of a subpoena for documents on Ashley Mosharrafa is attached as Exhibit G. We believe Ms. Mosharrafa is a purported Wyo Tech investor.

9. A copy of Wyo Tech's operating agreement, which Wyo Tech recently produced, is attached as Exhibit H.

10. A copy of the subpoenas we served on DAS is attached as Exhibit I.

11. A copy of the subpoenas we served on Charles J. Davis and Richard W. Davis is attached as Exhibit J.

12. A copy of the subpoenas we served on Ali M. Mosharrafa and Kristin Joiner Mosharrafa is attached as Exhibit K.

13. A copy of the subpoenas we served on Tamir Mosharrafa and Ashley Mosharrafa is attached as Exhibit L.

14. Copies of the letters we sent on April 16, 2019 to DAS, the Davises, and the Mosharrafas regarding their noncompliance with these subpoenas are attached as Exhibit M.

15. None of these nonparties responded to these letters, or produced any documents, or served any written responses to the subpoenas by the return date. And none of these nonparties reached out to us or made any contact concerning these subpoenas at any time, nor have they produced any documents or served any written responses to the subpoenas at any time.

16. Further, we reserve the right to seek sanctions against Wyo Tech for its deliberate interference with these subpoenas. Indeed, during a call with Evan Ahern—

-3-

another purported Wyo Tech investor who was served with a subpoena in Nevada—Mr. Ahern told us that Wyo Tech officers told him he could disregard the subpoena served on him, and that Wyo Tech's CEO—Bill Hinz—said he could toss the subpoena in the garbage because it was invalid.

17. Mr. Ahern also said that he received a copy of a letter from Wyo Tech's counsel, Wilenchik & Bartness, to us claiming that the nonparty subpoenas we served were invalid because we did not give them notice of the subpoenas before service. This claim was erroneous, since we e-mailed Wilenchik & Bartness copies of these subpoenas before serving them, and pointed this out to Wilenchik & Bartness as soon as we got their letter. Copies of the e-mails we sent to Wilenchik & Bartness attaching notices of these subpoenas are attached as Exhibit N.

18. But despite having clarified that Wilenchik & Bartness did get notice of these subpoenas before their service and that there was no basis to tell nonparties that these subpoenas were not valid, to our knowledge, neither Wilenchik & Bartness nor Wyo Tech sent a correction to these nonparties or further clarified their claim.

Dated: June 19, 2019
     New York, New York

*/s/ Joshua Wurtzel*

JOSHUA WURTZEL