**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank NA,<br><br>Plaintiff,<br><br>v.<br><br>Wyo Tech Investment Group LLC, et al.,<br><br>Defendants. | No. CV-17-04140-PHX-DWL<br><br>**ORDER** |

Pending before the Court is the parties' Stipulation and Joint Motion for Protective Order (Doc. 158). The parties' proposed protective order contains a lengthy section entitled "Court Procedures," specifying procedures that do not align with LRCiv 5.6, the local rule regarding sealing of court records in unsealed civil actions or with the Court's Case Management Order (Doc. 124). For example, no document may be filed under seal unless and until the Court grants a motion or stipulation seeking leave to file under seal. LRCiv 5.6(a). The Court will not grant such a motion or stipulation unless it demonstrates that the applicable legal standard for sealing has been met. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016).[1] The Court grants protective orders only when they explicitly acknowledge that nothing in this order shall be construed as automatically permitting a party to file under seal.

---

[1] The Court discussed these legal standards in its May 28, 2019 Order denying the CWT Parties' motion for leave to file under seal and noted that any future motion for leave to file under seal must meet the applicable standard. (Doc. 149.)

In accordance with LRCiv 5.6(c), any "document," which the rule defines as "any exhibit, record, filing or other item to be filed under seal" that the parties wish to submit to the Court outside the purview of public access "must be lodged with the Court in electronic form" (*see also* Electronic Case Filing Administrative Policies and Procedures Manual, http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf). If the document is voluminous, the movant may also deliver a courtesy hard copy via hand-delivery to the judge's first-floor mailbox (via customer service) or via snail mail, in addition to lodging the document electronically. (Doc. 124 ¶ 15.) The Court explicitly prohibits hand-delivery of courtesy copies directly to chambers. (*Id.*) Courtesy copies will not be returned to the producing party upon dismissal or final judgment in the action.

The parties' stipulation will be denied without prejudice (Doc. 158). The parties may file a new motion for protective order, attaching a new proposed protective order that accords with the Court's Case Management Order (Doc. 124), with the federal and local rules, and with this Order. The Court has an example protective order posted on its website (http://www.azd.uscourts.gov/sites/default/files/judge-orders/DWL%20Protective%20Order.pdf), which the parties may wish to reference. The parties need not use this example order verbatim (although they may, if they wish).

Dated this 21st day of June, 2019.

_____
Dominic W. Lanza
United States District Judge