# EXHIBIT A

Richard K. Walker, SBN 004159
WALKER & PESKIND, PLLC
16100 N. 71st Street, Suite 140
Scottsdale, Arizona 85254-2236
rkw@azlawpartner.com
Phone: (480) 483-6336
Facsimile: (480) 483-6337

*Counsel for Defendant/Counterclaimant/Cross-Claimant/Third Party Plaintiff Wyo Tech Investment Group, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank, N.A., <br><br> Plaintiff, <br><br> vs. <br><br> Wyo Tech Investment Group, LLC; CWT Canada II Limited Partnership, Resources Recovery Corporation; and Jean Noelting, <br><br> Defendants. | **CASE NO.: 2:17-CV-04140-JJT** <br><br> **DEFENDANT/COUNTERCLAIMANT/ CROSS-CLAIMANT/THIRD PARTY PLAINTIFF WYO TECH INVESTMENT GROUP, LLC'S RESPONSES TO THE MANDATORY INITIAL DISCOVERY PILOT PROJECT REQUESTS** <br><br> [Assigned to the Honorable John J. Tuchi] |
| Wyo Tech Investment Group, LLC, <br><br> Counterclaimant, <br><br> vs. <br><br> Wells Fargo Bank, N.A., <br><br> Counterdefendant. | |

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

**WALKER & PESKIND, PLLC**
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

Wyo Tech Investment Group, LLC,

                    Cross-Claimant,

vs.

CWT Canada II Limited Partnership,
Resources Recovery Corporation; and
Jean Noelting,

                    Cross-Defendants.

---

Wyo Tech Investment Group, LLC,

                    Third Party Plaintiff,

vs.

Schlam Stone & Dolan, LLP, a New York
Limited Liability Partnership, and Joshua
Wurtzel,

                    Third Party Defendants.

Pursuant to the Court's Notice to Parties – Mandatory Initial Discovery Pilot Project (Doc. 5), issued November 9, 2017, Defendant WYO TECH INVESTMENT GROUP, LLC ("WYO TECH"), hereby submits the following responses to the Mandatory Initial Discovery Requests:

**MANDATORY INITIAL DISCOVERY REQUEST NO. 1:**

State the names and, if known, the address and telephone numbers of all persons who you believe are likely to have discoverable information relevant to any party's claims or defenses, and provide a fair description of the nature of the information each such person is believed to possess.

2

**WALKER & PESKIND, PLLC**
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

**RESPONSE TO MANDATORY INITIAL DISCOVERY REQUEST NO. 1:**

(a) **William J. Hinz**, Chief Executive Officer and Managing Member of WYO TECH (c/o Richard K. Walker, Walker & Peskind, PLLC, SGA Corporate Center, Suite 140, 16100 N. 71st Street, Scottsdale, Arizona 85254, 480-483-6336). Mr. Hinz is expected to have discoverable information including the facts that: (i) none of the funds deposited in WYO TECH's account with a Scottsdale, Arizona branch of Plaintiff/Counterclaim Defendant Wells Fargo Bank, N.A., bearing an account number ending in -2809 ("WYO TECH's Account No. -2809"), belong to either Dennis M. Danzik ("Danzik") or RDX Technologies Corporation ("RDX") (f/k/a Ridgeline Energy Services, Inc.) (collectively "the Judgment Debtors"); (ii) neither of the Judgment Debtors has or claims any right, title, or interest in funds now held in WYO TECH's Account No. -2809; (iii) neither of the Judgment Debtors has or has ever had any membership or other equity interest in WYO TECH; and (iv) WYO TECH does not currently owe any money to Danzik or RDX.

(b) **Dennis M. Danzik**, one of the Judgment Debtors (c/o Dennis I. Wilenchik, Wilenchik & Bartness, P.C., 2810 N. Third Street, Phoenix, Arizona 85004, 602-606-2810), is expected to have discoverable information including the facts that: (i) WYO TECH is not, and never has been, a party and has not otherwise participated in *GEM HOLDCO, LLC, et al. v. CWT Canada II Limited Partnership, et al.,* Case Index No. 650841/2013, in the Supreme Court of the State of New York, County of New York ("the *GEM HOLDCO* case"); (ii)

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

neither he nor RDX have ever deposited funds in WYO TECH's Account No. -2809, and neither of them claim any right, title, or interest in any of the funds currently held in said account; (iii) neither he nor RDX hold, or have ever held, any membership or other equity interest in WYO TECH; and (iv) WYO TECH does not currently owe any money to him or to RDX.

(c) **Tony Ker,** sole director of RDX (c/o Dennis I. Wilenchik, Wilenchik & Bartness, P.C., 2810 N. Third Street, Phoenix, Arizona 85004, 602-606-2810), is expected to have discoverable information including the facts that: (i) RDX made no deposits of funds into WYO TECH's Account No. -2809; (ii) RDX claims no right, title, or interest in any funds currently held in WYO TECH's Account No. -2809; (iii) RDX does not hold, and has never, held any membership or other equity interest in WYO TECH; and (iv) WYO TECH does not currently owe any money to RDX.

(d) **Jeffrey M. Eilender**, Senior Partner, Schlam Stone & Dolan, LLP ("Schlam Stone") (c/o Schlam Stone & Dolan, LLP, 26 Broadway, New York, New York 1004, 212-344-5400), is expected to have discoverable information pertaining to: (i) the parties to the *GEM HOLDCO* case; (ii) the judgment obtained by CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting (collectively, "Judgment Creditors") in the *GEM HOLDCO* case against the Judgment Debtors, and the circumstances leading up to and culminating in said judgment; (iii) the circumstances leading up to and culminating in the issuance of a Restraining Notice directing Wells Fargo to freeze funds in WYO TECH's

4

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

Account No. -2809; (iii) directions he gave to Joshua Wurtzel regarding the issuance of the aforementioned Restraining Notice;[1] (iv) directions he gave to Joshua Wurtzel concerning responses to be provided to WYO TECH's counsel after the latter informed them, *inter alia*, of the fact that the Judgment Debtors had no right, title, or interest in any of the funds held by WYO TECH in its Account No. -2809; and (iv) his basis or bases for refusing to withdraw the Restraining Notice and advise Wells Fargo that further impoundment of WYO TECH's funds was not required after having been informed that Judgment Debtors had no right, title or interest in funds held in said account.

(e) **Joshua Wurtzel**, Associate, Schlam Stone (c/o Schlam Stone & Dolan, LLP, 26 Broadway, New York, New York 1004, 212-344-5400), is expected to have discoverable information pertaining to: (i) the parties to the *GEM HOLDCO* case; (ii) the judgment obtained by CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting (collectively, "Judgment Creditors") in the *GEM HOLDCO* case against the Judgment Debtors, and the circumstances leading up to and culminating in said judgment; (iii) the circumstances leading up to and culminating in the issuance of a Restraining Notice directing Wells Fargo to freeze funds in WYO TECH's Account No. -2809; (iii) directions he received from Jeffrey M. Eilender regarding the issuance of the aforementioned Restraining

---

[1]   Although WYO TECH named Joshua Wurtzel as a Third-Party Defendant in its original Third-Party Complaint (Doc. 17), as a result of discussion among counsel, WYO TECH anticipates filing its First Amended Answer, Counterclaim, Cross-Claim, and Third-Party Complaint within the next few days that will, *inter alia*, substitute Mr. Eilender for Mr. Wurtzel as a Third-Party Defendant.

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

Notice; (iv) directions he received from Jeffrey Eilender concerning responses to be provided to WYO TECH's counsel after the latter informed them, *inter alia*, of the fact that the Judgment Debtors had no right, title, or interest in any of the funds held by WYO TECH in its Account No. -2809; and (iv) his understanding of the basis or bases for refusing to withdraw the Restraining Notice and advise Wells Fargo that further impoundment of WYO TECH's funds was not required after having been informed that Judgment Debtors had no right, title or interest in funds held in said account.

(f) **Peter A. Ragone**, Partner in Rosner Nocera & Ragone, LLP (c/o Rosner Nocera & Ragone, LLP, 6 Broadway, Suite 1900, New York, New York 10006-2706, 212-635-2244), is expected to have discoverable information regarding communications in his capacity as counsel to Wells Fargo with: (i) WYO TECH concerning the invalidity of the Restraining Notice that prompted Wells Fargo to impound the funds in WYO TECH's Account No. -2809, the ineffectiveness of the Restraining Notice under New York law to effect a restraint on funds in accounts in locations other than that where the Restraining Notice was served, and the fact that the Judgment Debtors had no right, title, or interest in any of the funds in WYO TECH's Account No. -2809; and (b) any communications with Schlam Stone regarding WYO TECH and/or WYO TECH's Account No. -2809.

(g) **John P. Foudy**, Associate with Rosner Nocera & Ragone, LLP (c/o Rosner Nocera & Ragone, LLP, 6 Broadway, Suite 1900, New York, New York 10006-2706, 212-635-2244), is expected to have discoverable information regarding

6

**WALKER & PESKIND, PLLC**
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

communications in his capacity as counsel to Wells Fargo with: (i) WYO TECH concerning the invalidity of the Restraining Notice that prompted Wells Fargo to impound the funds in WYO TECH's Account No. -2809, the ineffectiveness of the Restraining Notice under New York law to effect a restraint on funds in accounts in locations other than that where the Restraining Notice was served, and the fact that the Judgment Debtors had no right, title, or interest in any of the funds in WYO TECH's Account No. -2809; and (b) any communications with Schlam Stone regarding WYO TECH and/or WYO TECH's Account No. -2809.

(h) **One or more employees of Wells Fargo** (c/o Barbara Dawson, Carlie Tovrea, and Matt Jarvey, Snell & Wilmer, LLP, One Arizona Center, 400 E. Van Buren Street, Phoenix, Arizona 85004, 602-382-6000), is/are expected to have discoverable information pertaining to: (i) the establishment, nature, and location of WYO TECH's Account No. -2809; (ii) communications between representatives of WYO TECH and Wells Fargo representatives related to WYO TECH's Account No. -2809; and (iii) communications between representatives of the Judgment Creditors and Wells Fargo representatives related to WYO TECH's Account No. -2809.

(i) **Jean Noelting**, one of the Judgment Creditors (c/o Jeffrey Eilender and Joshua Wurtzel, Schlam Stone & Dolan, LLP, 26 Broadway, New York, New York 10004, 212-344-5400), is expected to have discoverable information concerning evidence within his possession, custody, or control, providing any basis for

7

concluding that either of the Judgment Debtors has any right, title, or interest in any portion of the funds in WYO TECH's Account No. -2809.

(j)  **One or more partners or employees of CWT Canada II Limited Partnership ("CWT")**, one of the Judgment Creditors (c/o Jeffrey Eilender and Joshua Wurtzel, Schlam Stone & Dolan, LLP, 26 Broadway, New York, New York 10004, 212-344-5400), is/are expected to have discoverable information concerning evidence within the possession, custody, or control of CWT, if any, providing any basis for concluding that either of the Judgment Debtors has any right, title, or interest in any portion of the funds in WYO TECH's Account No. -2809.

(k)  **One or more employees of Resource Recovery Corporation ("RRC")**, one of the Judgment Creditors (c/o Jeffrey Eilender and Joshua Wurtzel, Schlam Stone & Dolan, LLP, 26 Broadway, New York, New York 10004, 212-344-5400), is/are expected to have discoverable information concerning evidence within the possession, custody, or control of RRC, if any, providing any basis for concluding that either of the Judgment Debtors has any right, title, or interest in any portion of the funds in WYO TECH's Account No. -2809.

(l)  Any witness necessary to establish foundation and/or authenticity of any documents disclosed or produced in this litigation.

(m)  Any witnesses identified by any party in disclosures, discovery responses, or documents disclosed or produced in this litigation.

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

**MANDATORY INITIAL DISCOVERY REQUEST NO. 2:**

State the names and, if known, the addresses and telephone numbers of all persons who you believe have given written or recorded statements relevant to any party's claims or defenses.  Unless you assert privilege or work product protection against disclosure under applicable law, attach a copy of each such statement if it is in your possession, custody, or control.  If not in your possession, custody, or control, state the name and, if known, the address and telephone number of each person who you believe has custody of a copy.

**RESPONSE TO MANDATORY INITIAL DISCOVERY REQUEST NO. 2:**

(a) Declaration of William J. Hinz dated November 1, 2017 (copy attached, Bates Nos. WYOTECH00001-2);

(b) Declaration of Dennis M. Danzik dated November 2, 2017 (copy attached, Bates Nos. WYOTECH00003-4); and

(c) Declaration of Elizabeth J. Danzik dated November 2, 2017 (copy attached, Bates Nos. WYOTECH00005-6).

**MANDATORY INITIAL DISCOVERY REQUEST NO. 3:**

List the documents, electronically stored information ("ESI"), tangible things, land, or other property known by you to exist, whether or not in your possession, custody or control, that you believe may be relevant to any party's claims or defenses.  To the extent the volume of any such materials makes listing them individually impracticable, you may group similar documents or ESI into categories and describe the specific categories with particularity.  Include in your response the names, and, if known, the

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

9

**WALKER & PESKIND, PLLC**
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

address and telephone numbers of the custodians of the documents, ESI, or tangible things, land, or other property that are not in your possession, custody, or control. For documents and tangible things in your possession, custody, or control, you may produce them with your response, or make them available for inspection on the date of the response, instead of listing them. Production of ESI will occur in accordance with paragraph C.2 below.

**RESPONSE TO MANDATORY INITIAL DISCOVERY REQUEST NO. 3:**

(a) Judgment apparently entered on or about September 7, 2016 in the GEM HOLDCO case (copy attached, Bates Nos. WYOTECH00007-12);

(b) Restraining Notice and Information Subpoena issued on or about October 18, 2017 by Joshua Wurtzel of Schlam Stone in the *GEM HOLDCO* case and apparently served on Wells Fargo shortly thereafter (copy attached, Bates Nos. WYOTECH00013-40);

(c) Declaration of William J. Hinz dated November 1, 2017 (copy attached, Bates Nos. WYOTECH00001-2);

(d) Declaration of Dennis M. Danzik dated November 2, 2017 (copy attached, Bates Nos. WYOTECH00003-4);

(e) Declaration of Elizabeth J. Danzik dated November 2, 2017 (copy attached, Bates Nos. WYOTECH00005-6);

(f) Letter dated November 2, 2017 from Richard K. Walker to John P. Foudy and Peter A. Ragone (copy attached, Bates Nos. WYOTECH00041-56);

10

**WALKER & PESKIND, PLLC**
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

(g) Letter dated November 6, 2017 from Joshua Wurtzel to Richard K. Walker (copy attached, Bates Nos. WYOTECH00057-60);

(h) Letter dated November 8, 2017 from Peter A. Ragone and John P. Foudy to Richard K. Walker (copy attached, Bates Nos. WYOTECH00061-64);

(i) Letter dated November 8, 2017 from Richard K. Walker to Joshua Wurtzel (copy attached, Bates Nos. WYOTECH00065-67); and

(j) Wells Fargo Business Account Agreement (available through Barbara J. Dawson, Carlie Shae Tovrea, and Matt Jarvey, Snell & Wilmer, LLP, One Arizona Center, 400 E. Van Buren, Suite 1900, Phoenix, Arizona 85004-2202, 602-383-6000).

**MANDATORY INITIAL DISCOVERY REQUEST NO. 4:**

For each of your claims or defenses, state the facts relevant to it and the legal theories upon which it is based.

**RESPONSE TO MANDATORY INITIAL DISCOVERY REQUEST NO. 4:**

**(a) Wells Fargo Interpleader Complaint.**

As noted in WYO TECH's Response to Wells Fargo's Motion to Interplead Funds and for Order of Discharge (Doc. 7), "WYO TECH does not object to interpleader of its funds as a first step toward restoring its rightful access to its own funds." WYO TECH Resp. to Interpleader Motion (Doc. 13) at 3.[2]  Because Wells Fargo bears some of the

---

[2]  The other Defendants to Wells Fargo's Interpleader Complaint, CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting, accepted service of, *inter alia*, Wells Fargo's Complaint and Motion to Interplead Funds on November 29, 2017 (Doc. 10).  They have never responded to the aforementioned

11

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

culpability for the wrongful deprivation of WYO TECH's access to its funds on deposit with a Scottsdale, Arizona branch of Wells Fargo, however, WYO TECH opposes Wells Fargo's attempt to side-step liability for its own wrongful actions by seeking an order discharging it from liability, dismissing it from this action, and restraining WYO TECH from instituting or prosecuting any action against Wells Fargo. *See* Interpleader Motion at 6. Because of Wells Fargo's participation in the unlawful actions by which WYO TECH has been deprived of funds needed for its operations, WYO TECH also opposes as inequitable Wells Fargo's request that it be awarded its fees and costs in bringing the interpleader action.

The Restraining Notice on the strength of which Wells Fargo impounded WYO TECH's funds stated only that "it *appears* that you are in possession or in custody of property in which the judgment debtor [sic] has an interest," and then identified WYO TECH's Account No. -2809. Rest. Not. at WYOTECH00014 (emphasis added). On its face, the Restraining Notice identified not WYO TECH, but Dennis M. Danzik and RDX, as the Judgment Debtors in the action underlying the notice, and it made no attempt to establish or even suggest a link between the Judgment Debtors and any portion, let alone all, of the funds in WYO TECH's account. *Id.* at WYOTECH00013. The Restraining Notice stated that Wells Fargo was "forbidden to make or suffer any sale, assignment, or transfer of, or any interference with any property *in which the judgment debtors have an interest . . . .*" *Id.* at WYOTECH00017 (emphasis added).

Motion. Accordingly, they have waived any objection they might otherwise have had to the proposed interpleader.

The Restraining Notice purported to have been issued pursuant to Section 5222(b) of the Civil Practice Law and Rules ("CPLR") of the State of New York, and it included a copy of CPLR § 5222(b).  *Id.* at WYOTECH00017-00018.  That provision states, in pertinent part:

> A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor . . . has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served.

CPLR § 5222(b); Rest. Not. at WYOTECH00018.

Clearly, Wells Fargo, the person served with the Restraining Notice, did not, at the time it was served, owe a debt to either of the Judgment Debtors.  Nor did Wells Fargo know or have any reason to believe, at the time of service, that either of the Judgment Debtors had an interest in WYO TECH's funds, and the Restraining Notice itself did nothing to supply such knowledge or reason to believe.  Further, the Judgment Creditors did not state in the Restraining Notice that a "specified debt" was owed by Wells Fargo (the person served) to either of the Judgment Debtors.  Finally, the Restraining Notice states only that "it appears" that Wells Fargo was in possession of property in which the Judgment Debtors have an interest, while offering nothing to suggest that the "appearance" had any basis in fact.  Nevertheless, apparently without having done anything to determine whether there was any evidence of any kind sufficient to support an inference of a connection between WYO TECH's funds and the Judgment Debtors, or

13

if there was such a connection, then to what portion of the funds in Account No. -2809 such connection applied, Wells Fargo unquestioningly froze all the funds in the account, depriving WYO TECH of access to operating capital needed for the transaction of its day-to-day business affairs.

Wells Fargo seeks shelter behind its Business Account Agreement that, it points out, purports to absolve it of any responsibility to make any independent determination as to the validity of an "adverse claim," authorize it to freeze part or all of its customer's funds, and further authorize it to collect its attorney's fees and expenses in responding to such a claim.  There are at least three problems with Wells Fargo's argument that the Business Account Agreement renders it blameless with regard to the impoundment of WYO TECH's funds.

First, the Business Account Agreement is clearly a contract of adhesion whose terms, as interpreted by Wells Fargo, are beyond the reasonable expectations of its banking customers and unconscionable.  *See Broemmer v. Abortion Services of Phoenix, Ltd.*, 173 Ariz. 148, 840 P.2d 1013 (1992).  Wells Fargo effectively takes the position that when it is presented with the mere suggestion that it "appears" a judgment debtor has an interest in funds in the account of a bank customer, it has an unfettered right, without expending the slightest effort to ascertain whether the party making the assertion has any legitimate basis for it, to deny the customer access to funds in the customer's account with impunity.  Especially in light of the covenant of good faith and fair dealing that Arizona law imputes to every contract (see below), this falls far below the reasonable

14

expectation of customers entrusting their funds to safekeeping with a banking institution as to the bank's obligation to safeguard such funds against interlopers.

Second, the Wells Fargo Business Account Agreement provides, in pertinent part: "We will accept and act on any legal process we believe to be valid . . . ."  The use of the word "believe" in this context necessarily imports a good faith basis for the belief, and that would be the reasonable expectation of every customer who reads this language.

Third, as mentioned above, Arizona law imports an implied covenant of good faith and fair dealing into every contract.  *Rawlings v. Apodaca*, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986).[3]  Thus, even if the language in the Business Account Agreement did not itself imply that Wells Fargo's belief in the legitimacy of legal process, the implied covenant engrafts such a requirement onto the express provisions of the agreement.

Under the circumstances of this case, where Wells Fargo had (and still has) no basis for believing that the Judgment Debtors have an interest of any kind in WYO TECH's funds, where the Restraining Notice provides no basis for such a belief, and where the statutory authority on which the Restraining Notice was supposedly issued expressly states it is not valid unless certain unfulfilled conditions are met, Wells Fargo clearly had, and still to this day has, no good faith basis for concluding that either of the Judgment Debtors has any interest in the funds in WYO TECH's Account No. -2809.

---

[3]  "The doctrine of *Erie Railroad Company v. Thompkins*, which requires a federal court sitting in a diversity action to apply the substantive law of the forum state, is fully applicable in interpleader actions."  CHAS. ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, 7 FEDERAL PRACTICE AND PROCEDURE § 1713 (3d ed. 2001) (citation omitted).  This applies to issues pertaining to the rights of claimants to the fund, rights of the claimants against the stakeholder, and cross-claims between the claimants.  *Id*.

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

But even if the Restraining Notice had been valid and had provided a facially colorable basis for Wells Fargo to conclude as a preliminary that the Judgment Debtors might have some interest in some identifiable portion of WYO TECH's funds, the bank was clearly put on notice of both the defects in the Restraining Notice itself, and the fact that neither Judgment Debtor had any right, title, or interest in WYO TECH's funds, upon receipt of the November 2, 2017 letter from WYO TECH's counsel.  That letter also put Wells Fargo's lawyers, themselves members of the New York bar and presumably knowledgeable in matters of New York law, on notice of the fact that an otherwise valid Restraining Notice served on the bank in New York is not sufficient, as a matter of New York law, to require the impoundment of funds on deposit with a Wells Fargo branch in Arizona.  Although this point was questioned by Wells Fargo's lawyers, it is clear that this has been the law in New York for well over 100 years.  *See Det Bergenske Dampskibsselskab v. Sabre Shipping Corporation*, 341 F.2d 50, 53 (2nd Cir. 1965).  Thus, even apart from the inherent defects in the Restraining Notice that Wells Fargo took to compel action on its part, it had no legal basis for impounding funds deposited in one of its branches more than 2,000 miles away.

**(b) WYO TECH Counterclaim vs. Wells Fargo.**

For all the reasons set forth in the preceding section, Wells Fargo had no lawful basis for impounding WYO TECH's funds and is liable to WYO TECH for wrongful garnishment.  *See Valley Natn'l Bank v. Brown*, 110 Ariz. 260, 263, 517 P.2d 1256, 1259 (1974).  For the same reasons, Wells Fargo, in its unquestioning acquiescence in the scheme of Judgment Creditors and their counsel to deprive WYO TECH of access to

16

funds needed for its operations aided and abetted Judgment Creditors and their counsel in commission of the torts of wrongful garnishment and tortious interference with WYO TECH's contractual relations and business expectancies (see below).

### (c) WYO TECH Cross-Claim vs. CWT Canada II Ltd. Partnership, Resources Recovery Corporation, and Jean Noelting.

The Judgment Creditors, at the time the Restraining Notice was issued, were in possession of no evidence that any of the funds in WYO TECH's Account No. -2809 belonged to either of the Judgment Debtors, Dennis Danzik and RDX, or that the Judgment Debtors had any right, title, or interest in such funds.   After receiving the November 2, 2017 letter from WYO TECH's counsel (Bates No. WYOTECH00041-56), Judgment Debtors were on notice that, in fact, all the funds in WYO TECH's Account No. -2809 were investor monies, and that Danzik had no right, title, or interest in such funds.  It appears that the Restraining Notice was issued solely based on supposition and speculation that WYO TECH was some sort of shell used by Danzik to hide his assets from the Judgment Creditors.   Once counsel for WYO TECH intervened and put Judgment Creditors and their counsel on notice that their suppositions and speculation about WYO TECH and the sources of its funds were baseless, however, Judgment Creditors and their counsel continued to refuse to withdraw the Restraining Notice and notify Wells Fargo that impoundment of WYO TECH's funds was no longer required. At that point, Judgment Creditors, through their counsel, began demanding access to WYO TECH's confidential corporate documents.  See letter dated November 6, 2017 from Joshua Wurtzel to Richard K. Walker (Bates Nos. WYOTECH00057-60); letter

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

dated November 8, 2017 from Richard K. Walker to Joshua Wurtzel (Bates Nos. WYOTECH00065-67).  Judgment Creditors seem to believe that, because they *suspect* the Judgment Debtors have some sort of interest in WYO TECH's funds, WYO TECH bears the burden of proving that not to be the case by throwing open its confidential business records and allowing Judgment Creditors to rummage through such records at will.  In the meantime, WYO TECH's funds will continue to be held hostage until such time as Judgment Creditors get what they want.

This stands the parties' respective burdens on their heads.  It is Judgment Creditors who must first have *evidence* that a third party is in fact holding property in which the Judgment Debtors have an interest.  Only then do Judgment Creditors have any right to impair the third party's access to, and use of, funds it is holding.  Judgment Creditors have had ample opportunity to come forward with evidence that the Judgment Debtors have an interest in WYO TECH's funds and, if so, to what extent, since having received the November 2, 2017 letter from WYO TECH's counsel (Bates Nos. WYOTECH00041-56), but they have failed to do so.

In issuing the Restraining Notice without an evidentiary basis for asserting that Judgment Debtors had an interest in WYO TECH's funds, Judgment Creditors committed the tort of wrongful garnishment under Arizona law, which they have compounded by continuing to refuse to withdraw the Restraining Notice since having been put on notice that Judgment Debtors have no such interest.  In so doing, Judgment Claimants tortiously interfered with WYO TECH's contractual relationship with Wells Fargo by causing it to impound and deprive WYO TECH of access to its funds, which Wells Fargo was

18

otherwise contractually bound to make available to WYO TECH on demand.  In addition, Judgment Creditors have, by wrongfully causing the impoundment of WYO TECH's funds, tortiously interfered with WYO TECH's relationship with its investors, creating a deterrence for them to invest further in the company, and providing an impediment to WYO TECH's ability to attract new investors.  That these consequences would flow from Judgment Creditors' actions in depriving WYO TECH of access to its funds was foreseeable and known to Judgment Creditors, both the time they caused the Restraining Notice to issue, and subsequently as they have continued to refuse to withdraw the Restraining Notice.

In causing WYO TECH's funds to be impounded and refusing to withdraw the Restraining Notice, Judgment Creditors have sought to have WYO TECH's funds held hostage, and to obtain leverage to gain access to WYO TECH's confidential business records.  The demand for such documents was first put forth in a conference call on October 24, 2017 participated in by Judgment Creditors' counsel (Joshua Wurtzel), Bill Hinz, WYO TECH's Chief Executive Officer, and WYO TECH's counsel (Richard Walker).  It was later reiterated and reemphasized in the letter dated November 6, 2017 from Joshua Wurtzel to Richard K. Walker (Bates Nos. WYOTECH00057-60).  The use of the Restraining Notice and the deprivation of WYO TECH's access to its funds that it caused for leverage to force the disclosure of WYO TECH's confidential business record is an ulterior purpose not proper in the regular conduct of legal proceedings and, as such, constitutes an abuse of process under Arizona law.

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6636

**(d) WYO TECH Third Party Complaint vs. Schlam Stone & Dolan, LLP, and Jeffrey Eilender.**

WYO TECH is informed that Joshua Wurtzel's conduct in issuing the Restraining Notice, in continuing to refuse to withdraw it and restore WYO TECH's access to its funds, and in demanding access to WYO TECH's confidential business records were all done under the direction and control of Jeffrey Eilender, a senior partner with Schlam Stone, and lead counsel for the Judgment Creditors.  For the reasons discussed above, these actions constituted wrongful garnishment, tortious interference with WYO TECH's contractual relations and business expectancies, abuse of process, and aiding and abetting Judgment Creditors in their tortious conduct, liability for all of which is imputable to Mr. Eilender personally and to Schlam Stone.

**MANDATORY INITIAL DISCOVERY REQUEST NO. 5:**

Provide a computation of each category of damages claimed by you, and a description of the documents or other evidentiary material on which it is based, including materials bearing on the nature and extent of the injuries suffered.  You may produce the documents or other evidentiary materials with your response instead of describing them.

**RESPONSE TO MANDATORY INITIAL DISCOVERY REQUEST NO. 5:**

WYO TECH's damages include attorney's fees and costs incurred in seeking to have the Restraining Notice withdrawn, its access to its funds restored, and in participating in this action.  Those fees to date total around $60,000, and are continuing to accrue.  All such fees and costs are reflected in invoices that have been, and will continue to be, produced by the firm of Walker & Peskind, PLLC.

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6636

In addition, WYO TECH is a start-up company in the early stages of its development.  The deprivation of access to approximately $600,000 in operating capital for such a company is significant.  The full extent of damages flowing from the wrongful conduct of Wells Fargo, the Judgment Creditors, and Judgment Creditors' counsel is difficult to ascertain and still developing.  The complete extent of investor alienation, and the resulting financial impact, may never be fully known.  WYO TECH's assessment of the extent of its monetary damages caused by the actions of Counterclaim Defendant, Cross-Claim Defendants, and Third-Party Defendants is on-going, and this response will be seasonably supplemented as further information becomes available.

**MANDATORY INITIAL DISCOVERY REQUEST NO. 6:**

Specifically identify and describe any insurance or other agreement under which an insurance business or other person or entity may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse a party for payments made by the party to satisfy the judgment.  You may produce a copy of the agreement with your response instead of describing it.

**RESPONSE TO MANDATORY INITIAL DISCOVERY REQUEST NO. 6:**

WYO TECH does not have an insurance policy or reimbursement or indemnity agreement that in all reasonable possibility would be called upon to respond in whole or in part to the claims in this lawsuit.

RESPECTFULLY SUBMITTED this 12th day of January, 2018.

**WALKER & PESKIND, PLLC**
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone:  (480) 483-6336

WALKER & PESKIND, PLLC

By:/s/ Richard K. Walker
    Richard K. Walker
    Walker & Peskind, PLLC
    16100 N. 71st Street, Suite 140
    Scottsdale, Arizona 85254-2236

**COPY** of this document delivered via
email and US Mail this 12th day of January, 2018 to:

Barbara J. Dawson
Bdawson@swlaw.com
Carlie Shae Tovrea
ctovrea@swlaw.com
Matt Jarvey
mjarvey@swlaw.com
SNELL & WILMER LLP
One Arizona Center
400 E. Van Buren, Ste 1900
Phoenix, AZ 85004

Henk Taylor
htaylor@rrulaw.com
RYAN RAPP & UNDERWOOD, P.L.C.
3200 N. Central Ave, Suite 2250
Phoenix, Arizona 85012

Bradley J. Nash
bnash@schlamstone.com
Jeffrey M. Eilender
jme@schlamstone.com
Joshua Wurtzel
jwurtzel@schlamstone.com
Schlam Stone & Dolan, LLP
26 Broadway
New York, NY 10004


/s/ Michelle Giordano

**WALKER & PESKIND, PLLC**
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

Richard K. Walker, SBN 004159
WALKER & PESKIND, PLLC
16100 N. 71st Street, Suite 140
Scottsdale, Arizona 85254-2236
*rkw@azlawpartner.com*
Phone: (480) 483-6336
Facsimile: (480) 483-6337

*Counsel for Defendant/Counterclaimant/Cross-Claimant/Third Party Plaintiff Wyo Tech Investment Group, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank, N.A., | **CASE NO.: 2:17-CV-04140-JJT** |
| Plaintiff, | |
| vs. | **WILLIAM J. HINZ'S VERIFICATION OF RESPONSES TO THE MANDATORY INITIAL DISCOVERY PILOT PROJECT REQUESTS** |
| Wyo Tech Investment Group, LLC; CWT Canada II Limited Partnership, Resources Recovery Corporation; and Jean Noelting, | |
| Defendants. | [Assigned to the Honorable John J. Tuchi] |
| Wyo Tech Investment Group, LLC, | |
| Counterclaimant, | |
| vs. | |
| Wells Fargo Bank, N.A., | |
| Counterdefendant. | |

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

Wyo Tech Investment Group, LLC,

                Cross-Claimant,

vs.

CWT Canada II Limited Partnership,
Resources Recovery Corporation; and
Jean Noelting,

                Cross-Defendants.

---

Wyo Tech Investment Group, LLC,

                Third Party Plaintiff,

vs.

Schlam Stone & Dolan, LLP, a New York
Limited Liability Partnership, and Joshua
Wurtzel,

                Third Party Defendants.

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

William J. Hinz, hereby declares the following:

1.      I am over the age of twenty-one (21) years and am a resident of the State of Arizona.

2.      I declare under penalty of perjury that the information provided in the Responses to the Mandatory Initial Discovery Pilot Project Requests are true and correct to the best of my knowledge, information and belief.

EXECUTED this 12th day of January, 2018.

                                                _____
                                           William J. Hinz