EXHIBIT K

| From: | Joshua Wurtzel |
|---|---|
| To: | Dennis Danzik |
| Cc: | Jeffrey M. Eilender; Bradley J. Nash; Henk Taylor; Dennis Wilenchik; Tyler Swensen; Bradley T. Hunsicker |
| Subject: | Wells Fargo Bank, N.A. v. Wyo Tech Inv. Grp., LLC, et al., Case No. 17-cv-4140-DWL |
| Date: | Wednesday, June 5, 2019 11:46:00 PM |
| Attachments: | image694978.png |
| | image506548.png |
| | 2019.04.19  Subpoena to Dennis M. Danzik [Wyo Tech]  FINAL [documents and testimony] [WY] |
| | (00241784x9D05D).pdf |
| | image001.png |

Mr. Danzik,

This firm represents CWT Canada II Limited Partnership and Resource Recovery Corporation in this action, which is pending in the District of Arizona.

As you know, on May 15, 2019, you were served with the attached subpoenas in this action, which required you to produce responsive documents by May 24, 2019 and to appear for deposition on June 4, 2019. We did not get any document production from you, nor did you reach out about rescheduling your deposition, as Mr. Wilenchik said you would (see below).

Please produce documents responsive to this subpoena by June 7, 2019—you can e-mail them directly to me. Also by June 7, please give me some dates when you are available to be deposed in July and August in Cody, Wyoming.

I am reaching out to you directly because I am unaware of any counsel that represents you in connection with your response to these subpoenas. If you have counsel in this matter, please let me know and have that counsel reach out to me directly.

If you refuse to comply with these subpoenas, we will seek appropriate relief against you.

Joshua Wurtzel
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
Tel.: (212) 344-5400 (x 324)
jwurtzel@schlamstone.com


CommercialDivisionBlog.com

This e-mail, including all attachments, is for the use of the intended recipients only.  It may contain legally privileged or confidential information.  If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.

**From:** Dennis Wilenchik <diw@wb-law.com>
**Sent:** Tuesday, May 21, 2019 10:39 AM
**To:** Joshua Wurtzel <jwurtzel@schlamstone.com>
**Cc:** Tyler Swensen <TylerS@wb-law.com>; Chris Meyers <ChrisM@wb-law.com>; Victoria Stevens <VictoriaS@wb-law.com>

**Subject:**

I believe Danzik will be in touch re his deposition date. I checked as a courtesy as promised. Pl let tyler know if you will be doing it in person after you discuss with him and the date arranged- thank you

Sent from my iPad

Sincerely Yours,





www.wb-law.com

Dennis Wilenchik
Attorney at Law
diw@wb-law.com

The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
P 602-606-2810   F 602-606-2811

------------------------------

## ATTORNEY/CLIENT COMMUNICATION

The information transmitted by this e-mail is intended only for the addressee and may contain confidential and/or privileged material. Any interception, review, retransmission, dissemination or other use of this information by persons or entities other than the intended recipient is prohibited by law and may subject them to criminal or civil liability. If you received this communication in error, please contact us immediately at (602) 606-2810, and delete the communication from any computer or network system.

------------------------------

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | |
|---|---|
| Wells Fargo Bank, N.A. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Wyo Tech Investment Group, LLC, et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   2:17-cv-04140-DWL

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Dennis M. Danzik
          1334 Sunset Boulevard, South Cody, Wyoming 82414

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

          See attached Appendix A

| Place: Bonner Law Firm, P.C. | Date and Time: |
|---|---|
| 1102 Beck Avenue Cody, Wyoming 82414 | 05/24/2019 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/19/2019

| CLERK OF COURT | | |
|---|---|---|
| | OR | *Joshua Wurtzel* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   CWT Canada II

Limited Partnership, Resource Recovery Corporation, Jean Noelting     , who issues or requests this subpoena, are:

Joshua Wurtzel, Schlam Stone, 26 Broadway, New York, NY 10004; jwurtzel@schlamstone.com; (212) 344-5400

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:17-cv-04140-DWL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises— or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | | |
|---|---|---|
| Wells Fargo Bank, N.A. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:17-cv-04140-DWL |
| Wyo Tech Investment Group, LLC, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                      Dennis M. Danzik
                     1334 Sunset Boulevard, South Cody, Wyoming 82414
                        *(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Bonner Law Firm, P.C.<br>1102 Beck Avenue<br>Cody, Wyoming 82414 | Date and Time:<br>                    06/04/2018 8:00 am |
|---|---|---|

The deposition will be recorded by this method:    Stenographer and videographer

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        04/19/2019

            CLERK OF COURT

                                             OR        *Joshua Wurtzel*

_____                    _____
       *Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   CWT Canada II
Limited Partnership, Resource Recovery Corporation, Jean Noelting          , who issues or requests this subpoena, are:
Joshua Wurtzel, Schlam Stone, 26 Broadway, New York, NY 10004; jwurtzel@schlamstone.com; (212) 344-5400

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   2:17-cv-04140-DWL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **APPENDIX A**

## **DEFINITIONS**

1.      "All" means all or any, and "any" means all or any.

2.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that might otherwise be construed to be outside of its scope.

3.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

4.      "DAS" means Danzik Applied Sciences, LLC.

5.      "Document" or "documents" means all enumerated items in Rule 34(a)(1)(A) of the Wyoming Rules of Civil Procedure, including Electronically-Stored Information, as defined below. A draft or non-identical copy of any document, whether due to the addition of marginalia or other change, is a separate document within the meaning of this term. When the electronic and hard copy versions of any document are separate documents under this definition, both the electronic and hard copy versions should be produced.

6.      "Electronically-Stored Information" or "ESI" includes, but is not limited to, the following:

          a.      information or data that is generated, received, processed, or recorded by computers or other electronic devices, including, but not limited to, communications over a Bloomberg Terminal, electronic mail, text messages, instant message service messages, Social Media Posts, and voicemail;

       b.     files, information, or data saved on backup tapes or hard drives;

       c.     internal or external web sites;

       d.     output resulting from the use of any software program, including, but not limited to, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messenger (or similar programs), bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether this electronic data exists in an active file, a deleted file, or file fragment; and

       e.     activity listings of electronic mail receipts or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage, or transmittal, including, but not limited to, personal digital assistants (e.g., iPhone, iPad), hand-held wireless devices (e.g., BlackBerrys), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents in these requests.

7.     "Include" or "including" denotes a portion of a larger whole, and is used without limitation.

8.     "Inductance" means Inductance Energy Corporation.

9.     "Person" means any natural person or any business, legal, or governmental entity, or association.

10. "Relating to" means in whole or in part, concerning, constituting, containing, evidencing, referring to, discussing, dealing with, describing, reflecting, or pertaining to in any way whatsoever.

11. "RDX" means RDX Technologies Corporation.

12. "Social Media Posts" means any message—whether in the form of words or graphics—made using a website, application, program, or software that allows the user to share a message with one or more other persons, regardless of the number of persons (if any) with whom that message is actually shared and regardless of whether that message may be accessed by the public. For the avoidance of doubt, "Social Media Posts" does not include communications over a Bloomberg Terminal, electronic mail, text messages, instant message service messages, or voicemail.

13. "Solverdi" means Solverdi Worldwide Corporation.

14. "Wyo Tech" means Wyo Tech Investment Group, LLC.

15. "You" or "Your" means Dennis M. Danzik.

**INSTRUCTIONS**

1. The relevant time period to which each request refers is January 1, 2016 through the date of production.

2. The past tense form shall be construed to include the present tense, and vice versa, whenever such a dual construction will serve to bring within the scope of a request any response that would otherwise not be within its scope.

3. The use of the singular form of any word includes the plural, and vice versa.

4.    Each category of documents in these requests extends to any and all documents in Your possession, custody, or control. A document shall be deemed to be in Your possession, custody, or control if it is in Your physical custody, or if it is in the physical custody of any other person and You (a) own such document in whole or in part; or (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document; or (c) have an understanding, express or implied, that You may use, inspect, examine, or copy such document; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document. Such documents shall include, but are not limited to, documents that are in the custody of any of Your attorneys, representatives, or other agents.

5.    All requests for the production of documents shall be construed to include any additional documents responsive to these requests that are discovered or produced after the date of production.

6.    All documents should be produced in the order in which they appear in the files of the producing party, organized by source, and should contain a clear indication of where each document ends and the next begins. Documents maintained in a file folder or binder should be preceded by the file folder or binder label, if one exists, and should contain a clear indication of where the file folder or binder begins and ends. All attachments to a document should be produced with the document. A unique bates number should be affixed to each page.

7.    All documents, including documents that originated in electronic form or in hard copy form, should be produced electronically in pdf format. Each individual

3

document should be produced as its own pdf. Each pdf should be labeled with the bates number of the first page of that document.

8.     Metadata, including, but not limited to, bates number, custodian, author, to/from/cc/bcc, subject, sent date, and file date, that can be extracted from a document shall be produced for that document, to the extent already in existence and reasonably accessible or available.

9.     If You object to the production of any document or tangible thing within the scope of the requests, You must fully set forth your objections in writing, provide a list of all such documents and tangible things being withheld, and state the following for each such document or tangible thing: (i) the designated bates number, if any; (ii) the type of document, *e.g.*, letter or memorandum; (iii) the general subject matter of the document; (iv) the date of the document; (v) the location and custodian of the document; and (vi) the author of the document, the addressee of the document, any other recipients shown in the document, and, when not apparent, the relationship of the author, addressees, and recipients to each other.

10.     If any document that You are requested to produce or identify was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason or reasons for disposing of the document (if discarded or destroyed); (d) the identity of all persons authorizing the document and having knowledge of the document; (e) the identity of the persons who lost, discarded, or

4

destroyed the document; (f) the identity of any persons having knowledge of the contents of the document; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter, including any attachment or appendices, and the number of pages.

11.     If You object in whole or in part to any request based on a claim of privilege, provide a list of the documents being withheld and for each such document: (a) state the nature of the privilege which is being claimed and, if the privilege is governed by state law, which state's privilege rule is being invoked; and (b) provide a description of the document, including (i) the designated bates number, if any; (ii) the type of document, *e.g.*, letter or memorandum; (iii) the general subject matter of the document; (iv) the date of the document; (v) the location and custodian of the document; and (vi) the author of the document, the addressee of the document, any other recipients shown in the document, and, when not apparent, the relationship of the author, addressees, and recipients to each other.

12.     If any of these documents cannot be produced in full, You are requested to produce them to the fullest extent possible, specifying clearly the reasons for Your inability to produce the remainder and stating any information, knowledge, or belief You have concerning the unproduced portion.

13.     The specificity of any request shall not be construed to limit the generality or reach of any other request.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.      Documents sufficient to show all transfers of funds or payments—whether in cash or otherwise, and whether characterized as income, a gift, a loan, or otherwise—from You to Wyo Tech or Inductance.

2.      Documents sufficient to show all transfers of funds or payments—whether in cash or otherwise, and whether characterized as income, a gift, a loan, or otherwise—to You or on Your behalf from Wyo Tech or Inductance.

3.      All documents concerning the transfer of any of Your assets or liabilities—regardless of whether for consideration—to Wyo Tech or Inductance.

4.      All documents concerning reimbursement requests made by You to Wyo Tech or Inductance.

5.      All receipts provided by You to Wyo Tech or Inductance.

6.      Documents sufficient to show all work that You performed for, or all items you bought or services You paid for on behalf of, Wyo Tech or Inductance.

7.      All contracts or agreements between You, on the one hand, and Wyo Tech or Inductance, on the other hand.