**WILENCHIK & BARTNESS**
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone:  602-606-2810        Facsimile:  602-606-2811

Dennis I. Wilenchik, #005350
Tyler Q. Swensen, #015322
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com

Leo R. Beus, #002687
**BEUS GILBERT PLLC**
701 North 44th Street
Phoenix, Arizona 85008
lbeus@beusgilbert.com
*Attorneys for Wyo Tech Investment Group, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Wells Fargo Bank, N.A.,** | **Case No.: 2:17-CV-04140-DWL** |
| **Plaintiff,** | **SUPPLEMENT TO POINTS AND OBJECTIONS MADE AT THE SHOW-CAUSE HEARING HELD ON JUNE 27, 2019** |
| **v.** | **AND** |
| **WYO TECH Investment Group, LLC; CWT Canada II Limited Partnership; Resources Recovery Corporation; and Jean Noelting,** | **OBJECTIONS TO THE CWT PARTIES' REPEATED *AD HOMINEM* ATTACKS ON WYO TECH AND ITS COUNSEL** |
| **Defendants.** | |

Wyo Tech Investment Group, LLC ("Wyo Tech") and its counsel, submit this filing to supplement the points and objections that Wyo Tech's counsel attempted to make to the Court at the hearing on June 27, 2019, as well as to lodge their objections to the CWT Parties and their attorneys' improper, ongoing smear campaign against Wyo Tech and undersigned counsel in various filings with the Court—most recently the "CWT Parties' *Ex Parte* Motion for Leave to Make Alternative Service of Subpoenas on Nonparty Dennis M. Danzik" ("Ex Parte Motion"),

1    [Doc. 173].  This supplement is submitted to clarify the record as to Wyo Tech's position on this

2    and to make a record of it objections to unwarranted and inappropriate comments and accusations

3    (overt and implicit) made against Wyo Tech and its counsel that were gratuitously included in the

4    CWT Parties' Motion for an Order to Show Cause ("Motion for OSC"), [Doc. 159], and Ex Parte

5    Motion, [Doc. 173].

6            For example, on page 4 of the Motion for OSC and in his Declaration attached to it, CWT's

7    counsel, Joshua Wurtzel, relies primarily on uncorroborated and inadmissible hearsay and double-

8    hearsay, as well as sheer conjecture, in asserting that Wyo Tech deliberately interfered with

9    Subpoenas served on various nonparty investors and then alleging—without any factual basis

10   whatsoever—that "virtually all these nonparties are in close contact with, or under the control of

11   Wyo Tech …."  These claims are patently untrue.  [Declaration of Bill Hinz, ¶¶ 4-7, attached

12   hereto as **Exhibit A**].  Similarly, in the Ex Parte Motion, Mr. Wurtzel falsely accuses Wyo Tech's

13   counsel of intentionally obstructing his efforts to take discovery in this case.  [Doc. 173, p.3].

14   Nonsense.

15           Even worse, Mr. Wurtzel conflates two wholly disparate events that occurred during two

16   depositions of Dennis Danzik held more than a year apart in late 2016 and early 2017 in separate

17   and distinct proceedings, and then tries to use that to support the false inference that Wyo Tech's

18   counsel improperly tried to keep Mr. Danzik's home address a secret more than two years ago and

19   is doing so now.  [*Id.*].  Mr. Wurtzel knows that this is untrue and the transcript attached as Exhibit

20   E to his Declaration in support of the Ex Parte Motion shows that Mr. Wilenchik did no such

21   thing.  On the contrary, Mr. Wilenchik, without any obligation to do so, actually cooperated to try

22   to find the information and also to schedule Mr. Danzik's deposition in this case, but Mr. Wurtzel

23   never followed up on those efforts.  What is clear from the Ex Parte Motion is that opposing

24   counsel—by its own admission—failed to serve the correct Subpoenas on Mr. Danzik in

25   Wyoming and is now trying to blame that failure on Wyo Tech and undersigned counsel or—at a

26   minimum—deflect attention from it.

1    There is also no merit to Mr. Wurtzel's assertion that Mr. Wilenchik represents Dennis

2 Danzik at this time.  As Mr. Wurtzel knows full well, because he was told so, Mr. Wilenchik

3 merely made a limited appearance as co-counsel in Mr. Danzik's bankruptcy proceedings in

4 Wyoming for one hearing, and did so solely for the purpose of being able to participate with Mr.

5 Hinz of Wyo Tech who had been asked to testify.  [Declaration of Dennis I. Wilenchik, ¶¶ 6, 8,

6 attached hereto as **Exhibit B**; Declaration of Joshua Wurtzel [Doc. 174], Exhibit J (email from

7 Dennis Wilenchik dated May 17, 2019, reiterating his limited role at the bankruptcy hearing)].

8 Mr. Danzik's bankruptcy counsel, Ken McCartney, had advised Mr. Wilenchik that noticing an

9 appearance as co-counsel for that hearing was the most expedient way of giving him the ability,

10 on such short notice, to participate at that hearing if necessary.  [**Exhibit B**, ¶ 7].

11    A few days after the hearing, Mr. Wilenchik instructed his Senior Paralegal, Victoria

12 Stevens, to prepare a Motion to Withdraw and have it signed by Mr. Danzik and filed in the

13 bankruptcy case, making the point further clear.  [*Id.*, ¶ 10; Declaration of Victoria Stevens, ¶ 5,

14 attached hereto as **Exhibit C**].  Unfortunately, precisely because we do not have Mr. Danzik's

15 address and he is so difficult to locate, it took several weeks to obtain his consenting signature on

16 the Motion to Withdraw and by the time that occurred, Mr. Danzik's bankruptcy had already been

17 dismissed.  [**Exhibit C**, ¶¶ 6-11].  Thus, Mr. Wilenchik does not represent Mr. Danzik now and

18 has not substantively represented him for years even though, technically, he briefly appeared as

19 co-counsel for that single hearing in Wyoming.

20    Given the foregoing, there is simply no rational basis for Mr. Wurtzel's ongoing and

21 mendacious attempts to impugn Wyo Tech, its officers and its attorneys with unsubstantiated and

22 utterly false claims that they have been obstructing any of his legitimate discovery efforts.  The

23 inclusion of such gratuitous swipes in his filings can only be viewed as evidence of an improper

24 desire to try to prejudice the Court against Wyo Tech and everyone associated with it.  Wyo Tech

25 and its attorneys have not tried to obstruct any legitimate discovery efforts and have no reason to

26 do so, since they have nothing to hide.  To the contrary, counsel has tried to cooperate at all times.

1    No one from Wyo Tech or Wilenchik & Bartness, P.C. ever told any of the subpoenaed

2  nonparties to disregard the Subpoenas served on them, let alone to "toss [them] in the garbage."

3  [**Exhibit A**, ¶ 4].  Instead, after being told that their counsel had been given prior notice that those

4  Subpoenas were going to be issued and served, Wyo Tech has attempted to assist and encourage

5  its investors to comply with them.  [**Exhibit A**, ¶ 5].  Similarly, there is no collusion between Wyo

6  Tech and its more than 150 separate investors; and they are most certainly not under Wyo Tech's

7  control.  [**Exhibit A**, ¶¶ 6, 7].  Likewise, contrary to opposing counsel's *ad hominmen* attacks,

8  Mr. Wilenchik and his associates have not only never opposed the deposition of Mr. Danzik, but

9  have actually tried to assist with and accommodate the scheduling of that deposition, to the extent

10 they were able, given that they do not represent Mr. Danzik and have only limited contact with

11 him.  The truth of this is evidenced by Exhibits J and K to Mr. Wurtzel's own Declaration, which

12 are emails showing that Mr. Wilenchik, after making no objection to the service of the Subpoena

13 on Danzik at the bankruptcy hearing in his presence, then offered to "do my best to ask Ken

14 [McCartney] to speak with [Dennis Danzik] to cooperate with you" and confirmed that he

15 "checked as a courtesy as promised" and that he "believe[d] Danzik will be in touch re his

16 deposition date."  [Doc. 174, Exhibits J and K]

17    Wyo Tech does not oppose discovery in this case.  What it opposes is CWT's unreasonable

18 demands for information that has no relevance to the <u>sole</u> issue in this case: namely, whether the

19 interpleaded funds have any connection to Dennis Danzik.  Somehow, that core issue has been

20 overshadowed by opposing counsel's unsupported conspiracy theories to the point that the "tail is

21 wagging the dog" in this action.  And now, based on comments made by the Court during the last

22 OSC hearing, Wyo Tech is understandably concerned that opposing counsel's unseemly tactics

23 may be influencing the Court and improperly prejudicing the Court against Wyo Tech and its

24 counsel in this case.  Such tactics should not be tolerated, but seem to be opposing counsel's stock

25 in trade—as evidenced by the <u>fact</u> (not conjecture) that CWT's attorneys are now facing serious

26

scrutiny from the Queen's Bench in Canada for their highly questionable conduct in the proceedings between RDX and CWT in New York that underlie this action.[1]

As stated, Wyo Tech strongly believes that CWT is seeking to improperly manipulate and sway the Court with irrelevant, *ad hominem* attacks on the character of the officers and investors of Wyo Tech, as well as its counsel in this case. They did the same thing to Mr. Danzik in the New York action and actually obtained a judgment against him after representing him in the same matter. Therefore, this supplement is being filed to raise these points and make them part of the record. Wyo Tech sincerely hopes that the Court will consider the points raised herein and will take them into account as this case moves forward.

DATED: July 9, 2019.

**WILENCHIK & BARTNESS, P.C.**

/s/ *Dennis I. Wilenchik*
Dennis I. Wilenchik, Esq.
Tyler Q. Swensen, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
*Attorneys for Wyo Tech Investment Group, LLC*

---

[1] *See* "Reasons for Judgment of the Honorable Mr. Justice Bryan E. Mahony, issued on June 24, 2019, in *RDX Technologies Corporation v. Appel,* 2019 ABQB 477, copy attached hereto as **Exhibit D**, pp.7-11 (holding that RDX is permitted to examine CWT's lawyer, Jeffrey Eilender, about an affidavit he supplied, in order to test his credibility and to investigate possible serious ethical violations associated with his firm's joint retainer and parallel representation of both CWT and RDX in an action in New York. This discovery is being permitted to determine whether CWT's New York judgment against RDX was obtained by CWT and its counsel by fraud).

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on July 9, 2019, the following was served on all registered parties

3   via ECF.

4

5   */s/ Wendy L. Echols*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26



# EXHIBIT A

## DECLARATION OF BILL HINZ

Bill Hinz, declares and states as follows:

     1.     I am over the age of 18 and have personal knowledge of the facts set forth in this Declaration.  If called as a witness, I could competently testify as to said facts.

     2.     I am the CEO of Wyo Tech Investment Group, LLC ("Wyo Tech"), which is a party in the action currently pending in the United States District Court, District of Arizona, identified with case number 2:17-CV004140-DWL (the "Lawsuit").  I am also the CEO of Inductance Energy Corporation (IEC), which is affiliated with Wyo Tech.  In my capacity as CEO of Wyo Tech and CEO of IEC, I am authorized to make the statements contained herein on behalf of both companies.

     3.     In February 2019, another party to the Lawsuit, CWT Canada II Limited Partnership ("CWT"), issued subpoenas to several nonparties, including investors/members in Wyo Tech and IEC.

     4.     Neither I nor Wyo Tech nor IEC has ever attempted to interfere with CWT's efforts to get responses to those subpoenas, nor have we ever advised any of the subpoenaed nonparties to ignore those subpoenas or toss them in the garbage.

     5.     On the contrary, since learning that their attorneys did receive prior notice of CWT's intent to issue those subpoenas, Wyo Tech and IEC have encouraged the subpoena recipients to comply and have tried to assist them in responding.

     6.     There are currently more than 150 separate individuals and entities that have invested in Wyo Tech and IEC.  Those investors have limited contact with Wyo Tech and IEC and are wholly independent of and at arm's length from those two entities.

     7.     I categorically deny any accusation that Wyo Tech or IEC control their investors and members in any fashion.  I likewise deny any accusation that Wyo Tech, IEC and their investors and members are in collusion or "cahoots" with each other for

some undefined, nefarious purpose as CWT keeps falsely implying and alleging in the Lawsuit.

Dated: July 3, 2019

Bill Hinz

# EXHIBIT B



WILENCHIK & BARTNESS
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW

The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone:  602-606-2810        Facsimile:  602-606-2811

Dennis I. Wilenchik, #005350
Tyler Q. Swensen, #015322
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com

Leo R. Beus, #002687
**BEUS GILBERT PLLC**
701 North 44th Street
Phoenix, Arizona 85008
lbeus@beusgilbert.com
*Attorneys for Wyo Tech Investment Group, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Wells Fargo Bank, N.A.,** | **Case No.: 2:17-CV-04140-DWL** |
| **Plaintiff,** | **DECLARATION OF** |
| **v.** | **DENNIS I. WILENCHIK, ESQ.** |
| **WYO TECH Investment Group, LLC; CWT Canada II Limited Partnership; Resources Recovery Corporation; and Jean Noelting,** | |
| **Defendants.** | |

Dennis I. Wilenchik, Esq., declares under penalty of perjury, as follows:

1.      I am the Managing Partner of Wilenchik & Bartness ("W&B") and am the lead attorney for Wyo Tech Investment Group, LLC ("Wyo Tech") in the above-captioned matter.

2.      On or about May 9, 2019, my Senior Paralegal, Victoria M. Stevens ("Ms. Stevens") provided information to the Law Offices of Ken McCartney, P.C., to facilitate my limited appearance at a single hearing in Wyoming Chapter 7 bankruptcy case entitled: *In re: Dennis Meyer Danzik*, United States Bankruptcy Court, District of Wyoming, Case No.: 19-20116 (the "Bankruptcy Proceeding"), on May 15, 2019 at 1:30 p.m.

3.      The hearing was related to CWT Canada II Limited Partnership's and REsource REcovery Corporation's Motion to Dismiss the Chapter 7 Case with Prejudice (Docket #13).

4.      Mr. McCartney's office prepared the Affidavit for *Pro Hac Vice* Admission and I signed it on May 10, 2019.

5.      I was admitted *pro hac vice* on May 13, 2019 (Bankruptcy Docket #60) and was allowed to appear at the hearing scheduled on May 15, 2019.

6.      My admission as co-counsel for the debtor at that hearing was made solely for the purpose of giving me the ability to be heard, if necessary, with respect to testimony by Bill Hinz, the CEO of Wyo Tech, who had been asked to testify.

7.      Mr. McCartney had advised me that getting admitted as co-counsel was the most expedient way to ensure my ability to participate in the hearing on such short notice.  As it turned out, however, I had no reason at the hearing to speak and did not do so, although Mr. Hinz did testify.

8.      When I was later asked by counsel for CWT Canada II Limited Partnership, Joshua Wurtzel, whether I represented Mr. Danzik, I explained the limited purpose of my singular appearance in the Bankruptcy Proceeding.

9.      While I was at the hearing on May 15, 2019, Dennis Danzik was served in my presence with a Subpoena related to this action and I made no objection to that service and have never claimed that it was faulty or flawed and only sought to work with Mr. Wurtzel to set Mr. Danzik's deposition at a time that did not conflict with the hearing set for June 4, 2019, in this matter.

10.      A few days after the hearing in Wyoming, on May 20, 2019, I asked Ms. Stevens to draft a Motion to Withdraw as debtor's co-counsel in the Bankruptcy Proceeding.  I approved and signed that Motion and asked Ms. Stevens to forward it to Mr. Danzik for his signature consenting to my withdrawal.

2

11.     On June 24, 2019, at 3:49 p.m., we finally received the copy of the Motion to Withdraw with Mr. Danzik's signature on it, but less than an hour later, at 4:22 p.m., the Bankruptcy Case was dismissed with prejudice, so the withdrawal motion became moot.

I declare under penalty of perjury, pursuant to 28 U.S.C.A. § 1746, that the foregoing is true and correct.

DATE: <u>July 9, 2019</u>

_____
Dennis I. Wilenchik, Esq.

3

# EXHIBIT C



WILENCHIK & BARTNESS
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810        Facsimile:  602-606-2811

Dennis I. Wilenchik, #005350
Tyler Q. Swensen, #015322
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com

Leo R. Beus, #002687
**BEUS GILBERT PLLC**
701 North 44th Street
Phoenix, Arizona 85008
lbeus@beusgilbert.com
*Attorneys for Wyo Tech Investment Group, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Wells Fargo Bank, N.A.,** | **Case No.: 2:17-CV-04140-DWL** |
| **Plaintiff,** | **DECLARATION OF** |
| **v.** | **VICTORIA M. STEVENS** |
| **WYO TECH Investment Group, LLC; CWT Canada II Limited Partnership; Resources Recovery Corporation; and Jean Noelting,** | |
| **Defendants.** | |

Victoria M. Stevens, declares under penalty of perjury, as follows:

1.      I am the Senior Paralegal at Wilenchik & Bartness and am assigned to the above-captioned matter.

2.      On or about May 8, 2019, Jill D. Whalen, paralegal for the Law Offices of Ken McCartney, P.C., attorney for then-Chapter 7 debtor Dennis Danzik ("Danzik"), requested information regarding Mr. Wilenchik's bar number and all courts in which he was admitted so that he could appear telephonically at one hearing in Dennis Danzik's Wyoming Chapter 7 bankruptcy case, *In re:  Dennis Meyer Danzik*, United States Bankruptcy Court, District of

1  Wyoming (the "Bankruptcy Proceeding"), on May 15, 2019, at 1:30 p.m. The hearing was related

2  to CWT Canada II Limited Partnership's and REsource REcovery Corporation's Motion to

3  Dismiss the Chapter 7 Case with Prejudice (Docket #13).

4       3.     On May 9, 2019, I responded to Ms. Whalen with the information she requested.

5  That same day, she prepared the Affidavit for *Pro Hac Vice* Admission, and I revised the

6  Application because it had incorrect information. I informed her that it was being hand-delivered

7  to Mr. Wilenchik for his signature.

8       4.     Mr. Wilenchik signed the Affidavit on May 10, 2019. I received the Affidavit on

9  May 13, 2019, and sent it to Ms. Whalen, via email, that same day.

10       5.     On May 20, 2019, Dennis Wilenchik requested that I draft a Motion to Withdraw as

11  debtor's counsel in the Bankruptcy Proceeding. I prepared and gave a draft motion to Mr.

12  Wilenchik that same day and he approved it.

13       6.     I then sent the Motion to Withdraw to Mr. Danzik via email on May 21, 2019, at

14  10:27 a.m., asking him to sign and return so we could have it filed in the Bankruptcy Proceeding.

15       7.     I sent another email to Mr. Danzik on June 4, 2019, at 5:58 p.m. asking him to sign

16  the Motion to Withdraw. He replied that he was on the road and would sign shortly.

17       8.     I again sent the Motion to Withdraw to Mr. Danzik, via email, on June 11, 2019,

18  again requesting that he sign.

19       9.     I re-sent the Motion to Withdraw, via email, on June 19, 2019, and once again on

20  June 21, 2019.

21       10.     On June 24, 2019 at 3:49 p.m., I finally received the signed Motion to Withdraw

22  from Mr. Danzik. Ten minutes later, I sent that signed version to Mr. McCartney's office and

23  requested that it be filed with the Bankruptcy Court.

24       11.     On June 24, 2019 at 4:22 p.m., the Bankruptcy Case was dismissed with prejudice.

25  ///

26  ///

1   I declare under penalty of perjury, pursuant to 28 U.S.C.A. § 1746, that the foregoing is

2   true and correct.

3       DATED:  July 9, 2019.



Victoria M. Stevens

3