**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank NA, | No. CV-17-04140-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Wyo Tech Investment Group LLC, et al., | |
| Defendants. | |

## INTRODUCTION

Pending before the Court is the "*Ex Parte* Motion for Leave to Make Alternative Service of Subpoenas on Nonparty Dennis M. Danzik" filed by Interpleader Defendants CWT Canada II Limited Parnership, Resource Recovery Corporation, and Jean Noelting (together, the "CWT Parties"). (Doc. 173.)[1]  For the following reasons, the Court grants the motion.

## BACKGROUND

On January 12, 2018, Wyo Tech served its MIDP responses in this case, identifying Dennis M. Danzik ("Danzik") as a person with relevant, discoverable information and listing Danzik's address as c/o Dennis Wilenchik of Wilenchik & Bartness—Wyo Tech's

---

[1] Interpleader Defendant Wyo Tech Investment Group LLC ("Wyo Tech") has filed a document "lodg[ing] [its] objections to the CWT Parties and their attorneys' improper, ongoing smear campaign against Wyo Tech and undersigned counsel in various filings with the Court [including] the 'CWT Parties' *Ex Parte* Motion for Leave to Make Alternative Service of Subpoenas on Nonparty Dennis M. Danzik.'" (Doc. 176.) However, the CWT Parties' motion was filed *ex parte* (as Wyo Tech has no standing to challenge the motion) and Wyo Tech's filing does not relate to the substance of the motion.

counsel in this action. (Doc. 174-1 at 2-5.) Wilenchik & Bartness previously represented Danzik in several other matters (Doc. 174 ¶ 3) and indicated in a recent filing that "[t]he instant case is one of several, approximately seven (7) litigation cases relating to Mr. Dennis Danzik . . . in some form or another, which [Wilenchik & Bartness] is handling" (Doc. 140 at 6).

On February 3, 2019, the CWT Parties served Wilenchik & Bartness with a Rule 30 deposition notice for Danzik's deposition. (Doc. 174-2.) After some back and forth, Wilenchik & Bartness informed the CWT Parties that it did not represent Danzik in this case and could not accept service of the subpoena on his behalf. (Doc. 174-3.) Wyo Tech has since amended its MIDP responses to indicate that it is "currently unaware of Dennis Danzik's physical residential address" (Doc. 174-6 at 3) and has provided the CWT Parties with Danzik's "last known business address"—an address in Scottsdale, Arizona (Doc. 174-7 at 2).

The CWT Parties have unsuccessfully attempted to serve Danzik at the Scottsdale business address three times. (Doc. 174-8.) On the second attempt, the process server noticed a dumpster in the back of the building "labeled with the names of Danzik Applied Sciences and Inductance Energy Corp.," two entities with which Danzik is affiliated. (*Id.* at 2.) The CWT Parties, thus, state they "are confident that . . . this is Mr. Danzik's business address." (Doc. 173 at 5.) Indeed, less than two months ago, the *Wall Street Journal* published a lengthy article discussing Danzik's role at Inductance Energy Corp. *See* Dan Neil, *The Future of Everything (A Special Report)—One Man's Quest to Power the World with Magnets: Magnetic Power or Pseudo-Science? Dennis Danzik's Whirligig Calls for the Suspension of Disbelief—and the Laws of Physics*, Wall St. J., May 17, 2009 at R10. This article identified Danzik as one of Inductance's officers and included various statements Danzik had made "during an interview at IEC's facility in Scottsdale, Ariz." *Id.*

The CWT Parties also have unsuccessfully attempted to serve Danzik nine times at the home address in Cody, Wyoming he listed on his most recent bankruptcy petition. (Doc. 174-9.) In a phone call with the Arizona process server, Danzik indicated that this

address was his home and that he could be served there.  (Doc. 174-8 at 2-3.)

On May 15, 2019, the CWT Parties were able to serve Danzik when he attended a hearing in his Wyoming bankruptcy case, but they inadvertently served only subpoenas that were returnable in Wyoming.  (Doc. 174 ¶¶ 13-14.)  To date, the deposition has not happened, the parties have not been able to arrange an alternative deposition date, and Danzik has not produced any documents.  (*Id.* ¶ 16.)  And the CWT Parties do not believe they will be able to enforce the subpoenas in Wyoming because "Danzik no longer lives there and seems to travel there only rarely as well."  (*Id.* ¶ 14.)  As such, the CWT Parties seek through the instant motion "leave to make alternative service of a subpoena returnable in Arizona."  (Doc. 173 at 9.)

**ANALYSIS**

A subpoena must be served on a third party in compliance with Federal Rule of Civil Procedure 45(b)(1).  Rule 45(b)(1) provides, in relevant part:

> Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law.

Although the Ninth Circuit has not interpreted this provision in a published opinion, many lower courts have interpreted it as requiring personal service.  *See, e.g., Fujikura Ltd. v. Finisar Corp.*, 2015 WL 5782351, *5 (N.D. Cal. 2015) (collecting cases).  Other courts, however, have concluded personal service is not required under Rule 45(b)(1).  *See, e.g., Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) ("We see no reason to inflate the costs of litigation by ruling out [certified mail as a] sensible option for serving a subpoena (along with the necessary fees) and requiring parties to hire a second person for service, at least in the absence of any language in the Rule that compels such a result."). *See generally* S. Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary, Rule 45, at 1195 (2018) (noting that "[t]he traditional rule has been that personal service is required" but "[m]ore recently, a number of courts have upheld service by certified mail or other forms of service that are reasonably calculated to achieve actual notice").  Those

courts have reached that result for at least four reasons, all of which this Court finds persuasive.

First, the relevant text of Rule 45(b)(1)—"delivering a copy to the named person"—does not on its face indicate that personal service is required. *Doe v. Hersemann*, 155 F.R.D. 630, 630 (N.D. Ind. 1994) (interpreting older version of provision and finding that "[n]othing in this language suggests that in-hand, personal service is required to effectuate 'delivery,' or that service by certified mail is verboten") (emphasis omitted); *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011) ("The text of the rule does not unequivocally require delivery by hand-to-hand exchange; instead, service 'requires delivering a copy' of the subpoena to the witness. The method of delivery is not specified."). Black's Law Dictionary defines "delivery" as "[t]he act by which the res or substance thereof is placed within the actual or constructive possession of another." *Delivery*, BLACK'S LAW DICTIONARY 428 (6th ed. 1990). Personal service is not required to place a subpoena within the constructive possession of the subpoenaed party. *Hersemann*, 155 F.R.D. at 630 ("Where a mail carrier is a non-party more than 18 years old, certified mail may well assure the delivery foreseen by Rule 45.").

Second, where personal service is required, the Federal Rules of Civil Procedure more clearly indicate that requirement. Under Rule 4(e)(2)(a), personal service of the summons and complaint may be effectuated by "delivering a copy of the summons and of the complaint to the individual *personally*." Fed. R. Civ. P. 4(e)(2)(a) (emphasis added). If "delivering a copy to the named person" required personal service, then "personally" in Rule 4(e)(2)(a) would be rendered surplusage. *Hersemann*, 155 F.R.D. at 631; *Cordius Tr. v. Kummerfeld*, 1999 U.S. Dist. LEXIS 19980, *5 (S.D.N.Y. 1999); *cf. Awa v. Guam Mem'l Hosp. Auth.*, 726 F.2d 594, 597 (9th Cir. 1984) ("This court has held that statutes should not be construed to make mere surplusage of any statutory provision."); *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 928 (9th Cir. 2004) ("[I]t is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or

insignificant.") (citations and internal quotation marks omitted).

Third, interpreting Rule 45(b)(1) to require personal service would render superfluous the provision of Rule 45 indicating that proof of service is accomplished by "filing . . . a statement showing the . . . *manner* of service." Fed. R. Civ. P. 45(b)(4) (emphasis added); *Cordius Tr.*, 1999 U.S. Dist. LEXIS 19980 at *5. If only one manner of service were permissible (*i.e.,* personal service), there would be no need to specify it.

Finally, the conclusion that Rule 45 does not require personal service is consistent with the mandate in Rule 1 that the Federal Rules of Civil Procedure "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *Powell v. Time Warner Cable, Inc.*, 2010 WL 5464895, *3 (S.D. Ohio 2010) ("The courts construing Rule 45's service requirements more broadly acknowledge the textual ambiguity and cite to Federal Rule of Civil Procedure 1's mandate that the rules 'be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.'"). Here, it appears that Danzik is playing games in an effort to evade service, and such gamesmanship is contrary to Rule 1's directive.

Because Rule 45 does not require personal service, the Court will allow the CWT Parties to serve Danzik by the four means they have requested: (1) overnight FedEx to his (perhaps outdated) personal address in Cody, Wyoming; (2) overnight FedEx to his office in Scottsdale, Arizona; (3) email to his personal email address; and (4) email to his Wyoming bankruptcy counsel, his New York counsel, and Wyo Tech's counsel.[2] In conjunction, these constitute a "manner of service reasonably designed to ensure actual receipt of [the] subpoena," the standard imposed by most district courts finding that personal service is not required under Rule 45. *See, e.g.*, *Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc.*, 2018 WL 2387580, *3 (S.D. Cal. 2018); *Chambers v. Whirlpool*

---

[2] In its most recent filing, Wilenchik & Bartness stated it does not know Danzik's address. (Doc. 176 at 3.) Nevertheless, the firm may have other methods of communication at its disposal, including email and telephone, to inform Danzik that he's been subpoenaed. Indeed, the firm was recently able to obtain Danzik's signature on a bankruptcy-related document. (Doc. 176 at 16.)

- 5 -

1   *Corp.*, 2016 WL 9451361, *2 (C.D. Cal. 2016); *Cartier v. Geneve Collections, Inc.*, 2008
2   WL 552855, *1 (E.D.N.Y. 2008).[3]  The Court notes, however, that the CWT Parties still
3   must tender any required fees to Danzik when serving their subpoenas.
4       Accordingly, **IT IS ORDERED** that:
5       (1)    The CWT Parties' "*Ex Parte* Motion for Leave to Make Alternative Service
6   of Subpoenas on Nonparty Dennis M. Danzik" (Doc. 173) is **granted**; and
7       (2)    The CWT Parties are granted leave to serve nonparty Dennis M. Danzik with
8   subpoenas for documents and testimony in this action, returnable in Phoenix, Arizona, by
9   (1) overnight FedEx to 1334 Sunset Boulevard, Cody, Wyoming 82414; (2) overnight
10  FedEx to 7543 East Tierra Buena Lane, Scottsdale, Arizona 85260; (3) email to
11  dmdanzik@gmail.com; and (4) email to his Wyoming bankruptcy counsel, Ken
12  McCartney; his New York counsel, Jacques Catafago and Tom M. Fini; and Wyo Tech's
13  counsel, Dennis M. Wilenchik.
14      Dated this 16th day of July, 2019.

_____
Dominic W. Lanza
United States District Judge

---

[3] Many courts also consider whether the serving party has been diligent in attempting to effectuate personal service. *Chambers*, 2016 WL 9451361 at *2 ("Courts are more inclined to grant such alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service.") (citation omitted). It is unclear whether this diligence requirement, which is apparently derived from the state-law service rules that are sometimes applicable under Rule 4(e)(1), ought to be imported into Rule 45. Nevertheless, even assuming it applies here, it has been satisfied—the CWT Parties have gone to great lengths in seeking to personally serve Danzik.