**WILENCHIK & BARTNESS**
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona 85004

Telephone: 602-606-2810     Facsimile: 602-606-2811

Dennis I. Wilenchik, #005350
Tyler Q. Swensen, #015322
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com
*In Pro Per and as attorneys for Lisa Loftis*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Wells Fargo Bank, N.A.,** | **Case No.: 2:17-CV-04140-DWL** |
| **Plaintiff,** | |
| v. | **MOTION TO QUASH/MODIFY SUBPOENAS** |
| **WYO TECH Investment Group, LLC; CWT Canada II Limited Partnership; Resources Recovery Corporation; and Jean Noelting,** | |
| **Defendants.** | |

Nonparties Wilenchik & Bartness, P.C. ("W&B" or the "Firm") and Lisa Loftis, *in pro per* and through undersigned counsel respectively, hereby file this Motion to Quash/Modify Subpoenas issued on July 8, 2019, and served on them by counsel for Canada II Limited Partnership, Resources Recovery Corporation, and Jean Noelting (collectively "CWT Parties"), seeking to depose each of them. For the reasons discussed below, the Court should quash the subpoena on Ms. Loftis as it is—by the CWT Parties' counsel's own admission—completely redundant of the subpoena served on the Firm and is therefore totally unnecessary,

disproportionate to the needs of the case, and constitutes pure harassment and an unwarranted intrusion on Ms. Loftis personally. In addition, although W&B firmly believes the subpoena on it was issued primarily for improper reasons and not for any legitimate discovery purpose, the Firm moves only for a modification of that subpoena to strictly limit the scope of the questioning by opposing counsel to issues that are actually relevant to the dispute in this action and which will protect and preserve the attorney-client privileges and confidentiality of clients of the Firm. This Motion is supported by the following Memorandum of Points and Authorities.

**RESPECTFULLY SUBMITTED** this 22nd day of July, 2019.

**WILENCHIK & BARTNESS, P.C.**

/s/ *Dennis I. Wilenchik*
Dennis I. Wilenchik, Esq.
Tyler Q. Swensen, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
*Attorneys for W&B and Lisa Loftis*

### MEMORANDUM OF POINTS AND AUTHORITIES

Joshua Wurtzel, on behalf of the CWT Parties, has now served two (2) more subpoenas directed at Wyo Tech's law firm. [*See* Subpoena to Testify at a Deposition to Lisa Loftis, **Exhibit 1** hereto; and Subpoena to Testify at a Deposition to Wilenchik & Bartness, P.C. **Exhibit 2** hereto]. Frankly, such conduct by the CWT Parties and their attorneys is an abuse of discovery since it constitutes pure harassment of W&B and one of its employees that does not serve any legitimate discovery purpose. The CWT Parties are seeking to depose a 30(b)(6) representative of W&B as well as its bookkeeper, Lisa Loftis—who are one and the same with respect to the areas of inquiry described in the subpoena on the Firm, since Ms. Loftis will be the designated representative of W&B. The CWT Parties have admitted that their primary purpose for doing this is purportedly

2

to "test" the statements made by Wyo Tech's counsel to the Court related to the OSC hearing on May 29, 2019, about the Firm's production of documents in response to the prior subpoena for documents issued to W&B by the CWT Parties.  [Email dated July 8, 2019 from J. Wurtzel to T. Swensen, **Exhibit 3** hereto ("We are entitled to test those representations [made in response to our contempt motion], and critically, get testimony on this subject—especially because you claim there are no documents about it.")].  The Court, however, has already stated that it "accepts the representations made by counsel for Wyo Tech that counsel have complied with the subpoena." [Court's Order, (Doc. 155)].   Thus, there is no rational basis or grounds for the proposed inquiry.

Any issues associated with the Firm's prior production of documents was resolved in open court and CWT and its counsel have no basis to reopen those issues other than their completely subjective (and obnoxious and offensive) implied conjecture that Wyo Tech's attorneys were not completely truthful with the Court at that hearing and W&B is still hiding some relevant, responsive documents.  That suspicion is completely groundless and does not warrant conducting any kind of "test" of undersigned counsels' statements.  The CWT Parties and their counsel have no good-faith basis for even asking such questions of the Firm or Ms. Loftis.  They are simply engaging in an improper "fishing expedition" solely with the vain hope of embarrassing or at least vexing their opposing counsel—nothing more.  That is not a valid use of discovery; it is an abuse.

More importantly, both proposed depositions seek information that is so unfathomably far removed from the single, actual issue in this case—i.e., who owns the interpleaded funds from Wyo Tech's Wells Fargo bank account—that conducting the depositions will accomplish absolutely nothing in terms of the merits of the action.  The fact that the CWT Parties are obsessed with such tangential, sidebar matters only proves they are not truly concerned with the merits of the case. They know full-well that their entire theory has collapsed because Dennis Danzik and his family have absolutely **zero** interest whatsoever in the interpleaded funds.  Thus, the CWT

3

Parties have resorted to engaging in the unfortunately all-to-commonplace, underhanded litigation tactic of abusing and harassing non-parties in discovery and fabricating discovery disputes in hopes of creating some kind of inference of a "guilt by association" conspiracy between the judgment debtors and everyone else involved with Wyo Tech in any way. Here, the CWT Parties are obviously seeking to manufacture discrepancies between W&B's deposition testimony and its prior subpoena responses and representations to the Court **when there are absolutely none**. This is not an appropriate reason to depose the Firm, let alone Ms. Loftis.

Furthermore, if permitted, the proposed depositions run the extreme risk of imposing on W&B's obligation to maintain client confidences and privileges, and would impinge on the confidential, proprietary nature of W&B's business operations, bookkeeping and accounting methods, in an effort to seek what only theoretically might be, at most, marginally relevant information. The ends most certainly do not justify such means here. Fortunately, the rules of discovery do not permit such behavior, as it is totally irrelevant and duplicative, as well as wildly disproportionate to the needs of the case. The CWT Parties have drifted so far away from the sole factual issue in this case, one wonders if they will ever find their way back, let alone before trial. As such, Wyo Tech moves the Court to step in and prohibit the CWT Parties from pushing the discovery limits any further, assuming that were even possible.

Prior to filing this Motion, W&B did everything in its power to appease the CWT Parties, including offering to produce affidavits regarding the defined subject areas in lieu of the depositions, stipulating to certain facts which would render these depositions moot, or placing reasonable limits to the scope of the depositions. The CWT Parties, however, rejected all those proposals and are insisting they have the absolute right to conduct both of these depositions and can ask whatever they want to ask. [*See* Email string between J. Wurtzel and C. Meyers, **Exhibit 4** hereto]. As such, Wyo Tech has been forced to involve the Court and respectfully moves for

4

quashal of the subpoena issued to Lisa Loftis and a modification of the subpoena issued to the Firm that strictly limits the scope of questions to be asked of the Firm's representative, i.e., Ms. Loftis.

**I.       THE SUBPOENA TO LISA LOFTIS SHOULD BE QUASHED**

The subpoena to Lisa Loftis should be quashed for several reasons, not least of which is the fact that it would be entirely duplicative of the deposition of the Firm itself, for which Ms. Loftis would be the designated representative. Mr. Wurtzel has even admitted to counsel that Ms. Loftis' deposition would be largely duplicative of the Firm's "30(b)(6)-type" deposition, which W&B is not seeking to quash altogether in this Motion, but merely to reasonably limit. **[Exhibit 4]** Thus, the CWT Parties have no reason to conduct a separate deposition of Ms. Loftis, who is too far removed from the sole and actual issue in the case to have any relevant knowledge about ownership of the interpleaded funds in any event.

In the Order dated April 9, 2019 (Doc. 119 at 9:26–27), the Court made clear that "the sole issue to be resolved in this case is the ownership of the interpleaded funds" after engaging in a recitation of cases standing for that same proposition. Ms. Loftis is, and at all relevant times for this action, has been an employee of the Firm. Furthermore, her interactions with Wyo Tech's management have been extremely limited in nature. She has simply received checks from Wyo Tech, but that is essentially the extent of her dealings. She is not and has never been an employee of or affiliated with, Wyo Tech. She has never had access to the Wells Fargo bank account which contained the interpleaded funds. She does not have any firsthand knowledge about the facts of the case or the issues at stake. Therefore, at most, she has marginal information about the receipt of funds paid into the Firm's Trust Account by Wyo Tech and Inductance and the use of those funds to pay various invoices issued by W&B and how those payments are reflected and memorialized in the documents already produced by W&B in response to the prior subpoena from

the CWT Parties. For whatever potential relevance that information may have—and obviously, in W&B's and Wyo Tech's view, it has absolutely no relevance whatsoever—then perhaps Mr. Wurtzel has some incredibly thin basis to inquire into it in a deposition. He should not, however, be permitted to harass and impose on Ms. Loftis by deposing her twice. At the end of the day, Ms. Loftis is merely an employee of a service provider of Wyo Tech with limited knowledge.

Thus, even if Ms. Loftis has any knowledge or information that is **_technically_** within the broad definition of relevance, it is at best, **_marginal_** in scope and therefore it is entirely disproportionate to the needs of the case to depose her twice. *See* Fed. R. Civ. P. 26(b)(1) and (c)(iii); relevance standard is heightened in the context of nonparty subpoenas. *Oyenik v. Corizon Health Inc.*, No. CV1301597PHXSPLBSB, 2014 WL 12787872, at *1 (D. Ariz. Nov. 20, 2014) (citing *Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986) ("The standards for nonparty discovery ... require a stronger showing of relevance than for simple party discovery.")). Moreover, "[t]o obtain discovery from a nonparty, [the requesting] party must demonstrate that its need for discovery outweighs the nonparty's interest in nondisclosure." *R. Prasad Indus. v. Flat Iron Envtl. Solutions Corp.*, 2014 WL 2804276, at *2 (D. Ariz. June 20, 2014) (citation omitted). Here, as discussed below in greater detail, Ms. Loftis has knowledge of a great deal of confidential and proprietary information about not only the Firm's business practices, but its clients and their financial transactions with the Firm. There is no legitimate reason for the CWT Parties to delve into that knowledge and the Firm (and Ms. Loftis) has a huge interest in not disclosing it as well as an ethical mandate not to.

As a general matter, both the deposition of Ms. Loftis and the deposition of W&B are potentially extremely problematic from an ethical and confidentiality standpoint. Ms. Loftis handles financial transactions with all the Firm's clients and as such, has significant confidential information about those clients. Not only is this information confidential and proprietary to the

Firm, it also raises serious concerns regarding the Firm's ability to protect and maintain the confidences of its clients under ER 1.6 (attorneys owe clients a duty of confidentiality), and to protect the attorney-client privilege. Unlike a 30(b)(6)-type deposition, Mr. Wurtzel would not be required to limit the scope of his interrogation of Ms. Loftis personally to specific topics.  Thus, the Firm would have no ability to limit or control Mr. Wurtzel's questions or topics in advance and would have to raise seriatim objections and instruct her not to answer where appropriate, which will simply result in further discovery-related disputes and litigation unnecessarily.  Rule 45(d)(3)(A) identifies circumstances in which a court is required to grant a motion to quash or modify a subpoena. Rule 45(d)(3)(A)(iii) provides in pertinent part that "[o]n a timely motion, the issuing court must quash or modify a subpoena that ... requires disclosure of privileged or other protected matter, if no exception or waiver applies." *E.g.*, *Brown v. Sperber-Porter*, No. CV-16-02801-PHX-SRB, 2018 WL 4091696, at *2 (D. Ariz. Aug. 23, 2018) (citing Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv)). Those subsections are directly applicable here and should be applied by the Court.

When balancing what is, theoretically at best, the marginal relevance and limited value of of Ms. Loftis' personal testimony (which Mr. Wurtzel even acknowledged was probably unnecessary), against the ethical and confidentiality risks present in pursuing that deposition, as well as the duplicative nature of it, given the deposition of the Firm that W&B is not seeking to quash, the Court should quash the subpoena on Ms. Loftis altogether.

II.     **THE AREAS OF INQUIRY FOR THE DEPOSITION OF THE FIRM'S REPRESENTATIVE SHOULD BE STRICTLY LIMITED**

In addition to quashing the subpoena issued to Ms. Loftis, the Court should limit the scope of the questions to be asked of Ms. Loftis as the Firm's representative on the remaining subpoena. Pursuant to Rule 26(b)(1)(A), Ariz. R. Civ. P., unless otherwise limited, "[p]arties may obtain

7

discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party." *Blazek v. Superior Court,* 177 Ariz. 535, 537, 869 P.2d 509, 511 (App.1994); *Rasor v. Nw. Hosp., LLC*, 239 Ariz. 546, 555, ¶ 27, 373 P.3d 563, 572 (App. 2016), *rev'd in part, vacated in part,* 243 Ariz. 160, ¶ 27, 403 P.3d 572 (2017).  As noted above, there are significant and problematic privilege and confidentiality issues associated with a deposition of an opposing law firm.  Also, the sole issue to be resolved in this case is the ownership of the interpleaded funds.  Therefore, any questioning of the Firm's representative must be relevant to that one issue in some articulable way.  Here, the Court has stated, with certain caveats, the information showing Wyo Tech or Inductance had paid legal fees of Dennis Danzik *might* be relevant to the sole issue in this case.  On that basis, the Court allowed the CWT Parties to seek discovery from W&B related to its receipt and use of funds from Wyo Tech and Inductance.

The records responsive to the prior subpoena on W&B seeking documents showing the receipt and use of such funds have all been produced and W&B has offered multiple times to allow Mr. Wurtzel the opportunity to hold a discussion with Ms. Loftis in which she could explain how those documents show the receipt and use of the funds in question.  W&B still stands by those offers and even remains willing to allow Mr. Wurtzel to ask Ms. Loftis—as the representative of W&B—questions in that regard.  What W&B is not willing to do is to violate its obligations to maintain client confidences and attorney-client privilege, nor is the Firm willing to disclose its own confidential and proprietary business practices that have no bearing on or even tangential relevance to the dispute in this case.

Therefore, W&B objects to the overbroad and improper scope of the "MATTERS FOR EXAMINATION" set forth in Exhibit A of the subpoena issued to W&B, [**Exhibit 2** hereto], as follows:

## MATTERS FOR EXAMINATION

**1.** …

**2.** …

**3. The client(s) on whose behalf the payments in Request Nos. 1 and 2 above were made.**

**4. The matter(s) for which the payments in Request Nos. 1 and 2 above were made.**

W&B objects to Requests Nos. 3 and 4 because they impermissibly seek discovery of attorney-client privileged communications (assuming any occurred) regarding how certain funds were to be "earmarked" when they were deposited or, alternatively, such questions would require W&B's representative to speculate about the payor's intentions and thoughts about the use of the funds when they were being deposited. Either way, such questions are wholly inappropriate. Therefore, W&B asks that these Requests be modified and limited exclusively to questions about the factual matters of which invoices the payments in Request Nos. 1 and 2 have actually been used to pay.

**5. Your system and protocols related to the record-keeping, management, and preservation of documents reflecting client payments, charges and invoices.**

W&B objects to Request No. 5 on the basis that it is aimed solely at "testing" the representations made by Wyo Tech's counsel that were already accepted by the Court, when there has been no reason shown or given for questioning those representations. This Request is not aimed at discovering any evidence relevant to the sole issue in this case, but rather is designed exclusively to harass, vex and annoy W&B and to implicitly (and unethically) accuse its attorneys of lack of candor toward this tribunal without any valid basis whatsoever. As such, the Request should be stricken entirely. That having been said, to the extent that Mr. Wurtzel seeks

1 information about how the records already produced contain the information showing what funds
2 have been deposited with the Firm by Wyo Tech and Inductance and how those funds have been
3 applied to certain invoices to date; W&B has never objected to such an inquiry or providing such
4 an explanation of the documents.  Request No. 5 must be either eliminated altogether, or strictly
5 limited to questions about how and where the records produced contain the information sought by
6 the CWT Parties.

7 **6.    Your search for, and collection and review of, documents in response to the (i)**
8 **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of**
9 **Premises … served on You in this actions; and (ii) order of the court in this action, dated**
10 **April 9, 2019 (Dkt. No. 119 at 19).**

11 Again, W&B objects to this Request on the basis that it is aimed solely at re-opening the
12 entire OSC hearing in which any noncompliance with the prior subpoena was rectified and
13 resolved and after which W&B paid $10,000 in attorneys' fees to opposing counsel as a sanction.
14 That should have been the end of the matter.  Indeed, Mr. Wurtzel agreed that the $10,000 payment
15 "resolve[d] the issue of sanctions relating to our contempt motion" and further stated that "the
16 issues related to the subpoenas to [W&B] and Beus Gilbert are fully resolved" "unless evidence
17 comes out showing that Wilenchik's (or Beus Gilbert's) representations to the court during the
18 contempt hearing and in the contempt briefing were not true …."  [Email dated June 10, 2019,
19 from J. Wurtzel to T. Swensen, copy attached hereto as **Exhibit 5**].

20 No such evidence has "come out"—yet Mr. Wurtzel is contending that he has the right to
21 go searching for such evidence without any objective basis to believe it even exists; which it does
22 not.  Request No. 6 is the very definition of a an unwarranted and improper "fishing expedition"
23 that should not be permitted.  W&B ultimately complied with the prior subpoena.  Therefore, how
24 it complied is a dead issue and there is no probable cause whatsoever for the CWT Parties to
25
26

10

initiate further discovery on the topic. It is pure harassment, plain and simple. Therefore, Request No. 6 should be eliminated.

### III. CONCLUSION

For all the foregoing reasons, the Firm and Ms. Loftis respectfully request that the Court quash the subpoena issued on Ms. Loftis and modify and limit the subpoena issued to the Firm as set forth above.

**RESPECTFULLY SUBMITTED** this 22nd day of July, 2019.

**WILENCHIK & BARTNESS, P.C.**

/s/ *Dennis I. Wilenchik*
Dennis I. Wilenchik, Esq.
Tyler Q. Swensen, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
*Attorneys for W&B and Lisa Loftis*

### CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2019, I electronically transmitted the foregoing Notice to the Clerk of the Court through the CM/ECF system, which will send a Notice of Electronic Filing to all CM/ECF registrants for this matter.

By: */s/ Christine M. Ferreira*

11