# EXHIBIT 1



AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### District of Arizona

| | | |
|---|---|---|
| Wells Fargo Bank, N.A. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:17-cv-04140-DWL |
| Wyo Tech Investment Group, LLC, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                     Lisa Loftis
        Wilenchik & Bartness, P.C., 2810 North Third Street, Phoenix Arizona 85004
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See attached Appendix A

| Place: Ryan Rapp & Underwood, P.L.C.<br>3200 North Central Avenue, Suite 2250<br>Phoenix, Arizona 85012 | Date and Time:<br><br>08/22/2018 8:00 am |
|---|---|
| The deposition will be recorded by this method:   Stenographer and videographer | |

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     07/08/2019

|             *CLERK OF COURT* | | |
|---|---|---|
| | OR | *Joshua Wurtzel* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   CWT Canada II
Limited Partnership, Resource Recovery Corporation, Jean Noelting        , who issues or requests this subpoena, are:
Joshua Wurtzel, Schlam Stone, 26 Broadway, New York, NY 10004; jwurtzel@schlamstone.com; (212) 344-5400

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   2:17-cv-04140-DWL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 2



AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| Wells Fargo Bank, N.A. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No.   2:17-cv-04140-DWL |
| Wyo Tech Investment Group, LLC, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:         Wilenchik & Bartness, P.C.
         2810 North Third Street, Phoenix Arizona 85004
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See attached Appendix A

| Place: Ryan Rapp & Underwood, P.L.C. | Date and Time: |
|---|---|
| 3200 N. Central Ave, Suite 2250 Phoenix, Arizona 85012 | 08/22/2018 11:00 am |

The deposition will be recorded by this method:   Stenographer and videographer

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   07/08/2019

         *CLERK OF COURT*

                              OR

                                                                                *Joshua Wurtzel*

   *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   CWT Canada II
Limited Partnership, Resource Recovery Corporation, Jean Noelting                    , who issues or requests this subpoena, are:
Joshua Wurtzel, Schlam Stone, 26 Broadway, New York, NY 10004; jwurtzel@schlamstone.com; (212) 344-5400

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:17-cv-04140-DWL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
     **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## APPENDIX A

## DEFINITIONS

1.     "Inductance" means Inductance Energy Corporation.

2.     "Wyo Tech" means Wyo Tech Investment Group, LLC.

3.     "You" or "Your" means Wilenchik & Bartness, P.C.

## MATTERS FOR EXAMINATION

1.     The payments—including date, amount, and source account—made to You by Wyo Tech.

2.     The payments—including date, amount, and source account—made to You by Inductance.

3.     The client(s) on whose behalf the payments in Request Nos. 1 and 2 above were made.

4.     The matter(s) for which the payments in Request Nos. 1 and 2 above were made.

5.     Your system and protocols related to the record-keeping, management, and preservation of documents reflecting client payments, charges, and invoices.

6.     Your search for, and collection and review of, documents in response to the (i) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated February 9, 2019, served on You in this action; and (ii) order of the court in this action, dated April 9, 2019 (Dkt. No. 119 at 19).

# EXHIBIT 3



**Tyler Swensen**

| | |
|---|---|
| **From:** | Joshua Wurtzel <jwurtzel@schlamstone.com> |
| **Sent:** | Monday, July 8, 2019 2:20 PM |
| **To:** | Tyler Swensen; Dennis Wilenchik; Chris Feasel; Chris Meyers; Victoria Stevens; admin |
| **Cc:** | Jeffrey M. Eilender; Bradley J. Nash; Henk Taylor |
| **Subject:** | RE: Wells Fargo Bank, N.A. v. Wyo Tech Inv. Grp., LLC, et al., Case No. 17-cv-4140-DWL |

Tyler,

Noted about Chris Feasel.

There is no appendix to the subpoena to Ms. Loftis. Rule 30 requires a list of examination topics for depositions noticed under Rule 30(b)(6) (*i.e.*, for entities). It does not require a list of examination topics for individuals, though I can represent to you that Ms. Loftis's deposition will primarily focus on the same topics as the Wilenchik & Bartness 30(b)(6).

If you want to serve a subpoena on Schlam Stone or me, I am happy to accept service by e-mail. I'm sure that Jeff will also allow me to accept service of a subpoena on him by e-mail too, but he is out of the country so I would have to confirm with him if and when you e-mail a subpoena. But I could not possibly agree in advance to accept service on behalf of any potential attorney or staff member at Schlam Stone. If there is anyone else you plan to subpoena (not sure who it would be in any event), I expect that we would accept service, but before doing so, I would have to ask them for their authority. And it goes without saying that any acceptance of service is without waiver of any non-service-related objections to the subpoenas. **Please confirm by COB that you will accept service by e-mail of the subpoenas to Wilenchik & Bartness and Ms. Loftis.**

Concerning your claim that you will serve subpoenas on us, unlike our subpoenas on your firm and Ms. Loftis (discussed below), I do not see how anyone at Schlam Stone has relevant evidence in this case. During our call, you said the purpose of subpoenaing us would be to find out whether we had a valid basis to serve the restraining notice in the first instance. But the court already ruled that the sole issue in this case is the ownership of the interpleaded funds, not the validity of the restraining notice. *See* Dkt. No. 119 at 9 ("the Court concludes that the sole issue to be resolved in this case is the ownership of the interpleaded funds, not the validity of the restraining notice"). So if that is your basis for seeking discovery from us, I expect we will move to quash and also seek sanctions and attorneys' fees for the trouble. Indeed, during our call, you suggested that the reason you would serve subpoenas on us was in retaliation for our serving subpoenas on your firm and Ms. Loftis. (You didn't say "retaliation," but you did say that if this is how we want to proceed with this case, then you would consider serving subpoenas on Jeff, me, and our firm.) So you should do what you have to do for your client, but you are on notice that any frivolous conduct will be met with a sanctions motion.

Concerning our subpoenas on your firm and Ms. Loftis, as I explained on today's call, one of our theories in this case is that, if Wyo Tech (and, by extension, Inductance) were paying legal fees for Mr. Danzik, his wife, or his company Danzik Applied Sciences—especially in cases that have nothing to do with Wyo Tech or Inductance—that makes it more probable that Mr. Danzik has an interest in the interpleaded funds. That fact may or may not be dispositive at the end of the case, but it is certainly relevant. *See* Dkt. No. 119 at 13 ("If Wyo Tech paid Danzik's attorneys' fees, that at least makes it more likely Danzik had an interest in Wyo Tech's funds."). While we did not initially serve a deposition subpoena on your firm because we were hoping the documents you produced in response to the subpoena would be sufficient, your response to our contempt motion was that certain documents—particularly those about how six-figure retainers were applied and earmarked to certain clients—do not exist. We are entitled to test those representations, and critically, get testimony on this subject—especially because you claim there are no documents about it.

Please let us know by COB tomorrow whether you will reconsider your position on our subpoenas; otherwise, we will seek relief from the court.

Joshua Wurtzel
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
Tel.: (212) 344-5400 (x 324)
jwurtzel@schlamstone.com

## SCHLAM STONE & DOLAN LLP
CommercialDivisionBlog.com

This e-mail, including all attachments, is for the use of the intended recipients only.  It may contain legally privileged or confidential information.  If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.

---

**From:** Tyler Swensen <TylerS@wb-law.com>
**Sent:** Monday, July 08, 2019 3:07 PM
**To:** Joshua Wurtzel <jwurtzel@schlamstone.com>; Dennis Wilenchik <diw@wb-law.com>; Chris Feasel <chrisf@wb-law.com>; Chris Meyers <ChrisM@wb-law.com>; Victoria Stevens <victorias@wb-law.com>; admin <admin@wb-law.com>
**Cc:** Jeffrey M. Eilender <jeilender@schlamstone.com>; Bradley J. Nash <bnash@schlamstone.com>; Henk Taylor <HTaylor@rrulaw.com>
**Subject:** RE: Wells Fargo Bank, N.A. v. Wyo Tech Inv. Grp., LLC, et al., Case No. 17-cv-4140-DWL

Josh,

As an initial matter, Chase Turrentine is no longer with our firm and therefore need not be copied on any emails anymore.  Attorney Chris Feasel has been added to the litigation team working on this case.  Please include him in all future emails.  With respect to the subpoenas you sent to us via email, the Appendix A to the subpoena for Ms. Loftis appears to be missing.  Please provide us with a complete copy of that subpoena and we will accept service of both subpoenas via email, subject to your agreement that your firm will reciprocate and likewise accept email service of any subpoenas served on it or its attorneys or staff in this action.  Finally, as we discussed with you this morning on the phone, we fail to see any valid discovery purpose for your request to depose Ms. Loftis or any other representative of this firm and we intend to object to both subpoenas.



www.wb-law.com

Tyler Swensen
Attorney At Law
TylerS@wb-law.com

The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
P 602-606-2810 | F 602-606-2811

-----------------------------

ATTORNEY/CLIENT COMMUNICATION

The information transmitted by this e-mail is intended only for the addressee and may contain confidential and/or privileged material.  Any interception, review, retransmission, dissemination or other use of this information by persons or entities other than the intended recipient is prohibited by law and may subject them to criminal or civil liability.  If you received this communication in error, please contact us immediately at (602) 606-2810, and delete the communication from any computer or network system.

----------------------------

**From:** Joshua Wurtzel <jwurtzel@schlamstone.com>
**Sent:** Sunday, July 7, 2019 9:47 PM
**To:** Dennis Wilenchik <dlw@wb-law.com>; Tyler Swensen <TylerS@wb-law.com>; Chase Turrentine <chaset@wb-law.com>; Chris Meyers <ChrisM@wb-law.com>; Victoria Stevens <VictoriaS@wb-law.com>; admin <admin@wb-law.com>
**Cc:** Jeffrey M. Eilender <jeilender@schlamstone.com>; Bradley J. Nash <bnash@schlamstone.com>; Henk Taylor <HTaylor@rrulaw.com>
**Subject:** Wells Fargo Bank, N.A. v. Wyo Tech Inv. Grp., LLC, et al., Case No. 17-cv-4140-DWL

Counsel,

Attached please find subpoenas for testimony to your firm and Lisa Loftis of your firm, as well as notices of these subpoenas. Please let me know by COB on July 8 whether you agree to accept service of these subpoenas by e-mail.

Joshua Wurtzel
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
Tel.: (212) 344-5400 (x 324)
jwurtzel@schlamstone.com

## Schlam Stone & Dolan llp
CommercialDivisionBlog.com

This e-mail, including all attachments, is for the use of the intended recipients only.  It may contain legally privileged or confidential information.  If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.

WARNING: This email originated outside of WB-Law.com. DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.
WARNING: This email originated outside of WB-Law.com. DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

# EXHIBIT 4



**Tyler Swensen**

| | |
|---|---|
| **From:** | Joshua Wurtzel <jwurtzel@schlamstone.com> |
| **Sent:** | Thursday, July 18, 2019 4:03 PM |
| **To:** | Chris Meyers |
| **Cc:** | Dennis Wilenchik; Tyler Swensen; Chris Feasel; Heidi Purtzer; WYO Tech adv. Wells Fargo |
| **Subject:** | RE: Wyo Tech/Wells Fargo - Letter re Subpoenas to Wilenchik & Bartness |

Chris,

I am not interested in a phone conversation with Ms. Loftis. I am entitled to get sworn testimony about these issues, especially after your firm claimed that documents related to these issues do not exist.

I am fine deposing Ms. Loftis as the firm's 30(b)(6) witness. I reserve my right to depose her in her personal capacity as well if there is some need to do so after the 30(b)(6), but given that the questions I would ask her in her personal capacity would be very similar to those I would ask her as a 30(b)(6) representative, I doubt that will be an issue.

I don't follow the distinction you are drawing for topics 3 and 4. The topics ask for information about the clients and matters for which and on whose behalf these payments were made. You are changing it to the clients and matters for which and on whose behalf these payments were utilized. I don't follow. If a payment was made for the benefit of several clients, I am entitled to know that—regardless of which of those clients the payments were ultimately utilized. For example, I understood Tyler to say that retainers would come in and be available for use for any of several Danzik-related clients. I want to know which retainers went for which clients when they were made. So unless I am misunderstanding your limitation, I reject the limitation and insist on topics 3 and 4 as written.

On 5, I am interested only in the firm's general system and protocols, unless there was a different system or protocol used for the payments at issue in the document subpoena we served on you. Ms. Loftis should be able to confirm that the firm's normal systems and protocols were used for these payments, and then questions on topic no. 5 would be limited to how the firm generally keeps, manages, and preserves these types of documents. Please confirm OK.

On 6, your objection is entirely inappropriate. I regularly ask parties and nonparties in their depositions about their document search, collection, and review in response to a subpoena. This is particularly necessary here, given the heated litigation regarding whether your firm complied with the subpoena. Thus, I insist on topic no. 6 being part of the deposition.

Please let me know if you agree as I propose above. If not, then we will have to submit a joint letter to the court. While your firm is not a party, this is the procedure we used when the first discovery dispute in this case arose—the document subpoena to your firm—and the court did not object to that procedure. If you think a different procedure should be taken, then I suggest that you raise it in your portion of the joint letter.

Joshua Wurtzel
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
Tel.: (212) 344-5400 (x 324)
jwurtzel@schlamstone.com

**SCHLAM STONE & DOLAN LLP**
CommercialDivisionBlog.com

This e-mail, including all attachments, is for the use of the intended recipients only.  It may contain legally privileged or confidential information.  If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.

**From:** Chris Meyers [mailto:ChrisM@wb-law.com]
**Sent:** Thursday, July 18, 2019 6:38 PM
**To:** Joshua Wurtzel
**Cc:** Dennis Wilenchik; Tyler Swensen; Chris Feasel; Heidi Purtzer; WYO Tech adv. Wells Fargo
**Subject:** RE: Wyo Tech/Wells Fargo - Letter re Subpoenas to Wilenchik & Bartness

Josh,

Just following up re below. Please respond soon so we can either get this resolved or get the court involved.

Thanks,



www.wb-law.com

Chris Meyers
Attorney at Law
ChrisM@wb-law.com

The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
P 602-606-2810 | F 602-606-2811

-----------------------------

ATTORNEY/CLIENT COMMUNICATION

The information transmitted by this e-mail is intended only for the addressee and may contain confidential and/or privileged material.  Any interception, review, retransmission, dissemination or other use of this information by persons or entities other than the intended recipient is prohibited by law and may subject them to criminal or civil liability.  If you received this communication in error, please contact us immediately at (602) 606-2810, and delete the communication from any computer or network system.

-----------------------------

**From:** Chris Meyers
**Sent:** Tuesday, July 16, 2019 3:43 PM
**To:** Joshua Wurtzel
**Cc:** Dennis Wilenchik; Tyler Swensen; Chris Feasel; Heidi Purtzer; WYO Tech adv. Wells Fargo
**Subject:** RE: Wyo Tech/Wells Fargo - Letter re Subpoenas to Wilenchik & Bartness

Josh,

As to No. 5, the e-mail below should say we are *not* willing to agree in advance to questioning about specific matters or clients, which raises major issues with respect to privilege, client confidentiality, and proprietary/trade secret issues, among others.

Thanks,

**From:** Chris Meyers
**Sent:** Tuesday, July 16, 2019 3:38 PM
**To:** Joshua Wurtzel
**Cc:** Dennis Wilenchik; Tyler Swensen; Chris Feasel; Heidi Purtzer; WYO Tech adv. Wells Fargo
**Subject:** RE: Wyo Tech/Wells Fargo - Letter re Subpoenas to Wilenchik & Bartness
**Importance:** High

Josh,

As we have previously stated to you, we prefer to handle this matter informally. We are willing to produce an affidavit from Ms. Loftis discussing the issues as limited below, and we are willing to have her speak with you on the telephone to explain the documentation that the firm produced in response to the subpoena, which we have previously offered several times. Frankly, that should be enough and a deposition is entirely unnecessary.

However, if you insist that we proceed to a deposition, we will agree only to producing Ms. Loftis as the firm's 30(b)(6) representative. Ms. Loftis is not a personal witness to the case and should not be deposed as such. The matters for examination of that 30(b)(6) deposition would need to be further limited as follows:

- We would agree to Nos. 1 and 2 as proposed;

- Nos. 3 and 4 would need to be limited to questions about the clients and matters for whom the funds have been utilized—subject to objections based on privilege or confidentiality.

- We would agree to No. 5 if it is limited to the firm's general practices and how the documents produced provide all of the information sought in your prior subpoena. We are willing to agree in advance to questioning about specific matters or clients, which raises major issues with respect to privilege, client confidentiality, and proprietary/trade secret issues, among others;

- No. 6 is off-limits. Not only is it completely irrelevant and disproportionate to the needs of the case, but it is also an improper attempt on its face to impugn officers of the Court.

If we cannot agree to these terms, then we will need to get the Court involved, which will include a motion to modify the subpoenas. We believe that would be the best way to proceed, rather than following the Court's protocol for discovery disputes between parties, since the firm is not a party to the litigation. We are, however, willing to have a conversation with the Court on that point and will obviously proceed how the Court decides.

Thank you,

**From:** Joshua Wurtzel [mailto:jwurtzel@schlamstone.com]
**Sent:** Tuesday, July 16, 2019 2:11 PM
**To:** Chris Meyers
**Cc:** Dennis Wilenchik; Tyler Swensen; Chris Feasel; Heidi Purtzer; WYO Tech adv. Wells Fargo
**Subject:** RE: Wyo Tech/Wells Fargo - Letter re Subpoenas to Wilenchik & Bartness

Following up.

Joshua Wurtzel
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
Tel.: (212) 344-5400 (x 324)
jwurtzel@schlamstone.com

# SCHLAM STONE & DOLAN LLP
CommercialDivisionBlog.com

This e-mail, including all attachments, is for the use of the intended recipients only.  It may contain legally privileged or confidential information.  If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.

---

**From:** Joshua Wurtzel
**Sent:** Saturday, July 13, 2019 4:08 PM
**To:** Chris Meyers <ChrisM@wb-law.com>
**Cc:** Dennis Wilenchik <diw@wb-law.com>; Tyler Swensen <tylers@wb-law.com>; Chris Feasel <chrisf@wb-law.com>; Heidi Purtzer <HeidiP@wb-law.com>; WYO Tech adv. Wells Fargo <e57659d03+matter1136246401@maildrop.clio.com>
**Subject:** RE: Wyo Tech/Wells Fargo - Letter re Subpoenas to Wilenchik & Bartness

I don't follow—are you offering to put Ms. Loftis up as a 30(b)(6) for W&B, or just on her own? If on her own, then there are no topics that must be disclosed in advance. So please clarify what you are objecting to—the scope of topics for the 30(b)(6), or the scope of what you believe will be the topics for Ms. Loftis (which I have said would be similar to the 30(b)(6) topics, or both. And also please clarify whether you are offering a 30(b)(6) *and* Ms. Loftis, a 30(b)(6) *through* Ms. Loftis, or just Ms. Loftis personally.

Also, whatever it is you are offering in terms of narrowed topics, please send me a proposal in writing. The topics already are pretty limited, but send me what you think is a more reasonable, limited list of topics and I will consider.

Joshua Wurtzel
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
Tel.: (212) 344-5400 (x 324)
jwurtzel@schlamstone.com

# SCHLAM STONE & DOLAN LLP
CommercialDivisionBlog.com

This e-mail, including all attachments, is for the use of the intended recipients only.  It may contain legally privileged or confidential information.  If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.

---

**From:** Chris Meyers <ChrisM@wb-law.com>
**Sent:** Saturday, July 13, 2019 4:03 PM
**To:** Joshua Wurtzel <jwurtzel@schlamstone.com>
**Cc:** Dennis Wilenchik <diw@wb-law.com>; Tyler Swensen <tylers@wb-law.com>; Chris Feasel <chrisf@wb-law.com>; Heidi Purtzer <HeidiP@wb-law.com>; WYO Tech adv. Wells Fargo <e57659d03+matter1136246401@maildrop.clio.com>
**Subject:** Wyo Tech/Wells Fargo - Letter re Subpoenas to Wilenchik & Bartness
**Importance:** High

Josh,

Please see the attached letter in regards to the subpoenas you served on this firm and Ms. Loftis. Copy to follow by mail.

Thanks,



www.wb-law.com

Chris Meyers
Attorney at Law
ChrisM@wb-law.com

The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
P 602-606-2810 | F 602-606-2811

----------------------------

ATTORNEY/CLIENT COMMUNICATION

The information transmitted by this e-mail is intended only for the addressee and may contain confidential and/or privileged material.  Any interception, review, retransmission, dissemination or other use of this information by persons or entities other than the intended recipient is prohibited by law and may subject them to criminal or civil liability.  If you received this communication in error, please contact us immediately at (602) 606-2810, and delete the communication from any computer or network system.

----------------------------

WARNING: This email originated outside of WB-Law.com. DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.
WARNING: This email originated outside of WB-Law.com. DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

# EXHIBIT 5



## Tyler Swensen

| | |
|---|---|
| **From:** | Joshua Wurtzel <jwurtzel@schlamstone.com> |
| **Sent:** | Monday, June 10, 2019 3:21 PM |
| **To:** | Tyler Swensen; Dennis Wilenchik; Lisa Loftis |
| **Cc:** | Jeffrey M. Eilender; Bradley J. Nash |
| **Subject:** | RE: Sanction payment |

Thank you for agreeing.

You can make the check payable to Schlam Stone & Dolan LLP, and mail it to the address below to my attention.

As we discussed on Friday, this payment resolves the issue of sanctions relating to our contempt motion. You agree that despite making this payment, Wilenchik must still comply with the subpoena by producing the bank records the court ordered it to produce during the contempt hearing by the deadline the court set during that hearing. We agree that, unless evidence comes out showing that Wilenchik's (or Beus Gilbert's) representations to the court during the contempt hearing and in the contempt briefing were not true, the issues related to the subpoenas to Wilenchik and Beus Gilbert are fully resolved—subject to our right to seek relief if Wilenchik does not produce all the bank records the court required it to produce by the deadline the court set or if we later learning that Wilenchik's and Beus Gilbert's representations to the court during the contempt hearing or in the contempt briefing were not true.

Please confirm when the check goes out.

Thanks.

Joshua Wurtzel
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
Tel.: (212) 344-5400 (x 324)
jwurtzel@schlamstone.com

## SCHLAM STONE & DOLAN LLP
CommercialDivisionBlog.com

This e-mail, including all attachments, is for the use of the intended recipients only.  It may contain legally privileged or confidential information.  If you are not the intended recipient, please permanently delete this message and all copies or printouts, and please notify me immediately.

**From:** Tyler Swensen [mailto:TylerS@wb-law.com]
**Sent:** Monday, June 10, 2019 1:24 PM
**To:** Joshua Wurtzel; Dennis Wilenchik; Lisa Loftis
**Subject:** Sanction payment

Josh,
After discussing this with Dennis, Wilenchik & Bartness has agreed to pay $10.000 for the attorneys' fees incurred by CWT related to the OSC on W&B's response to the subpoena. Please let us know to whom the check should be made payable.  Also please confirm that other than our production of the checks that are responsive to the subpoena and barring the discovery of any evidence contradicting

W&B's representation that all responsive documents were produced, the payment of this $10,000 resolves all issues other  related to the subpoena served on W&B and the OSC filings and hearing regarding that subpoena.


Sent via the Samsung Galaxy S8, an AT&T 5G Evolution capable smartphone



www.wb-law.com

Tyler Swensen
Attorney At Law
TylerS@wb-law.com

The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
P 602-606-2810 | F 602-606-2811

----------------------------


ATTORNEY/CLIENT COMMUNICATION

The information transmitted by this e-mail is intended only for the addressee and may contain confidential and/or privileged material.  Any interception, review, retransmission, dissemination or other use of this information by persons or entities other than the intended recipient is prohibited by law and may subject them to criminal or civil liability.  If you received this communication in error, please contact us immediately at (602) 606-2810, and delete the communication from any computer or network system.


----------------------------


WARNING: This email originated outside of WB-Law.com. DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.