J. Henk Taylor (016321)
**RYAN RAPP & UNDERWOOD, P.L.C.**
3200 N. Central Ave, Suite 2250
Phoenix, Arizona 85012
Telephone: (602) 280-1000
Facsimile: (602) 265-1495
Email: htaylor@rrulaw.com

Jeffrey M. Eilender (*admitted pro hac vice*)
Bradley J. Nash (*admitted pro hac vice*)
Joshua Wurtzel (*admitted pro hac vice*)
**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, New York 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
E-Mail: jeilender@schlamstone.com
E-Mail: bnash@schlamstone.com
E-Mail: jwurtzel@schlamstone.com

*Attorneys for Defendants CWT Canada II Limited
Partnership, Resource Recovery Corporation, and
Jean Noelting*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank, N.A.<br><br>           Plaintiff,<br><br>    v.<br><br>Wyo Tech Investment Group, LLC, CWT Canada II Limited Partnership, Resources Recovery Corporation, and Jean Noelting,<br><br>       Defendants.<br><br>And related claims. | Case No.: 2:17-CV-04140-DWL<br><br><br>**CWT PARTIES' STATUS REPORT REGARDING NONPARTIES' CONTEMPT** |

1
2
3
4
5

Defendants CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting (collectively, the "CWT Parties") submit this status report, along with the Declaration of Joshua Wurtzel, in accordance with this Court's July 25, 2019 order (Dkt. No. 180).

6

### STATUS REPORT

7
8
9
10
11
12

As this Court knows, on June 27, 2019, this Court held nonparties Danzik Applied Sciences, LLC ("DAS"), Charles J. Davis, Richard W. Davis, Ashley Mosharrafa, Tamir Mosharrafa, Ali M. Mosharrafa, and Kristin Joiner Mosharaffa in civil contempt, ordered them to pay the CWT Parties' legal fees incurred in moving for contempt against them, and assessed a $250 daily fine against each of them beginning on June 27, 2019 and lasting until each "fully complies" with the subpoenas served on them. Dkt. No. 167 at 2.

13
14
15
16
17
18

Following the June 27 contempt order, the CWT Parties made extensive efforts to serve each of these seven nonparties with the contempt order—some of whom were served only after multiple attempts at multiple locations. But between June 28 and July 8, 2019, all seven were served with the contempt order. Copies of the affidavits of service on each nonparty are attached to the Wurtzel Declaration as Exhibit A.

19
20
21
22
23
24
25
26
27
28

On July 1, 2019, Charles Davis (but not Richard Davis) made a substantial production of documents in response to the subpoena. Wurtzel Decl. ¶ 3. These documents included e-mails between Mr. Davis, Dennis Danzik, Bill Hinz (Wyo Tech's CEO), and Wyo Tech's counsel in which Mr. Davis appears to seek advice from Wyo Tech regarding his obligation to respond to the subpoena—thus showing that he knew about this subpoena since it was served almost six months ago and, likely with some encouragement by Wyo Tech, chose to ignore it. *See id.* Ex. B. We are satisfied that Mr. Davis's production "fully complies" with the subpoena served on him, though Mr. Davis has not paid the daily fine this Court imposed in its June 27 contempt order. *Id.* ¶ 4.

On July 8, 2019, having received no response from any of the other nonparties, we sent letters to each of the six other nonparties demanding their immediate compliance with the subpoenas we served on them, asking them to reach out to us to make arrangements to pay our attorneys' fees and the daily fine this Court imposed, and attaching this Court's June 27 contempt order. Also on July 8, we sent a letter to Charles Davis acknowledging receipt of his production, and demanding that he pay the daily fine this Court imposed on him for four days ($1,000). Copies of these letters are attached to the Wurtzel Declaration as Exhibit C. Mr. Smith did not respond to this letter, nor has he paid these daily fines or reached out to us to discuss this. *Id.* ¶ 5.

On July 10, 2019, Wyo Tech's counsel forwarded us a two-page, written response from DAS—which was signed ***under penalty of perjury*** by Elizabeth Danzik, Dennis Danzik's wife and the supposed sole member of DAS. *Id.* ¶ 6, Ex. D. This response purported to respond to the subpoena we served on DAS. *Id.* Ex. D. But DAS did not produce any documents in response to the subpoena. *Id.* ¶ 6. And DAS's excuses for its failure to produce responsive documents were frivolous. *Id.*

***First***, in response to most of our document requests, DAS claimed that it has no responsive documents "beyond those that have already been produced to CWT and its attorneys" in other actions. *Id.* Ex. D. But this is not an acceptable response. If DAS has documents responsive to these requests in its possession, custody, or control, it is required to produce them—regardless of whether it believes we already have copies of these documents.

***Second***, DAS did not respond to our request for all contracts or agreements between it and Wyo Tech or Inductance—and incorrectly misstated Request No. 7 as one for communications with Mr. Hinz. *Id.* ¶ 8, Ex. D.

***Third***, DAS stated that Ms. Danzik is DAS's "sole member." *Id.* Ex. D. But DAS

did not produce any documents showing this. *Id.* ¶ 9.

**Fourth**, DAS stated that it has no documents concerning its operation, "including the Persons that control [DAS] and [its] beneficial owners," because "DAS ceased operations in the late summer or [sic] 2017." *Id.* Ex. D. But this is not an acceptable response either. Even if DAS ceased operations, as long as it remains in existence (which it does), it must have documents showing who controls it and who its beneficial owners are. And it certainly must have these documents from before late-summer 2017, when it was concededly still in operation.

On July 10, 2019, we sent Ms. Danzik a letter outlining these deficiencies, and explaining that DAS's written response to the subpoena we served on it was an "unacceptable, disingenuous response to the subpoena that [DAS] ignored for over five months," and that its "continued refusal to produce responsive documents shows that [it] still fail[s] to take this subpoena—and the court's order holding DAS in civil contempt— seriously." Also in this letter, we demanded that DAS pay the daily fine this Court imposed on it for its continued period of noncompliance. A copy of this letter is attached to the Wurtzel Declaration as Exhibit E. Neither DAS nor Ms. Danzik responded to this letter, nor did DAS or Ms. Danzik pay these daily fines, nor did they reach out to us to discuss this. *Id.* ¶ 11.

On July 11, 2019, Ashley Mosharrafa, Tamir Mosharrafa, Ali M. Mosharrafa, and Kristin Joiner Mosharaffa all produced responses to the subpoenas served on them. *Id.* ¶ 12. We are satisfied that the Mosharrafas' productions "fully compl[y]" with the subpoenas served on them. *Id.* We responded to them by e-mail acknowledging receipt of these productions, but also demanding that they each pay the daily fine this Court imposed on each of them for 13 days ($3,250). A copy of this e-mail is attached to the Wurtzel Declaration as Exhibit F. None of the Mosharrafas responded to this e-mail, nor have

them paid these daily fines or reached out to us to discuss this. *Id.* ¶ 13.

Thus, Richard W. Davis and DAS remain in civil contempt, because neither has "fully complie[d]" with the subpoenas served on them—the latter by frivolously refusing to produce documents and the former by refusing to respond at all. And while the other five nonparties have cured their contemptuous conduct, each continues to violate this Court's June 27 contempt order by refusing to pay the daily fines this Court imposed.

We held off immediately seeking further relief from this Court to give these nonparties additional time to review and respond to our letters and e-mails, and to give them a chance to comply. But next week, we expect to (1) move this Court to issue a bench warrant for the arrest of Richard W. Davis and Elizabeth Danzik (as the sole member of DAS) and to order them to be incarcerated until they fully comply with the subpoenas served on them or show that they cannot; and (2) move this Court to issue an order to show cause why Charles J. Davis, Ashley Mosharrafa, Tamir Mosharrafa, Ali M. Mosharrafa, and Kristin Joiner Mosharaffa should not be held in civil contempt for their refusal to comply with this Court's June 27 contempt order by refusing to pay the daily fines this Court imposed on each of them, with the sanction for contempt of the June 27 contempt order being issuance of a bench warrant for their arrest and an order incarcerating them until they fully comply with the June 27 contempt order or show that they cannot. *See Perry v. O'Donnell*, 759 F.2d 702, 706 (9th Cir. 1985) ("The court's power of civil contempt includes the power to issue a bench warrant for a contemnor's arrest."); *N.L.R.B. v. Sequoia Dist. Council of Carpenters, AFL-CIO*, 568 F.2d 628, 633 (9th Cir. 1977) (officers of company are "legally identified" with company, and are thus "liable in contempt for disobeying an order" directed to company).

Dated: July 26, 2019
       Phoenix, Arizona

Respectfully submitted,

**RYAN RAPP & UNDERWOOD, P.L.C.**

By:    /s/ Henk Taylor (016321)
       J. Henk Taylor (016321)
       3200 N. Central Ave., Suite 1600
       Phoenix, Arizona 85012
       Telephone: (602) 280-1000
       Facsimile: (602) 265-1495
       E-Mail: htaylor@rrulaw.com

**SCHLAM STONE & DOLAN LLP**

       Jeffrey M. Eilender (*admitted pro hac vice*)
       Bradley J. Nash (*admitted pro hac vice*)
       Joshua Wurtzel (*admitted pro hac vice*)
       26 Broadway
       New York, New York 10004
       Telephone: (212) 344-5400
       Facsimile: (212) 34407677
       E-Mail: jeilender@schlamstone.com
       E-Mail: bnash@schlamstone.com
       E-Mail: jwurtzel@schlamstone.com

       *Attorneys for Defendants CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting*

-5-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORIGINAL** e-filed and **COPIES**
e-mailed this 26th day of July
2019 as follows:

Dennis I. Wilenchik
Tyler Swenson
Chris Meyers
Chris Feasel
**WILENCHIK & BARTNESS P.C.**
2810 North Third Street
Phoenix, AZ 85004
E-Mail: diw@wb-law.com
E-Mail: tylers@wb-law.com
E-Mail: chrism@wb-law.com
E-Mail: chrisf@wb-law.com

Leo R. Beus
**BEUS GILBERT PLLC**
701 North 44th Street
Phoenix, AZ 85008
E-Mail: lbeus@beusgilbert.com

*Attorneys for Wyo Tech Investment*
*Group, LLC*

/s/ Henk Taylor
J. Henk Taylor