**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank NA, | No. CV-17-04140-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Wyo Tech Investment Group LLC, et al., | |
| Defendants. | |

Defendants CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting (collectively, the "CWT Parties") have filed a motion for an order to show cause ("OSC") and for additional sanctions. (Doc. 183.) For the following reasons, this motion will be granted in part and denied in part.

## BACKGROUND

On June 19, 2019, the CWT parties filed a different motion for an OSC. (Doc. 159.) That motion sought to hold seven nonparties—(1) Danzik Applied Sciences, LLC ("DAS"), (2) Charles J. Davis, (3) Richard W. Davis, (4) Ashley Mosharrafa, (5) Tamir Mosharrafa, (6) Ali M. Mosharrafa, and (7) Kristin Joiner Mosharrafa (collectively, "the Contemnors")—in civil contempt for their failure to respond to certain subpoenas that had been served on them in February 2019. (*Id.*)

On June 20, 2019, the Court issued a two-page order granting the OSC request. (Doc. 161.) That order set a hearing for June 27, 2019 and made clear that the Contemnors were welcome to file briefs in advance of the hearing. (*Id.*) The Court also required the

CWT Parties to serve "a copy of this Order, together with the papers upon which it was granted, upon" the Contemnors "by overnight courier on or before June 21, 2019." (*Id.*)

On June 20, 2019—*i.e.,* later that day—the CWT Parties made arrangements to serve all of the Contemnors with a copy of the June 20, 2019 order. (Doc. 163.)

On June 27, 2019, the Court held the OSC hearing. (Docs. 166 [minute entry]; 172 [transcript].) Notably, none of the Contemnors bothered to attend the hearing or submit any briefing. (*Id.*) Accordingly, the Court issued an order (the "Contempt Order") that (1) held all seven Contemnors in civil contempt, (2) required the Contemnors to pay the CWT Parties' legal fees incurred in connection with the OSC proceeding, and (3) assessed a daily fine of $250 against each Contemnor, "beginning on June 27, 2019 and lasting until the [Contemnor] fully complies with the subpoena[s] at issue." (Doc. 167.)

On July 25, 2019, the Court issued an order requiring the CWT Parties to file a status report concerning (1) whether the Contemnors had been served with the Contempt Order and (2) whether the contemptuous conduct had been cured. (Doc. 180.)

On July 26, 2019, the CWT Parties filed a status report. (Doc. 181.) It reported that all seven of the Contemnors had been served with the Contempt Order; that five of the seven Contemnors (all but DAS and Richard Davis) had complied with their responsibilities under the subpoenas; and that none of the Contemnors had responded to the CWT Parties' request for payment of the fines and fees authorized by the Contempt Order. (Doc. 181.)

On August 2, 2019, the CWT Parties filed the now-pending motion for an OSC and for additional sanctions. (Doc. 183.)

**ANALYSIS**

I.   The Davises And The Mosharrafas

On the one hand, the CWT Parties state in their motion that six of the seven Contemnors (not five out of seven, as was reported in the status report) have now fully complied with their responsibilities under the subpoenas. (Doc. 183.) Specifically, the CWT Parties state that Charles Davis made a "substantial production" on July 1, 2019 that

"'fully complies' with the subpoena served on him"; that the Ashley, Tamir, Ali, and Kristin Joinder Mosharrafa "all produced responses to the subpoenas" on July 11, 2019; and that Richard Davis mailed them a compliant set of documents on July 23, 2019. (*Id.* at 3, 5.)

On the other hand, the CWT Parties state that none of these Contemnors has paid the daily fines that were assessed against them by the Contempt Order, which the CWT Parties calculate as $1,000 in the case of Charles Davis, $3,250 each in the case of Ashley, Tamir, Ali, and Kristin Joiner Mosharrafa, and $6,500 in the case of Richard Davis. (*Id.* at 3, 5.) Thus, the CWT Parties ask the Court to issue an OSC why these six Contemnors "should not be held in civil contempt for their refusal to comply with the Contempt Order by refusing to pay the daily fines this Court imposed on each of them, with the sanction for their contempt of the Contempt Order being assessment of daily fines of $1,000 per day from the date of entry of this order through the date they pay all the daily fines assessed against them under the Contempt Order (plus any additional fines that accrue under this order)." (*Id.* at 10.) The CWT Parties also ask the Court for the "issuance of a bench warrant for their arrest and an order incarcerating them until they fully comply with the Contempt Order or show that they cannot." (*Id.*)

This request will be denied. The CWT Parties seem to be operating under the misimpression that they get to collect and keep the daily fines that were imposed against the Contemnors. This is incorrect. The Court authorized the daily fine of $250 solely as a *coercive* tool intended to prod the Contemnors into compliance with the subpoenas. *See generally Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994) (noting that "a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order" is generally considered a coercive sanction because "such fines exert a constant coercive pressure, and once the jural command is obeyed, the future, indefinite, daily fines are purged").[1] The Ninth Circuit has explained that when, as here,

---

[1] Although daily fines are occasionally imposed as a compensatory (rather than coercive) tool in civil contempt proceedings, the Court authorized a different sanction in this case—the requirement that the Contemnors "pay the legal fees incurred by the CWT Parties in connection with bringing the motion for an OSC and the OSC hearing" (Doc.

"the fine . . . is coercive, it should be payable to the Court, not the [party seeking the sanctions]." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). *See also HM Elec., Inc. v. R.F. Techs., Inc.*, 2014 WL 12059031, *6 (S.D. Cal. 2014) ("The Court finds that the coercive civil sanction of a daily fine in the amount of $2,500 against Defendant, payable to the Court's nonappropriated fund pursuant to Civil Local Rule 83.1(b), is appropriate.").

Given this backdrop, it is understandable why the Davises and the Mosharrafas were unwilling to fork over thousands of dollars to the CWT Parties in response to the CWT Parties' demand letters. That money is payable to the Court, not the CWT Parties. Thus, it doesn't seem necessary at this juncture to issue any additional OSC orders concerning the Davises or the Mosharrafas. And it certainly doesn't seem necessary to issue a bench warrant for their arrest.

Of course, the Davises and the Mosharrafas still remain liable for the fines against them. But there is no need to drag them into Court for any future hearings. Instead, the Court will simply clarify, through this order, that the fines remain outstanding and set a deadline of August 30, 2019 by which the fines must be paid to the Clerk of Court. If any Contemnor fails to satisfy his or her fine obligation by the deadline, more serious sanctions (including, possibly, imprisonment) may be considered. The Court will also order the CWT Parties to personally serve each Contemnor with a copy of this Order by August 14, 2019.

II.     Danzik Applied Sciences, LLC

With respect to the final Contemnor, the CWT Parties state they received a "two-page, written response" from DAS on July 10, 2019 but contend this response was insufficient. (Doc. 183 at 3-4.) Specifically, they argue that DAS (1) didn't include any responsive documents and simply purported to cross-reference the document productions that DAS had previously provided in other cases; (2) mischaracterized the seventh category of documents sought by the subpoena (all contracts and agreements between DAS and Wyo

---

167 at 2)—in an effort to compensate the CWT Parties for their losses.

- 4 -

Tech or Inductance) as a request for communications with a particular individual (Hinz) and then disclaimed the existence of any such documents; (3) failed to produce any documents substantiating the claim that Elizabeth Danzik is DAS's "sole member"; and (4) falsely claimed that it has no documents concerning who controls it and the identity of its beneficial owners. (*Id.*)  The CWT Parties also state they submitted a demand to DAS for payment of the daily fines, which DAS ignored. (*Id.* at 4.) Thus, they ask the Court to issue an OSC as to why Ms. Danzik should not be held in civil contempt, increase the daily fine against DAS to $1,000, and issue a bench warrant for Ms. Danzik's arrest. (*Id.* at 10.)

These requests will be granted in part and denied in part. The Court is troubled by the fact that DAS didn't produce any documents in response to the subpoena (even after being held in contempt)—as the CWT Parties correctly note in their motion, cross-referencing other document productions from other cases isn't the same thing as producing responsive documents in response to a subpoena. The CWT Parties have also raised additional non-frivolous reasons why the July 10, 2019 production may have been insufficient. Finally, DAS's conduct in response to the last OSC issuance—ignoring the order and not showing up for the hearing—raises doubts about whether DAS and Ms. Danzik truly appreciate the gravity of the situation.

Nevertheless, the Court is not willing at this juncture to issue a bench warrant compelling Ms. Danzik's immediate imprisonment. DAS presumably can offer some argument defending the sufficiency of its July 10, 2019 production and the Court needs to solicit and consider those arguments before deciding whether additional contempt-related steps are necessary. *See generally Stone v. City and Cty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992) (parties against whom civil contempt sanctions are sought should be afforded the opportunity "to demonstrate why they were unable to comply" and to "show they took every reasonable step to comply"). Thus, the Court will set a date for another OSC hearing and provide DAS and Ms. Danzik with an opportunity to submit briefing in advance of that hearing.

…

- 5 -

Accordingly, **IT IS ORDERED** that:

(1) The CWT parties' motion for an order to show cause and for further sanctions (Doc. 183) is **granted in part and denied in part**;

(2) Non-Party Charles J. Davis must pay a total of $**1,000** in fines. Such payment must be made to the Clerk of Court by no later than **August 30, 2019**.

(3) Non-Party Ashley Mosharrafa must pay a total of $**3,250** in fines. Such payment must be made to the Clerk of Court by no later than **August 30, 2019**.

(4) Non-Party Tamir Mosharrafa must pay a total of $**3,250** in fines. Such payment must be made to the Clerk of Court by no later than **August 30, 2019**.

(5) Non-Party Ali M. Mosharrafa must pay a total of $**3,250** in fines. Such payment must be made to the Clerk of Court by no later than **August 30, 2019**.

(6) Non-Party Kristin Joiner Mosharrafa must pay a total of $**3,250** in fines. Such payment must be made to the Clerk of Court by no later than **August 30, 2019**.

(7) Non-Party Richard W. Davis must pay a total of $**6,500** in fines. Such payment must be made to the Clerk of Court by no later than **August 30, 2019**.

(8) The Court will hold a show-cause hearing on **August 30, 2019 at 3:00 p.m.** in Courtroom 601 to address why the relief requested in the Motion as to DAS and Ms. Danzik should not be granted;

(9) Nonparties Danzik Applied Sciences, LLC and Ms. Danzik shall file any response to the Motion, which response may not exceed 10 pages in length, no later than **August 23, 2019**;

(10) The CWT Parties may file a reply in support of the Motion, which reply may not exceed 5 pages in length, no later than **August 28, 2019**; and

…

…

…

…

…

      (11)    The CWT Parties must **serve** of a copy of this Order, together with the papers upon which it was granted, via **personal service** upon nonparties Danzik Applied Sciences, LLC, Charles J. Davis, Richard W. Davis, Ashley Mosharrafa, Tamir Mosharrafa, Ali M. Mosharrafa, and Kristin Joiner Mosharrafa by on or before **August 14, 2019**.

      Dated this 6th day of August, 2019.

_____
Dominic W. Lanza
United States District Judge