Thomas A. Zlaket, SBA # 001819
THOMAS A. ZLAKET, P.L.L.C.
310 South Williams Boulevard, Suite 170
Tucson, Arizona 85711-4446
Phone: (520) 750-0250
Fax: (520) 750-0243
Email: tom@zlaketlaw.com
*Attorney for Nonparty Movants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Wells Fargo Bank, N.A.,**<br><br>　　　　　　**Plaintiff,**<br><br>v.<br><br>**WYO TECH Investment Group, LLC; CWT Canada II Limited Partnership; Resources Recovery Corporation; and Jean Noelting,**<br><br>　　　　　　**Defendants.** | **Case No.: 2:17-CV-04140-DWL**<br><br>**MOTION FOR RECUSAL OF ASSIGNED JUDGE** |

Nonparty movants John F. Rasor, Scott Duncan, Mike Wilhelm, Tom Burgess, Scott Lane, Meredith Lane, Ryan McDonough, Tim Orscheln, Lewis Henkind, Mike Spaulding, Ron Ellis, Annie Ellis, Janet Stephens, and Clayton Stephens (hereinafter collectively referred to as the "Subpoenaed Individuals") hereby submit this Motion for Recusal of the judge assigned to this action pursuant to 28 U.S.C.A. §455. This Motion is supported by the following Memorandum of Points and Authorities, and is being filed in conjunction with the Motion to Quash Subpoenas filed by the Subpoenaed Individuals contemporaneously herewith.

**INTRODUCTION**

As this Court is aware, this matter is (or ought to be) a straightforward and relatively uncomplicated interpleader action that was initiated by Wells Fargo Bank ("Wells Fargo") in 2017. The Complaint alleged that Defendants CWT Canada II Limited Partnership ("CWT") and

Jean Noelting (collectively, the "CWT Parties") were claiming an interest in $546,282.55 in funds held in the Wells Fargo account for Defendant Wyo Tech Investment Group, LLC ("Wyo Tech"). The CWT Parties were claiming that interest in Wyo Tech's funds based on a judgment they obtained in 2016 in New York against Dennis Danzik and RDX Technologies ("RDX")—not Wyo Tech. The CWT Parties were somehow able to persuade a judge in New York—despite having no direct evidence to support their assertions—that Danzik and RDX had some nebulous connection to Wyo Tech and its money. Based on the CWT Parties' unsupported allegations, suppositions and unreasonable inferences, the New York court inexplicably allowed the CWT Parties to issue a Restraining Notice to Wells Fargo, freezing the Wyo Tech account over Wyo Tech's adamant objections. Thereafter, Wells Fargo interpleaded the funds along with its Complaint in this action. The case was originally assigned to Judge Tuchi. Sometime in 2018, the case was reassigned to Judge Dominic Lanza, a newly-appointed District Court Judge.

## RELEVANT FACTS

Prior to his appointment to the federal bench, Judge Lanza worked for the United States Attorney's Office in Arizona ("USAO-Arizona") from December 2, 2012 to September 11, 2018, as the head of the financial crimes unit and later as the head of the entire criminal division of the USAO-Arizona. In that capacity, Judge Lanza oversaw a number of attorneys including Peter Sexton and Kevin Rapp. On information and belief, Judge Lanza was and still is a close friend of Kevin Rapp. Kevin Rapp's brother, Chris Rapp, is a named partner in the Phoenix law firm of Ryan Rapp & Underwood—the significance of which will become readily apparent.

At the time Judge Lanza was heading up the criminal division of the USAO-Arizona, Peter Sexton was actively investigating Dennis Danzik for various alleged crimes related to tax credits received by RDX which CWT claims should have been paid to it—even though the entire premise and basis for seeking those tax credits rested on fraudulent misrepresentations and actions by

1  CWT related to the bogus biodiesel production facility it deceived RDX into purchasing from it.
2  On information and belief, the USAO-Arizona's investigation into Dennis Danzik was initiated
3  at the request of CWT's New York law firm, Schlam Stone & Dolan, which also enlisted Ryan
4  Rapp & Underwood as CWT's local Arizona counsel in its pursuit of anyone and anything even
5  remotely or tangentially associated with Dennis Danzik.

6  The law firm of Wilenchik & Bartness, P.C. ("W&B") represented Dennis Danzik with
7  respect to the USAO-Arizona's investigation of him and asked the lead investigator, Mr. Sexton,
8  if he was going to investigate the underlying fraud by CWT in falsely claiming its biodiesel facility
9  qualified for tax credits in the first place.  Mr. Sexton claimed he had no jurisdiction over CWT,
10 but had no reasonable explanation for why he could not instigate such an investigation by another
11 USAO that *would* have jurisdiction.

12 As part of his efforts to exonerate himself and explain his situation, Dennis Danzik reached
13 out to Congressman David Schweikert to see if he or someone from his office could introduce
14 him to someone "at the right level" within the USAO-Arizona.  Congressman Schweikert's Chief
15 of Staff, Oliver Schwab contacted a Mr. Lopez at the USAO-Arizona to make that introduction
16 and, as a result, Dennis Danzik was ultimately able to speak directly to Mr. (now Judge) Lanza,
17 the head of the criminal division.  See Exhibit A, emails dated September 14, 2015. The current
18 status of the investigation into Dennis Danzik by the USAO-Arizona is unknown, but there has
19 been no indication that the investigation was ever dropped.  What is clear, however, is that Judge
20 Lanza oversaw that investigation and had direct contact with Dennis Danzik related to it.

21 Now, in this action, CWT has repeatedly made unsubstantiated allegations that the
22 Movants/Subpoenaed Individuals are somehow tied to Dennis Danzik or acting under his direction
23 and control—including claiming that they are all "in cahoots."  Based on the Court's rulings on
24 various discovery issues, including its imposition of sanctions on other nonparty investors who

3

were previously subpoenaed, it might well appear to a reasonable onlooker that Judge Lanza has been swayed by his prior knowledge of Dennis Danzig and CWT's assertions regarding anyone who has ever had contact with him, as if those speculative allegations are factual. At the very least, it can be reasonably argued that the mere appearance of impropriety and possible bias casts a shadow over Judge Lanza's continuing service as the judge in this case. Therefore, the Subpoenaed Individuals are respectfully asking that he recuse himself and permit another judge who has no history with Dennis Danzik (1) to review and rule on their Motion to Quash this latest round of subpoenas issued by CWT, and (2) to continue presiding over the matter in the future.

## ARGUMENT

28 U.S.C.A. § 455 governs when a judge must recuse himself. As it relates to this case, 455(b)(3) states a judge shall recuse himself:

> Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy.

*Id*. Here, Judge Lanza was clearly involved, either personally or due to his supervisory responsibilities, with the Danzik investigation. As such, he was privy to documents and evidence which could appear to bias him against Danzik. Furthermore, he reportedly was and is a close friend of Kevin Rapp who is still with the USAO-Arizona, and whose brother's firm is representing the CWT Parties before Judge Lanza. That alone might have prompted Judge Lanza to recuse himself. Since he did not, Movants now ask him to do so to ensure that all future matters are heard by another judge who has not yet formed any opinions about Dennis Danzik or other individuals, like Movants, who have merely invested in technology invented by Dennis Danzik that is now controlled and owned by Wyo Tech, as being somehow tainted through guilt by association.

Disqualification and recusal are favored where there is any question of impartiality. *Nicholas v Alley*, C.A. 10 (Okla. 1995, 71 F.3d 347; *Hall v Small Business Admin.*, C.A.5 (Miss.) 1983, 695 F.2d 175. An objective, reasonable-person standard applies to the "impartiality might reasonably be questioned" criterion of the federal statutory recusal standard. *U.S. v. Wecht*, C.A.3 (Pa.) 2007, 484 F.3d 194, as amended, on remand 2007 WL 2029281.

Recusal in situations wherein the judge has pretrial knowledge of the facts of the case is appropriate only when the information is derived from an extrajudicial source; knowledge obtained in the course of earlier participation in the same case does not require that a judge recuse himself. *U.S. v. Winston*, C.A.9 (Cal.) 1980, 613 F.2d 221. Here, the extrajudicial source is Judge Lanza's time and work at the US Attorney's office.

Recusal is required, even when a judge lacks actual knowledge of the facts indicating his interest or bias in the case, if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge; what matters is not the reality of bias or prejudice but its appearance. *U.S. v. Sierra Pacific Industries*, E.D.Cal.2010, 759 F.Supp.2d 1198. In this case, there is no question Judge Lanza was connected to the criminal investigation into Danzik, where some of those facts are allegedly involved in this case. Accordingly, it is respectfully submitted that Judge Lanza has extrajudicial information that requires recusal.

## Conclusion

This Court should immediately recuse itself based on §28 U.S.C.A. 433(b)(3), this motion, and the supporting documentation contained herein.

**RESPECTFULLY SUBMITTED** this 22nd day of August 2019.

**THOMAS A. ZLAKET, P.L.L.C.**

  */s/ Thomas A. Zlaket*
Thomas A. Zlaket, Esq.
310 South Williams Boulevard, Suite 170
Tucson, Arizona 85711-4446

5

Email: tom@zlaketlaw.com
*Attorney for Nonparty Movants*

ORIGINAL electronically filed August 22, 2019.

COPY served via CM/ECF System, which sends notification to all parties registered therein this 22nd day of August 2019.

  /s/  Carol L. Davis