**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank NA,<br><br>    Plaintiff,<br><br>v.<br><br>Wyo Tech Investment Group LLC, et al.,<br><br>    Defendants. | No. CV-17-04140-PHX-DWL<br><br>**ORDER** |

In June 2019, the parties submitted a proposed protective order and asked the Court to adopt it. (Doc. 158.) The Court denied this request without prejudice because the proposed order contained "procedures that do not align with LRCiv 5.6, the local rule regarding sealing of court records in unsealed civil actions or with the Court's Case Management Order." (Doc. 165 at 1.)

Now pending before the Court is the parties' "Second Stipulation and Joint Motion for Protective Order." (Doc. 205). Although this version of the proposed protective order remedies many of the deficiencies that were contained in the earlier iteration, it contains one provision that remains problematic. Specifically, on page 7, lines 3-13, under the heading "Court Procedures," the proposed order provides as follows:

> For applications and motions to the Court in which a Party wants to submit Protected Material, at least three (3) court days before such items are filed with the Court, the filing Party shall disclose to the Party who designated the Protected Material as Confidential all documents or information that the filing Party intends to submit to the Court, unless the filing Party believes in good faith that it will be necessary to file something with the Court in less

than three (3) court days or decides in good faith to use a particular document only shortly before a deadline. In that event, the filing Party will file any Protected Material under seal pursuant to Local Rule 5.6(d). In either event, it will then be incumbent on the designating Party to petition the Court for leave to have the documents or Protected Material either filed under seal or remain under seal if already so filed under L.R. 5.6(d). *If the Court grants the designating Party's request, the documents containing Protected Material shall be lodged with the Court in electronic form.*

(Doc. 205-1 at 7, emphasis added.) This language deviates from LRCiv 5.6(d), which sets forth a clear process (and clear timelines) for resolving disputes over whether documents marked as "confidential" should be filed under seal. For example, the italicized language above seems to suggest that, in the case of such a disagreement, the document at issue sometimes won't be lodged with the Court unless and until the Court rules in favor of the party wishing for the document to be sealed. The problem with this approach is that the Court won't be able to rule on the sealing request without first reviewing the document. The Court thus encourages the parties to simply adopt the language set forth in LRCiv 5.6(d) concerning the process for filing documents that have been marked confidential by another party, instead of coming up with a paraphrase of that language that may contain slight unintentional (or perhaps intentional) deviations from the usual process.

The parties' stipulation (Doc. 205) is therefore denied without prejudice. They may file a new motion for protective order that remedies the deficiency identified above.

Dated this 26th day of August, 2019.

_____
Dominic W. Lanza
United States District Judge