J. Henk Taylor (016321)
**RYAN RAPP & UNDERWOOD, P.L.C.**
3200 N. Central Ave, Suite 2250
Phoenix, Arizona 85012
Telephone: (602) 280-1000
Facsimile: (602) 265-1495
E-Mail: htaylor@rrulaw.com

Jeffrey M. Eilender (*admitted pro hac vice*)
Bradley J. Nash (*admitted pro hac vice*)
Joshua Wurtzel (*admitted pro hac vice*)
**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, New York 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
E-Mail: jeilender@schlamstone.com
E-Mail: bnash@schlamstone.com
E-Mail: jwurtzel@schlamstone.com

*Attorneys for Defendants CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Wells Fargo Bank, N.A. | Case No.: 2:17-CV-04140-DWL |
| Plaintiff, | |
| v. | **CWT PARTIES' MOTION TO STRIKE** |
| Wyo Tech Investment Group, LLC, CWT Canada II Limited Partnership, Resources Recovery Corporation, and Jean Noelting, | |
| Defendants. | |
| And related claims. | |

Defendants CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting (collectively, the "CWT Parties") move this Court under Rule 7.2(m)(1) of the Rules of Practice of the U.S. District Court for the District of Arizona for entry of an order striking Wyo Tech's "Supplement to Clarify the Record Re: Denial of Motion for Recusal Filed by Non-Parties" [dkt. no. 227].

This motion is supported by the following memorandum of points and authorities and the Declaration of Joshua Wurtzel.

## MEMORANDUM OF POINTS AND AUTHORITIES

"A party may move to strike 'any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order.'" *Ray v. LM Gen. Ins. Co.*, 2019 WL 4081145, at *1 (D. Ariz. Aug. 29, 2019) (quoting L.R. Civ. 7.2(m)).

On September 12, 2019, Wyo Tech filed what is functionally a post-decision objection to this Court's decision [dkt. no. 209] denying 14 nonparty subpoena recipients' (collectively, the "Subpoenaed Individuals") motion for recusal. (Dkt. No. 227). In this filing, Wyo Tech "takes issue with certain gratuitous statements of the Court" in its recusal decision, and calls various conclusions in this decision "not valid," "unnecessary," "unwarranted," "presumptuous," and "insulting." (*Id.*). Wyo Tech further states that it has "serious concerns about why the Court would gratuitously make such unnecessary and unwarranted comments along with other such prior comments if the Court is truly impartial," and "wish[es] the record to reflect such concerns for the future." (*Id.*).

This Court should strike Wyo Tech's post-decision objection from the record, because a party is not authorized by any statute, rule, or court order to submit additional argument or facts merely to "clarify the record." (*See id.* at 1).

Further, Wyo Tech's post-decision objection—whether intentionally or carelessly—is misleading and confuses, rather than clarifies, the record.

Wyo Tech complains that, in its decision denying the recusal motion, this Court stated that Wyo Tech's and its counsel's "coordination raises the possibility that Wyo Tech is using the Subpoenaed Individuals as a stalking horse to evade the time limits on recusal motions." (Dkt. No. 227 at 2 (quoting Dkt. No. 209 at 6 n.5)). Specifically, in its decision, this Court observed, among other things, that the "proposed order granting the recusal motion was emailed to the Court's chambers email address by Wyo Tech's counsel, not by the Subpoenaed Individuals' counsel." (Dkt. No. 209 at 6 n.5).

Wyo Tech takes umbrage with the Court's suggestion that Wyo Tech was possibly behind the recusal motion and utilized the Subpoenaed Individuals as a "stalking horse". In its objection, Wyo Tech argues that its counsel's legal assistant e-mailed the proposal recusal order "solely as a favor to Carol Davis, Mr. Zlaket's assistant, because she asked Ms. Myers to do so because Ms. Davis had forgotten to send it to the Court and was no longer in her office and did not have access to her computer." (Dkt. No. 227 at 2). Wyo Tech further argues that its counsel was "not even aware" of their legal assistant's purely-ministerial assistance, so there was "no basis—or reason—for the Court to have gratuitously inferred any negative connotation from this simple act of professional courtesy." (*Id.* at 2-3). Thus, Wyo Tech purports to express outrage and incredulity that this Court inferred that it was functionally behind the recusal motion, and suggests that this inference shows this Court's bias against it. (*See id.*).

But recently-produced documents from a purported Wyo Tech investor show that Wyo Tech and its counsel not only helped with the preparation of the recusal motion— they were the driving force behind it. Attached to the Wurtzel Declaration as Exhibit A is an e-mail chain dated August 16, 2019—six days before Mr. Zlaket appeared in this case and filed the recusal motion for the Subpoenaed Individuals. In these emails, Wyo Tech's counsel discusses and appears to have prepared a "draft objection we can ask zlaket to

-2-

file" and further discusses "setting up a meeting with Zlaket for Monday [August 19] to discuss this and the motion for recusal as you requested." Bill Hinz, Wyo Tech's CEO, then forwards this chain—along with a letter from Wyo Tech's counsel stating that "Wyo Tech has retained the Honorable Thomas Zlaket to represent all Wyo Tech shareholder interests as it relates to this matter"—to purported Wyo Tech investors, stating that "*we are going to file a motion to have a Judge recuse himself for legal reasons.*" (Wurtzel Decl. Ex. A (emphasis added)).[1]

Thus the Court's speculation about Wyo Tech's and its counsel's "coordination" with the Subpoenaed Individuals was dead on. And Wyo Tech's post-decision objection is misleading and does not "clarify" anything in the record.

## CONCLUSION

This Court should strike from the record Wyo Tech's "Supplement to Clarify the Record Re: Denial of Motion for Recusal Filed by Non-Parties" (Dkt. No. 227).

---

[1] Wyo Tech waived any purported privilege over this communication by forwarding it to its purported investors.

-3-

Dated: September 13, 2019
       Phoenix, Arizona

                                    Respectfully submitted,

                                    **RYAN RAPP & UNDERWOOD, P.L.C.**

                                    By:    /s/ Henk Taylor (016321)
                                           J. Henk Taylor (016321)
                                           3200 N. Central Ave., Suite 1600
                                           Phoenix, Arizona 85012
                                           Telephone: (602) 280-1000
                                           Facsimile: (602) 265-1495
                                           E-Mail: htaylor@rrulaw.com

                                    **SCHLAM STONE & DOLAN LLP**

                                           Jeffrey M. Eilender (*admitted pro hac
                                              vice*)
                                           Bradley J. Nash (*admitted pro hac vice*)
                                           Joshua Wurtzel (*admitted pro hac vice*)
                                           26 Broadway
                                           New York, New York 10004
                                           Telephone: (212) 344-5400
                                           Facsimile: (212) 344-7677
                                           E-Mail: jeilender@schlamstone.com
                                           E-Mail: bnash@schlamstone.com
                                           E-Mail: jwurtzel@schlamstone.com

                                    *Attorneys for Defendants CWT Canada II
                                    Limited Partnership, Resource Recovery
                                    Corporation, and Jean Noelting*

**ORIGINAL** e-filed and **COPIES** e-mailed this 13th day of September 2019 as follows:

Dennis I. Wilenchik
Tyler Swenson
Chris Meyers
Chris Feasel
**WILENCHIK & BARTNESS P.C.**
2810 North Third Street
Phoenix, AZ 85004
E-Mail: diw@wb-law.com
E-Mail: tylers@wb-law.com
E-Mail: chrism@wb-law.com
E-Mail: chrisf@wb-law.com

Leo R. Beus
**BEUS GILBERT PLLC**
701 North 44th Street
Phoenix, AZ 85008
E-Mail: lbeus@beusgilbert.com

*Attorneys for Wyo Tech Investment Group, LLC*

/s/ Henk Taylor
Henk Taylor