**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank NA, | No. CV-17-04140-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Wyo Tech Investment Group LLC, et al., | |
| Defendants. | |

Pending before the Court is the Judgment Creditors' motion for sanctions. (Doc. 190.) For the following reasons, the motion will be granted in part and denied in part.

**BACKGROUND**

On February 3, 2019, the Judgment Creditors served Wyo Tech with a first request for production of documents ("RFP") and a first set of interrogatories. (Docs. 126-1, 126-2.)

On April 30, 2019, the parties filed a joint letter summarizing a discovery dispute over Wyo Tech's response to those requests. (Doc. 126.)

On May 1, 2019, following a hearing, the Court issued an order requiring Wyo Tech "to comply with the two outstanding discovery requests." (Doc. 128.) In reaching this conclusion, the Court rejected "Wyo Tech's objection to the requests as being overbroad," finding that "Wyo Tech has forfeited or waived its objections for reasons as stated on the record. However, the Court will not compel Wyo Tech to comply with the [Judgment Creditors'] request for production #15." (*Id.*) The Court further ordered Wyo Tech to

"produce all material no later than May 15, 2019." (*Id.*)

On August 13, 2019, the Judgment Creditors filed the motion for sanctions. (Doc. 190.) Afterward, Wyo Tech filed an opposition (Doc. 210) and the Judgment Creditors filed a reply (Doc. 220).

On October 15, 2019, the Court issued a tentative ruling on the Judgment Creditors' motion. (Doc. 256.)

On October 30, 2019, the Court heard oral argument. (Doc. 277.)

**DISCUSSION**

A. The Parties' Arguments

In their motion for sanctions, the Judgment Creditors contend that Wyo Tech still has not fully complied with their RFPs and interrogatories, even though the Court set a May 15, 2019 deadline for compliance. (Doc. 190.) The motion begins by summarizing an array of discovery-related emails and communications that the parties exchanged between May 15, 2019 and July 24, 2019. (*Id.* at 1-9.) The Judgment Creditors contend that, during this period, Wyo Tech "play[ed] a game of cat and mouse with its discovery responses," repeatedly "ma[de] a belated production of documents," and "serv[ed] pithy, useless interrogatory responses." (*Id.* at 1.) The Judgment Creditors then identify the following 11 categories of information that, in their view, Wyo Tech still has not fully and/or properly disclosed:

1. Persons with an ownership interest in Wyo Tech and Inductance:[1] The Judgment Creditors contend that Wyo Tech merely provided a general reference to the "documents previously produced" and argue this response was insufficient because Wyo Tech was required to identify the Bates numbers of the documents that fully address this topic. (*Id.* at 9-10.)

---

[1] Specifically, Interrogatory 1 required Wyo Tech to "[i]dentify all Persons that have an ownership interest, direct or indirect, in You, including the amount each Person contributed to You and the date on which each Person made this contribution" (Doc. 126-2 at 8), and Interrogatory 6 required Wyo Tech to "[i]Identify all Persons that have an ownership interest, direct or indirect, in Inductance, including the amount each Person contributed to Inductance and the date on which each Person made this contribution" (Doc. 126-2 at 13).

2. <u>Persons who performed services for Wyo Tech:</u>[2] The Judgment Creditors contend that Wyo Tech responded to this interrogatory by merely cross-referencing its general ledger and telling the Judgment Creditors that Wyo Tech shouldn't be required to incur the expense necessary to prepare a more detailed answer. (*Id.* at 11.) The Judgment Creditors argue this response was insufficient because (1) the Court already found that Wyo Tech waived any overbreadth objections and (2) in any event, Wyo Tech improperly failed to certify that the general ledger contains all of the information that's responsive to this interrogatory. (*Id.* at 11-12.)

3. <u>Purchases on Wyo Tech's behalf:</u>[3] The Judgment Creditors contend that "Wyo Tech merely referred to its bank statements and said that it is 'still compiling this information.'" (*Id.* at 12.) The Judgment Creditors contend this response was insufficient because almost all of the underlying invoices actually refer to a different company (Inductance), not to Wyo Tech. (*Id.*)

4. <u>Wyo Tech's assets and liabilities:</u>[4] The Judgment Creditors contend that Wyo Tech first referred to a single document (an "Agreement to Release Intellectual Property Rights") and said "this information is still being compiled," then later referred to a second document (balance sheet as of December 31, 2018). (*Id.* at 12-13.) The Judgment Creditors contend these responses are insufficient because the balance sheet only shows the assets and liabilities on a particular date, not during the full time period covered by the interrogatories, and doesn't break out each individual asset/liability or show the relevant dates on which they were acquired or incurred. (*Id.*)

---

[2] Specifically, Interrogatory 2 required Wyo Tech to "[i]dentify all Persons that performed services for You, whether as an employee, contractor, or otherwise, including what services each Person provided for You, the date when each service was provided, and how much You paid for each services." (Doc. 126-2 at 9.)

[3] Specifically, Interrogatory 3 required Wyo Tech to "[i]dentify all Persons that bought any items for You, including what items each Person bought for You, the date when each item was bought, and how much You paid for each item." (Doc. 126-2 at 10.)

[4] Specifically, Interrogatory 4 required Wyo Tech to "[i]dentify all of Your assets, including when You acquired each asset and the value of each asset" (Doc. 126-2 at 11), and Interrogatory 5 required Wyo Tech to "[i]dentify all of Your liabilities, including when You incurred each liability and the amount of each liability" (Doc. 126-2 at 12).

5. <u>Invoices showing services performed and/or goods bought for Wyo Tech by DAS or members of the Danzik family:</u>[5] The Judgment Creditors contend that "Wyo Tech did not produce any receipts or invoices showing purported services performed or goods bought by DAS or any of Mr. Danzik's family members . . . that would support the hundreds of thousands of dollars that Wyo Tech paid them" and instead mistakenly claimed that a different set of invoices (were directed to a different company, Inductance) were responsive. (*Id.* at 13.) The Judgment Creditors further contend that, when they pointed out this error, "Wyo Tech's counsel then promised to get us an explanation . . . but still has not done so." (*Id.*)

6. <u>Tax returns:</u>[6] The Judgment Creditors contend that Wyo Tech did not produce any tax returns and "insisted that Wyo Tech did not file any tax return for 2017 or 2018." (*Id.* at 13-14.) According to the Judgment Creditors, this assertion is suspect because Wyo Tech has sent letters to its investors referring to its prior tax filings. (*Id.*)

7. <u>Correspondence between Wyo Tech's counsel and Wyo Tech's investors:</u>[7] The Judgment Creditors contend that Wyo Tech refused to produce any such correspondence based on the theory that it is protected to the attorney-client privilege, yet Wyo Tech's counsel has made clear during this case that it doesn't represent any of the investors. (*Id.* at 14.)

…

…

---

[5] The RFPs bearing on these topics include RFPs 6-13. (Doc. 126-1 at 10-11.)

[6] Specifically, RFP 21 required Wyo Tech to produce "[a]ll tax returns You filed with any federal, state, or local authorities, including all attachments and schedules filed with those tax returns and any Schedules K-1 that You sent or received." (Doc. 126-1 at 12.)

[7] During oral argument, the Judgment Creditors argued that all of the correspondence between Wyo Tech's counsel and Wyo Tech's investors should have been produced pursuant to RFP 2, which required Wyo Tech to produce "[a]ll documents You provided to any Person that has an ownership interest, direct or indirect, in You." (Doc. 126-1 at 9.) The Court is unconvinced. Although Wyo Tech's counsel may have been acting as Wyo Tech's agent at the time the correspondence was sent, the "Definitions" section of the RFPs doesn't say that references to Wyo Tech should be construed as also encompassing Wyo Tech's agents—to the contrary, the "Definitions" provide that "'You' or 'Your' means Wyo Tech." (Doc. 126-1 at 5.)

8. <u>Wyo Tech's bank records</u>:[8] The Judgment Creditors contend that Wyo Tech failed to produce any bank records for the account ending in x2809 after November 2017, even though the account remained open through February 2018, and never followed up on a promise to produce the outstanding documents. (*Id.* at 14.)

9. <u>Custodians</u>: The Judgment Creditors contend that "Wyo Tech refused to disclose from what custodians it collected documents and text messages and what search terms it used." (*Id.* at 14-15.) The Judgment Creditors further contend that this refusal is suspicious because, although Wyo Tech "produced almost no emails from 2018 or 2019" and "did not produce any text messages," the Judgment Creditors have separately obtained—via a subpoena to an investor—hundreds of emails that should have been produced by Wyo Tech. (*Id.*)

10. <u>Failure to verify non-existence of documents</u>: The Judgment Creditors contend that, although Wyo Tech's counsel stated he "believes" certain documents do not exist and/or is "unaware" of the existence of certain documents, Wyo Tech has not properly certified the non-existence of these documents. (*Id.* at 15-16.)

11. <u>Privilege log</u>: The Judgment Creditors contend that, although Wyo Tech has redacted information from various documents, it has "not produced a privilege log" and "has refused to confirm whether any other documents were withheld or redacted on privilege grounds." (*Id.* at 16.)

Based on these alleged production failures, the Judgment Creditors seek the following four sanctions under Rule 37(b)(2)(A): (1) an order precluding Wyo Tech from arguing that any payments it made to DAS, to Mr. Danzik, or to any other members of the Danzik family were for legitimate business purposes; (2) an order precluding Wyo Tech from denying that DAS is the managing member of and/or has an ownership interest in

---

[8] Specifically, RFP 22 required Wyo Tech to produce "[a]ll bank, brokerage, and credit card statements for accounts (a) that bear Your name; or (b)(i) from which You have received funds, directly or indirectly; (ii) from which You have paid funds to another Person (including as a result of indemnification or contribution obligations); or (iii) from which You have charged expenses, directly or indirectly, regardless of whose name is listed on the account." (Doc. 126-1 at 12.)

Wyo Tech; (3) an order requiring Wyo Tech to "remedy all of the deficiencies we identify"; and (4) attorneys' fees. (*Id.* at 1, 17.)

In its opposition, Wyo Tech begins by accusing the Judgment Creditors of engaging in "an improper attempt . . . to prevail by default in this action based not on the merits, but rather on procedural technicalities and completely overblown, if not false assertions" and of pursuing "a scorched-earth discovery onslaught that has absolutely nothing to do with proving any interest in the interpleaded funds, but rather is aimed exclusively at trying to manufacture alleged 'violations' by Wyo Tech and others as a pretext and means by which [the Judgment Creditors] can prevail." (Doc. 210 at 1-2.) Next, Wyo Tech argues the motion for sanctions is procedurally improper because the Judgment Creditors "skipped over not only the Court's protocol requiring submission of a discovery dispute summary, but also the step of seeking an order compelling Wyo Tech to further supplement its interrogatory responses." (*Id.* at 3.) On the merits, Wyo Tech argues that "the alleged deficiencies" in its production "have already been substantially addressed and rectified or will be once verifications have been signed and delivered by opposing counsel, which will occur before August 31, 2019." (*Id.*)

More specifically, Wyo Tech contends that the motion for sanctions "can be summarized as" complaining about the non-production of five categories of information— (1) ownership list for Wyo Tech and Inductance, (2) who performed services and/or bought items for Wyo Tech, (3) assets and liabilities of Wyo Tech, (4) tax returns, correspondence, and bank records, and (5) failure to verify the non-existence of certain documents. (*Id.* at 3-4.) As for the first category, Wyo Tech argues that it has provided "a complete spreadsheet listing every investor by name, address, and phone number—along with additional information regarding the amount invested." (*Id.* at 4.) As for the second category, Wyo Tech argues that all of the responsive information can be found in its general ledger and "[t]here are no copies of invoices related to those expenditures insofar as undersigned counsel is aware." (*Id.*) As for the third category, Wyo Tech argues it is "moot because Wyo Tech has no current assets or liabilities." (*Id.*) As for the fourth

category, Wyo Tech assets that "it has yet to file any tax returns and therefore has no documents responsive to that request," "there are no letters from Wyo Tech's counsel to the investors of Wyo Tech," and there are "no bank records containing any relevant information after 2017, since the account in question has no activity since it was frozen by Wells Fargo." (*Id.*) As for the fifth category, Wyo Tech contends that the documents don't exist. (*Id.*)

In their reply, the Judgment Creditors begin by disputing Wyo Tech's procedural challenge to the sanctions motion, arguing that the Court already issued an order compelling Wyo Tech to comply with the RFPs and interrogatories, so "what Wyo Tech really argues is that we should have to get an additional order from this Court stating that it really means that Wyo Tech must 'comply' . . . ." (Doc. 220 at 2-3.) As for the 11 categories of information discussed in the motion, the Judgment Creditors argue as follows:

1. <u>Persons with an ownership interest in Wyo Tech and Inductance</u>: The Judgment Creditors seem to acknowledge that Wyo Tech has produced a spreadsheet identifying all of its (and Inductance's) investors but argues that Wyo Tech still has not sworn or verified that this spreadsheet is complete. (*Id.* at 7.)

2. <u>Persons who performed services for Wyo Tech</u>: The Judgment Creditors argue that Wyo Tech's current position on this issue—that all of the responsive information can be found in its general ledger—is different from the position Wyo Tech previously took, which is that only some of the responsive information appears in the ledger and it would be too expensive to compile or summarize the remaining information. (*Id.* at 7-9.) According to the Judgment Creditors, such "flip flopping is precisely why Wyo Tech should have answered these interrogatories completely and under oath in the first instance, so it would be locked into a position and could not later change its answers." (*Id.* at 9.) The Judgment Creditors continue: "So if Wyo Tech's answer—under oath—is that the general ledger shows all [relevant payments], then we will accept that response when properly verified." (*Id.*)

…

3. <u>Purchases on Wyo Tech's behalf</u>: The Judgment Creditors offer the same arguments on this issue that they offered with respect to the previous issue. (*Id.* at 7-9.)

4. <u>Wyo Tech's assets and liabilities</u>: The Judgment Creditors argue that Wyo Tech's "mootness" argument is unavailing because the interrogatories sought all of the assets and liabilities that Wyo Tech acquired since January 2016, not simply a snapshot of what assets and liabilities exist right now. (*Id.* at 9-10.)

5. <u>Invoices showing services performed and/or goods bought for Wyo Tech by DAS or members of the Danzik family</u>: The Judgment Creditors state that (1) Wyo Tech's current claim that no such invoices exist is different from the claim Wyo Tech made during earlier stages of the discovery process, which was that all of the invoices had already been produced, and (2) if it's true that no invoices exist, Wyo Tech should be required to formally certify their non-existence (instead of simply making representations to that effect in motion papers). (*Id.* at 5-6.)

6. <u>Tax returns</u>: The Judgment Creditors contend that Wyo Tech still hasn't attempted to reconcile its assertion that no tax returns exist with the letters it previously sent to investors (which refer to "filed" tax returns). (*Id.* at 3-4.) Thus, the Judgment Creditors argue the Court should "require [Wyo Tech] to complete an I.R.S. Form 8821 or other similar form to authorize [the Judgment Creditors] to get Wyo Tech's tax returns, Schedules K-1, and all attachments directly from the I.R.S." (*Id.*)

7. <u>Correspondence between Wyo Tech's counsel and Wyo Tech's investors</u>: The Judgment Creditors dispute Wyo Tech's claim that no such correspondence exists because (1) this "is a flip flop from Wyo Tech's initial position" that the correspondence exists but its privileged and (2) the claim is demonstrably untrue because copies of such correspondence have already been filed in the Court's docket in this case. (*Id.* at 5.)

8. <u>Wyo Tech's bank records</u>: The Judgment Creditors note that "Wyo Tech does not dispute our showing that [the x2809 account] stayed open through at least February 2018" and that Wyo Tech instead seeks to withhold the most recent bank records on relevance grounds. (*Id.* at 4-5.) The Judgment Creditors argue this position is

unavailing because (1) the Court already ruled that Wyo Tech forfeited any relevance-based objections and (2) the relevance objection is misplaced because Wells Fargo suggested (when depositing the seized funds into the Court's interpleader account) that nearly $50,000 in additional funds had been deposited following the seizure in November 2017. (*Id.*)

9. <u>Custodians</u>: The Judgment Creditors argue Wyo Tech failed to address their argument concerning the missing custodian list "and thus concedes its validity." (*Id.* at 6.)

10. <u>Failure to verify non-existence Of documents</u>: The Judgment Creditors argue that, "had Wyo Tech's counsel merely confirmed the nonexistence of these documents" during the meet-and-confer process, litigation could have been avoided. (*Id.* at 6.)

11. <u>Privilege log</u>: The Judgment Creditors argue Wyo Tech failed to address their argument concerning the privilege log "and thus concedes its validity." (*Id.* at 6.)

B. <u>Analysis</u>

The Judgment Creditors' motion will be granted in part and denied in part.

As an initial matter, Wyo Tech's argument that the motion "is premature and procedurally improper" (Doc. 210 at 3) is mostly unavailing. On May 1, 2019, the Court issued an order that essentially required Wyo Tech to comply with the Judgment Creditors' first set of RFPs and first set of interrogatories by May 15, 2019. (Doc. 128.) Thus, the Judgment Creditors were not required to file another motion to compel after the May 15 production deadline expired—it was permissible for them to challenge the sufficiency of Wyo Tech's production by filing a motion for sanctions. *See* Fed. R. Civ. P. 37(b)(2)(A) ("If a party . . . fails to obey an order to provide or permit discovery, the court . . . may issue further just orders."). Nor were the Judgment Creditors required to follow the discovery-dispute protocol set forth in the amended scheduling order, at least with respect to documents that (in their view) should have been produced by Wyo Tech in response to the first set of RFPs and first set of interrogatories. (Doc. 124 at 4-5.) The discovery-dispute protocol applies only to "discovery motions," which the Court views as encompassing motions to compel and other similar disputes (not disputes arising after the

Court has already fully litigated an earlier motion to compel and ordered compliance).

The one caveat is that the Judgment Creditors' motion accuses Wyo Tech of failing to produce 11 specific categories of information, yet some of those categories don't appear to be covered by the first set of RFPs or first set of interrogatories. As for those documents, it wasn't permissible for the Judgment Creditors to jump directly to a sanctions motion under Rule 37—instead, they should have followed the discovery-dispute protocol.

Turning to the merits, this dispute marks yet another instance where Wyo Tech has caused significant problems by missing deadlines, ignoring emails from opposing counsel, and making inaccurate representations to opposing counsel and to the Court. (*See generally* Doc. 246 at 6-15.) However, it also marks another instance where the Judgment Creditors have overreached by seeking sanctions that are disproportionate to the underlying discovery violation. (*Id.* at 12 [citing Doc. 186 at 4].) Accordingly, before addressing which sanctions, if any, should be imposed under Rule 37(b)(2)(A), it is important to identify which categories of purportedly missing information are truly in dispute. As explained below, the Court views the disputes as falling into four broad categories.

***First***, it appears that 4 of the 11 categories of "missing" information identified in the Judgment Creditors' motion actually involve a situation where Wyo Tech's position is that no responsive documents exist and/or all responsive documents have already been produced, the Judgment Creditors don't have any specific reason to dispute Wyo Tech's position, and the only issue is whether Wyo Tech has properly verified the completeness of its production. The categories falling into this situation are Category 2 ("Persons who performed services for Wyo Tech"—Wyo Tech now asserts that the general ledger shows all relevant payments), Category 3 ("Purchases on Wyo Tech's behalf"—Wyo Tech now asserts that the general ledger shows all relevant payments), Category 5 ("Invoices showing services performed and/or goods bought for Wyo Tech by DAS or members of the Danzik family"—Wyo Tech now asserts that no such documents exist), and Category 10 ("Failure to verify non-existence Of documents"—Wyo Tech asserts that no such documents exist). For these four categories of information, the Court will simply confirm, through this order,

that Wyo Tech's responses to date are complete and that Wyo Tech may not take a contrary position during the remaining stages of this case.

Additionally, with respect to Category 1 ("Persons with an ownership interest in Wyo Tech and Inductance"), although Wyo Tech asserted in its written response to the sanctions motion that the spreadsheet it previously produced to the Judgment Creditors is "complete" and "list[s] every investor by name, address and phone number" (Doc. 210 at 4), Wyo Tech's counsel clarified during oral argument that this representation was inaccurate and there are, in fact, a handful of additional "founding" investors who aren't listed in the spreadsheet. Thus, Wyo Tech's counsel requested some additional time to disclose these additional names, and the Judgment Creditors' counsel responded by stating that such supplementation wouldn't cause much hardship or prejudice. Accordingly, with respect to Category 1, the Court will confirm, through this order, that Wyo Tech's response is limited to (1) the persons identified in the previously-produced spreadsheet and (2) the handful of additional "founding" members who must be identified by Wyo Tech within 14 days of the issuance of this order.

***Second***, there are two categories of information where Wyo Tech's position is that no responsive documents exist, yet the Judgment Creditors have identified a specific reason to doubt the accuracy of this representation. These are Category 6 ("Tax returns") and Category 7 ("Correspondence between Wyo Tech's counsel and Wyo Tech's investors").

As for the tax returns, although Wyo Tech's took the position in its response to the sanctions motion that "it has yet to file any tax returns" (Doc. 210 at 4, emphasis in original), the Judgment Creditors included, as an exhibit to their motion, a copy of a March 25, 2019 letter from Wyo Tech to one of its investors in which Wyo Tech wrote: "Enclosed is your 2017 Schedule K-1 (Form 1120S) . . . which has been filed with the corporate tax return of WYO Tech Investment Group, LLC." (Doc. 191-16 at 2.) Enclosed with the letter is what appears to be the actual Schedule K-1. (*Id.* at 3-6.) It is frustrating that Wyo Tech didn't even acknowledge this letter in its response to the sanctions motion, let alone attempt to reconcile its position (*i.e.,* no tax returns exist) with the letter. Nevertheless,

during oral argument, Wyo Tech's counsel did attempt to provide such a reconciliation, by explaining that the K-1 enclosed with the letter was a draft that Wyo Tech ultimately declined to file. Wyo Tech's counsel further stated that Wyo Tech has no objection to completing an IRS Form 8821 so the Judgment Creditors may obtain any Wyo Tech tax returns, Schedules K-1, and other attachments (to the extent they exist) directly from the IRS. Given this clarification, the Court will order Wyo Tech to complete an IRS Form 8821.

As for the correspondence between Wyo Tech's counsel and Wyo Tech's investors, Wyo Tech initially took the "position that any such communications, assuming they even exist, would be subject to attorney-client privilege and not discoverable" (Doc. 191-12 at 6) but now takes the position that "there are no letters from Wyo Tech's counsel to the investors of Wyo Tech." (Doc. 210 at 4.) This position, however, appears to be inaccurate—the Judgment Creditors included, as an exhibit to their motion, a February 12, 2019 letter from Wilenchik & Bartness to Wyo Tech's investors. (Doc. 191-18.) On the one hand, this seems similar to the tax-return issue—Wyo Tech made a broad assertion in its motion papers that no responsive documents exist without even attempting to reconcile its position with the seemingly-contradictory evidence that was enclosed as an exhibit to the Judgment Creditors' motion. This makes it difficult to place much stock in the accuracy of Wyo Tech's discovery-related representations. On the other hand, it is not clear to the Court that the first set of RFPs required Wyo Tech to produce the correspondence between its counsel and its investors. *See* footnote 7 *supra*. Thus, the Judgment Creditors haven't demonstrated that sanctions may be imposed against Wyo Tech under Rule 37(b)(2)(A) based on the failure to produce this particular category of information.

***Third***, there are two categories of information where the parties have a dispute over the scope of what must be produced. These are Category 4 ("Wyo Tech's assets and liabilities") and Category 8 ("Wyo Tech's bank records"). As for the asset-and-liability information, Wyo Tech contends it only needs to produce information concerning its current assets and liabilities (and there's nothing to produce because it no longer has any

assets or liabilities) while the Judgment Creditors argue that Wyo Tech must produce historical asset-and-liability information. The Court concludes the Judgment Creditors have the better side of this argument. The instructions to the interrogatories explained that "[t]he relevant time period to which each request refers is January 1, 2016 through the date of production" and "[t]he past tense form shall be construed as the present tense, and vice versa, whenever such a dual construction will serve to bring with the scope of a request any response that would otherwise not be within its scope." (Doc. 126-2 at 6.) Thus, the two interrogatories at issue—which required Wyo Tech to "[i]dentify all of Your assets, including when You acquired each asset and the value of each asset" and to "[i]dentify all of Your liabilities, including when You incurred each liability and the amount of each liability" (Doc. 126-2 at 11-12)—required Wyo Tech to produce its asset-and-liability information from January 2016 to the present, not just a snapshot of its asset-and-liability information as of today. Accordingly, the Court will order Wyo Tech to supply the additional, missing information in the form discussed by the Judgment Creditors' counsel during oral argument.

As for the bank records, Wyo Tech argues it shouldn't be required to produce any records from after November 2017 because post-seizure records are irrelevant, while the Judgment Creditors argue Wyo Tech should be required to produce all records through February 2018 because (1) the Court already ruled that Wyo Tech forfeited any relevance objections and (2) on the merits, the later records are relevant because Wells Fargo has suggested there was post-seizure deposit activity. The Court concludes the Judgment Creditors have the better side of this argument, too. Accordingly, the Court will order Wyo Tech to supply the additional, missing information.

***Fourth***, there are two categories of information where Wyo Tech simply failed to respond to the Judgment Creditors' arguments. These are Category 9 ("Custodians") and Category 11 ("Privilege log"). Accordingly, the Court will order Wyo Tech to supply the missing information. *See also* LRCiv 7.2(i) (failure to respond to a motion may be deemed a consent to the granting of the motion).

With this backdrop in mind, the Court must address which sanctions, if any, to impose under Rule 37(b)(2)(A). This rule provides that a trial court "may issue further just orders" when a party "fails to obey an order to provide or permit discovery." The Ninth Circuit has emphasized that district courts possess "broad discretionary powers in this area." *Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981). This discretion is informed by "two standards—one general and one specific . . . . First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982).

Here, the Court concludes it would be unjust, and disproportionate, to impose either of the issue-preclusion sanctions requested in the Judgment Creditors' motion. Although it is understandable why the Judgment Creditors may be frustrated with Wyo Tech's discovery conduct, and although a court is not "required to attempt to coax [a non-complaint party] into compliance . . . by imposing incrementally increasing sanctions," *United States v. $49,000 Currency*, 330 F.3d 371, 379 (5th Cir. 2003), the dispute here largely concerns Wyo Tech's failure to verify the completeness of its responses, not the non-production of documents. Furthermore, Wyo Tech had some basis for disagreeing over the scope of some of the other disputed categories of information.

As for the third sanction requested in the Judgment Creditors' motion—an order requiring Wyo Tech to "remedy all the deficiencies we identify in this motion, or provide a sworn declaration from a person with knowledge regarding why it cannot, within one week of this order, and if it fails to do so, the [Judgment Creditors] should be given leave to strike Wyo Tech's answer and for entry of a default judgment" (Doc. 190 at 17)—the Court has essentially granted this relief through the various orders and outcomes summarized above (*i.e.,* decreeing that Wyo Tech may not later change its responses to Categories 1 (apart from "founding" members) 2, 3, 5, and 10, ordering Wyo Tech to complete an IRS Form 8821 so the Judgment Creditors may obtain Wyo Tech's tax forms, and ordering Wyo Tech to produce its asset-and-liability information, the full set of bank

records, the custodian list, and the privilege log).

As for the fourth sanction requested in the Judgment Creditors' motion—a request for the attorneys' fees incurred in making the motion—the Court agrees this is reasonable. Although the Judgment Creditors overreached with respect to some of the remedies being sought and didn't establish that some of the disputed information (*e.g.,* the correspondence between Wyo Tech's counsel and Wyo Tech's investors) was covered by the earlier production order, the bottom line is that the Judgment Creditors have substantially prevailed and that the Judgment Creditors shouldn't have been required to file a sanctions motion in the first place—this whole dispute could have been avoided had Wyo Tech promptly and accurately responded to the Judgment Creditors' correspondence during the meet-and-confer process.

As for the amount of fees to be awarded, the parties are ordered to meet-and-confer in the hope they might reach a resolution without requiring further court intervention. As discussed during oral argument, it is the Court's view that the Judgment Creditors should be allowed to recover some, but not all, of the costs they incurred when seeking relief. If the parties cannot reach agreement, the Judgment Creditors may file a fee application, which Wyo Tech may then oppose. The application need not comply with Local Rule 54.2, because that rule "does not apply to . . . claims for attorneys' fees and related expenses for violations of the Federal Rules of Civil Procedure." *See* LRCiv 54.2(a).

Accordingly, **IT IS ORDERED** that:

(1) The Judgment Creditors' motion for sanctions (Doc. 190) is **granted in part and denied in part**;

(2) As for the following four categories of information identified in the Judgment Creditors' motion—Category 2 ("Persons who performed services for Wyo Tech"—Wyo Tech asserts that the general ledger shows all relevant payments), Category 3 ("Purchases on Wyo Tech's behalf"—Wyo Tech asserts that the general ledger shows all relevant payments), Category 5 ("Invoices showing services performed and/or goods bought for Wyo Tech by DAS or members of the Danzik family"—Wyo Tech asserts that no such

documents exist), and Category 10 ("Failure to verify non-existence of documents"—Wyo Tech asserts that no such documents exist)—the Court hereby confirms, through this order, that Wyo Tech's responses to date are complete and that Wyo Tech may not take a contrary position during the remaining stages of this case;

(3) As for Category 1 ("Persons with an ownership interest in Wyo Tech and Inductance"), the Court hereby confirms, through this order, that Wyo Tech's response is limited to (1) the persons identified in the previously-produced spreadsheet and (2) the handful of additional "founding" members who must be identified by Wyo Tech within 14 days of the issuance of this order.

(4) Wyo Tech must, within 14 days of the issuance of this order, complete an IRS Form 8821 and provide the completed form to the Judgment Creditors;

(5) As for Category 4 ("Wyo Tech's assets and liabilities") and Category 8 ("Wyo Tech's bank records"), Wyo Tech's arguments concerning the limited scope of these categories are overruled and Wyo Tech must complete its production within 14 days of the issuance of this order;

(6) As for Category 9 ("Custodians") and Category 11 ("Privilege log"), Wyo Tech must produce this information within 14 days of the issuance of this order; and

(7) As for the amount of fees to be awarded to the Judgment Creditors, the parties must meet-and-confer in an attempt to reach a resolution without requiring further court intervention. If the parties cannot reach agreement, the Judgment Creditors may file a fee application, which Wyo Tech may then oppose.

Dated this 31st day of October, 2019.

_____
Dominic W. Lanza
United States District Judge