# EXHIBIT D

Barbara J. Dawson (#012104)
Carlie Shae Tovrea (#029709)
Matt Jarvey (#031350)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: bdawson@swlaw.com
        ctovrea@swlaw.com
        mjarvey@swlaw.com

Attorneys for Plaintiff Wells Fargo Bank, N.A.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank, N.A., <br><br> Plaintiff, <br><br> v. <br><br> Wyo Tech Investment Group, LLC; CWT Canada II Limited Partnership; Resources Recovery Corporation; and Jean Noelting, <br><br> Defendants. | No. CV 2:17-cv-04140-JJT <br><br> **AFFIDAVIT OF CARLIE TOVREA IN SUPPORT OF WELLS FARGO'S MOTION FOR ATTORNEYS' FEES** <br><br> (Assigned to the Honorable Dominic W. Lanza) |
| Wyo Tech Investment Group, LLC, <br><br> Counterclaimant, <br><br> v. <br><br> Wells Fargo Bank, N.A., <br><br> Counterdefendant. | |
| Wyo Tech Investment Group, LLC, <br><br> Cross-Claimant, <br><br> v. <br><br> CWT Canada II Limited Partnership, Resources Recovery Corporation, and Jean Noelting, <br><br> Cross-Claim Defendants. | |

4811-3244-6065

Wyo Tech Investment Group, LLC,

    Third Party Plaintiff,

v.

Schlam Stone & Dolan, LLP, a New York Limited Liability Partnership; and Jeffrey M. Eilender,

    Third Party Defendants.

STATE OF ARIZONA  )
          ) ss
County of Maricopa   )

  Carlie S. Tovrea declares as follow:

  1.  I am an associate at the law firm of Snell & Wilmer L.L.P. ("Snell & Wilmer"), and counsel of record for Wells Fargo Bank, N.A. ("Wells Fargo"). I make this affidavit based on my own personal knowledge and am competent to testify to the matters contained herein.

  2.  Wells Fargo retained Snell & Wilmer to file and prosecute the above-captioned interpleader action, which also involved, among other things, defending Wells Fargo against counterclaims asserted by Counterclaimant Wyo Tech Investment Group, LLC ("Counterclaimant" or "Wyo Tech").

  3.  Wells Fargo seeks reimbursement for attorneys' fees for legal services performed in connection with bringing this interpleader action and defending counterclaims against Wells Fargo. The total amount requested for legal services is fair and reasonable for the services provided.

  4.  There is no specific written fee agreement that governs Snell & Wilmer's representation of Wells Fargo in this particular matter. However, all of the fees identified in the itemized statement are fees that have been actually billed to Wells Fargo and which Wells Fargo has either paid or agreed to pay. Wells Fargo attached its matter confirmation form to the Motion at Exhibit B.

  5.  Attached to the Motion as Exhibit C is an itemized statement of the attorneys' fees incurred by Wells Fargo in this matter for which Wells Fargo seeks

1  recovery.

2  6. Exhibit C identifies the following information: (1) the date on which the service was performed; (2) the time devoted to each individual related task performed on such day measured in tenths of an hour; (3) a description of the service provided; (4) the charges for the work performed; and (5) the identity of the attorney or paralegal. This information was compiled from the client billing statements that were prepared and maintained by Snell & Wilmer in the regular course of its business.

7. All of the fees identified in Exhibit C are fees that have been actually billed to Wells Fargo and which Wells Fargo has either paid or agreed to pay pursuant to the terms of its fee arrangement.

8. Wells Fargo was billed and/or received descriptions for attorneys' fees on an hourly basis. Snell & Wilmer established the billing rates for the attorneys working on this matter taking into account each attorney's experience and training.

9. The billing rates in this case for each attorney and paraprofessional are set forth below and in the attached Exhibit C. Snell & Wilmer considers these billing rates to be reasonable, given due consideration to the attorneys' and paraprofessional's ability, training, education, experience, skill and professional standing, the intricacy and difficulty of the work performed, the time and skill required, the responsibility imposed, and the result obtained. These hourly rates are also comparable to the hourly rates prevailing in the community for similar work.

10. I received my law degree from the University of Iowa College of Law (Order of the Coif) in 2012, served as a law clerk to a federal judge, and have been licensed to practice law in Arizona since 2012. I have practiced commercial litigation at Snell & Wilmer since 2013, and my focus is on general commercial and financial services litigation. I have assisted in various aspects of this case, including management of litigation strategy and implementation of same and drafting pleadings and briefing in this matter. My hourly rates in this case were $170 from 2017 to January 2018, and $224 beginning in February 2018. These rates are lower than what I typically charged to other

clients in those years. Based upon my knowledge and experience, my hourly rates in this matter are representative of or below the typical hourly rates that would be charged by a lawyer with similar experience and credentials in a similar matter. Wells Fargo has paid, or has agreed to pay, my hourly rates in this action.

11. Barb Dawson is a partner attorney at Snell & Wilmer. She received her law degree from the University of Iowa in 1988 and has been licensed to practice law in Arizona since 1988. Ms. Dawson has practiced commercial litigation at Snell & Wilmer since 1989, and she focuses on general commercial and financial services litigation. Ms. Dawson assisted in various aspects of this case, including but not limited to the management of litigation strategy and implementation of same. Ms. Dawson's hourly rates in this case were $522 from 2017 to January 2018, and $524 beginning in February 2018. These rates are lower than what Ms. Dawson charged to other clients in those years. Based upon my knowledge and experience, Ms. Dawson's hourly rates in this matter are representative of or below the typical hourly rates that would be charged by a lawyer with similar experience and credentials in a similar matter. Wells Fargo has paid, or has agreed to pay, Ms. Dawson's hourly rates in this action.

12. Matt Jarvey is an associate attorney at Snell & Wilmer. He received his law degree from Drake University Law School in 2013, served as a law clerk to a federal judge, and has been licensed to practice law in Arizona since 2014. Mr. Jarvey has practiced commercial litigation at Snell & Wilmer since 2014, and has focused on financial services litigation, among other things. Mr. Jarvey assisted in various aspects of this case, including management of litigation strategy and implementation of same and drafting pleadings and briefs in this matter. Mr. Jarvey's hourly rates in this case were $200 from 2017 to January 2018, and $217 beginning in February 2018. These rates are lower than what Mr. Jarvey charged to other clients in those years. Based upon my knowledge and experience, Mr. Jarvey's hourly rates in this matter are representative of or below the typical hourly rates that would be charged by a lawyer with similar experience and credentials in a similar matter. Wells Fargo has paid, or has agreed to pay, Mr.

Jarvey's hourly rates in this action.

13. Shalayne Pillar is an associate attorney at Snell & Wilmer. She received her law degree from the Washington University School of Law in 2017, and has been licensed to practice law in Arizona since 2017. Ms. Pillar has practiced commercial litigation at Snell & Wilmer since 2017, and she focuses on general commercial litigation. Ms. Pillar assisted in various aspects of this case, including management of litigation strategy and implementation of same and drafting briefs and pleadings in this matter. Ms. Pillar's hourly rates in this case were $265 from 2017 to January 2018, and $201 beginning in February 2018. These rates are similar to or lower than what Ms. Pillar charged to other clients in those years. Based upon my knowledge and experience, Ms. Pillar's hourly rates in this matter are representative of or below the typical hourly rates that would be charged by a lawyer with similar experience and credentials in a similar matter. Wells Fargo has paid, or has agreed to pay, Ms. Pillar's hourly rates in this action.

14. Likewise, in my experience, the hourly rates charged in this case for paraprofessional support were reasonable and customary for the level of experience in this case. Ranita Rozenberg has been a paralegal at Snell & Wilmer for 3 years. She graduated from Northern Arizona University in 2009, and she also has a Paralegal Certificate in Paralegal Studies from Phoenix College. Ms. Rozenberg has served as the lead paraprofessional on this case since its inception. Ms. Rozenberg's hourly rates in this matter were $165 from 2017 to January 2018 and $129 beginning in June 2018. This is lower than the rate she typically charged to other clients in those years. Based upon my knowledge and experience, Ms. Rozenberg's hourly rates in this matter are representative of the typical hourly rates that would be charged by paraprofessionals with similar experience and credentials in a similar matter. Wells Fargo has paid, or has agreed to pay, Ms. Rozenberg's hourly rates in this action.

15. I have reviewed and approved the time and charges set forth in Exhibit C, and I believe that the time spent and expenses incurred were reasonable and necessary under the circumstances.

16. Exhibit C does not include the full amount of fees, expenses, and costs that Wells Fargo incurred in connection with this action. Rather, counsel for Wells Fargo exercised independent billing judgment to reduce the amount of fees requested as compared to the amount of fees Wells Fargo has incurred. In preparing Exhibit C, Wells Fargo excluded certain charges or time entries that might be deemed duplicative or not directly related to Wells Fargo interpleading the disputed account at issue in this matter or defending against Wyo Tech's counterclaims against Wells Fargo. Specifically, Wells Fargo excluded from the fees requested in Exhibit C a collection of billing entries related to: background research and analysis of relevant procedural rules and case law; drafting correspondence related to scheduling and deadlines; drafting, analysis, and correspondence related to a Wyoming bankruptcy proceeding; sealing exhibits; and logistical matters not bearing directly on Wells Fargo's request for interpleader or its defenses against Wyo Tech's counterclaims. In total, Wells Fargo's independent billing judgment resulted in a reduction of at least $12,722.27 in requested fees.

17. As set forth in Exhibit C, the total amount of attorneys' fees incurred by Wells Fargo in filing this interpleader action or in defending against Counterclaimant's counterclaims was $35,619.50 consisting of the following:

- 157 hours expended by attorneys for a total of $34,888.70; and
- 4.80 hours expended by paraprofessionals for a total of $730.80.

The total sum of $35,619.50 in fees for legal services rendered to prosecute this interpleader action and to defend Wells Fargo against Counterclaimant's counterclaims is fair and reasonable for the services provided.

18. The total sum of $35,619.50 in fees for legal services rendered in pursuing this interpleader action and defending Wyo Tech's counterclaims is far and reasonable for the services provided. This case involved substantial motion practice regarding both the interpleader, as it was contested by Wyo Tech, and dismissal of Wyo Tech's counterclaims. Wyo Tech's counterclaims forced Wells Fargo to draft an answer, research Arizona, New York, and federal law applicable to the counterclaims, brief a

motion to dismiss, and expand the issues briefed in its motion to interplead.

19. I have read the foregoing document and know of my own knowledge that the facts stated herein are true and correct.

Dated this 9th day of December, 2019.

_____
Carlie S. Tovrea

SUBSCRIBED AND SWORN TO before me this 9th day of December, 2019.

*Patricia A. Williams*
Notary Public

My Commission Expires:

PATRICIA ANNE WILLIAMS
Notary Public - State of Arizona
MARICOPA COUNTY
My Commission Expires
January 19, 2021

- 7 -